FILED
11/14/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Fred L. Nance Jr. | ) | |
|---|---|---|
| | ) | Case No. 20 CV 06316 |
| Plaintiff, | ) | |
| | ) | Honorable Judge: Jorge L. Alonso |
| vs. | ) | |
| | ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice Assistance, Office of Justice Programs, EMAGES, Inc., Hattie Wash, Thomas Bradley, et al. | ) | Beth W. Jantz |
| | ) | |
| | ) | Courtroom: 1903 |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO DENY PRO HAC VICE

NOW COMES, Pro se Plaintiff Fred L. Nance Jr. requesting this Honorable Court deny the Pro Hac Vice pursuant to Local Rule 46.1 and FRCP 26 et seq. Local Rule 46.1 states Pro Hac Vice admission will be considered on submission of a written motion to the court before filing a notice of appearance. FRCP 26 et seq is the Discovery Process. Attorneys requesting Pro Hac Vice in this matter violated Local Rule 46.1 and FRCP 26 et seq.

Before addressing the motion to deny Pro Hoc Vice, plaintiff wants to add a backdrop to the litigation since defendant's motion and letter to plaintiff opens the door for it. This litigation is predicated on a Second Chance Act grant defendant Hattie Wash (hereinafter, "Hattie) decided to give back to the Department of Justice, Bureau of Justice Assistance, Office of Justice Programs and defendants violation of the Whistleblower Act regarding this grant, in that, plaintiff appropriately filed 3 Whistleblower complaints against defendant Hattie and the defendants reacted against plaintiff with retaliation and termination of employment. In addition, all defendants knew plaintiff was purchasing property for the population we were serving, which has been sabotaged due to their violation of the Whistleblower Act. Since plaintiff has been

Page **1** of 8

terminated, he does not have employment to secure the property purchase, among other claims in plaintiff's complaint.

Attorneys Derrick Thompson (hereinafter, "Thompson") and Janica Pierce Tucker (hereinafter, "Tucker") client, defendant Hattie, told Second Chance Act (SCA) Department of Justice (DOJ), Bureau of Justice Assistance (BJA), Office of Justice Programs (OJP) defendants Michael Devers, Andre Bethea, and Tracey Willis the reason she is giving the grant back was because of Covid-19, ending October 2, 2020. This was a lie. We were providing services during Covid-19 via teleconferencing. On November 14, 2020, at 10:12 am (CST), Clinical Supervisor for the grant, Daniel Jean, held a teleconference meeting as usual with the population of the SCA grant we were providing services too. In plaintiff's complaint he alleged defendant Hattie lied to DOJ, BJA, OJP defendants because she is still providing services to those she said she would not be providing services too. Defendant Hattie giving the grant back caused the retaliation against plaintiff and his DOJ, BJA, OJP termination. (emails attached)

Now back to the current issue of denying the motion for Pro Hoc Vice. Thompson and Tucker violated Local Rule 46.1 et seq by filing their appearance at 10:56 am (CST) on November 13, 2020 before filing his motion for Pro Hac Vice at 11:18 am (CST).

Pro Hac Vice is a privilege, not a right. See *Leis v. Flynt*, 439 U.S. 438, 442 (1979) (per curiam). The Supreme Court and 7th Circuit recognizes that attorneys may have an interest in that privilege, but that does not abridge the district court's inherent authority "to control admission to its bar and to discipline attorneys who appear before it." *Chambers*, 501 U.S. at 43 (citing *Ex parte Burr*, 9 Wheat. 529, 531 (1824)); *In re Snyder*, 472 U.S. 634, 645 n.6 (1985) ("Federal courts admit and suspend attorneys as an exercise of their inherent power."). When an attorney abuses the privilege of appearing pro hac vice, the district court may revoke that privilege as a

sanction for misconduct. All that is required before an attorney's admission pro hac vice is revoked is adequate notice of the conduct in question and a reasonable opportunity to be heard on the matter. (quoting *Royce v Needle et al.*, 7th Circuit, No. 15-cv-00259, February 20, 2020)

  Thompson and Tucker's Motion for Leave to Appear Pro Hac Vice in this matter should also be denied for violating FRCP 26 et seq.

1. On November 11, 2020 plaintiff received a nefarious, threatening, harassing, and intimidating email from Thompson and Tucker.

2. On November 11, 2020 plaintiff informed the SCA DOJ, BJA, OJP defendants Michael Devers, Andre Bethea, and Tracey Willis by forwarding Thompson and Tucker's nefarious and inappropriate email to them.

3. On November 11, 2020 plaintiff responded to Thompson and Tucker's email stating they should file their appearance and answer the complaint.

4. On November 13, 2020 Thompson and Tucker filed their appearance before filing their motion for Pro Hac Vice status in this matter.

5. Pursuant to Local Rule 46.1, Supreme Court and current 7th Circuit rulings, Thompson and Tucker should have filed their motion for Pro Hac Vice, received a hearing, and then after their hearing receiving a favorable ruling from this court, then to file their appearance.

6. Evidently, Thompson and Tucker believe they can operate outside the Rule of Law and precedent.

7. In Thompson and Tucker's email and attached letter to plaintiff were unsubstantiated allegations, outright lies, as they requested what are discovery materials from plaintiff.

8. Thompson and Tucker state plaintiff is no longer an employee of EMAGES, Inc.

9. Plaintiff was never an employee of EMAGES, Inc.

10. Plaintiff's complaint refutes the claim EMAGES, Inc. is plaintiff's employer.

11. Thompson and Tucker state plaintiff received a laptop during the course of his employment.

12. Thompson and Tucker state plaintiff has failed to respond to numerous attempts from EMAGES to contact him.

13. EMAGES, Inc. has not attempted to contact plaintiff regarding a laptop, nor has EMAGES, Inc. attempted to request anything from plaintiff except participation in closing the grant, which plaintiff has informed DOJ, BJA, OJP he would not participate in closing the grant because plaintiff's complaint is in opposition to closing the grant, which leads to plaintiff's termination.

14. Thompson and Tucker have no valid evidence or proof of such contact about a laptop.

15. EMAGES, Inc. and defendant Hattie are discussed in plaintiff's complaint regarding their lack of contact and communication with plaintiff.

16. Thompson and Tucker state plaintiff must return the laptop immediately.

17. Plaintiff's work product is on the laptop Thompson and Tucker are trying to acquire.

18. Thompson and Tucker state plaintiff must write any passwords required to access the computer.

19. Thompson and Tucker state failure to return the company property will result in EMAGES taking legal action.

20. Thompson and Tucker go on to demand plaintiff turn over evaluation documents from OJP, client files, keys to file cabinets and the curricula plaintiff created and developed with defendant Hattie.

21. Defendant Hattie has keys to the only file cabinet plaintiff had access too.

22. Plaintiff does not have client files.

23. There are no evaluation documents from OJP.

24. Thompson and Tucker go on to state plaintiff must preserve any and all documents.

25. Thompson and Tucker nefariously threatens, harasses, and intimidates plaintiff stating "If EMAGES has not received the requested property on or before Friday, November 13, 2020, EMAGES will take legal action.

26. Plaintiff sent a response email stating "Please be advised: I have been litigating in State and Federal court for over 25 years. Please file your appearance and response to my Federal complaint. All matters regarding this litigation will be discussed in court. Any other correspondence to me as attached here will be considered a threat and violates FRCP. Thank you."

WHEREFORE, plaintiff respectfully request this Honorable Court deny defendant's motion for Pro Hoc Vice. Plaintiff states Thompson and Tucker wickedly violated Local Rule 46.1 and FRCP 26 et seq. Thompson and Tucker opened this door for the dialogue here. Plaintiff filed a Federal complaint in this matter. Thompson and Tucker knew, and had working knowledge, a federal complaint had been filed in this matter because when they were retained by EMAGES, Inc. and defendant Hattie they received the federal complaint. Thompson and Tucker knew they were intentionally violating FRCP 26 et seq. The appropriate address by a defendant's lawyer is to file their appearance and answer the complaint.

All trained attorneys understand this process. Pursuant to Thompson's Pro Hac Vice Application and credentials cited, Thompson clearly understands applicable laws. Thompson's email to plaintiff requesting discovery materials was a deliberate action to undermine the legal processes. It was capricious, nefarious, and meant to harm plaintiff.

Plaintiff has litigated against trained lawyers from law firms who are International as well as Domestic. Plaintiff has acted as co-counsel with trained lawyers whose law firms are International and Domestic. These firms understand the Federal Rules of Civil Procedure. Plaintiff has been litigating his personal issues in State and Federal court for almost 28 years and has submitted Amicus Curie brief to the Supreme Court.

Thompson and Tucker deliberately violated FRCP 26 et seq. Any trained lawyer understands you do not undermine the discovery processes of the court unless this is your normal practice. If plaintiff had not filed a complaint, a lawyer may be able to send a demand letter to an employee. This is not the case here. This was clearly intimidation and threats!

If this Honorable Court allows these nefarious, threatening, harassing, and intimidated tactics to start here, we can look forward to Thompson and Tucker attempting to make a circus out of this meaningful litigation. If Thompson and Tucker are trained lawyers, especially in Federal Court where everyone is treated fairly and respected, they should know not to violate the discovery processes of litigation. Discovery is the pinnacle of litigation. Thompson and Tucker knew exactly what they were doing. Thompson and Tucker were undermining the litigation processes. Democracy and Justice should be the result of this Honorable Court.

If this Honorable Court allows Thompson and Tucker to proceed Pro Hac Vice, plaintiff respectfully request this Honorable Court sanction Thompson and Tucker in a way where they understand the Honorable Judge Jorge L. Alonso will not allow mischievous acts of nefarious, intimidating, and threatening behaviors in his courtroom, especially with people who call themselves trained attorneys.

As plaintiff stated in his complaint, plaintiff and EMAGES Inc. entered into a partnership/collaboration with the grant they received from the SCA DOJ, BJA, OJP. Defendant

Hattie and plaintiff agreed defendant Hattie would be the Fiduciary for the grant and plaintiff would be the Program Director verbally and in writing. Defendant Hattie demanded plaintiff agree to receive grant payment for services in a manner where taxes were taken out. Plaintiff requested payment in the form of 1099 rules. Defendant Hattie stated because we wrote the proposal for the grant stating plaintiff would have taxes taken out of his check, a 1099 was not possible. Plaintiff is not EMAGES, Inc.'s employee. Plaintiff works for C.L.I.C.K. Services, NFP, which is how the abstract and proposal for the SCA grant was written. C.L.I.C.K. Services, NPF is plaintiff's company.

    All funding for this grant came from DOJ, BJA, OJP. Defendant Hattie misappropriated and defrauded the grant, and plaintiff reported it via the Whistleblower Act, 3 times. The laptop computer was purchased with grant funds. If anything, the laptop may belong to DOJ, BJA, OJP. Plaintiff's work product is on the laptop computer mentioned by Thompson and Tucker. All and any documents or correspondence on plaintiff's laptop computer defendant Hattie has a copy. Many of the documents of evidence in this litigation from the laptop computer in question is in plaintiff's complaint as cited links. Plaintiff has personal notes on this laptop pertinent to this litigation. Thompson and Tucker are seeking plaintiff's strategies, which they have no right too.

    In plaintiff's 1st Whistleblower complaint, plaintiff talked about using his personal laptop during the implementation period of this grant, which was 10/1/18 thru 12/31/19. The heavy load plaintiff put on his personal laptop computer has made it process slower because of the abundance of materials created over, and over, and over again. Plaintiff's personal laptop was supposed to be replaced as discussed with defendant Hattie during the use of his laptop computer between 10/1/18 thru 12/31/19.

After we received our funding in February of 2019, defendant Hattie decided to buy a desk top computer around March 2019 before buying a laptop. Plaintiff told defendant Hattie she was buying the desktop for EMAGES and not the SCA. Plaintiff argued the desktop computer was not useful for our project because plaintiff operated from defendant Hattie's office on her conference table where we did all of our brainstorming creating documents and our curricula; and after working with defendant Hattie in her office, plaintiff would go to his office to further work on the projects. The desktop computer defendant Hattie purchased with grant funds was put in an office for all EMAGES staff to use, not in plaintiff's office. Defendant Hattie did not purchase the laptop for plaintiff's use until October of 2019; and this was because plaintiff talked about alerting DOJ, BJA, OJP. The stress and anxiety was tremendous. Yet, plaintiff marched on.

Respectfully submitted

/s/Fred L. Nance Jr. Ph.D.
Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org

# Fwd: Suspension of the sex offender groups and termination of the Second Change Act grant

From: Dr. Fred Nance Jr. (drfred.nancejr@gmail.com)

To: michael.dever@usdoj.gov; andre.bethea@usdoj.gov; tracey.willis@usdoj.gov; jwilliams@air.org; ronald.howard@cookcountyil.gov; jane.gubser@cookcountyil.gov; patricia.grosskopf@illinois.gov; sarah.brown-foiles@illinois.gov; dion.dixon@illinois.gov; josie.ware@mail.house.gov; tumia.romero@mail.house.gov

Cc: drfred.nancejr@gmail.com; frednance@clickservices.org

Date: Monday, September 21, 2020, 08:54 PM CDT

On September 21, 2020, I received the email above and below from Dr. Hattie Wash dissolving the Second Chance Act grant #2018-CY-BX-0025. As Dr. Wash and I talked about her giving up the program, after I discovered her misappropriation of funds or fraud and talked to her about it, Dr. Wash told me since I was going to report this to DOJ, BJA, OJP I could take the program. I sent the email, with this statement from Dr. Wash, to DOJ, BJA, OJP's Mr. Dever, Mr. Bethea, and Ms. Willis. Therefore, I am requesting C.L.I.C.K. Services, NFP become responsible for the grant to its end on September 30, 2021.

There should be no barriers or reasons why I cannot take over the grant. Dr. Wash and I wrote the proposal. I am the Program Director. I created all of our collaborative partners for this grant. Dr. Wash and I created and developed the curricula for this program. I know every part of this program. I partnered with Dr. Wash on this grant. Dr. Wash and I decided she would be the fiduciary and I would handle the day-to-day operation as the Program Director. It was my understanding we were equal partners. Dr. Wash just handled the flow of money for the grant. Read our SCA abstract and proposal for this grant, which is attached.

As reported in our abstract and proposal (pp. 17-18) (attached), EMAGES, Inc & C.L.I.C.K. Services, NFP collaborated and partnered for this grant. I am more than capable of finishing out this grant. This move by Dr. Wash is retaliatory in nature toward me for filing the 3 Whistleblower complaints with the Department of Justice, Bureau of Justice Assistance, Office of Justice Programs, and the U.S. Office of Inspector General for misappropriation of funds or fraud. As I have stated in my Whistleblower complaints, my employment is protected by the Whistleblower Act. My Whistleblower complaints are attached.

Dr. Wash's dilemma with her funding from the State of Illinois is not the first time this has happened to EMAGES. EMAGES has closed programs before because of Illinois State funding. There is no reason this grant cannot continue to move forward under the direction of C.L.I.C.K. Services, NFP (www.clickservices.org). Grant #2018-CY-BX-0025 is funded. I can still work with the Illinois Department of Corrections (post-release prison) and the Cook County Department of Corrections (pre-release jail).I am in the process of creating and developing a 90-day transitional house for sex offenders. I can run the grant from this project. The housing program is being created under C.L.I.C.K. Housing, Inc. My 'brief' housing project proposal is attached. I created this proposal for Illinois and Chicago legislators seeking support for my housing project. Congressman Davis has given me a Letter of Support for my housing project, which is attached. I can provide more details in line with a regular SCA proposal for how the program will work if necessary.

The reasoning Dr. Wash uses for giving the grant back is ludicrous. Grant #2018-CY-BX-0025 is funded and is not affected by the lack of Illinois State funding Dr. Wash alludes too. The grant funding covers participant cost because there is no participant cost. The grant covers contractual fees for all mentors and staff of the grant, which is listed in the grant budget. Our budget takes care of office space and other ancillary functions and needs. Dr. Wash is lumping the grant program in with her State dilemma to retaliate against me for filing my Whistleblower complaints. The only reason Dr. Wash is giving the program back to OJP is to hurt me for filing the 3 Whistleblower complaints.

WHEREFORE, I am requesting a teleconference audience with Mr. Michael Dever, BJA Division Chief; Mr. Andre Bethea, BJA Senior Policy Advisor; and Ms. Tracey Willis, OJP Grant Manager; or in the alternative, a transfer of responsibility for Grant #2018-CY-BX-0025. Please respond. Thank you.

Respectfully submitted

---------- Forwarded message ---------
From: **Hattie Wash** <washhattie@gmail.com>

Date: Mon, Sep 21, 2020 at 7:28 PM
Subject: Suspension of the sex offender groups and termination of the Second Change Act grant
To: Gerri Taylor <tgerri99@yahoo.com>, mitzi scott <mitziscott10@yahoo.com>, curtis slate <curtiscurtis47@aol.com>, Sheila Chew <sacpoiple1@gmail.com>, <shudson305@hotmail.com>, Jean Daniel <Daniel_Jean716@yahoo.com>, marcie collins <marcie_93@yahoo.com>, Chad Ellis <seragi73@yahoo.com>, Eleanor Harris <eleanorharris98@yahoo.com>, Edward Butler <dr_ebutler@yahoo.com>, Jamie Enge <jamiee425@gmail.com>, Dr. Fred Nance Jr. <drfred.nancejr@gmail.com>, valerie minor <vminor2018@gmail.com>, LORI ORTIZ <loriortiz6199@comcast.net>, <pebsluvsgod@yahoo.com>, <earlene416@gmail.com>, <srobin21@csu.edu>, Dr. Karen Witherspoon <doctorwitherspoon@gmail.com>, THOMAS BRADLEY <tbacpa52@yahoo.com>, <trentonfedrick@yahoo.com>, <johnson_l@comcast.net>

The Covid-19 Pandemic, the Shelter in Place Mandate by the State of Illinois, less than 15% of sex offender clients paying their fees as well as EMAGES not receiving a payment from the FY21 State budget which began July, 2020 has created an economic hardship and cash flow problem for EMAGES.

Given the above Effective October 1, 2020 EMAGES is suspending our sex offender groups and returning the Second Chance Act grant back to the Office of Justice Programs. Additionally, Staff in the substance abuse programs work week will be reduced from a five day work week to a four day week. If funding is not received before October 1, 2020, I will not be able to meet EMAGES October 1, 2020 payroll for the substance abuse program and the sex offender group facilitators.

I have scheduled a ZOOM meeting for Thursday September 24, 2020 at 7:00 p.m. to discuss the above changes and address any concerns you may have. Please let me know if you are unable to attend the meeting.

You will receive a ZOOM login number tomorrow.
Dr. Wash


--
/s/Dr. Fred Nance Jr., Ph.D.
Human Services/Social Policy Analysis
Program and Policy Development
708-921-1395


SCA Abstract.pdf
8.9kB


SCA Proposal.pdf
93.5kB


8.31.20 90 Day Transitional Housing Proposal.pdf
128.7kB


4.17.20 1st Whistleblower Complaint.pdf
1MB


8.29.20 2nd Whistleblower Complaint.pdf
98.6kB


9.13.20 3rd Whistleblower Complaint.pdf
121.6kB


1.24.20 Congressman Davis Letter of Support for Transitional Housing.pdf
76.5kB



65 East State Street, Suite 1000
Columbus, OH 43215-4213
Tel: 614.221.2838 | Fax: 614.221.2007
taftlaw.com

**JANICA PIERCE TUCKER**
614.334.6182
jpierce@taftlaw.com

November 11, 2020

**VIA EMAIL (drfred.nancejr@gmail.com)**
Dr. Fred Nance, Jr.

    Re:  *Fred L. Nance, Jr. v. Department of Justice, Bureau of Justice Assistance, Office of Justice Programs, Emages, Inc., Hattie Wash, Thomas Bradley, et al.*
          U.S. District Court, Northern District of Illinois Case No. 1:20-cv-06316

Dear Dr. Nance:

    My co-counsel Derrick Thompson and I of Taft Stettinius & Hollister have been retained to represent Emages, Inc. in the above-referenced complaint. It is our understanding that you are no longer employed with Emages. During the course of your employment, based upon your role and responsibilities, you received a laptop. You have failed to respond to numerous attempts from Emages to contact you. This laptop must be returned to Emages immediately. Emages will make arrangements to pick up the laptop from your personal residence. At the time of pickup, please write any password(s) required to access the computer, and place such password(s) in a sealed envelope. Failure to return the company property will result in Emages taking legal action.

    It is also our understanding that you have the following in your possession and Emages demands return immediately:

- Evaluation documents from Office of Justice Program ("OJP");
- Client files including, but not limited to, questionnaires and evaluation instruments;
- Keys to file cabinets; and
- Trauma and Mentoring Informed Modules.

None of the items referenced in this letter are your personal property and all must be returned.

    Please preserve any and all documents. Pending further notification, all documents relating to this matter should be unaltered and retained. Document retention guidelines otherwise authorizing the periodic destruction of such documents are suspended.

    Please contact me upon receipt of this correspondence. If Emages has not received the requested property on or before Friday, November 13, 2020, Emages will take legal action.

                                  Sincerely,

                                  */s/ Janica Pierce Tucker*

                                  Janica Pierce Tucker

JPT/smk

28208664v3

Taft Stettinius & Hollister LLP
Chicago / Cincinnati / Cleveland / Columbus / Dayton / Delaware / Denver / Indianapolis / Minneapolis / Northern Kentucky / Phoenix

# Fwd: Emages, Inc.

| | |
|---|---|
| From: | Dr. Fred Nance Jr. (drfred.nancejr@gmail.com) |
| To: | andre.bethea@usdoj.gov; michael.dever@usdoj.gov; tracey.willis@usdoj.gov |
| Cc: | frednance@clickservices.org |
| Date: | Wednesday, November 11, 2020, 10:40 PM CST |

Good evening. I received this threatening email from an alleged lawyer of EMAGES this morning demanding my work product. This is who you are representing and supporting. I responded instructing them to file their appearance and answer the Federal complaint in 20 cv 06316. I will file a motion in this matter for violation of the Federal Rules of Civil Procedure submitting this document as proof of the violation. Again, I am not providing or discussing my strategy in this litigation. I am not giving up evidence in this litigation. Copies of my evidence and any other material items/evidence contained is requested during the discovery processes. Hopefully, you guys are not participating in this violation. Dr. Wash and her criminal enterprise are digging themselves a bigger hole.

Respectfully submitted

> ---------- Forwarded message ---------
> From: **Dr. Fred Nance Jr.** <drfred.nancejr@gmail.com>
> Date: Wed, Nov 11, 2020 at 3:40 PM
> Subject: Fwd: Emages, Inc.
> To: Dr. Fred Nance Jr. <frednance@clickservices.org>
>
>
> ---------- Forwarded message ---------
> From: **Kretschmer, Susan** <skretschmer@taftlaw.com>
> Date: Wed, Nov 11, 2020 at 11:01 AM
> Subject: Emages, Inc.
> To: drfred.nancejr@gmail.com <drfred.nancejr@gmail.com>
> Cc: Tucker, Janica Pierce <jpierce@taftlaw.com>
>
>
> Please see attached correspondence from Attorney Janica Pierce Tucker.
>
> Thank you,
> Susan Kretschmer
> Legal Assistant to Janica Pierce Tucker
>
>
> Taft /
>
> Susan M. Kretschmer
> Legal Assistant
>
> mailto:skretschmer@taftlaw.com
> Dir: 614.334.6119
> Tel: 614.221.2838 | Fax: 614.221.2007
> 65 E. State Street, Suite 1000
> Columbus, OH 43215
>
>
> http://www.taftlaw.com

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

--
/s/Dr. Fred Nance Jr., Ph.D.
Human Services/Social Policy Analysis
Program and Policy Development
708-921-1395

--
/s/Dr. Fred Nance Jr., Ph.D.
Human Services/Social Policy Analysis
Program and Policy Development
708-921-1395

 Letter re Emages, Inc..pdf
123.8kB

# Re: Emages, Inc.

| | |
|---|---|
| From: | Fred Nance Jr. (frednance@clickservices.org) |
| To: | drfred.nancejr@gmail.com; jin.liu@usdoj.gov |
| Cc: | andre.bethea@usdoj.gov; michael.dever@usdoj.gov; tracey.willis@usdoj.gov; frednance@clickservices.org |
| Date: | Friday, November 13, 2020, 12:29 PM CST |

Good afternoon. Every time I think about this email and the attachment I get upset. In my 1st Whistleblower complaint I talked about using my personal laptop during the implementation period 10/1/18 thru 12/31/19. The heavy load I put on my personal laptop computer has made it process slower because of the abundance of materials created over, and over, and over again.

My laptop was supposed to be replaced as discussed with Dr. Wash during the use of my laptop computer between 10/1/18 thru 12/31/19. Dr. Wash decided to buy a desk top computer around March 2019 before buying a laptop. I told Dr. Wash she was buying the desktop for EMAGES and not the SCA. I argued the desktop computer was not useful for our project because I operated from Dr. Wash's office on her conference table where we did our brainstorming creating documents and our curricula; and after working with Dr. Wash in her office, I had to go to my office to further work on the projects.

Dr. Wash did not buy a laptop for my use until October of 2019; and this was because I talked about alerting you guys. I did not get office supplies until September or October of 2019. I received bits and pieces of office supplies EMAGES had on hand; and we had our funding for the SCA. We were able to access our funding in February of 2019. I was tired of arguing with Dr. Wash and her administrative assistant Sheila Chew. Sheila would tell me she does not work for me so she did not have to do anything for me. The stress and anxiety was tremendous. Yet, I marched on.

Nevertheless, this "supposed" lawyer has not filed their appearance in case #20 cv 06316. This is harassment and intimidation.

Sent from my iPhone
Dr. Fred L Nance Jr
PhD Human Services
Social Policy Analysis
708-921-1395
www.clickservices.org

> On Nov 11, 2020, at 10:40 PM, Dr. Fred Nance Jr. <drfred.nancejr@gmail.com> wrote:
>
>> Good evening. I received this threatening email from an alleged lawyer of EMAGES this morning demanding my work product. This is who you are representing and supporting. I responded instructing them to file their appearance and answer the Federal complaint in 20 cv 06316. I will file a motion in this matter for violation of the Federal Rules of Civil Procedure submitting this document as proof of the violation. Again, I am not providing or discussing my strategy in this litigation. I am not giving up evidence in this litigation. Copies of my evidence and any other material items/evidence contained is requested during the discovery processes. Hopefully, you guys are not participating in this violation. Dr. Wash and her criminal enterprise are digging themselves a bigger hole.
>>
>> Respectfully submitted
>>
>> ---------- Forwarded message ---------
>> From: **Dr. Fred Nance Jr.** <drfred.nancejr@gmail.com>
>> Date: Wed, Nov 11, 2020 at 3:40 PM

Subject: Fwd: Emages, Inc.
To: Dr. Fred Nance Jr. <frednance@clickservices.org>



---------- Forwarded message ---------
From: **Kretschmer, Susan** <skretschmer@taftlaw.com>
Date: Wed, Nov 11, 2020 at 11:01 AM
Subject: Emages, Inc.
To: drfred.nancejr@gmail.com <drfred.nancejr@gmail.com>
Cc: Tucker, Janica Pierce <jpierce@taftlaw.com>


Please see attached correspondence from Attorney Janica Pierce Tucker.

Thank you,
Susan Kretschmer
Legal Assistant to Janica Pierce Tucker


Taft /

Susan M. Kretschmer
Legal Assistant

mailto:skretschmer@taftlaw.com
Dir: 614.334.6119
Tel: 614.221.2838 | Fax: 614.221.2007
65 E. State Street, Suite 1000
Columbus, OH 43215


http://www.taftlaw.com



This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.



--
/s/Dr. Fred Nance Jr., Ph.D.
Human Services/Social Policy Analysis
Program and Policy Development
708-921-1395
--
/s/Dr. Fred Nance Jr., Ph.D.
Human Services/Social Policy Analysis
Program and Policy Development
708-921-1395

<Letter re Emages, Inc..pdf>