**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FRED L. NANCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20 C 6316 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| DEPARTMENT OF JUSTICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion [14] for default judgment is denied.

## STATEMENT

On October 23, 2020, plaintiff Fred L. Nance, Jr. ("Nance") filed a complaint against a number of defendants, including Thomas Bradley ("Bradley"). On November 23, 2020, plaintiff filed a motion for default judgment against Bradley. In his motion, plaintiff asserts that, on October 26, 2020, he sent by certified mail a copy of the complaint and summons to Bradley (and two other defendants) at 7601 South Kostner, Suite 500, Chicago, Illinois 60652. Plaintiff states that two days later, he sent Bradley the complaint by email.

When a party has "failed to plead or otherwise defend, and that failure is shown by affidavit," a court may enter default. Fed.R.Civ.P. 55(a).

Here, plaintiff has failed to show that defendant was properly served. Rule 4 of the Federal Rules of Civil Procedure allows service upon an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e). Neither certified mail nor email is among the approved methods for service in Rule 4(e)(2). Nor is such service allowed under Illinois law, which allows service "(1) by

leaving a copy of the summons with the defendant personally," or "2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode." 735 ILCS 5/2-203(a). Thus, service by certified mail does not suffice. *See Khan v. Presence St. Mary and St. Elizabeth Hospitals*, Case No. 20 C 3819, 2020 WL 6750535 at *4 (N.D. Ill. Nov. 17, 2020); *Lee v. Howse*, Case No. 19-cv-30, 2020 WL 2468133 at *4 (N.D. Ill. May 13, 2020). Nor does email. Plaintiff, who states that defendant was served by certified mail and email, has not shown, by affidavit, that defendant was properly served.

Accordingly, the motion for default judgment is denied.

SO ORDERED.                                    ENTERED:  December 1, 2020

_____
JORGE L. ALONSO
United States District Judge