UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Fred L. Nance Jr. | ) | |
| | ) | Case No. 20 CV 06316 |
| Plaintiff, | ) | |
| | ) | Honorable Judge: Jorge L. Alonso |
| vs. | ) | |
| | ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice Assistance, Office of Justice Programs, EMAGES, Inc., Hattie Wash, Thomas Bradley, et al. | ) ) ) ) | Beth W. Jantz |
| | ) | Courtroom: 1903 |
| Defendants. | ) | |

**PLAINTIFF MOTION OPPOSING EMAGES, INC.
AND DEFENDANT HATTIE WASH EXTENSION OF TIME**

Plaintiff opposes defendant EMAGES, Inc. and Hattie Wash extension of time. In support, plaintiff submits the following:

1. On October 23, 2020 plaintiff filed his complaint with the Northern District of Illinois.

2. On October 26, 2020, after filing summons in a civil action, plaintiff posted his complaint on social media, that is, www.twitter.com/clickforjustice and www.facebook.com/fnancejr. (Exhibit 1)

3. Plaintiff has a Ph.D., this is a public interest case, and plaintiff exercises his 1st amendment right of free speech when he post his writings on social media.

4. Anything plaintiff authors, he has a right to publish and, regarding any State or Federal litigation, plaintiff does not post Discovery processes pursuant to Illinois State law and FRCP.

5. On or about November 13, 2020 attorney Derrick Thompson (hereinafter, "Mr. Thompson") filed his appearance in this matter for EMAGES, Inc. and Hattie Wash (hereinafter, "Hattie"). (See Dkt. #7)

6. On or about November 20, 2020 this court granted defendant EMAGES, Inc. and Hattie's 1st motion for an extension to December 23, 2020. (See Dkt. #13)

7. On December 1, 2020 plaintiff attempted to access the link for the audit of Grant #2018 CY-BX-0025, which is the cause of this action and elements of his Whistleblower Act complaints for possible misappropriation of funds and fraud.

8. On December 1, 2020 plaintiff could not get on the Zoom meeting.

9. On December 1, 2020 plaintiff sent an email to Grant Manager Tracey Willis, Andre Bethea, and Michael Dever who are the principal actors in this litigation for DOJ, BJA, OJP reporting he could not access the link for the audit.

10. On December 1, 2020 plaintiff received a response from Michael Dever stating Hattie was informed weeks ago the audit was being re-scheduled for the middle of January 2021. (Exhibit 2)

11. Defendant Hattie never informed plaintiff, nor did Mr. Thompson inform plaintiff.

12. On December 2, 2020 plaintiff sent an email to all parties of this complaint labeled "1st Attempt to Settle Issues." (Exhibit 3)

13. On December 4, 2020 plaintiff received a response email from Mr. Thompson. (Exhibit 4)

14. On December 4, 2020 plaintiff acknowledged Mr. Thompson's response.

15. On December 7, 2020 plaintiff received an "Attorney Designation" notice from Assistant United States Attorney Kurt Lindland regarding defendants DOJ, BJA, OJP Dkt.# 18; and therefore, plaintiff forwarded the December 2, 2020 email to him also. (Exhibit 5)

16. On December 19, 2020 plaintiff sent an email to defendants reporting EMAGES, Inc.

was still open even though EMAGES, Inc. and defendant Hattie reported on October 1, 2020 she was suspending all programs, thus terminating plaintiff's employment with DOJ, BJA, OJP violating the Whistleblower Act. (Exhibit 6)

17. On December 20, 2020 plaintiff sent an email to the Honorable Congressman Danny K. Davis requesting an audience with the Ways and Means Committee in the 117th Congress to testify about the Second Chance Act and Whistleblower Act of 2013. (Exhibit 7)

18. Congressman Davis has been made aware of plaintiff statement of facts in this case since December of 2019.

19. Plaintiff has been on Congressman Davis' Second Chance Act Advisory Committee since 2007 and a Peer Reviewer for the Second Chance Act since 2009 with DOJ, BJA, OJP.

20. On December 21, 2020 Mr. Thompson called plaintiff and sent an email to plaintiff requesting plaintiff call him. (Exhibit 8)

21. On December 21, 2020 plaintiff and Mr. Thompson spoke over the phone.

22. Plaintiff was unaware Mr. Thompson was calling plaintiff to request his unopposed position to Hattie's extension of time.

23. After what plaintiff believed to be a fruitful conversation with Mr. Thompson about settlement and an extension of time, plaintiff informed Mr. Thompson he would not oppose his extension of time.

24. On December 23, 2020 plaintiff received an email notice for "JustGrants", which is the website for the grant in question here. (Exhibit 9)

25. Plaintiff found on the "JustGrants" website that Hattie had changed plaintiff to a lesser role, which was Grant Administrator to Alternative Grant Administrator, with this grant without notice to plaintiff, which is the processes and violates the Whistleblower Act of 2013.

26. On December 23, 2020, at 10:51 am, plaintiff sent an email to Mr. Thompson stating he opposed his extension of time. (Exhibit 9)

27. On December 23, 2020, at 11.26 am, Mr. Thompson filed his motion for extension of time without contacting plaintiff when he received plaintiff's email sent at 10:51 am. See Dkt. #20

WHEREFORE, plaintiff respectfully request this Honorable Court deny defendants EMAGES, Inc. and Hattie an extension of time for file their response and/or pleading in this matter; and whatever other remedies this court may appropriately render; and find EMAGES, Inc. and Hattie in default and/or sanctioned for deceptive behaviors. Plaintiff strongly believes he was deceived by Mr. Thompson, who possibly knew his client Hattie was demoting plaintiff's DOJ, BJA, OJP position with this grant, which further violates the Whistleblower Act of 2013. Hattie intentionally avoided giving plaintiff information so he could not participate in the audit processes of this grant, which plaintiff's Whistleblower complaints is based and depends on plaintiff's testimony to validate the issues of the Whistleblower complaints alleged misappropriation of funds and fraud by EMAGES, Inc. and Hattie.

Mr. Thompson and Hattie used the fact defendant Thomas Bradley had not acquired a lawyer and devised and conspired a plan where Mr. Thompson would represent defendant Bradley and request from the court time to file a responsive pleading for Mr. Bradley; and therefore, request an extension to file EMAGES, Inc. and Hattie's responsive pleading as if they were being honest about the whole situation. Dishonesty and evasiveness is a way of life for EMAGES, Inc. and Hattie. This Honorable Court must weed out the appearance of dishonesty and nefarious behavior in the court room and support the rule of law. Plaintiff wants to thank this court, in advance, for its wisdom and discernment in this matter.

Respectfully submitted,


/s/Fred L. Nance Jr., Ph.D.
Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org