### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Fred L. Nance Jr. | ) | |
| | ) | Case No. 20 CV 06316 |
| Plaintiff, | ) | |
| | ) | Honorable Judge: Jorge L. Alonso |
| vs. | ) | |
| | ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice | ) | |
| Assistance, Office of Justice Programs, | ) | Beth W. Jantz |
| EMAGES, Inc., Hattie Wash, Thomas | ) | |
| Bradley, et al. | ) | Courtroom: 1903 |
| | ) | |
| Defendants. | ) | |

### MOTION FOR SANCTIONS WARNING CENSURE

NOW COMES, Pro se plaintiff reporting Taft Stettinius & Hollister LLP Attorneys

Janica Pierce Tucker and Derrick Thompson violated Rule 26 and LR 83.50 Rules of

Professional Conduct, Lawyer's Duty to Other Counsel.

In 1993, Supreme Court Justice Scalia discussed sanctioning attorneys. Most recently,

Justice Scalia's discussion is being surfaced for sanctioning attorneys in the fruitless litigation of

Trump's fraud issues in the 2020 election. The Supreme Court adopted amendments to the

federal rules of civil procedure, which are the boring, complicated compendium of legal rules

that apply in every federal court in the country. Under those rules, a lawyer may not sign a paper

that is "being presented for any improper purpose, such as to harass, cause unnecessary delay, or

needlessly increase the cost of litigation." The rules also state that "the factual contentions" in a

legal pleading must either "have evidentiary support" or "will likely have evidentiary support

after a reasonable opportunity for further investigation or discovery."

Pro se plaintiff submits the following in support:

1. On October 23, 2020 plaintiff filed his complaint with the Northern District of Illinois.

2.   On November 11, 2020 plaintiff received a nefarious, threatening, harassing, and intimidating email and letter from Derrick Thompson (hereinafter "Thompson") and Janica Pierce Tucker (hereinafter, "Tucker").

3.   In Thompson and Tucker's email and letter to plaintiff were unsubstantiated allegations, outright lies, as they requested what are discovery materials from plaintiff.

4.   Thompson and Tucker state plaintiff received a laptop during the course of his employment.

5.   Thompson and Tucker state plaintiff has failed to respond to numerous attempts from EMAGES to contact him.

6.   EMAGES, Inc. has not attempted to contact plaintiff regarding a laptop, nor has EMAGES, Inc. attempted to request anything from plaintiff except participation in closing the grant, which plaintiff has informed DOJ, BJA, OJP he would not participate in closing the grant because plaintiff's complaint is in opposition to closing the grant, which leads to plaintiff's termination and retaliation claims.

7.   Thompson and Tucker have no valid evidence or proof of such contact about a laptop.

8.   Thompson and Tucker state plaintiff must return the laptop immediately.

9.   Plaintiff's work product is on the laptop Thompson and Tucker are trying to acquire.

10. Thompson and Tucker state plaintiff must write any passwords required to access the computer.

11. Thompson and Tucker state failure to return the company property will result in EMAGES taking legal action.

12. Thompson and Tucker go on to demand plaintiff turn over evaluation documents from

OJP, client files, keys to file cabinets and the curricula plaintiff created and developed with defendant Hattie.

13. Defendant Hattie has keys to the only file cabinet plaintiff had access too.

14. Plaintiff does not have client files.

15. There are no evaluation documents from OJP.

16. Thompson and Tucker go on to state plaintiff must preserve any and all documents.

17. Thompson and Tucker nefariously threatens, harasses, and intimidates plaintiff stating "If EMAGES has not received the requested property on or before Friday, November 13, 2020, EMAGES will take legal action.

18. On December 21, 2020 Mr. Thompson called plaintiff and sent an email to plaintiff requesting plaintiff call him.

19. On December 21, 2020 plaintiff and Mr. Thompson spoke over the phone.

20. Plaintiff was unaware Mr. Thompson was calling plaintiff to request his unopposed position to his client EMAGES, Inc. and Hattie Wash's (hereinafter, "Hattie") extension of time.

21. After what plaintiff believed to be a fruitful conversation with Mr. Thompson about settlement and an extension of time, plaintiff informed Mr. Thompson he would not oppose his extension of time.

22. On December 23, 2020 plaintiff received an email notice for "JustGrants", which is the website for the grant in this litigation.

23. Plaintiff found on the "JustGrants" website defendant Hattie had changed plaintiff to a lesser role, which was Grant Administrator to Alternative Grant Administrator, with this grant without notice to plaintiff, which is the processes and violates the Whistleblower Act of 2013.

24. On December 23, 2020, at 10:51 am, plaintiff sent an email to Mr. Thompson stating he

opposed his extension of time.

Plaintiff strongly believes he was deceived by Mr. Thompson, who possibly knew his client EMAGES, Inc. and Hattie had demoted plaintiff's DOJ, BJA, OJP position with this grant, furthering the violation of the Whistleblower Act of 2013.

WHEREFORE, pro se plaintiff respectfully request this Honorable Court sanction, warn, and/or censure Attorneys Janica Pierce Tucker and Derrick Thompson for their intentional and deceptive acts listed in this motion.

Respectfully submitted

/s/Fred L. Nance Jr., Ph.D.
Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org