UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRED L. NANCE, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20 C 6316 |
| v. ) | |
| ) | Judge Alonso |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S RULE 56.1(a)(3) STATEMENT
OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, United States Department of Justice, through its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, submits in accordance with Local Rule 56.1, the following statement of material facts in support of defendants' motion for summary judgment:

1. In 2018, co-defendant Establishing Managing and Generating Effective Services Inc. ("EMAGES, Inc.") received a grant award from DOJ's Office of Justice Programs and the Bureau of Justice Assistance for a prison related program under the "Second Chance Act" ("SCA"). Complaint at 2; Exhibit A, EMAGES award information.

2. EMAGES was the sole applicant to the grant program and, accordingly, had primary responsibility for funding and managing the program. Exhibit B, EMAGES Award.

3. As part of the SCA grant program, DOJ made 26 grant awards in fiscal year 2018 totaling more than $20.5 million, one of which was a $500,000 award to EMAGES. Exhibit C, BJA FY 18 Second Chance Act Comprehensive Community-Based Adult Reentry Program award information.

4. The EMAGES award was scheduled to start on October 1, 2018, and conclude on

September 30, 2021.  Complaint at 2; Exhibit D, BJA Second Chance Act solicitation at 13.

5. Through the grant solicitation, DOJ notified the applicants of the eligibility requirement that only one entity may be the applicant. *Id*. at 2. The applicant must be the entity that would have primary responsibility for carrying out the award, including administering the funding and managing the entire program. *Id*.

6. In accordance with the eligibility requirement, DOJ only considered one applicant entity, EMAGES, for the award in question, not Nance or his company, and therefore the grant was awarded to EMAGES. Exhibit A, EMAGES award information; Exhibit D, BJA Second Chance Act solicitation at 2.

7. Under the relevant requirements that applied to EMAGES' grant award, recipients are permitted to terminate awards by providing written notice to the awarding agency. See 2 C.F.R. §§ 200.339-343.

8. In September 2020, Hattie Wash, the founder and CEO of EMAGES, informed DOJ that she was terminating the EMAGES award because of, among other things, the COVID-19 pandemic and COVID-related restrictions. Exhibit E, EMAGES Termination letter; Complaint at 19.

9. In the written notice provided to DOJ, Wash stated that COVID-19 and related restrictions created financial instability for EMAGES and "prevented EMAGES from fulfilling the [p]erformance measures of the Second Chance grant" and that although telehealth services permitted EMAGES to continue providing services to some individuals, the "[s]helter in [p]lace mandate for the State of Illinois has prevented us from collecting data inside Cook County Jail and the Illinois Department of Correction." Exhibit E, EMAGES Termination Letter.

10. In April 2020, Nance pursued a "whistleblower complaint" claiming "possible

fraud or misappropriation of funds" concerning the EMAGES award, alleging that EMAGES misappropriated the grant award. Exhibit F, April 17, 2020, Letter.

11. Nance pursued his "whistleblower" complaints through the U.S. Office of Special Counsel, which denied his complaints, noting that it lacked jurisdiction over individuals who are not federal employees or applicants for federal employment. Exhibit G, OSC letter.

12. Nance then pursued his "whistleblower complaint" with the Office of the Inspector General, where he repeated his allegation that EMAGES drew down grant funds for an ex-employee, and claimed that Wash retaliated against him for reporting the questioned drawdowns by removing him as the point of contact for the grant award and that Wash reduced Nance's salary under the grant. Exhibit H, August 28, 2020, Letter; Complaint at 2, 17.

13. Nance alleges that EMAGES drew down $880 in grant award funds for an ex-employee. Exhibit F, April 17, 2020, letter. This small amount represents less than 0.2% of the entire $500,000 grant award. He also alleges that EMAGES improperly drew down $2,800 each month from March to July 2020 when Plaintiff only submitted a payroll of $2,600 for March; $2,100 for April; $1,800 for May; $2,300 for June; and $2,100 for July. Complaint at 10. That total alleged discrepancy is $3,100 (i.e., a $200 overcharge in March; $700 in April; $1,000 in May; $500 in June; and $700 in July). Complaint at 15.

14. The OIG rejected Nance's complaint stating "[w]e do not believe that you have alleged that you suffered a reprisal in violation of [41 U.S.C.] § 4712(a)." Exhibit I, OIG letter. OIG further found that Nance's complaint failed to allege that he made a protected disclosure (i.e., a communication that, among other things, reasonably evidenced gross mismanagement of a federal contract or grant, a gross waste of federal funds, an abuse of authority relating to a federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law,

3

rule, or regulation related to a federal contract (including the competition for or negotiation of a contract) or grant) and that "significant doubt surrounds whether your complaint alleges that you suffered a personnel action, as contemplated under § 4712(a)." *Id.*

15. Nance is not an employee of a contractor, subcontractor, grantee, or subgrantee of DoD or NASA. Complaint, at 5- 6. Nance has also never been employed by the Department of Justice. *Id.*

16. A search DOJ's computerized database of administrative tort claims reveals that Nance has not filed an administrative tort claim with the department. Exhibit J, Declaration of Elijah Jenkins.

                                            Respectfully submitted,

                                            JOHN R. LAUSCH, Jr.
                                            United States Attorney

                                        By: s/ Kurt N. Lindland
                                              KURT N. LINDLAND
                                              Assistant United States Attorney
                                              219 South Dearborn Street
                                              Chicago, Illinois 60604
                                              (312) 353-4163
                                              kurt.lindland@usdoj.gov