UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Fred L. Nance Jr. | ) | |
| | ) | Case No. 20 CV 06316 |
| Plaintiff, | ) | |
| | ) | Honorable Judge: Jorge L. Alonso |
| vs. | ) | |
| | ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice Assistance, Office of Justice Programs, EMAGES, Inc., Hattie Wash, Thomas Bradley, et al. | ) ) ) ) | Beth W. Jantz<br><br>Courtroom: 1903 |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF MOTION UNDER RULE 26 and 56(d)**

Plaintiff emphatically states there has been no initial discovery in this matter pursuant to Rule 26. Initial discovery is necessary to prove or disprove the facts of a plaintiff or defendant, especially, when addressing a summary judgment. Plaintiff is forced to file this motion under Rule 56(d) because defendants are circumventing the normal processes of the FRCP for Discovery. Rule 56(d) states that if the non-movant in a summary judgment proceeding shows by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his opposition, the Court may defer considering the motion or deny it and allow time to take additional discovery. FED. R. CIV. P. 56(d).

In *Nance v. NBCUniversal Media, LLC*, No. 16-11635, 2018 WL 1762440 (N.D. Ill. July 29, 2019) Judge Harry Leinenweber, in his Memorandum and Opinion reported, "Rule 56(d) states that if the non-movant in a summary judgment proceeding shows by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his opposition, the Court may defer considering the motion or deny it and allow time to take additional discovery. FED. R. CIV. P. 56(d)."

Seventh Circuit Judge Harry Leinenweber further stateded "The Seventh Circuit has made clear that Rule 56(d) requires a motion. See *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006) ("When a party thinks it needs additional discovery in order to oppose a motion for summary judgment . . . Rule 56(f) [now Rule 56(d)] provides a simple procedure for requesting relief: move for a continuance and submit an affidavit explaining why the additional discovery is necessary."); *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996) ("When a party is unable to gather the materials required by Rule 56(e), the proper course is to move for a continuance under Rule 56(f) [now Rule 56(d)]."). A Rule 56(d) motion "must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit." *Deere & Co.*, 462 F.3d at 706.

Disclosures are protected only if made to: (1) A member of Congress or a congressional committee; (2) An Inspector General; (3) The Government Accountability Office (GAO). (4) A federal employee responsible for contract or grant oversight or management at the relevant agency; (5) An authorized official of the Department of Justice (DOJ) or other law enforcement agency; (6) A court or grand jury; and (7) A management official or other employee of the contractor or subcontractor who has the responsibility to investigate, discover, or address misconduct 10 U.S.C. § 2409(a)(2); 41 U.S.C. § 4712(a)(2).)

WHEREFORE, plaintiff request (1) a continuance in the matter of this court's order on February 5, 2021; (2) initial Discovery pursuant to Rule 26, and/or discovery pursuant to Rule 56(d) addressing defendant's motion for summary judgment.

Respectfully submitted,

/s/Fred L. Nance Jr., Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395 frednance@clickservices.org