UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Fred L. Nance Jr. | ) | |
| | ) | Case No. 20 CV 06316 |
| Plaintiff, | ) | |
| | ) | Honorable Judge: Jorge L. Alonso |
| vs. | ) | |
| | ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice Assistance, Office of Justice Programs, EMAGES, Inc., Hattie Wash, Thomas Bradley, et al. | ) ) ) ) | Beth W. Jantz |
| | ) | Courtroom: 1903 |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF DECLARATION IN SUPPORT OF MOTION UNDER RULE 26 and 56(d)**

Pursuant to FRCP 56(c)(4) An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Pursuant to L.R. 56.1(d)(4) statements of additional facts.

In lieu of an affidavit sworn under oath, federal law allows an "unsworn declaration, certificate, verification, or statement, in writing, of a person which is subscribed by him, as true under penalty of perjury, and dated to have the same enforcement and effect as an affidavit or other sworn statement. Pursuant to 28 U.S.C. §1746, Plaintiff submits the following as facts and exhibits needing the discovery processes:

  1. Defendant Department of Justice, Bureau of Justice Assistance, Office of Justice Programs (hereinafter, "DOJ") decided to circumvent the normal discovery processes and file a motion to dismiss or summary judgment in this matter.

  2. Plaintiff does not have the appropriate answers to fully address DOJ's summary judgment.

3. Plaintiff states this litigation is about the violations and negligent acts of DOJ employees regarding the Whistleblower Act and Second Chance Act bill.

4. Plaintiff asserts and declares discovery is needed to address defendant's motion for summary judgment and plaintiff's 107 paragraphs/allegations in his Original Complaint, as if fully stated herein (Ex.1).

5. Plaintiff request initial discovery under Rule 26 to validate his assertions and allegations in his Original complaint.

6. Plaintiff has not been availed to the initial discovery processes of litigation.

7. Without the discovery processes, plaintiff is hindered in addressing or fully disputing the material facts given by defendants in their motion for summary judgment's statement of facts pursuant to 56.1(a)(2).

8. Plaintiff needs to acquire, through the discovery processes, the Second Chance Act bill signed by President Bush on April 10, 2008 and current amendments to substantiate or denounce some of defendant's material facts, such as ¶'s 2,5,6,7,10,11,13,14,15 & 16.

9. Plaintiff needs to acquire a written declaration from the Honorable Congressman Danny K. Davis as to the conversations he has had with the plaintiff and his knowledge of the Whistleblower complaints, and the Second Chance Act bill he sponsored as it applies to the Whistleblower Act of 2013, amended 2016.

10. The National Defense Authorization Act of 2013 Office of Special Counsel posters and email with attachments to info@osc.gov on September 28, 2020. (Ex.18, 19, 20, 21, 22, 23)

11. On December 14, 2016 Congress passed Public Law 114-261 permanently extended whistleblower protections. (Ex.10, p.3, Ex.26)

12. Defendants EMAGES and Hattie with the assistance of DOJ employees violated the DOJ

Financial Fraud, Waste and Abuse policies. (Ex.25, pp.141-145)

13. On September 21, 2020 Defendant Hattie stated in an email to plaintiff if she gave Grant #2018-CY-BX-0025 back to DOJ, plaintiff could have it. (Ex.5, ¶1)

14. DOJ refused to give Grant #2018-CY-BX-0025 to plaintiff and C.L.I.C.K. Services, NFP after defendant Hattie gave it back violating their own policies. (Ex. 25, pp.128-129)

15. The Honorable Congressman Danny K. Davis is the principal sponsor of the Second Chance Act Bill of 2007. (Ex.17)

16. Plaintiff facilitated a letter of support from the Honorable Congressman Danny K. Davis. (Ex.14)

17. Plaintiff apprised the Honorable Congressman Danny K. Davis of the Whistleblower complaints. (Ex.15)

18. Plaintiff will request Congressman Davis testify at trial or provide an oral and written deposition as a witness to plaintiff's communication to him regarding plaintiff's Whistleblower complaints pursuant to Rule 26 et seq.

19. Plaintiff is the subrecipient referenced in the Subaward Monitoring Policy. (Ex.24, ¶1)

20. Brenda Worthington is the Bureau of Justice Assistance (hereinafter, "BJA") Division Chief. (Ex.16)

21. Plaintiff discusses his employment status with BJA Division Chief Brenda Worthington via email regarding a subrecipient agreement, subawards, subrecipient monitoring policies, and the National Defense Authorization Act of 2013, the Whistleblower Act. (Ex.16)

22. Office of Justice Programs (hereinafter, "OJP") Division Chief Michael Dever admits EMAGES, Inc. and C.L.I.C.K. Services, NFP described a partnership in the application for Grant #2018-CY-BX-0025. (Ex.30)

23. Defendant Hattie Wash (hereinafter, "Hattie") stated DOJ cannot tell her how to expend federal funds. (Ex.16, p.3)

24. Department of Justice, Bureau of Justice Assistance, Office of Justice Programs (hereinafter, "DOJ") employees Michael Dever, Division Chief; Andre Bethea, Senior Policy Advisor; Tracey Willis, Grant Manager; and OIG Inspector General (Ex.8) committed gross negligence when they did not address plaintiff's April 17, 2020, August 29, 2020, and September 13, 2020 Whistleblower complaints. (Ex.12)

25. Plaintiff sent emails to DOJ employees Michael Dever, Andre Bethea, and Tracey Willis regarding all 3 Whistleblower complaints (Ex.13).

26. Defendants Hattie false claims to why she was giving the grant back to DOJ. (Ex.5)

27. DOJ allowed Hattie to give the grant back with only the support of her letter without providing plaintiff with a copy, due to plaintiff's September 21, 2020 emails (Ex.5), so he could or they could validate the content of defendant Hattie's letter.

28. Defendants EMAGES and Hattie understood C.L.I.C.K. Services, NFP and plaintiff were partners/collaborators and a subcontractor (subaward) of Grant #2018-CY-BX-0025. (Ex.3, 24 & 25, pp. 115-120)

29. The 2013 National Defense Authorization Act requires that agencies ensure that their contractors provide employees with written notice of their rights and remedies under the Act.

30. Defendant Hattie did not provide written notice of rights and remedies under the 2013 NDAA Act.

31. After receiving plaintiff's Whistleblower Act complaints, DOJ never responded to the complaints before accepting and concurring with defendant Hattie's false written statement given to them.

32. Plaintiff provided information, via email, to DOJ employees to substantiate the false information given to them by defendant Hattie terminating Grant #2018-CY-BX-0025.

33. DOJ did not investigate defendant Hattie's statements in her letter to them as to why she was terminating the grant and giving it back to DOJ.

34. DOJ terminated plaintiff's employment in violation of the Whistleblower Act.

35. DOJ employee's refusal to investigate plaintiff's Whistleblower complaints for April 17, 2020, August 29, 2020, and September 13, 2020 was an act of negligence. (Ex.13)

36. After plaintiff made defendant Hattie aware she was misappropriating funds and/or committing fraud, defendant Hattie continued to misappropriate the funds of Grant #2018-CY-BX-0025. (Ex.12)

37. The OIG online complaint page does not provide confirmation on a complaint being filed. (Ex.9)

38. Plaintiff does not know how the OIG received his 1st, 2nd, or 3rd Whistleblower complaints, whether via online or U.S. mail. (Ex.8, 22)

39. Plaintiff submitted his August 29, 2020 Whistleblower complaint online (Ex.9) and mailed it to the Office of the OIG, along with his April 17, 2020 and September 13, 2020 Whistleblower complaints that the OIG did not reference in his letter of October 13, 2020. (Ex.8)

40. On March 21, 2020 DOJ presented exceptions for all grants during Covid-19 further negating defendant Hattie's letter submitted to DOJ for her false reasoning giving the grant back. (Ex.27,28)

| | |
|---|---|
| Respectfully submitted, | Pursuant to 28 U.S.C. §1746 |
| /s/Fred L Nance Jr., Pro Se Plaintiff<br>17239 Evans Avenue<br>South Holland, Illinois 60473-3436<br>708-921-1395 frednance@clickservices.org | I declare under penalty of perjury that the foregoing is true and correct. Executed on February 13, 2021. |