UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Fred L. Nance Jr. | ) | |
| | ) | Case No. 20 CV 06316 |
| Plaintiff, | ) | |
| | ) | Honorable Judge: Jorge L. Alonso |
| vs. | ) | |
| | ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice Assistance, Office of Justice Programs, EMAGES, Inc., Hattie Wash, Thomas Bradley, et al. | ) ) ) ) | Beth W. Jantz Courtroom: 1903 |
| Defendants. | ) | |

**PLAINTIFF OBJECTING TO JUDGE ALONSO
DENYING MOTION UNDER RULE 26 AND 56(d)**

NOW COMES, pro se plaintiff objecting to the Honorable Judge Jorge L. Alonso's decision denying plaintiff's motion under Rule 26 and 56(d). Plaintiff submits the following in support of his objection.

On February 17, 2021 plaintiff attended a teleconference court hearing in front of the Honorable Judge Jorge L. Alonso. On February 3, 2021 defendants DOJ filed a motion to dismiss or alternatively summary judgment. On February 13, 2021 plaintiff filed a motion under Rule 26 and 56(d) with a 40 paragraph Declaration pursuant to FRCP 56(c)(4) and L.R. 56.1(d)(4) regarding discovery to address the summary judgment of defendant DOJ. Plaintiff was expecting defendant DOJ to file a "written" answer to plaintiff's "written" motion on his discovery request. However, on February 17, 2021 the Honorable Judge Jorge L. Alonso asked for oral argument from plaintiff and defendant via teleconferencing. Plaintiff did not want an "oral" argument.

Plaintiff was asked if he was an employee of DOJ. Plaintiff informed the court he was not an employee of DOJ, and that, plaintiff's complaint was about the violation of the Whistleblower

Act of 2013, amended 2016. Defendant DOJ reported plaintiff did not need discovery. To plaintiff's surprise, the Honorable Judge Jorge L. Alonso denied plaintiff's motion for discovery under Rule 26 and 56(d) regarding whether plaintiff needed discovery before Summary Judgment.

In plaintiff's motion under Rule 26 and 56(d) he cited *Nance v. NBCUniversal Media, LLC*, No. 16-11635, 2018 WL 1762440 (N.D. Ill. July 29, 2019) Judge Harry Leinenweber presiding. Judge Leinenweber stated in his Memorandum and Opinion, "Rule 56(d) that if the non-movant in a summary judgment proceeding shows by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his opposition, the Court may defer considering the motion or deny it and allow time to take additional discovery. FED. R. CIV. P. 56(d)." Plaintiff noted he could not present facts completely without discovery.

Plaintiff reported in his motion under Rule 26 and 56(d) the Honorable Judge Harry Leinenweber granted summary judgment to defendants, in part, on procedural grounds because plaintiff did not file a motion under Rule 26 and 56(d). Seventh Circuit Judge Harry Leinenweber stated "The Seventh Circuit has made clear that Rule 56(d) requires a motion. See *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006) ("When a party thinks it needs additional discovery in order to oppose a motion for summary judgment . . . Rule 56(f) [now Rule 56(d)] provides a simple procedure for requesting relief: move for a continuance and submit an affidavit explaining why the additional discovery is necessary."); *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996) ("When a party is unable to gather the materials required by Rule 56(e), the proper course is to move for a continuance under Rule 56(f) [now Rule 56(d)]."). A Rule 56(d) motion "must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by

affidavit." *Deere & Co*., 462 F.3d at 706. These 2 different rulings should be the decided by the 7th Circuit Appellate Court.

Is this equal justice? No, it is not!! Plaintiff filed his original complaint in this matter on October 23, 2020. No matter the issues raised by plaintiff, whether it is Pro Hac Vice, Sanctions, or now Discovery before a decision on any part of defendant's summary judgment filed before the discovery processes, the Honorable Judge Jorge L. Alonso has ruled in favor for all defendants throughout this litigation.

Plaintiff has requested from the Honorable Judge Jorge L. Alonso to be treated as equal to defendants in this litigation due to his clerk responding to defendants' email and not plaintiff's email. The Honorable Judge Jorge L. Alonso reported plaintiff would be treated equally in his courtroom. Plaintiff is awaiting fair and equal treatment instead of disparate treatment.

On February 17, 2021 plaintiff was consistently referred to as Mr. Nance. Plaintiff states he is either Dr. Nance or Plaintiff!! Plaintiff is **NOT** Mr. Nance! Plaintiff worked very hard to achieve his Ph.D. in Human Services with a focus on Social Policy Analysis and Planning. Plaintiff will not respond when called "Mr. Nance."

WHEREFORE, plaintiff request the Honorable Judge Jorge change his decision on denying plaintiff discovery pursuant to Rule 26 and 56(d); or in the alternative this is an Appellate Court issue due to the conflict of decisions in *Nance v. NBCUniversal Media, LLC*, No. 16-11635, 2018 WL 1762440 (N.D. Ill. July 29, 2019) and *Nance vs. DOJ et al.* (7th Cir. 2020).

Respectfully submitted,

/s/Fred L. Nance Jr., Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395 frednance@clickservices.org