UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EXHIBIT 37

| | |
|---|---|
| Fred L. Nance Jr. ) | |
| ) | Case No. 20 CV 06316 |
| Plaintiff, ) | |
| ) | Honorable Judge: Jorge L. Alonso |
| vs. ) | |
| ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice ) | |
| Assistance, Office of Justice Programs, ) | Beth W. Jantz |
| EMAGES, Inc., Hattie Wash, Thomas ) | |
| Bradley, et al. ) | Courtroom: 1903 |
| ) | |
| Defendants. ) | |

**PLAINTIFF ADDITIONAL MATERIAL FACTS**

Pursuant to L.R. 56.1(b)(3) and L.R. 56.1(d)(1) plaintiff submits the following:

1. Plaintiff's NDAA 3 Whistleblower complaints are validated. (Ex.33)

2. On December 14, 2016 Congress passed Public Law 114-261 permanently extended whistleblower protections. (Ex.10, p.3; Ex.26)

3. Defendants EMAGES and Hattie Wash, with the assistance of DOJ employees, violated the DOJ Financial Fraud, Waste and Abuse policies. (Ex.25, pp.141-145)

4. On September 21, 2020 Defendant Hattie stated in an email to plaintiff if she gave Grant #2018-CY-BX-0025 back to DOJ, plaintiff could have it. (Ex.5, ¶1)

5. DOJ refused to give Grant #2018-CY-BX-0025 to C.L.I.C.K. Services, NFP after defendant Hattie Wash gave it back with false statements in her letter (Ex.5,16,24,28, 31,35,36,40,41,43) violating their own policies. (Ex.25, pp.128-129;24,)

6. The Honorable Congressman Danny K. Davis is the principal sponsor of the Second Chance Act Bill of 2007. (Ex.17)

7. Plaintiff facilitated a letter of support from the Honorable Congressman Danny K. Davis

apprising him of all the Whistleblower complaints and email to Division Chief Brenda Worthington regarding employment status. (Ex.14,15,16)

8. Whistleblower disclosures are protected only if made to a member of Congress or a congressional committee, an Inspector General, the Government Accountability Office a federal employee responsible for contract or grant oversight or management at the relevant agency. (Ex. 29, pp.2-3)

9. Plaintiff is the subrecipient/subgrantee/ referenced in the Subaward Monitoring Policy and the budget. (Ex.24,31,40)

10. Plaintiff discussed his employment status with BJA Division Chief Brenda Worthington and Technical Assistant Joseph Williams via email regarding a subrecipient agreement, subawards, subrecipient monitoring policies, and the Whistleblower Act of 2013, amended 2016 et seq. (Ex.16,24,31,40,43)

11. C.L.I.C.K. Services, NFP partnered and collaborated as a subawardee/subrecipient with EMAGES, Inc. in applying for Grant #2018-CY-BX-0025. (Ex.3,24,31,40)

12. C.L.I.C.K. Services, NFP employee, plaintiff Dr. Fred L. Nance Jr., was the Project Director and subrecipient/subawardee responsible for day-to-day oversight, development of the work plan, and implementation of the project for Grant #2018-CY-BX-0025. (Ex.3, p.19;14,24,31,35,36,38,39,40,41,43)

13. EMAGES, Inc. employee, Hattie Wash, was working 10% to 13% of her time and responsible for the fiscal and management oversight of the project for Grant #2018-CY-BX-0025. (Ex.3, p.19;38)

14. Defendant Hattie Wash, the CEO of EMAGES, will work 10% of her time on the project. (Ex.3, p.19;38)

15. Plaintiff's "percentage of time" on all grant management and activities was 100%. (Ex.24,31,38,40,41)

16. Plaintiff submitted and applied for Grant #2018-CY-BX-0025. (Ex.39)

17. OJP Division Chief Michael Dever admits EMAGES, Inc. and C.L.I.C.K. Services, NFP described a partnership in the application for Grant #2018-CY-BX-0025. (Ex.30)

18. DOJ employees Michael Dever, Division Chief; Andre Bethea, Senior Policy Advisor; Tracey Willis, Grant Manager; and OIG Inspector General committed gross negligence when they did not address plaintiff's April 17, 2020, August 29, 2020, and September 13, 2020 Whistleblower complaints. (Ex.8,12)

19. Plaintiff sent emails to DOJ employees Michael Dever, Andre Bethea, and Tracey Willis regarding all 3 Whistleblower complaints (Ex.5,13,19,23,30,31).

20. Defendants Hattie provided false information to why she was giving the grant back to DOJ. (Ex.5,6,15,20,27,30,35,36)

21. DOJ allowed defendant Hattie Wash to give the grant back with only the support of her letter (Ex.28) filled with false claims (Ex.5) without providing plaintiff with a copy so he could or they could validate the content of defendant Hattie's letter.

22. Defendants EMAGES and Hattie understood C.L.I.C.K. Services, NFP and plaintiff were partners/collaborators, and a subcontractor (subaward) of Grant #2018-CY-BX-0025. (Ex.3,16,24,25, pp. 115-120;31,40)

23. There have been no discovery processes, no depositions in this litigation pursuant to Rule 26 et seq. and LR56(d). (Ex.29)

24. Plaintiff provided information, via email, to DOJ employees to substantiate the false

claims and information given to them by defendant Hattie Wash via her letter (Ex.28) terminating Grant #2018-CY-BX-0025. (Ex.5)

25. After receiving plaintiff's Whistleblower Act complaints (Ex. 13), DOJ did not investigate defendant Hattie Wash's statements in her letter to them as to why she was terminating the grant and giving it back to DOJ. (Ex.5,28)

26. DOJ terminated plaintiff's employment in violation of the Whistleblower Act of 2013, amended 2016 et seq. (Ex.5,24,28,30,31,34,35,36,38,40)

27. DOJ employee's refusal to investigate plaintiff's Whistleblower complaints for April 17, 2020, August 29, 2020, and September 13, 2020 was an act of negligence. (Ex.5,13)

28. DOJ knew defendant Hattie Wash was accused of retaliation via emails from plaintiff's protected disclosures. (Ex.12,15,16,29, p.3)

29. After plaintiff made defendant Hattie Wash aware she was misappropriating funds and/or committing fraud, defendant Hattie continued to misappropriate the funds of Grant #2018-CY-BX-0025. (Ex.5,12,16)

30. The OIG online complaint page does not provide confirmation on a complaint being filed. (Ex.9)

31. DOJ received plaintiff's 1st, 2nd, or 3rd Whistleblower complaints via online and U.S. mail. (Ex.5,8,13,22,34)

32. Plaintiff submitted his August 29, 2020 Whistleblower complaint online (Ex.9) and mailed it to the Office of the OIG (Ex.34), along with his April 17, 2020 Whistleblower complaints that the OIG did not reference in his letter of October 13, 2020. (Ex.8)

33. On March 21, 2020 DOJ presented exceptions for all grants during Covid-19 further

negating defendant Hattie's letter (Ex.28) submitted to DOJ for her false reasoning giving the grant back. (Ex.5,27,28)

34. OIG Assistant Inspector General, Mr. O'Neill, received all 3 Whistleblower complaints via USPS (Ex.34) and via the OIG Hotline. (Ex.8,9)

35. OIG Assistant Inspector General, Mr. O'Neill, declined to open a Whistleblower complaint (Ex. 8) and once finished with the investigation, Mr. O'Neill submitted a report to the agency head and other relevant parties within 180 days of receiving the complaint. (Ex.29, p.4)

36. OIG Assistant Inspector General, Mr. O'Neill, thoroughly investigated plaintiff's Whistleblower Complaints dated April 17, 2020, August 28, 2020, and September 13, 2020 as stated "We do not believe that you have alleged that you suffered a reprisal in violation of § 4712(a)" in his letter dated October 13, 2020. (Ex.8,13,34)

37. OIG Assistant Inspector General Mr. O'Neill investigated all protected disclosures under NDAA, which the employer knew or was reasonably on notice that the whistleblower engaged in protected activity, that there was an adverse action occurred under NDAA, and a causal connection between the disclosure and the personnel action happened. (Ex.29, p.2; 13,34)

38. OIG Assistant Inspector General Mr. O'Neill acknowledges the reasonable belief clause pursuant to NDAA that an employee need not prove that the matter disclosed actually was unlawful, gross mismanagement, a gross waste of funds, an abuse of power, or a danger to public health or safety. (Ex.29, p.3)

39. A whistleblower need not demonstrate the existence of a retaliatory motive to establish that protected conduct was a contributing factor in a personnel action. (Ex.29, p.3)

40. Upon receipt of the OIG's report, the agency head issued an order either denying relief or

requiring the contractor to take affirmative action to abate the reprisal or reinstate the whistleblower to the same position with the same terms, conditions, and employment benefits that the whistleblower held pre-retaliation. (Ex.29, p.4)

Respectfully submitted,

/s/Fred L Nance Jr.
Pro Se Plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org