**PRACTICAL LAW™**

Resource ID: w-008-5821

# Whistleblower Protections Under the National Defense Authorization Act

EXHIBIT 29

JASON ZUCKERMAN, ZUCKERMAN LAW, WITH PRACTICAL LAW LABOR & EMPLOYMENT

Search the Resource ID numbers in blue on Westlaw for more.

This Practice Note discusses whistleblower protections for federal contractors under the National Defense Authorization Act (NDAA), including protected disclosures, covered workers, elements of the two classes of retaliation claims, and the role of an agency's Office of Inspector General in investigating whistleblower-retaliation claims. This Note covers federal law and applies only to employees of federal contractors.

The Whistleblower Protection Act (WPA) protects federal employees who blow the whistle on government fraud, waste, and abuse from retaliation by their employing federal agencies. The National Defense Authorization Act (NDAA) essentially extends these protections to private sector employees performing work for the federal government. In adding whistleblower protections to the NDAA, Congress recognized that federal contractor employees are also valuable sources of firsthand information about government fraud, waste, and abuse and deserve similar protections from retaliation.

This Note discusses the NDAA's protections for federal contractor employees who blow the whistle on government wrongdoing. In particular, this Note:

- Discusses conduct that is protected under the NDAA.
- Explains the scope of coverage of the NDAA's principal anti-retaliation provisions.
- Describes the adjudicative process for NDAA claims.
- Details the remedies available to employees who have suffered retaliation.

For more information about whistleblower and other civil service protections for federal employees, see Practice Notes, Whistleblower Protections Under the Whistleblower Protection Act (w-002-8554) and Civil Service Protections for Federal Employees: Overview (1-576-7425).

## OVERVIEW OF THE NDAA WHISTLEBLOWER PROTECTION PROVISIONS

The NDAA contains two robust whistleblower protection provisions that apply to employees of government contractors (see Sections 827 and 828 of Pub. L. No. 112-239, 126 Stat 1632 (2013), as amended by Pub. L. No. 114-261, 130 Stat. 1362 (2016)).

Both provisions protect employees from retaliation for disclosing:

- Gross mismanagement of a federal contract or grant.
- A gross waste of federal funds.
- An abuse of authority relating to a federal contract or grant.
- A violation of law, rule, or regulation related to a federal contract.
- A substantial and specific danger to public health or safety.

(10 U.S.C. § 2409; 41 U.S.C. § 4712.)

## SCOPE OF NDAA COVERAGE

As amended in 2016, Sections 827 and 828 of the NDAA cover all individuals performing work on a government contract or grant, including personal services contractors and employees of a contractor, subcontractor, grantee, or subgrantee.

Section 827 protects employees of contractors and subcontractors of the Department of Defense (DoD) and the National Aeronautics and Space Administration (NASA) (10 U.S.C. § 2409(a)(1)). Section 828 applies to:

- Employees of other federal contractors and subcontractors.
- Grantees of other agencies.
- Employees of entities that receive federal funds.
- Personal services contractors working on defense or civilian grant programs.

(41 U.S.C. § 4712(a)(1).)

The NDAA does not cover disclosures that relate to an activity of any element of the intelligence community, including:

- The Central Intelligence Agency.
- The Defense Intelligence Agency.
- The National Geospatial-Intelligence Agency.



© 2017 Thomson Reuters. All rights reserved.

# EXHIBIT 29

- The National Security Agency.
- The Office of the Director of National Intelligence.
- The National Reconnaissance Office.
- The intelligence elements, offices, or bureaus of:
  - the armed forces;
  - the Federal Bureau of Investigation;
  - the Drug Enforcement Administration;
  - the Department of Energy;
  - the Department of State;
  - the Department of the Treasury; and
  - the Department of Homeland Security.

(10 U.S.C. § 2409(e); 41 U.S.C. § 4712(f); 50 U.S.C. § 3003(4).)

The NDAA applies only to disclosures of waste, fraud, and abuse in federal government contracts and grants. Additional laws protect private sector employees from retaliation for other kinds of whistleblowing, including:

- The Sarbanes-Oxley Act and Dodd-Frank Wall Street Reform and Consumer Protection Act (see Practice Note, Whistleblower Protections Under Sarbanes-Oxley and the Dodd-Frank Act (7-501-7799)).
- The Occupational Safety and Health Act (OSH Act) and other whistleblower statutes enforced by the Occupational Safety and Health Administration (OSHA) (see Practice Note, Whistleblower Complaints Under the Occupational Safety and Health Act (8-612-0573)).
- Applicable state whistleblower protection laws protecting private sector employees (see Practice Note, State Whistleblower Laws: Beyond Federal Protections (5-611-7505)).
- State tort actions for wrongful termination in violation of public policy or other protections against retaliation (see Anti-Discrimination State Q&A Tool: Question 4).

## PROVING A WHISTLEBLOWER RETALIATION CLAIM UNDER THE NDAA

A claim for whistleblower retaliation under the NDAA has four elements, which the employee must prove by a preponderance of the evidence:

- A protected disclosure (see Protected Disclosures Under the NDAA).
- The employer knew or was reasonably on notice that the whistleblower engaged in protected activity (see Knowledge of the Protected Disclosure).
- An adverse action (see Personnel Actions Under the NDAA).
- A causal connection between the disclosure and the personnel action (see Causation).

The standards and burdens of proof for an NDAA whistleblower retaliation claim are the same as for individual right of action appeals under the WPA (10 U.S.C. § 2409(c)(6); 41 U.S.C. § 4712(c)(6)).

### PROTECTED DISCLOSURES UNDER THE NDAA

An employee of a government contractor makes a protected disclosure if the individual reasonably believes that the disclosed conduct constitutes any one of the following:

- Gross mismanagement of a federal contract or grant, which is "a management action or inaction which creates a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission" (*Kavanagh v. Merit Sys. Prot. Bd.*, 176 F. App'x 133, 135 (Fed. Cir. 2006) (citing *White v. Dep't of the Air Force*, 63 M.S.P.R. 90, 95 (1994))).
- A gross waste of federal funds, which is a more than debatable expenditure significantly out of proportion to the benefit reasonably expected to accrue to the government (*Chambers v. Dep't of the Interior*, 515 F.3d 1362, 1366 (Fed. Cir. 2008)).
- An abuse of authority relating to a federal contract or grant, which is an arbitrary or capricious exercise of power that adversely affects the rights of a person or results in personal gain or advantage to preferred other persons (*Doyle v. Dep't of Veterans Affairs*, 273 F. App'x 961, 964 (Fed. Cir. 2008) (citing *Embree v. Dep't of the Treasury*, 70 M.S.P.R. 79, 85 (1996))). Unlike gross mismanagement and gross waste of funds disclosures, there is no de minimis standard for abuse of authority disclosures (*Pasley v. Dep't of the Treasury*, 109 M.S.P.R. 105, 114 (2008)).
- A violation of law, rule, or regulation related to a federal contract or grant, including any conduct protected under the False Claims Act (FCA) (see *Reid v. Merit Sys. Prot. Bd.*, 508 F.3d 674, 678 (Fed. Cir. 2007) and *U.S. ex rel. Cody v. ManTech Int'l Corp.*, 207 F. Supp. 3d 610, 621 (E.D. Va. 2016)).
- A "substantial and specific danger to public health or safety," identifying the nature and likelihood of the harm, as well as when the harm may occur (see *Chambers*, 515 F.3d at 1367).

(See 10 U.S.C. § 2409(a)(1); 41 U.S.C. § 4712(a)(1).)

However, mere expressions of concern about mischarging the government that fail to claim the practice is fraudulent, illegal, or improper are not protected disclosures (*ManTech Int'l Corp.*, 207 F. Supp. 3d at 622).

Other employee conduct that does not rise to the level of protected disclosures includes:

- Mere differences of opinion between the employee and the agency or contractor's actions.
- Most criticism of agency or contractor policies or procedures.
- Criticism related to working conditions.
- Suggestions for changes in procedures.

(*Kavanagh*, 176 F. App'x at 135.)

A disagreement about a policy may support a protected disclosure of gross mismanagement only when reasonable people could not debate the policy errors (*Chambers*, 515 F.3d at 1368).

**Channels for Whistleblowing**

Disclosures are protected only if made to:

- A member of Congress or a congressional committee.
- An Inspector General.
- The Government Accountability Office (GAO).
- A federal employee responsible for contract or grant oversight or management at the relevant agency.

© 2017 Thomson Reuters. All rights reserved.

- An authorized official of the Department of Justice (DOJ) or other law enforcement agency.
- A court or grand jury.
- A management official or other employee of the contractor or subcontractor who has the responsibility to investigate, discover, or address misconduct.

(10 U.S.C. § 2409(a)(2); 41 U.S.C. § 4712(a)(2).)

**Reasonable Belief**

An employee need not prove that the matter disclosed actually was unlawful, gross mismanagement, a gross waste of funds, an abuse of power, or a danger to public health or safety. The employee must instead show that a person standing in the employee's shoes could reasonably believe, given the information available to the employee, that the disclosed information evidences one of the statutory types of wrongdoing. (See *ManTech Int'l Corp.*, 207 F. Supp. 3d at 621.) The reasonableness inquiry focuses on the perception of the employee, not that of the audience.

**Notice**

An employee's disclosure must put the employer on "reasonable notice" that the employee is making a protected disclosure. A disclosure provides an employer with reasonable notice where it indicates that litigation is a distinct or reasonable possibility. An employer's internal investigation into conduct disclosed by an employee is evidence that the employer has received reasonable notice. (*ManTech Int'l Corp.*, 207 F. Supp. 3d at 621-23.)

**PERSONNEL ACTIONS UNDER THE NDAA**

The NDAA broadly prohibits federal contractors from taking the following actions against an employee in retaliation for making a protected disclosure:

- Discharging the employee.
- Demoting the employee.
- Otherwise discriminating against the employee.

(10 U.S.C. § 2409(a)(1); 41 U.S.C. § 4712(a)(1).)

The catch-all category of "otherwise discriminating" against a whistleblower likely includes the same standard used in *Burlington Northern & Santa Fe Railway Company v. White*, that is, actions that might dissuade a reasonable worker from engaging in protected conduct (see 548 U.S. 53, 67-68 (2006)).

**KNOWLEDGE OF THE PROTECTED DISCLOSURE**

An employee must prove that the decisionmaker accused of retaliation knew about the individual's protected disclosures. An employee can show either actual or constructive knowledge.

An employee may show constructive knowledge by demonstrating that an individual with actual knowledge of the disclosure influenced the official taking the retaliatory action (*Dorney v. Dep't of Army*, 117 M.S.P.R. 480, 485 (2012)).

**CAUSATION**

The causation standard in NDAA whistleblower cases is favorable to employees. The NDAA applies the standard set out in the WPA, under which a complainant need only demonstrate that the protected disclosure was a contributing factor in the personnel action. An employee may show causation using either:

- The knowledge-timing test.
- Circumstantial evidence of causation.

(5 U.S.C. § 1221(e)(1).)

A whistleblower need not demonstrate the existence of a retaliatory motive to establish that protected conduct was a contributing factor in a personnel action (*Marano v. Dep't of Justice*, 2 F.3d 1137, 1141 (Fed. Cir. 1993)).

**Knowledge-Timing Test**

An employee can show causation using the knowledge-timing test by proving both:

- The official taking the personnel action knew of the disclosure.
- The personnel action occurred within a period of time when a reasonable person may conclude that the disclosure was a contributing factor in the personnel action.

(5 U.S.C. § 1221(e)(1).)

**Circumstantial Evidence of Causation**

If the employee fails to demonstrate both knowledge and timing, the employee may offer circumstantial evidence about any other factor potentially affected the outcome of the personnel action (see *Jones v. Dep't of Interior*, 74 M.S.P.R. 666, 678 (1997) (failing to find contributing factor); see also *Marano v. Dep't of Justice*, 2 F.3d 1137, 1143 (Fed. Cir. 1993)). For example, the circumstances surrounding an employer's placing a whistleblower-employee on paid administrative leave may demonstrate the employer's retaliatory animus (see *U.S. ex rel. Cody v. ManTech Int'l Corp.*, 2017 WL 2215672, at *4 (E.D. Va. May 19, 2017)).

## SAME-DECISION AFFIRMATIVE DEFENSE

If an NDAA whistleblower has proved contributing-factor causation by a preponderance of the evidence, then the employer can defeat the NDAA claim only by showing by clear and convincing evidence that it would have taken the same challenged action absent the protected disclosure (10 U.S.C. § 2409(c)(6); 41 U.S.C. § 4712(c)(6)).

Under the WPA, the law on which the NDAA anti-retaliation provision is modeled, courts consider three factors in determining whether an employer meets this onerous burden:

- The strength of the employer's evidence in support of its action.
- The existence and strength of any motive to retaliate by the officials involved in the decision.
- Any evidence that the employer takes similar actions against employees who are not whistleblowers but are otherwise similarly situated.

(*Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).)

## ADMINISTRATIVE COMPLAINTS

An NDAA reprisal claim must be filed initially with the Office of Inspector General (OIG) of the agency that awarded the contract or grant about which the employee disclosed wrongdoing (10 U.S.C. § 2409(b)(1); 41 U.S.C. § 4712(b)(1).

# EXHIBIT 29

The statute of limitations is three years after the date of the reprisal (10 U.S.C. § 2409(b)(4); 41 U.S.C. § 4712(b)(4)).

The OIG investigates the complaint unless it determines that the complaint:

- Is frivolous.
- Fails to allege an NDAA violation.
- Has previously been addressed in another federal or state judicial or administrative proceeding.

(10 U.S.C. § 2409(b)(1); 41 U.S.C. § 4712(b)(1).)

Once finished with the investigation, the OIG submits a report to the agency head and other relevant parties within 180 days of receiving the complaint, unless the whistleblower agrees to an extension (10 U.S.C. § 2409(b)(2); 41 U.S.C. § 4712(b)(2)).

The agency head must, within 30 days of receiving the OIG's report, issue an order either denying relief or requiring the contractor to do any of the following:

- Take affirmative action to abate the reprisal.
- Reinstate the whistleblower to the same position with the same terms, conditions, and employment benefits that the whistleblower held pre-retaliation.

Pay the whistleblower back pay and compensatory damages.

- Pay the whistleblower the total costs and expenses reasonably incurred for or in connection with bringing the complaint, including attorneys' fees and expert witness fees.

(10 U.S.C. § 2409(c)(1); 41 U.S.C. § 4712(c)(1).)

## FEDERAL LITIGATION

A whistleblower may file a lawsuit in federal district court against the federal contractor if the whistleblower either:

- Is denied relief after complaining to the OIG.
- Has not obtained relief within 210 days of filing the complaint with the OIG.

(10 U.S.C. § 2409(c)(2); 41 U.S.C. § 4712(c)(2).)

Under the NDAA, whistleblowers may file against contractors, but not against either:

- Individual supervisors (see *Brach v. Conflict Kinetics Corp.*, 221 F. Supp. 3d 743, 751 (E.D. Va. 2016)).
- The United States (see *Labranche v. Dep't of Defense*, 2016 WL 614682, at *3 n.2 (E.D. La. Feb. 16, 2016)).

The whistleblower must file the lawsuit within two years after exhausting the administrative remedies before the OIG and is entitled to a *de novo* jury trial (10 U.S.C. § 2409(c)(2); 41 U.S.C. § 4712(c)(2)).

The whistleblower may add a claim under the anti-retaliation provision of the FCA, which affords the whistleblower an opportunity to recover double back pay. The FCA prohibits retaliating against employees, contractors, or agents for "lawful acts" done in furtherance of an action under the FCA, as well as efforts to stop FCA violations (31 U.S.C. § 3730(h)(1)). FCA-protected conduct includes reporting fraudulent activity internally to a supervisor and taking steps to investigate a potential FCA action.

For more information, see Practice Note, Understanding the False Claims Act (7-561-1346).

## REMEDIES

Remedies for a successful NDAA whistleblower retaliation claim include:

- Reinstatement.
- Back pay (lost wages).
- Uncapped compensatory damages.
- Attorneys' fees and costs.

(10 U.S.C. § 2409(c)(1); 41 U.S.C. § 4712(c)(1).)

**ABOUT PRACTICAL LAW**

Practical Law provides legal know-how that gives lawyers a better starting point. Our expert team of attorney editors creates and maintains thousands of up-to-date, practical resources across all major practice areas. We go beyond primary law and traditional legal research to give you the resources needed to practice more efficiently, improve client service and add more value.

If you are not currently a subscriber, we invite you to take a trial of our online services at **legalsolutions.com/practical-law**. For more information or to schedule training, call **1-800-733-2889** or e-mail **referenceattorneys@tr.com**.

*08-17*

© 2017 Thomson Reuters. All rights reserved. Use of Practical Law websites and services is subject to the Terms of Use (http://static.legalsolutions.thomsonreuters.com/static/agreement/westlaw-additional-terms.pdf) and Privacy Policy (https://a.next.westlaw.com/Privacy).