UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Fred L. Nance Jr. | ) | |
| | ) | Case No. 20 CV 06316 |
| Plaintiff, | ) | |
| | ) | Honorable Judge: Jorge L. Alonso |
| vs. | ) | |
| | ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice Assistance, Office of Justice Programs, EMAGES, Inc., Hattie Wash, Thomas Bradley, et al. | ) ) ) ) | Beth W. Jantz |
| | ) | Courtroom: 1903 |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF RESPONSE AND IN OPPOSITION TO DEFENDANT EMAGES, INC., HATTIE WASH AND THOMAS BRADLEY MOTION TO DISMISS**

NOW COMES, pro se plaintiff Dr. Fred L. Nance Jr. rejecting and in opposition to defendants EMAGES, INC., Hattie Wash (hereinafter "EMAGES"), and Thomas Bradley (hereinafter, "Bradley") motion to dismiss pursuant to FRCP Rule 12(b)(6) and 12(e). Plaintiff asserts his 107 paragraphs/allegations in his Original Complaint (Dkt. #49-5), as if fully stated herein. Many of defense attorney's cited statements and material facts of plaintiff's original complaint do not exist, are false, mischaracterization and loosely parsed language to fit their request for dismissal of plaintiff's original complaint. It appears they have no information or statements to report from their clients regarding plaintiff's facts in his original complaint. Defendants offer smoking mirrors filled with "smoke filled backroom" hyperbole. Defendants should answer the complaint!

Plaintiff's federal complaint is not an employee/employer relationship issue. Plaintiff's complaint is based on the Whistleblower Act of 2013, amended 2016 et seq. Defendant Bradley was the accountant, an independent contractor for Grant #2018-CY-BX-0025. (Ex.44) Bradley was contracted, previously and currently as of the beginning of Grant #2018-CY-BX-0025 and

its end September 30, 2020, by an outside entity as a Certified Public Accountant for an audit of defendant EMAGES, Inc. before he was contracted as an independent contractual accountant for Grant #2018-CY-BX-0025. (Ex.44)

Defendant Bradley's contractual scope of service will consist of the following: overall financial management and monitoring of internal controls, the preparation of all required financial documents, drawdown monthly for expenditures, preparation of all state and federal forms, preparation of payroll and submission of all required documents to state and federal entities, submission to OJP of all required financial reports, fiscal closeout at the conclusion of the grant period, and all other required financial documents. (Ex.44) Defendant Bradley had a duty to financially protect and report any appearance of misappropriation of funds and fraud committed against Grant #2018-CY-BX-0025. (Ex.46,47,48,49)

Defendant Bradley has the responsibility to check all Grant #2018-CY-BX-0025 expenditures with invoices and receipts. (Ex.44,45,46,47,48,49) If there is no form of tracking monthly expenditures, financial controls, with invoices and receipts, before drawing down monies from the DOJ, then misappropriation of funds and fraud is inevitable. If there were financial controls in place and plaintiff found approximately 6 months of misappropriation of funds or fraud, then defendant Bradley had to be part of the scheme. (Ex.47,48) If Bradley was not part of the scheme, then why did he allow funds to be expended for 6 months without discovery or some sort of restraints put in place or report the issue to DOJ? (Ex.44,45,46,47,48)

In every instance of plaintiff's initial Whistleblower complaint dated April 17, 2020, August 28, 2020, and September 13, 2020 Bradley was informed directly or indirectly via email regarding the alleged misappropriation of funds, fraud, and retaliation. (Ex.45, pp.1-3) Bradley had a duty to report misappropriation of funds and fraud pursuant to DOJ's Financial Training

seminar, which Bradley and plaintiff attended and passed the testing modules. (Ex.46) Bradley was complicit and conspired with defendant EMAGES drawing down funds for Grant #2018-CY-BX-0025 where the misappropriation of funds and fraud had taken place. (Dkt. #49-15; Ex.44,45,46,47,48) Plaintiff's causes of action for emotional distress and special damages are legitimate pursuant to the Whistleblower Act of 2013, amended 2016 et seq.

Defendants EMAGES and Bradley's co-defendants, DOJ, BJA, OJP employees Division Chief, Michael Dever, Senior Policy Advisor, Andre Bethea, and Grant Manager, Tracey Willis' attorney allege plaintiff is an employee of EMAGES too. Plaintiff is an employee of C.L.I.C.K. Services, NFP (hereinafter, "C.L.I.C.K.). C.L.I.C.K. partnered and collaborated with EMAGES in the development and facilitation of Grant #2018-CY-BX-0025, which is stated throughout plaintiff's original complaint. Plaintiff is the subrecipient of Grant #2018-CY-BX-0025. (Dkt. #s 49-7, 49-20, 49-28, 49-43; Ex.31)

Plaintiff states, emphatically, that he is an employee of C.L.I.C.K. Services, NFP and defendant Wash refused to provide plaintiff with a 1099 for employment status. (Dkt. #49-20) Plaintiff states this is a public interest case due to plaintiff having engaged the Honorable Congressman Danny K. Davis and requesting an audience with the Ways and Means Committee to talk about the Second Chance Act and the Whistleblower Act of 2013, amended in 2016 et seq. and violation thereof.

Therefore, plaintiff is exercising his 1st Amendment rights and has posted and will post on his social media pages, such as, www.twitter.com/clickforjustice everything he writes about this case, except those under the FRCP for the processes Discovery. These are the latest posts: @JoeBiden @VP The Department of Justice (DOJ) purposely and intentionally violated the

Whistleblower Act. DOJ employees conspired with defendants to retaliate against Dr. Nance for filing 3 Whistleblower complaints.

https://twitter.com/clickforjustice/status/1347709412358684672?s=21. Plaintiff's YouTube Channel on this subject has received 45,834 impressions in February 2021 and 25 media views https://youtu.be/YPE2AZDWo-Q.

    WHEREFORE, plaintiff respectfully request this Honorable court reject defendant's motion to dismiss and order defendants EMAGES and Bradley to answer plaintiff's original complaint; and/or allow plaintiff to amend and/or supplement his complaint; and amend his complaint pursuant to Rule 15(a)(1) to add a claim for negligence and The False Claims Act, 31 U.S.C. §§ 3729-31, 31 U.S.C. § 3730, and/or alternatively proceed with initial full discovery processes in this matter dismissing defendants motion to dismiss with prejudice.

Respectfully submitted,

/s/Fred L Nance Jr.
Pro Se Plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org