UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Fred L. Nance Jr. | |
| *Plaintiff,* | Case No. 1:20-cv-06316 |
| v. | Hon. Jorge L. Alonso<br>Magistrate Judge Beth W. Jantz |
| Department of Justice, Bureau of Justice Assistance, Office of Justice Programs, EMAGES, Inc., Hattie Wash, Thomas Bradley, et al., | |
| *Defendants.* | |

**DEFENDANTS' REPLY IN SUPPORT OF COMBINED MOTION TO
DISMISS PLAINTIFF'S COMPLAINT AND MOTION FOR A MORE
DEFINITE STATEMENT PURSUANT TO FEDERAL RULES
OF CIVIL PROCEDURE 12(B)(6) AND 12(E)**

Thomas Bradley ("Bradley"), EMAGES, Inc. ("EMAGES"), and Dr. Hattie Wash ("Dr. Wash") (EMAGES and Dr. Wash are collectively referred to as "Defendants"), by and through their undersigned counsel, submit their Reply in Support of the Combined Motion to Dismiss Plaintiff's Complaint and Motion for a More Definite Statement Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) ("Motion"). In support thereof, Bradley and Defendants state as follows:

**INTRODUCTION**

Plaintiff has not, and cannot, rebut the numerous bases for dismissal addressed in the Motion. In his 29-page response brief ("Response"), Plaintiff concedes that neither "EMAGES, Inc., [Dr.] Hattie Wash, or Thomas Bradley terminated [Plaintiff's] employment as related to an employee/employer relationship." (*See id.* at 5.) For this reason alone, the Court can dismiss Plaintiff's seven-count Complaint, which alleges claims based upon the National Defense

Authorization Act of 2013 ("NDAA"), 41 U.S.C. § 4712, the Illinois Whistleblower Act ("IWA"), 740 ILCS 174/1 *et seq.*, the Federal Tort Claims Act,[1] "retaliation," "hostile work environment," "emotional distress," and "special damages." (*See* Dkt. 5, Compl. at 2, 24-26.)

The Response raises spurious bases for relief that were not originally pled in the Complaint, relies upon unrelated case law that does not apply to any of the claims that were actually asserted, and ultimately confuses the issues that are at the heart of this lawsuit. What Plaintiff's Response *has* made abundantly clear, however, is that Plaintiff does not consider himself to be an employee of EMAGES. (*See* Dkt. 51-5, Pl.'s Resp. at 5, 7, 28.) Plaintiff is emphatic in this regard. This judicial admission renders the Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) moot. Given Plaintiff's admission, Defendants will seek leave from the Court to file a motion to dismiss Plaintiff's remaining claims against them. Turning to the present Motion, for the reasons outlined in Defendants' prior brief and below, the Court should dismiss each of Plaintiff's claims against Bradley with prejudice, and Counts VI–VII with prejudice as to all Defendants.

## ARGUMENT

**I.     Plaintiff's 29-Page Response Brief Violates Local Rule 7.1.**

As a preliminary matter, Plaintiff's Response brief, which totals 29 pages, violates the Northern District's Local Rules. Local Rule 7.1 sets forth page limitations for filings submitted to the Court, and provides:

> Neither a brief in support of or in opposition to any motion nor objections to a report and recommendation or order of a magistrate judge or special master *shall exceed 15 pages without prior approval of the court.* Briefs that exceed the 15 page limit must have a table of contents with the pages noted and a table of cases. Any brief

---

[1] Plaintiff's claim for a violation of the Federal Tort Claims Act cannot be directed towards Bradley and Defendants. *See United States v. Olson*, 546 U.S. 43, 44 (2005) (Federal Tort Claims Act "authorizes private tort actions against the United States").

2

or objection that does not comply with this rule *shall be filed subject to being stricken by the court*.

N.D. Ill. L.R. 7.1 (emphasis added).

Plaintiff is well aware of this Court's rules and directives, including Local Rule 7.1, and has been chastised for his disregard for the Local Rules in years past. *See Nance v. NBCUniversal Media, LLC*, No. 16-11635, 2019 WL 3410378, at *3 (N.D. Ill. Jul. 29, 2019) (acknowledging that Plaintiff's 33-page response brief exceeded L.R. 7.1's 15-page limitation without leave of court); *Nance v. NBCUniversal Media, LLC*, No. 16-11635, 2018 WL 1762440, at *7 (N.D. Ill. Apr. 12, 2018) ("the Court notes that Plaintiff filed two responses to Defendants' Motion to Dismiss which together total forty-one pages. This surpasses the fifteen-page maximum permitted by [L.R. 7.1]."). Even *pro se* litigants—like Plaintiff—must act in accordance with court rules and directives. *See Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders" or to "choose which of the court's rules and orders it will follow, and which it will wilfully disregard"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("*pro se* litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines" (citations omitted)). Plaintiff's Response brief should be stricken accordingly pursuant to Local Rule 7.1.

## II. The Court Should Dismiss All of Plaintiff's Claims Against Bradley With Prejudice.

Procedural improprieties aside, Plaintiff failed to rebut any of Bradley's arguments supporting dismissal. Allowing Plaintiff's claims against Bradley to continue would require the Court to vastly expand both federal and state law beyond their current bounds. As discussed in the underlying Motion, Bradley must be either a contractor, subcontractor, grantee, or subgrantee of the Second Chance Act Grant #2018-CY-BX-0025 ("Grant") for Plaintiff to be able to bring suit under the NDAA and 41 U.S.C. § 4712. (*See* Dkt. 41, Mem. at 5.) In order to survive dismissal,

Plaintiff's whistleblower, retaliation,[2] and hostile work environment claims also require Bradley to either be Plaintiff's employer, or have final decision-making authority with respect to Plaintiff's employment. (*See id.* at 5-7.)

As Plaintiff concedes in his Response, Bradley was an independent contractor for EMAGES that performed accounting services—and more importantly, Bradley was *not* Plaintiff's employer. (*See* Dkt. 51-1, Pl.'s Resp. at 13.) Plaintiff also agrees that Bradley did not have "final authority on the fiscal management." (*Id.*) These concessions are fatal to Plaintiff's claims, and even accepting the allegations in Plaintiff's Complaint as true, he has failed to plead a *single* cognizable claim for relief against Bradley.

Beyond these reasons, Plaintiff's whistleblower claims against Bradley are wholly improper and misguided. In assessing analogous whistleblower protections under other federal statutes, courts have acknowledged that an *employer* must take adverse action against an employee as the result of engaging in protected conduct. *See Verfuerth v. Orion Energy Sys., Inc.*, 879 F.3d 789, 793 (7th Cir. 2018) (analyzing analogous whistleblower protections under the Sarbanes-Oxley Act, and noting "a plaintiff must prove that he engaged in protected whistleblowing, that his employer knew he engaged in protected whistleblowing, and that his whistleblowing was a contributing factor in some *unfavorable action taken by the employer against the employee*." (Emphasis added)); *Richards v. Wilkie*, No. 18 C 354, 2020 WL 5763665, at *22 (N.D. Ill. Sept. 27, 2020) ("The Whistleblower Protection Act ('WPA') *prohibits government employers from retaliating* for disclosures that 'an employee . . . reasonably believes evidences (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of

---

[2] Plaintiff's cited authorities undermine his own position. For instance, Plaintiff relies upon *Volling v. Kurtz Paramedics Services, Inc.*, where the Seventh Circuit acknowledged a retaliation claim requires, among other things, that "a materially adverse action [was] *taken by the employer*[.]" 840 F.3d 378, 383 (7th Cir. 2016) (emphasis added).

4

authority, or a substantial and specific danger to public health or safety.'" (Internal quotation omitted, emphasis added)). As Plaintiff concedes, Bradley was *not* Plaintiff's employer and did not have final decision making authority over Plaintiff's employment, (*see* Dkt. 51-1, Pl.'s Resp. at 13), Bradley could not have retaliated against Plaintiff in violation of any whistleblower protections.[3]

While Plaintiff cannot maintain any of the claims that were *actually* alleged in his Complaint, he is attempting to improperly amend his pleading through a response brief. In his Response, Plaintiff now contends Bradley "had a duty to report [fiscal mismanagement] pursuant to DOJ Financial Management Policy," and by continuing to sign off on EMAGES's draw downs, Bradley "retaliat[ed] and/or support[ed] the retaliation against plaintiff." (*See id.* at 13.) Plaintiff also, for the first time, alleges that Bradley was a "co-conspirator with [Defendants] in the misappropriation of funds, fraud, and . . . the retaliation claim pursuant to the Whistleblower Act." (*Id.*)

However, Plaintiff has not pled a single claim in the Complaint that remotely addresses whether Bradley had a duty to report misconduct, or whether he supported or conspired in any so-called retaliation against Plaintiff. As the Seventh Circuit has consistently reaffirmed, Plaintiff cannot amend his Complaint in a response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (acknowledging the "axiomatic rule that a plaintiff may not amend his complaint in his response brief."); *Agnew v. Nat'l Collegiate*

---

[3] Plaintiff's whistleblower claim under the IWA is equally spurious. As Plaintiff concedes in his Response, the IWA "*prohibits an employer from retaliating against an employee* 'for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation . . .*" (*See* Dkt. 51-1, Pl.'s Resp. at 16 (emphasis added).) Again, Bradley was *not* Plaintiff's employer.

5

*Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) (same). Plaintiff's assertions regarding Bradley's supposed "duty to report" and any alleged conspiracy must be disregarded.[4]

Finally, Plaintiff's in-depth discussion of *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016), and the direct versus indirect method of proof is altogether misplaced. (*See* Dkt. 51-1, Pl.'s Resp. at 11-12.) *Ortiz* examined the two predominate methods of proof used to establish a *prima facie* case of employment discrimination under Title VII. *See Ortiz*, 834 F.3d at 764-65. Plaintiff has not alleged employment discrimination claims against Bradley under Title VII, and therefore, this discussion is unhelpful here and does not advance the Plaintiff's cause. For any and all of the foregoing reasons, the Court should grant the Motion and dismiss Plaintiff's claims against Bradley with prejudice.

### III.     The Court Should Dismiss Counts VI and VII of the Complaint With Prejudice.

In his Response, Plaintiff also failed to establish that he may maintain independent claims for "Emotional Distress" and "Special Damages." The law is clear: these forms of relief are not independent claims that can survive separate and apart from recognized causes of action. *See Indemnified Capital Invs., SA v. R.J. O'Brien & Assocs., Inc.*, 12 F.3d 1406, 1413 (7th Cir. 1993); *Clark v. Child.'s Mem'l Hosp.*, 955 N.E.2d 1065, 1087 (Ill. 2011); *McGrew Heinold Commodities, Inc.*, 497 N.E.2d 424, 429 (Ill. App. Ct. 1986); *Corwin v. Conn. Valley Arms, Inc.*, 74 F. Supp. 3d 883, 893 (N.D. Ill. 2014); *see also Carlen v. Coloplast Corp.*, No. 3:19-cv-1304-GCS, 2020 WL 3050752, at *2 n.1 (S.D. Ill. Jun. 8, 2020). For this reason alone, Counts VI and VII should be dismissed with prejudice.

---

[4] Plaintiff's reference to the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, is also misplaced. (*See* Dkt. 51-1, Pl.'s Resp. at 3.) Again, Plaintiff did not allege a violation of the False Claims Act in his Complaint, and cannot attempt to do so in his Response. *See Pirelli Armstrong*, 631 F.3d at 448.

Plaintiff's cited authorities to the contrary cannot save these claims. The Response is devoid of any case law that would support Plaintiff's continued litigation of independent damages claims. (*See* Dkt. 51-1, Pl.'s Resp. at 20-22.) For instance, in *Carey v. Piphus*, the plaintiffs filed suit under Section 1983 for alleged violations Fourteenth Amendment—a recognized standalone claim. 435 U.S. 247, 249-50 (1978). The same holds true for the remainder of Plaintiff's cited case law, which all involve claims for damages connected with some underlying cause of action. (*See* Dkt. 51-1, Pl.'s Resp. at 22-23.) Therefore, the Court should dismiss Counts VI and VII with prejudice as to Bradley and Defendants.

### IV. Plaintiff States That He Is Not an Employee of EMAGES which Renders Defendants' Motion for a More Definite Statement Moot.

As Plaintiff makes "emphatically" clear in his Response, at all relevant times he was, and still is, an employee of C.L.I.C.K. Services, NFP—*not* EMAGES. (*See* Dkt. 51-5, Pl.'s Resp. at 5, 7, 28.) Plaintiff's concession in his Response brief is a judicial admission that adequately addresses the issue Defendants sought clarification on in the Motion for a More Definite Statement. *See United States v. One Heckler-Koch Rifle*, 629 F.2d 1250, 1253 (7th Cir. 1980) (holding that a representation in a brief, although "neither in a pleading nor an affidavit," nonetheless "may be treated as a [judicial] admission"); *Lefkas v. Gen. Partners*, 153 B.R. 804, 807 (holding written definitions submitted to court to clarify fee application included a judicial admission); *Mopex v. Barclays Global Invs.*, No. 01 C 5976, 2003 WL 880996, at *2 (N.D. Ill. Mar. 5, 2003) (holding representation in memorandum of law in opposition to motion to dismiss constituted a judicial admission); *Chow v. Aegis Mortg. Corp.*, 185 F. Supp. 2d 914, 916 (N.D. Ill. 2002) (holding a concession in an opposition to motion to dismiss constituted a judicial admission).

Based upon Plaintiff's own admission that he was *not* an employee of EMAGES, Defendants' Motion for a More Definite Statement Pursuant to Federal Rule of 12(e) is effectively

now moot. However, given that Plaintiff's claims all require and *employment relationship* under the law, Defendants are contemporaneously seeking leave from the Court to file a motion to dismiss Plaintiff's remaining claims.

## **CONCLUSION**

For these reasons, Defendants, EMAGES, Inc., Dr. Hattie Wash, and Thomas Bradley, respectfully request that this Court enter an Order:

1. Dismissing Counts I–VII of the Complaint with prejudice as to Bradley;

2. Dismissing Counts VI and VII of the Complaint with prejudice as to EMAGES and Dr. Wash; and

3. Granting such other and further relief that this Court deems fair, necessary, and just.

Dated: March 31, 2021                                       Respectfully submitted,

                                                                        **EMAGES, INC., DR. HATTIE WASH, AND THOMAS BRADLEY**

                                            By:   /s/ *Derrick M. Thompson Jr.*
                                                          One of their Attorneys

Derrick M. Thompson Jr. (ARDC No. 6287536)
Adam W. Decker (ARDC No. 6332612)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone:    (312) 527-4000
Email: dthompson@taftlaw.com
       adecker@taftlaw.com

Janica A. Pierce Tucker
TAFT STETTINIUS & HOLLISTER LLP
65 E. State St., Suite 1000
Columbus, OH 43215
Telephone:    (614) 221-2838
Email: jpierce@taftlaw.com
*Admitted pro hac vice*