UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Fred L. Nance Jr. ) | |
| ) | Case No. 20 CV 06316 |
| Plaintiff, ) | |
| ) | Honorable Judge: Jorge L. Alonso |
| vs. ) | |
| ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice ) | |
| Assistance, Office of Justice Programs, ) | Beth W. Jantz |
| EMAGES, Inc., Hattie Wash, Thomas ) | |
| Bradley, et al. ) | Courtroom: 1903 |
| ) | |
| Defendants. ) | |

**PLAINTIFF 2nd MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT**

NOW COMES, pro se plaintiff Dr. Fred L. Nance Jr. requesting leave to provide an additional supplement to this complaint pursuant to FRCP 15(a)(2) due to an email plaintiff received on May 25, 2021 at 7:44 am (CST) where plaintiff's appeal on the "errors" of the JustGrants grant application, which JustGrants is aware, was denied by Mr. Andre Bethea, BJA Policy Advisor Corrections and Reentry stating false reasoning. Plaintiff is claims he is suffering retaliation from DOJ, BJA, OJP employees et al.

Rule 15(a)(2) states, in part, "…The Court should freely give leave when justice so requires" and pursuant to the National Defense Authorization Act, Whistleblower Act of 2013, amended 2016, specifically, for abuse of authority, defined broadly, relating to a federal contract or grant; violations of a law, rule, or regulation related to a federal contract or grant; and violations of requirements for competition for or negotiation of a federal contract. DOJ, BJA, OJP has been grossly negligent. Plaintiff has been injured and is increasing his damages to 1.25 Million Dollars. This is a public interest case. Plaintiff states as follows:

1. On May 23, 2021 plaintiff filed a motion for leave to supplement this complaint.

2. On May 23, 2021 plaintiff request for leave to file his supplement to this complaint was sent via email operation of this court to all parties, including defendant's DOJ, BJA, OJP Assistant U.S. Attorney Kurt Lindland.

3. On May 23, 2021, as stated in plaintiff motion for leave to supplement his complaint, summation on page 10, plaintiff posted his supplemental complaint on his twitter page at: www.twitter.com/clickforjustice.

4. On or about May 23, 2021, it appears Andre Bethea read plaintiff twitter account of this issue, was informed of the twitter message on this issue, and/or gained knowledge from Assistant U.S. Attorney Kurt Lindland plaintiff had filed a supplemental complaint in this matter discussing his negative experience with DOJ, BJA, OJP's JustGrants system.

5. On May 25, 2021 when Andre Bethea made his decision to deny plaintiff's appeal, after plaintiff filed his supplemental complaint, he retaliated against plaintiff for discussing this issue on social media and for filing a Whistleblower complaint.

6. Andre Bethea provides false information for denying plaintiff's appeal. (Ex.25)

7. Plaintiff followed all rules, regulations, and policies, along with the guidance of the grant solicitation.

8. Plaintiff has been a Peer Reviewer of Second Chance Act grant applications since 2009.

9. Plaintiff understands the information given in a grant solicitation.

10. It was JustGrants website errors that prevented plaintiff from completing the grant application submission processes, which plaintiff clearly provided evidence in his 1st request to supplement this complaint. (Ex.20, 20(a))

11. Apparently, Andre Bethea did not consider in his denial decision Ex.20, which was an

email plaintiff sent to oig.oversight&review@usdoj.gov and grants@ncjrs.gov on May 15, 2021 at 1:42 pm (CST).

12. Apparently, Andre Bethea did not consider the original incident #522329 Ex. 20(a), which was an email plaintiff sent to justgrants.support@usdoj.gov on April 27, 2021 at 10:36 am (CST) the prescribed time for submitting an appeal.

13. Both grants@ncjrs.gov and justgrants.support@usdoj.gov are part of the processes for reporting JustGrants errors, and plaintiff availed himself to it.

14. Plaintiff has provided overwhelming proof, evidence that it was the errors of JustGrants webpage that stopped plaintiff from submitting his grant application.

15. Plaintiff can only, and this court, determine from the evidence given that Andre Bethea and DOJ, BJA, OJP are conspiring and deliberately retaliating against him.

Plaintiff followed the conditions generally sufficient to justify late submissions. Andre Bethea did not adhere to the rules, policies and procedures he reports in his email on May 25, 2021. (Ex.25) Plaintiff can only surmise Andre Bethea is retaliating against plaintiff for filing complaints about JustGrants, for filing Whistleblower complaints, and exercising his 1st amendment rights to free speech on social media. This will be posted on my twitter page.

WHEREFORE, plaintiff respectfully request this Honorable court allow plaintiff's 2nd supplement to this litigation.

Respectfully submitted,

/s/Fred L Nance Jr.
Pro Se Plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org