# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Fred L. Nance Jr. | Case No. 20 CV 06316 |
| Plaintiff, | |
| vs. | Honorable Judge: Jorge L. Alonso |
| | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice Assistance, Office of Justice Programs, EMAGES, Inc., Hattie Wash, Thomas Bradley, et al. | Beth W. Jantz |
| | Courtroom: 1903 |
| Defendants. | |

## PLAINTIFF MOTION TO STAY PROCEEDINGS

NOW COMES pro se plaintiff Dr. Fred L. Nance Jr. respectfully requesting a stay of proceedings. Plaintiff moves this court to stay all further proceedings in this case pending a ruling from the Department of Justice, Office of Justice Programs on plaintiff's recent FTCA claims, which this court dismissed without prejudice on June 8, 2021. Plaintiff submits the following:

**Legal Standard**

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to enter such a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non- moving party; (ii) whether a stay will simplify the issues in question and streamline the trial; and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Tap Pharm. Prods., Inc. v. Atrix Labs, Inc.*, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004). "If there is even a fair possibility that the stay . . . will

work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Indeed, the court "must weigh competing interests and maintain an even balance." *Id*. (citing *Kansas City S. R. Co. v. United States*, 282 U.S. 760, 763 (1931); *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 382 (1935)).

Courts in this district have recognized that when two related cases are pending in separate federal courts, either of those courts may exercise that inherent power to stay the proceedings before it in deference to the related action. See *GE Bus. Fin. Servs. Inc. v. Spratt*, 2009 WL 1064608, at *1 (N.D. Ill. Apr. 20, 2009); *Whirlpool Fin. Corp. v. Metropolis Capital Grp.*, 1991 WL 212112, at *3 (N.D. Ill. Oct. 7, 1991). Indeed, this Court has a "duty . . . to avoid duplicative litigation in more than one federal court." *Whirlpool*, 1991 WL 212112, at *3 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); see also *CIGNA Healthcare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851 (7th Cir. 2002) ("A federal court is authorized to stay proceedings in a lawsuit before it because parallel proceedings are pending in another court, either federal or state."). Therefore, the Seventh Circuit not surprisingly has advised that "a district court has 'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation." *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) (quoting *Kerotest Mfg. Co. v. C-O- Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952)). According to 28 U. S. C. § 2401(b), a tort claim against the United States must be begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented. (McNeil v U.S., No. 92-6033 (May 17, 1993))

**Statement of Facts**

1. On October 23, 2020, plaintiff filed his original complaint in this matter.

2. Plaintiff filed this complaint under the Whistleblower Act of 2013, amended 2016.

3. Plaintiff is an employee of C.L.I.C.K. Services, NFP.

4. Plaintiff engaged in a partnership with EMAGES, Inc. as an employee of C.L.I.C.K. Services, NFP.

5. On June 8, 2021, Judge Alonso issued the following decision:

> "…The Court grants the government's motion [31] to dismiss. Plaintiff's FTCA claim is dismissed without prejudice (and without leave to amend). The remaining claims against the government are dismissed with prejudice. The Court grants in part and denies in part the private defendants' motion [40] to dismiss. The Court dismisses without prejudice all claims against defendant Bradley. Plaintiff is granted leave to file by July 9, 2021 an amended complaint against defendants Wash, EMAGES, Inc. and Bradley, should he so choose. Defendants' deadline to answer or otherwise plead is August 6, 2021."

6. Plaintiff will amend his complaint pursuant to Judge Alonso's court order of June 8, 2021 and the contractual agreement between DOJ, Grant #2018-CY-BX-0025 and EMAGES, Inc., which classifies plaintiff as an employee of EMAGES, Inc.

7. Plaintiff filed this complaint under the Whistleblower Act of 2013, amended 2016 with the understanding:

"Whistleblowers perform an important service for the public and the Department of Justice (DOJ) when they report evidence of wrongdoing. All DOJ employees, contractors, subcontractors, grantees, subgrantees, and personal services contractors are protected from retaliation for making a protected disclosure. Reports concerning wrongdoing by DOJ employees or within DOJ programs can always be submitted directly to the OIG Hotline. For all disclosures, classified or unclassified, an employee of a contractor or grantee is only protected if the disclosure is made to: (a) A Member of Congress or a representative of a committee of Congress. (b) An Inspector General. (c) The Government Accountability Office. (d) A Federal employee responsible for contract or grant oversight or management at the relevant agency. (e) An authorized official of the Department of Justice or other law enforcement agency. (f) A court or grand jury. (g) A management official or other employee of the contractor, subcontractor, or grantee who has the responsibility to investigate, discover, or address misconduct. If you are an employee of a DOJ contractor, subcontractor, grantee, subgrantee, or a DOJ personal services contractor, you may submit a retaliation complaint to the OIG Hotline. Under 41 U.S.C. § 4712, it is illegal for an employee of a federal contractor, subcontractor, grantee, or subgrantee or personal services contractor to be discharged, demoted, or otherwise discriminated against for making a protected disclosure."

8. Plaintiff understands 41 U.S.C. §4712 as:

> Under 41 U.S.C. § 4712 it is illegal for employees of federal contractors, subcontractors, grantees, subgrantees, or personal services contractors to be discharged, demoted, or otherwise discriminated against for making a protected whistleblower disclosure. Under 41 U.S.C. §4712 (a)(1)(2)(3) an employee of a contractor, subcontractor, grantee, or subgrantee or personal services contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a person or body described in paragraph (2) information that the employee reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or grant…."

9. Before plaintiff amends his complaint, on June 9, 2021, plaintiff adhered to the wisdom of Judge Alonso and re-filed his Whistleblower complaints and FTCA claim with the appropriate party(s). (Exhibit 1)

10. Plaintiff request for a Stay of Proceedings regarding the private defendants, EMAGES, Inc., Hattie Wash, and Thomas Bradley will not be harmed by this delay because plaintiff and defense attorney for these private defendants have had previous communication about delaying proceedings awaiting rulings from Department of Justice, Office of Inspector General, U.S. Department of Justice, Office of Justice Programs, General Counsel.

11. DOJ will not be harmed by a stay of proceedings because of Judge Alonso's ruling in this

matter on June 8, 2021.

12. It is possible the case can be resolved between plaintiff and DOJ eliminating further costly litigation between the parties.

13. If plaintiff and DOJ cannot resolve their differences, then plaintiff will have the appropriate denial letter to continue the matter in this court without the burden of having to begin a new case where we have dual tracks of litigation in the federal courts regarding this matter.

14. On June 8, 2021, this court granted plaintiff amending his complaint against the private defendants.

15. If resolution is not achieved between plaintiff and DOJ, plaintiff will amend his original complaint to include both DOJ and the private defendants because plaintiff will have provided a final decision from the Department of Justice, Office of Special Counsel to this court.

WHEREFORE, plaintiff prays this court grant a stay of proceedings as it applies to an amended complaint for the private defendants, and whatever other relief or written order this court deems appropriate and necessary.

Respectfully submitted,

/s/Fred L. Nance Jr., Ph.D.
Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org