**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Fred L. Nance Jr. | ) | |
| | ) | Case No. 20 CV 06316 |
| Plaintiff, | ) | |
| | ) | Honorable Judge: Jorge L. Alonso |
| vs. | ) | |
| | ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice | ) | |
| Assistance, Office of Justice Programs, | ) | Beth W. Jantz |
| EMAGES, Inc., Hattie Wash, Thomas | ) | |
| Bradley, et al. | ) | Courtroom: 1903 |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF APPEAL</u>

Plaintiff, Fred L. Nance Jr. pursuant to Federal Rules of Appellate Procedure 3 and 4

hereby appeal to United States Court of Appeals for the Seventh Circuit the attached orders

entered in the United States District Court for the Northern District of Illinois, Eastern Division

by the Honorable Judge Jorge L. Alonso.

1. Federal defendants' motion to dismiss with prejudice [Dkt. No. 31] granted, Dkt. No. 64
   (June 8, 2021);

2. Motions to Supplement Original Complaint [Dkt. Nos. 60 & 62] denied, Dkt. No. 65
   (June 9, 2021);

3. Motion to Stay Proceedings [Dkt. No. 66] denied, Dkt. No. 68 (June 15, 2021);

4. Plaintiff Motion under Rule 26 and 56(d) [Dkt. No. 43] denied, Dkt. No. 48 (February 17,
   2021).

5. Plaintiff Motion for Sanctions [Dkt. No. 26] denied, Dkt. No. 37 (February 4, 2021); and

6. Plaintiff Motion to Deny Pro Hac Vice [Dkt. No. 9] denied, Dkt. No. 13 (November 20,
   2020);

Respectfully submitted,

/s/Fred L. Nance Jr., Ph.D.
Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2021, I electronically filed the foregoing Notice of Appeal with

the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the

CM/ECF system. I also certify that I served the foregoing Notice of Appeal on the individuals

referenced on the Service List, below by CM/EFC system on June 22, 2021.

## Service List

Adam William Decker

Derrick M. Thompson

Janica A. Pierce Tucker

Kurt N. Lindland

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRED L. NANCE, JR.,                          )
                                             )
         Plaintiff,                          )
                                             )        No. 20 C 6316
         v.                                  )
                                             )        Judge Jorge L. Alonso
UNITED STATES DEPARTMENT                      )
OF JUSTICE, BUREAU OF                        )
ASSISTANCE, OFFICE OF JUSTICE                )
PROGRAMS, EMAGES, INC.,                      )
HATTIE WASH, and                             )
THOMAS BRADLEY,                              )
                                             )
         Defendants.                         )

## MEMORANDUM OPINION AND ORDER

Believing he had been squeezed out of a grant for having blown a whistle, plaintiff Fred

L. Nance filed this suit against the government and three private defendants. Before the Court

are two motions, one filed by the private defendants and one by the government defendants. For

the reasons set forth below, the Court grants the government's motion and grants in part and

denies in part the private defendants' motion.

## I.      BACKGROUND

The following facts are from plaintiff's complaint, and the Court takes them as true for

purposes of the motions to dismiss.

Plaintiff Fred L. Nance ("Nance"), who has a Ph.D. in human services, is employed by

C.L.I.C.K. Services, NFP, where he is President and Chief Executive Officer. (Complt. p. 5).

Plaintiff was involved with the three private defendants in connection with a federal grant,

namely #2018-CY-BX-0025 (the "Grant"). Defendant Hattie Wash ("Wash"), who is the

President and CEO of EMAGES, Inc., was the fiduciary partner on the Grant, and defendant Thomas Bradley ("Bradley") was the certified public accountant for the Grant.

The Grant came about in the fall of 2018. In May of that year, plaintiff and Wash had submitted a proposal under the Second Chance Act Comprehensive Community-based Adult Reentry Program. In September 2018, Wash and plaintiff learned they had been awarded the Grant, which would run from October 1, 2018 through September 20, 2021.

Plaintiff and Bradley then participated in an online training program on financial management. There, plaintiff learned that grant awardees were expected to ensure that they did not draw down more federal funds than they could spend within the following ten days. By February 2020, defendants were approved to draw down federal funds for the Grant.

Plaintiff quickly grew concerned about how the funds were being drawn down. On or about February 26, 2020, plaintiff received a copy of the monthly drawdown and learned that Wash had drawn down funds to pay Dorothy Collins, who was no longer working on the Grant. Plaintiff later noticed that Wash had also drawn down funds on March 30, 2020 to pay Dorothy Collins. Plaintiff complained to Wash, who told him to stay in his own lane. Plaintiff complained to Bradley, who said he would not discuss the matter except in a meeting with both plaintiff and Wash.

Plaintiff was not through complaining. Plaintiff next complained to a member of Congress. Then, on April 17 or 18, 2020 (plaintiff uses both dates at different places in his complaint), plaintiff sent the first of three of what he describes as whistleblower complaints. Specifically, plaintiff wrote a letter addressed to the Bureau of Justice Programs and stated, among other things:

> I want to report possible fraud or misappropriation of funds regarding Grant #2018-CY-BX-0025. . . .

* * *

> The reasoning for writing this report at this time is because of what I discovered
> in April of 2020 and having working knowledge of the event being described.  I
> am not part of any fraudulent scheme.  I received a copy of our Second Chance
> Act drawdown report, dated March 30, 2020, which listed Dorothy Collins, a
> clerk who resigned on or about January 16, 2020.  When I inquired of Dr. Wash
> about drawing down monies for someone who did not work for the program, she
> insulted and demeaned me as she stated I knew nothing about accounting.

[Docket 33-6].[1]

On August 21, 2020, Wash told plaintiff (by email) that she was willing to give up the

Grant on account of plaintiff's whistleblowing complaints.  At some point (the date is not clear

from plaintiff's complaint), Wash gave back the Grant and told the Department of Justice and the

Bureau of Prisons that she was giving it back due to the coronavirus pandemic.

On August 28, 2020, plaintiff submitted what he labels his second whistleblower

complaint.  Specifically, plaintiff sent to the Department of Justice's Office of Inspector General

a letter in which he stated, in relevant part:

> Dr. Nance receives a copy of the drawdown every month.  On January 21st,
> February 26th, and March 30, 2020 Dr. Wash drew down funds for a person who
> was not employed.  The person, Dorothy Collins resigned on the 1st week of
> January 2020.  When I brought this issue to Dr. Wash she threatened me with
> giving up the grant if I told our Grant Manager.  I informed the Grant Manager
> and Mr. Andre Bethea, Senior Policy Advisor for the Second Chance Act.  I
> informed the Grant Manager and Mr. Bethea I was reporting this incident
> pursuant to the Whistleblower Act.  I did not receive a response from them.
>
> We provide 7 groups with a trauma informed and mentoring curricula with this
> grant.  When the COVID 19 crisis hit, we lost 2 groups, which were with the
> Cook County Jail and the Illinois Department of Corrections Special Needs Unit.
> We budgeted 10 mentors for $2800.00 a month.  The groups we lost were
> budgeted for 4 mentors at around $500.00 a month.  The payroll I submitted for

---

[1] Plaintiff alleges the existence of his three whistleblower complaints in his complaint.  Plaintiff
did not attach these documents to his complaint, but the government filed the first two in
connection with its motion to dismiss.  The Court may consider those documents without
converting the motion to dismiss to a motion for summary judgment, because they are referred to
in plaintiff's complaint and are central to plaintiff's claims.  *Equal Employment Opportunity
Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 778 (7th Cir. 2007).

March $2600.00; April $2100.00; May $1800.00; June $2300.00; and July $2100.00. Dr. Wash drew down $2800.00 for each of these months. Dr. Wash drew down $1160.00 from October of 2019 thru July of 2020 for our evaluator without receiving an invoice from her. Dr. Wash would ask her for an invoice when we talked to her, which was after she drew down money for her. I informed Dr. Wash she could not draw down funds for a particular month and not spend everything she drew down. Dr. Wash told me to mind my business and stay in my lane. I reminded Dr. Wash, several times, I am peer reviewer and know how this system works. I informed her there can be no money left over in her bank account. Dr. Wash continued to threaten me stating if I reported it she would give up the grant. I told her I would take it up.

I informed our Technical Assistant, Joseph Williams, providing him emails and documentation. Mr. Williams informed me via email he would send all of my documentation to the Grant manager and his higher ups. I informed our Grant Manager and Mr. Bethea. Dr. Wash continued to retaliate against me telling me I cannot supervise the Support Clerk for our Grant. Our Support Clerk's job description clearly states the clerk reports to me. This Support Clerk handles Dr. Wash's financial records.

On August 26, 2020 Dr. Wash submitted a GAN stating she wanted to take me off the Grant as one of the Point of Contact (POC). On August 28, 2020 our Grant Manager, Tracey Willis, approved Dr. Wash's GAN taking me off as POC. Taking me off as POC limits me from performing my duties. Dr. Wash retaliated against me for filing my complaints with our Grant Manager, the Technical Assistant, and Mr. Bethea. I have detailed emails and documents to support my complaint. I have been litigating for over 20 years. I am not a lawyer.

[Docket 33-8].

On September 13, 2020, plaintiff sent what he labels his third whistleblower complaint.

(Complt. at p. 6). He did not attach the document to his complaint or include other details about

his September 13, 2020 complaint.

Plaintiff alleges that once Wash gave back the Grant, plaintiff could no longer work on it.

Plaintiff asserts that "all defendants" retaliated against him in violation of the National Defense

Authorization Act, 41 U.S.C. § 4712, and 740 ILCS 174. Plaintiff also asserts that he "files suit"

against the government defendants "under the FTCA," i.e., the Federal Tort Claims Act.

(Complt. at p. 1).

The following facts are related to the government's motion for summary judgment.[2]

The parties dispute whether plaintiff filed an administrative complaint before filing this case under the Federal Tort Claims Act. The government put forth evidence that a search of its computerized database of administrative tort claims did not reveal any administrative claim by plaintiff. Plaintiff, who asserts that each of his whistleblower complaints was an administrative tort claim, submitted evidence that, on September 13, 2020, he submitted an online complaint (i.e., his third whistleblower complaint) to the United States Department of Justice, Office of the Inspector General. That complaint stated, among other things:

> Dr. Wash, and others, are retaliating against me for filing Whistleblower complaints. The retaliation prompting this 3rd Whistleblower complaint is Dr. Wash demanding I copy her on every email I send out to staff and our network partners **after** I sent an email on September 9, 2020 to her copying the OJP Grant Manager, Senior Policy Advisor, and Division Chief. As you will see in the emails and responses, I was glad she wanted to re-engage but she must respond/reply to my emails, if for no other reason having professional respect for me and the Grant. . . .
>
> During this Coronavirus episode and the Illinois Stay at Home Order, along with Dr. Wash not opening her facility for all staff and participants for this grant, I

---

[2] Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. *See McCurry v. Kenco Logistics Services, LLC*, 942 F.3d 783, 790 (7th Cir. 2019) ("We take this opportunity to reiterate that district judges may require strict compliance with local summary-judgment rules."). Where one party supports a fact with admissible evidence and the other party fails to controvert the fact with citation to admissible evidence, the Court deems the fact admitted. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of the duty to support the fact with admissible evidence. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). Furthermore, the Court does not consider facts that parties failed to include in their statements of fact, because to do so would rob the other party of the opportunity to show that the fact is disputed.

The Court notes that plaintiff requested, pursuant to Rule 56(d), an opportunity to take discovery before responding to defendant's motion for summary judgment. The Court denied the motion in open court, because the only relevant facts (namely, whether plaintiff had been a government employee and whether plaintiff had filed an administrative claim) were within the plaintiff's personal knowledge.

have been working from home as other staff of EMAGES and staff for this grant. Dr. Wash has not issued a plan for opening her facility as required in Illinois so all staff and participants will know we are in a safe environment, as she has promised. . . .

I am in the protected class of individuals susceptible to the Coronavirus. Dr. Wash is aware I had a heart attack in July of 2011; I have hypertension and abdominal issues; I have a registered Emotional Support Animal (Oakley, 5-year old Chihuahua), which I had before writing the proposal for this grant and which I brought with me during the proposal writing processes and every day at work when we received the grant on October 1, 2018; and I have a Doctor's prescribed Nurse visiting me at home weekly as of July 31, 2020. Due to my blood pressure levels and other issues contained in my Whistleblower complaints, I have shared with my Nurse the trauma I am experiencing due to the harassment, intimidation, and the nefarious behavior of Dr. Wash and others who may be encouraging her behaviors. My Nurse's progress notes reflect the anxiety and trauma suffered under this emotional distress.

[Docket 49-16 at 7-8]. At no point in the September 13, 2020 complaint does plaintiff request money. [Docket 49-16 at 7-13].

It is undisputed that plaintiff has never been an employee of the Department of Justice.

## II.    STANDARD

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Allegations that are as consistent with lawful conduct as

they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In considering a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws permissible inferences in favor of the plaintiff. *Boucher v. Finance Syst. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). Conclusory allegations "are not entitled to be assumed true," nor are legal conclusions. *Iqbal*, 556 U.S. at 680 & 681 (noting that a "legal conclusion" was "not entitled to the assumption of truth[;]" and rejecting, as conclusory, allegations that "'petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement"). The notice-pleading rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-679.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

## III. DISCUSSION

### A. Private defendants' motion

The three private defendants, EMAGES, Inc., Wash and Bradley, filed a joint motion.

#### 1. Bradley

Defendant Bradley argues that plaintiff's claims against him should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, because plaintiff has not alleged that plaintiff was Bradley's employee or that Bradley was plaintiff's employer.

Bradley's point is well taken. Plaintiff brings Counts I and II under the National Defense Authorization Act (NDAA), 41 U.S.C. § 4712. That statute states, in relevant part:

> An *employee* of a contractor, subcontractor, grantee, or subgrantee or personal service contractor *may not be discharged, demoted, or otherwise discriminated against* as a reprisal for disclosing to a person or body described in paragraph (2) information that the *employee* reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of federal funds . . .

41 U.S.C. § 4712(a)(1) (emphasis added).  The plain language of the statute makes clear that *only* an *employee* has a claim under that provision.  The statute does not, by its terms, extend its protection to an independent contractor, and the Court is not aware of any case that held the statute's protections extend to non-employees.  Plaintiff does not allege that he is an employee of Bradley.  Instead, plaintiff alleges in his complaint (Complt. at p. 5) and confirms in his brief [Docket 51-1 at 5] that he is an employee of C.L.I.C.K Services, NFP.

Nor does plaintiff allege that Bradley is his employer.  What plaintiff alleges about Bradley is that Bradley is an independent contractor of EMAGES.  [Docket 51-1 at 12].  Even if plaintiff had alleged himself to be an employee of EMAGES (which he did not), he still could not sue Bradley without alleging that Bradley had the power to discharge, demote or otherwise discriminate against him.  *Delebrau v. Danforth*, 743 Fed. Appx. 43, 44 (7th Cir. 2018) ("The Oneida Housing Authority is Delebrau's employer, but she sued only its employees in their personal capacities.  The statute does not reach them because in the *personal* capacities they cannot discharge, demote, or discriminate in employment.").  Plaintiff has not alleged (plausibly or otherwise) that he is Bradley's employee or that Bradley is his employer.  Accordingly, Counts I and II are dismissed without prejudice as to Bradley.

In Count III, plaintiff asserts a claim under the Illinois Whistleblower law.  That statute provides:

> An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

740 ILCS 174/15(b). Under the statute, employer is defined as "any individual, sole proprietorship, partnership, firm, corporation, association, and any other entity that has one or more employees in this State . . .; and any person acting within the scope of his or her authority express or implied on behalf of those entities in dealing with its employees." 740 ILCS 174/5. That definition leaves room for individual liability under the statute when the individual is acting within the scope of authority on behalf of an employer.

Plaintiff, though, has not alleged that Bradley was acting on behalf of plaintiff's employer, so this claim, too, must be dismissed for failure to state a claim. Count III is dismissed without prejudice as to defendant Bradley.

In Count IV, plaintiff asserts a claim for retaliation. Under Illinois law, "an *employer* may discharge an *employee*-at-will for any reasons or for no reason . . . except for when the discharge violates a clearly mandated public policy." *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill.2d 12, 19 (Ill. 1998) (emphasis added) (quoting *Barr v. Kelso-Burnett Co.*, 106 Ill.2d 520, 525 (Ill. 1985)). Bradley argues that such claims can be made only against an employer, and the Court agrees. *Buckner*, 182 Ill.2d at 21 ("Logically speaking, only 'the employer' has the power to hire or fire an employee. Obviously, an agent or employee may carry out that function on the employer's behalf, but it is still the authority of *the employer* which is being exercised. If the discharge violated public policy, it is the employer who is rightly held liable for damages."). Because plaintiff has not alleged (plausibly or otherwise) that Bradley was his employer, Count IV is dismissed without prejudice as to Bradley.

In Count V, plaintiff asserts a claim for "hostile environment." Plaintiff clarifies in his brief [Docket 51-1 at 18-19] that he brings this claim under Title VII of the Civil Rights Act of 1964. The problem with this claim, again, is that plaintiff has not alleged that Bradley was his

employer.  Plaintiff can bring a Title VII claim against only an employer.  Supervisors and co-workers are not liable under Title VII.  *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) ("[A] supervisor does not, in his individual capacity, fall within Title VII's definition of employer[.]"); *see also Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017) ("[T]here is no individual liability under Title VII.").  Accordingly, Count V is dismissed without prejudice as to Bradley.

Finally, in Counts VI and VII, plaintiff claims emotional distress and special damages, respectively.  As Bradley points out, these are prayers for relief, not causes of action.  Because plaintiff has not stated a claim against Bradley, these prayers for relief, too, are dismissed as to Bradley.

For these reasons, plaintiff's claims against Bradley are dismissed without prejudice and with leave to amend.

### 2.      Wash and EMAGES, Inc.

Wash and EMAGES, Inc. move, pursuant to Rule 12(e), for a more definite statement. Rule 12(e) of the Federal Rules of Civil Procedure allows a party to "move for a more definite statement of a pleading" when that pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed.R.Civ.P. 12(e).

In their motion, Wash and EMAGES, Inc. argue that plaintiff's complaint was vague, because it seemed to be alleging both that plaintiff was an employee of Wash and EMAGES, Inc. and also that he was not an employee of Wash and EMAGES, Inc.  In response, plaintiff "state[d], emphatically, that he is an employee of C.L.I.C.K. Services, NFP."  (Plf. Brief at 28/Docket 51-1 at 28).  Plaintiff also said, "Plaintiff does not claim defendants . . . EMAGES,

Inc, Hattie Wash, or Thomas Bradley terminated his employment as related to an employee/employer relationship." (Plf. Brief at 5/Docket 51-1 at 50).

Given those statements, Wash and EMAGES, Inc. replied that their motion for more definite statement is moot (which is to say, they already have the clarification they need). Accordingly, that portion of the motion is denied as moot. Wash and EMAGES, Inc. request leave to file a motion to dismiss (now that they understand plaintiff's claims). Leave is granted: these defendants may file a motion to dismiss, but they should wait until *after* plaintiff files an amended complaint.

## B. Government's motion

### 1. Exhaustion

The government argues that plaintiff's FTCA claim must be dismissed, because plaintiff failed to exhaust his administrative remedies. Failure to exhaust is generally an affirmative defense. *Jones v. Bock*, 549 U.S. 199 (2007).[3] A plaintiff need not plead around an affirmative defense, and the Court may not dismiss under Rule 12(b)(6) on the basis of an affirmative defense unless the plaintiff alleges, and thus admits, the elements of the affirmative defense. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014); *United States Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003). The government seeks dismissal or, in the alternative, summary judgment.

---

[3]The exhaustion requirement of the Federal Tort Claims Act is a limitation on the waiver of sovereign immunity. It is not clear that it is a true affirmative defense, around which a plaintiff need not plead. *Compare Chronis*, 932 F.3d 544 (dismissing for failure to exhaust); *with Gray v. United States*, 723 F.3d 795, 798 & 799 n. 1 (7th Cir. 2013) (describing exhaustion as "a condition on the government's waiver of sovereign immunity" and as an "affirmative defense"). The court need not decide, because the outcome is the same whether the claim is dismissed under Rule 12(b)(6) or 56.

Title 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency in writing* and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). By regulation, a claim is "deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident*, accompanied by a claim for money damages in a sum certain* for an injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident . . ." 28 C.F.R. § 14.2(a); *see also Kanar v. United States*, 118 F.3d 527, 530 (7th Cir. 1997) ("[W]e treat 'claim' as a statutory term that needs a definition, and we see no reason why that definition may not come from a regulation issued under statutory authority."). A claimant need not "comply with 'every jot and tittle'" as "long as the proper agency had the opportunity to settle the claim for money damages before the point of suit[.]" *The Smoke Shop, LLC v. United States*, 761 F.3d 779, 787 (7th Cir. 2014). "[A] claimant who *neither* makes it clear that she is demanding money from the agency *nor* says how much she is demanding thwarts the settlement process envisioned by the FTCA," and, thus, his claim must be dismissed. *Chronis v. United States*, 932 F.3d 544, 547 (7th Cir. 2019).

Here, the parties dispute whether plaintiff exhausted. The government has no record of receiving a proper claim. Plaintiff, for his part, argues that his three whistleblower complaints constituted claims under the FTCA. The Court cannot agree with plaintiff. Even assuming the appropriate agency had received those three documents in the appropriate manner, not one of those documents included a demand for money, let alone for a sum certain. Without that, none

of his letters qualifies as a claim under the FTCA, and plaintiff failed to exhaust his remedies before filing suit.

Accordingly, plaintiff's FTCA claim is dismissed.[4]

### 2. Remaining claims

The government moves to dismiss the remaining claims, because, among other things (like sovereign immunity), plaintiff has not alleged that the government was his employer. The Court agrees. As the Court explained above, an entity cannot be liable on those claims unless it was plaintiff's employer. Plaintiff has not alleged that, so the claims must be dismissed for failure to state a claim. Furthermore, as plaintiff notes in his brief, [Docket 49-2 at 46], plaintiff admitted in open court that he was not an employee of the Department of Justice. Thus, plaintiff cannot cure this defect by amendment. The remaining claims against the government are dismissed with prejudice.

---

[4] This dismissal is without prejudice to plaintiff's right to file an administrative claim with the appropriate agency, *see Chronis*, 932 F.3d at 549, to the extent the statute of limitations has not run. Plaintiff may not, however, replead the claim in this case.

## IV.    CONCLUSION

For the reasons set forth above, the Court grants the government's motion [31] to dismiss. Plaintiff's FTCA claim is dismissed without prejudice (and without leave to amend).  The remaining claims against the government are dismissed with prejudice.  The Court grants in part and denies in part the private defendants' motion [40] to dismiss.  The Court dismisses without prejudice all claims against defendant Bradley.  Plaintiff is granted leave to file by July 9, 2021 an amended complaint against defendants Wash, EMAGES, Inc. and Bradley, should he so choose.  Defendants' deadline to answer or otherwise plead is August 6, 2021.

SO ORDERED.                                   ENTERED:   June 8, 2021

_____
JORGE L. ALONSO
United States District Judge



**DEPARTMENT OF JUSTICE** | OFFICE OF THE INSPECTOR GENERAL

Z2020028

October 13, 2020

# EXHIBIT 8

**VIA ELECTRONIC MAIL**

Dr. Fred L. Nance, Jr.
17239 Evans Avenue
South Holland, Illinois 60473-3436
frednance@clickservices.org

Re:     Your August 28, 2020 Complaint to the OIG

Dear Dr. Nance, Jr.:

I am writing in response to the August 28, 2020 whistleblower reprisal complaint that you submitted to the Department of Justice Office of the Inspector General (OIG).  The OIG has jurisdiction, under certain circumstances, to investigate allegations of whistleblower reprisal under 41 U.S.C. § 4712 (Enhancement of Contractor Protection from Reprisal for Disclosure of Certain Information).  Section 4712(b)(1) states, in part:

> Unless the Inspector General determines that the complaint is frivolous, fails to allege a violation of the prohibition in subsection (a), or has previously been addressed in another Federal or State judicial or administrative proceeding initiated by the complainant, the Inspector General shall investigate the complaint....

We do not believe that you have alleged that you suffered a reprisal in violation of § 4712(a).  First, your complaint fails to allege that you made a protected disclosure—i.e., a communication that, among other things, reasonably evidenced gross mismanagement of a federal contract or grant, a gross waste of federal funds, an abuse of authority relating to a federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a federal contract (including the competition for or negotiation of a contract) or grant.  Second, significant doubt surrounds whether your complaint alleges that you suffered a personnel action, as contemplated under § 4712(a).

In light of our determination, we intend to decline to open a whistleblower reprisal investigation of your complaint.  If you wish to provide any additional information relevant to the OIG's determination, please do so within 10 days of the date of this letter.  If you decline to provide any additional information, you may wish to review § 4712(c)(2), which describes your right to pursue a claim of retaliation in federal district court.

Sincerely,

*M. Sean O'Neill*

M. Sean O'Neill
Assistant Inspector General
Oversight and Review Division



**DEPARTMENT OF JUSTICE** | OFFICE OF THE INSPECTOR GENERAL

Exhibit 1

June 8, 2021

Dr. Fred Lee Nance, Jr.
frednance@clickservices.org

Dear Dr. Nance:

Thank you for your correspondence received May 15, 2021. The U.S. Department of Justice (DOJ), Office of the Inspector General, investigates allegations of misconduct by employees and contractors of DOJ, as well as waste, fraud and abuse affecting DOJ programs and operations.  After reviewing your complaint, we have determined that the matters that you raised are more appropriate for review by another office within the DOJ.  Therefore, we have forwarded your correspondence to:

U. S. Department of Justice
Office of Justice Programs
General Counsel
810 7th Street, N.W.
Washington, DC 20531

Please direct any further correspondence regarding this matter to that office.

Of course, if you have information that involves other allegations or issues regarding DOJ employees, contractors, programs or operations, please feel free to submit that information to us.

Thank you for giving us the opportunity to review your concerns.


Sincerely,

Office of the Inspector General
Investigations Division

June 9, 2021                                    Exhibit 1

U.S. Department of Justice
Office of Justice Programs
General Counsel
810 7th Street, N.W.
Washington, DC 20531

Re: Dr. Fred L. Nance Jr. Whistleblower Complaints and Federal Complaint 1:20-cv-06316

General Counsel:

Good morning. On June 8, 2021, Judge Alonso, in case #20-cv-06316, issued the following language in his memorandum order "For the reasons set forth above, the Court grants the government's motion [31] to dismiss. Plaintiff's FTCA claim is dismissed without prejudice (and without leave to amend). The remaining claims against the government are dismissed with prejudice." I am appealing the ruling on my claims being dismissed with prejudice. I will file my appeal within the 30-day time frame.

Nevertheless, pursuant to the court order stating "…FTCA claim is dismissed without prejudice…." in this matter, I am re-submitting the 3 Whistleblower complaints for April 17, 2020, August 29, 2020, and September 13, 2020, so I can bring it back to the court. On June 9, 2021 I re-filed these Whistleblower complaints with the beginning paragraph "I, Dr. Fred L. Nance Jr., am reporting I filed 3 Whistleblower complaints with DOJ, BJA, OJP. I am filing a FTCA claim and requesting $500,000.00 in damages…." When you read my supplemental complaints filed in this matter against Andre Bethea, one of the BJA employees who are co-defendants but were left out of suit due to being employees of DOJ, BJA, OJP, you will see I increased my asking price to 1.25 million dollars. These numbers originated from the funding amounts of the 2018-2021 grant ($500,000.00) and the 2021-2024 grant ($750,000.00) application I submitted.

I asserted in Count 1 the National Defense Authorization Act of 2013 et seq. and in Count 2 of my original complaint 41 U.S.C. §4712, which states "…An employee of a contractor, subcontractor, grantee, or subgrantee or personal services contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a person or body described in paragraph (2) 41 U.S.C. §4712(a)(1)." To dismiss my claims with prejudice, the court cited: "Title 28 U.S.C. § 2675(a) provides: An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment, "unless the claimant shall have first presented the claim to the appropriate Federal agency in writing and sent by certified or registered mail.""

As you know the DOJ Whistleblower website for submitting claims does not request or infer I should have made a money request. In addition, the language the court used to dismiss my claims against the government was I did not exhaust my administrative remedies. I submitted to the

Exhibit 1

court, and to you here, the letter dated October 13, 2020 from Assistant Inspector General, Oversight and Review Division, M. Sean O'Neill. Basically, if you review the content of the letter, Mr. O'Neill stated "…declined to open a whistleblower reprisal investigation…." Mr. O'Neill exhausted my administrative remedies.

My Whistleblower "supplemental" complaint (attached) dated May 14, 2021 demonstrates my grant application for the BJA FY 21 Second Chance Act Community-Based Reentry Program. My grant application could not be submitted on time due to errors with the JustGrants system. On May 25, 2021 Andre Bethea sent me an email stating "…unfortunately the decision has been made to deny your appeal…." On May 25, 2021 I sent Andre Bethea a responding email stating "…Please be advised: I have added this issue to my present litigation Nance vs. DOJ et al…." I put the issue on my Twitter page. On May 26, 2021 Andre Bethea replied to my email reversing himself stating "…we are pleased to offer additional time to submit/complete your application. This represents a change in our decision as previously communicated…." Mr. Bethea use of the word "our" means there someone else retaliating against me.

DOJ BJA OJP employees Tracey Willis, Andre Bethea, and Michael Dever worked in concert with EMAGES Inc and Hattie Wash to terminate my employment with Grant #2018-CY-BX-0025 for filing Whistleblower complaints. These DOJ employees knew via email I sent them Hattie Wash lied about why she was giving the grant back. Hattie Wash gave the grant back to retaliate against me knowing it would end my employment. The court in 20cv06316 validates this in the memorandum opinion taking all facts submitted by me as true due to motion to dismiss ruling.

Andre Bethea continues the retaliatory acts against me (outlined in the emails attached) by denying access to the peer review of Grant solicitation BJA FY 21 Second Chance Act Community-Based Reentry Program. Review the emails between Bernice Horne, Abitha William and myself. It is my belief Andre Bethea told Bernice Horne and Abitha William of OJP Peer Review Support Services, employed by BETHA Associates, Inc., to reject my participation in the 2021 peer review. In Bernice Horne and Abitha William email they report "…As there are fewer applications going forward to peer review than initially anticipated, we will not need to utilize the total number of peer reviewers invited to participate." If you read the email sent to me on May 26, 2021, the statement given by Bernice Horne and Abitha William is false.

This retaliation is demonstrated by the Supplemental Complaints I filed in 20cv06316 regarding the errors in JustGrants and the email of 6/9/21. It is my belief DOJ BJA OJP will further retaliate against me by denying my grant application for 2021 BJA Community Based Reentry solicitation.

I have been a peer reviewer for Second Chance Act (SCA) grant applications since 2009. I have reviewed over 120 SCA grant applications all across the United States. I wrote and have received, as a partner, 2 previous SCA grants (2010-2012, 2018-2020). I have been sitting on Congressman Danny K. Davis' SCA Advisory Committee since 2007. I wrote some of the language for the SCA bill signed by President Bush on April 10, 2008. My 2021 grant application is almost flawless, if not perfect for funding.

Exhibit 1

If I am denied funding it is because of the retaliatory nature of DOJ BJA OJP employees. This is happening because I did the right thing; reported the possibility of fraud, misappropriation of funds and retaliation via the Whistleblower Act. This is my reward for being honest and having integrity. I have informed Congressman Davis I want to testify before the Ways and Means committee and the Appropriations committee regarding DOJ BJA OJP employees disregard for the Whistleblower Act and the retaliatory nature of their employees. Congressman Davis sits on both committees. Congressman Davis has been informed of violations of Hattie Wash since December of 2019, and of the retaliation I have suffered by the hands of DOJ BJA OJP employees, which is also a requirement for Whistleblower reporting fraud, misappropriation of funds, and retaliation. Therefore, I am seeking a full investigation pursuant to the Whistleblower Act of 2013 et seq. and 41 U.S.C. §4712(a)(1) statute so I can continue my litigation in 20cv06316. I will submit this cover letter to the appellate court with my appeal. Please respond and acknowledge receipt of all materials. Thank you.

Respectfully submitted,

/s/Dr. Fred L. Nance Jr., Ph.D.
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org
www.twitter.com/clickforjustice

cc:    64 Attachments

Case: 1:20-cv-06316 Document #: 66-1 Filed: 06/30/21 Page 22 of 83 PageID #:1783



🇺🇸 An official website of the United States government
  Here's how you know

**U.S. Department of Justice Office of the Inspector General**

Exhibit 1

# Contract or Subcontract Complaint

- **Contract Complaint Information**
- Contract Information
- Contract Complaint Description
- Complete

1 of 4

☐ Submit complaint anonymously

Please fill in as much information as possible. Mandatory fields are identified by an asterisk (*). If you do not wish to provide contact information, you may submit your complaint anonymously.

## Your Company Information

Your Title

```
Dr
```

Your First Name

```
Fred
```

Your Middle Name

```
Lee
```

Your Last Name

```
Nance
```

Your Suffix (Jr. Sr. IV, etc.)

Jr.

Your Email

frednance@clickservices.org

Your Company Name

C.L.I.C.K. Services, NFP

Your Address

17239 Evans Avenue

Your Address 2

Your City/Town

South Holland

Your State/Province

Illinois

Your ZIP/Postal Code

60473

Your Country

United States

Your Phone

708-921-1395

*Format: XXX-XXX-XXXX*

Your Fax

N/A

Next Page >

Exhibit 1

**Oversight Work**

Reports

Criminal and Civil Cases

Misconduct Findings

Ongoing Work

Recent Updates

Pandemic Response Oversight

**Resources**

Accessibility

FOIA

Webinar for Grantees: The Audit Process

Whistleblower Rights and Protections

Hotline

**About**

About the Office

Meet the Inspector General

Contracting Opportunities

Careers

Contact

**External Resources**

Department of Justice

Oversight.gov

Council of the Inspectors General on Integrity and Efficiency

Pandemic Response Accountability Committee



(202) 514-3435

**Department of Justice
Office of the Inspector General**

950 Pennsylvania Avenue, NW Washington, DC 20530-0001

In memory of OIG Special Agent William "Buddy" Sentner

Privacy Policy | Legal Policies & Disclaimers | No Fear Act | Sitemap

 An official website of the United States government
Here's how you know

**U.S. Department of Justice Office of the Inspector General**

Exhibit 1

MENU

# Contract or Subcontract Complaint

- Contract Complaint Information
- **Contract Information**
- Contract Complaint Description
- Complete

2 of 4

## Contract Information

Company Name

EMAGES Inc.

Company City/Town

Chicago

Company State/Province

Illinois

DOJ Contracting Officer Name

Tracey Willis

Contract Number

2018-CY-BX-0025

DUNS or TINs Number

Contract Type

| Second Chance Act Community-Based Adult Reentry |

Type of contract

Date and time the incident occurred

| 04/17/2020 |

📅

Time the incident occurred.

☑ Is the activity ongoing

DOJ Component

| Other – Enter the component in the box below. |

Other Component

| Second Chance Act Grant |

< Previous Page          Next Page >

**Oversight Work**

Reports

Criminal and Civil Cases

Misconduct Findings

Ongoing Work

Recent Updates

Pandemic Response Oversight

**Resources**

Accessibility

FOIA

**About**

About the Office

Meet the Inspector General

Contracting Opportunities

Careers

Contact

**External Resources**

Department of Justice

FOIA

Webinar for Grantees: The Audit Process

Whistleblower Rights and Protections

Hotline

Oversight.gov

Council of the Inspectors General on Integrity and Efficiency

Pandemic Response Accountability Committee



Exhibit 1

(202) 514-3435

**Department of Justice
Office of the Inspector
General**

**950 Pennsylvania Avenue, NW Washington, DC
20530-0001**

In memory of OIG Special Agent William "Buddy" Sentner

Privacy Policy | Legal Policies & Disclaimers | No Fear Act | Sitemap



An official website of the United States government
Here's how you know

**U.S. Department of Justice Office of the Inspector General**

Exhibit 1

MENU

# Contract or Subcontract Complaint

- Contract Complaint Information
- Contract Information
- **Contract Complaint Description**
- Complete

3 of 4

## Complaint Description

Please provide additional details about your complaint.

Subject Title

Dr

Subject First

Hattie

Subject Middle

Subject Last

Wash

Subject Suffix

Details:

Please provide a description of the facts and circumstances surrounding the reported activities, such as the evidence forming the basis of this report, the names of the individuals involved, dates, location, how the matter was discovered, potential witnesses and their involvement, and any corrective action already taken.

> I, Dr. Fred L. Nance Jr., am reporting I filed 3 Whistleblower complaints with DOJ, BJA, OJP. I am filing a FTCA claim and requesting $500,000.00 in damages. The following Whistleblower complaints were filed with DOJ, BJA, OJP on April 17, 2020, August 29, 2020 and September 13, 2020. Here is the content of all 3

< Previous Page        Submit

Exhibit 1

**Oversight Work**

Reports

Criminal and Civil Cases

Misconduct Findings

Ongoing Work

Recent Updates

Pandemic Response Oversight

**Resources**

Accessibility

FOIA

Webinar for Grantees: The Audit Process

Whistleblower Rights and Protections

Hotline

**About**

About the Office

Meet the Inspector General

Contracting Opportunities

Careers

Contact

**External Resources**

Department of Justice

Oversight.gov

Council of the Inspectors General on Integrity and Efficiency

Pandemic Response Accountability Committee



**Department of Justice**

(202) 514-3435

**Department of Justice
Office of the Inspector
General**

**950 Pennsylvania Avenue, NW Washington, DC
20530-0001**

In memory of OIG Special Agent William "Buddy" Sentner

Privacy Policy | Legal Policies & Disclaimers | No Fear Act | Sitemap

Exhibit 1



🇺🇸 An official website of the United States government
Here's how you know

**U.S. Department of Justice Office of the Inspector General**

MENU

Exhibit 1

# Submission Complete

- Contract Complaint Information
- Contract Information
- Contract Complaint Description
- **Complete**

4 of 4

*Thank you for your submission.  The Department of Justice, Office of the Inspector General will review your complaint and determine an appropriate course of action.  Due to privacy interests, we do not provide complainants with updates on investigative matters.  If you identified yourself, you will receive an acknowledgement once a determination has been made.*

**Oversight Work**

Reports

Criminal and Civil Cases

Misconduct Findings

Ongoing Work

Recent Updates

Pandemic Response Oversight
**Resources**

Accessibility

FOIA

Webinar for Grantees: The Audit Process

Whistleblower Rights and Protections

Hotline

**About**

About the Office

Meet the Inspector General

Contracting Opportunities

Careers

Contact

**External Resources**

Department of Justice

Oversight.gov

Council of the Inspectors General on Integrity and Efficiency

Pandemic Response Accountability Committee



(202) 514-3435

Exhibit 1

## Department of Justice Office of the Inspector General

**950 Pennsylvania Avenue, NW Washington, DC 20530-0001**

In memory of OIG Special Agent William "Buddy" Sentner

Privacy Policy | Legal Policies & Disclaimers | No Fear Act | Sitemap

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Fred L. Nance Jr. | ) | |
| | ) | Case No. 20 CV 06316 |
| Plaintiff, | ) | |
| | ) | Honorable Judge: Jorge L. Alonso |
| vs. | ) | |
| | ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice | ) | |
| Assistance, Office of Justice Programs, | ) | Beth W. Jantz |
| EMAGES, Inc., Hattie Wash, Thomas | ) | |
| Bradley, et al. | ) | Courtroom: 1903 |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT

NOW COMES, pro se plaintiff Dr. Fred L. Nance Jr. requesting leave to supplement this complaint pursuant to FRCP 15(a)(2) "…The Court should freely give leave when justice so requires" and pursuant to the National Defense Authorization Act, Whistleblower Act of 2013, amended 2016, specifically, for abuse of authority, defined broadly, relating to a federal contract or grant; violations of a law, rule, or regulation related to a federal contract or grant; and violations of requirements for competition for or negotiation of a federal contract. DOJ, BJA, OJP has been grossly negligent. Plaintiff has been injured and is increasing his damages to 1.25 Million Dollars. This is a public interest case. Plaintiff states as follows:

1. DOJ, BJA, OJP issued BJA FY 21 Second Chance Act Community-Based Reentry Program (hereinafter, "SCA Grant") solicitation on January 14, 2021 with a deadline for grant submission March 30, 2021 at 11:59 PM, which was changed to April 27, 2021 at 11:59 PM.

2. DOJ, BJA, OJP created a new system for submission of grant applications "JustGrants", which went into effect on October 1, 2020.

3. JustGrants works in concert, alongside with JustGrants.support@usdoj.gov,

JustGrants.Support@ojp.usdoj.gov, OJP.ITServiceDesk@usdoj.gov, and the National Criminal Justice Reference Service (hereinafter, "NCJRS") grants@ncjrs.gov.

4.  On April 21, 2021 plaintiff filed Incident Report #519092 regarding Budget questions and concerns with JustGrants.Support@usdoj.gov. (Ex.1)

5.  JustGrants.Support@usdoj.gov logged in plaintiff's incident report but plaintiff never received a response from anyone in a timely manner so he could address the budget concerns C.L.I.C.K. Services NFP's (hereinafter "C.L.I.C.K.") grant application.

6.  Plaintiff created a grant application, by and through his Not-For-Profit organization C.L.I.C.K., for this SCA Grant.

7.  On April 27, 2021 plaintiff attempted to submit his grant application in the JustGrants system.

8.  On April 27, 2021 when plaintiff attempted to submit his grant application, plaintiff received an error message from the JustGrants system stating "The Federal Estimated (Federal Share) in the Standard Applicant Information screen does not match the Federal Funds in the Consolidated Summary screen." (Ex.2)

9.  On April 27, 2021 plaintiff followed JustGrants processes and procedures and filed an Incident Report regarding the JustGrants system denying plaintiff to submit his grant application.

10. On April 27, 2021 plaintiff stated in his Incident Report #522329 at 10:34 pm (CST):

> "I have been trying to submit my documents for this grant solicitation since 6:15 pm (CST). The JustGrants System would not allow me to submit my documents. I called the support line at 7:40 pm (CST) and was the 18th caller. When my call was answered it was approximately 9:15 pm (CST). A message stated JustGrants was experiencing a system error. This is crazy. I cannot submit my grant application. There is nothing wrong with my grant application. I am attaching a copy of it, which is not all of the grant application. This was all the system would permit printing. I kept getting the message "The Federal Estimated Funding (Federal Share) in the Standard Applicant Information screen does not match the Federal

Funds in the Consolidated Category Summary screen. IT DOES MATCH!!! PLEASE SUBMIT MY GRANT APPLICATION!!! YOUR JUSTGRANTS SYSTEM IS NOT WORKING!!! THE JUSTGRANTS SYSTEM WILL NOT ALLOW ME TO SUBMIT MY GRANT APPLICATION!!! I AM SENDING THIS MESSAGE AT 10;34 PM (CST)." (Ex.3)

11. On April 27, 2021 at 10:36 pm (CST) JustGrants.Support@usdoj.gov responded to Incident Report #522329 stating "Thank you for contacting the Justice Grants Service Desk. We have recorded your request for service and established incident report #522329 for tracking and future reference." (Ex.3)

12. On April 28, 2021 at 6:24 am (CST) JustGrants.Support@usdoj.gov sent plaintiff and email stating Incident Report #522349 has been logged for you. (Ex.4)

13. On April 28, 2021 at 6:24 am (CST) JustGrants sent plaintiff an email stating Incident Report #522349 is assigned to Doretha Thornton. (Ex.4)

14. On April 28, 2021 at 6:31 am (CST) plaintiff received a response email stating "Please address Mr. Nance Jr. issue below. Incident 522329 was generated to document this request. (Ex.5)

15. On April 28, 2021 at 6:34 am (CST) plaintiff received an email from JustGrants.Support@usdoj.gov stating Incident Report #522329 is assigned to Justice Grants Tier 3. (Ex.6)

16. On April 28, 2021 plaintiff sent an email at 7:04 am (CST) to grants@ncjrs.gov stating "I submitted this message last night, April 27, 2021, regarding an JustGrants error message and system problems issues. I was given incident #522329. I was informed there is a glitch in your system as to the error message I received regarding the submission of my grant application. Please investigate and open my submission grant page up so I can submit my grant application for GRANT 13324548. Thank you." (Ex.7)

17. On April 28, 2021 at 8:15 am (CST) plaintiff received an email message from

JustGrants.Support@usdoj.gov stating Incident #522349 is closed.

18. On April 28, 2021 at 9:00 am plaintiff received an email from

JustGrants.Support@usdoj.gov stating "Incident #522329 is assigned to Al Roddy. (Ex.8)

19. On April 28, 2021 at 9:31 am (CST) plaintiff received an email from

OJP.ITServiceDesk@usdoj.gov stating "Incident #522329 – Waiting for more information to

resolve the issue."

20. On April 28, 2021 at 9:31 am (CST) Mr. Al Roddy sent plaintiff the following message

via email:

> "Hello Dr. Nance, Per our phone conversation, since the application
> deadline has passed for this solicitation, please contact the Response
> Center with this ticket #522329 to let them know you missed the
> application deadline. BJA will contact you if they determine that this
> solicitation should be reopened. The attached instructions will assist you
> with entering the match amount correctly so you can submit this
> application if it is reopened by BJA. If you have any additional match
> amount issues if the solicitation is reopened, you may open a new
> Helpdesk ticket so we can assist.  Please let me know if you have any
> questions before this ticket is closed. (Ex.9)

21. Mr. Al Roddy's document attached to Exhibit 9 provides the JustGrants Budget fields

needing completion BUT the JustGrants Application Website Budget field for "Budget Summary

– Federal Funds" did not allow plaintiff to put a dollar amount in it. Every time plaintiff put an

amount in the "Federal Funds" box it went back to zero when plaintiff placed numbers in another

box. (Ex.9a)

22. On April 28, 2021 at 10:03 am (CST) plaintiff received an email from

JustGrants.Support@usdoj.gov stating "Incident #522329 is closed.

23. On April 28, 2021 at 11:00 am (CST) plaintiff received an email message from

grants@ncjrs.gov regarding Incident Report #522329.

24. The NCJRS email states

> "Applicants that experience unforeseen JustGrants technical issues beyond their control, which prevent them from submitting their application by the deadline, must contact the JustGrants User Support…or the SAM Help Desk…to report the technical issue and receive a tracking number. The applicant must e-mail the OJP Response Center at grants@ncjrs.gov by 11:59 pm Eastern on April 28, 2021 (within 24 hours after the application deadline) to request approval to submit its application after the deadline…." (Ex.10)

25. On April 28, 2021 at 12:36 pm (CST) plaintiff sent an email to JustGrants.Support@usdoj.gov and Congressman Danny K. Davis titled "Applicant Experience Unforeseen JustGrants Technical Issues" reporting the problems listed, which generated Incident Report #522698. (Ex.11)

26. On April 28, 2021 at 12:39 pm (CST) plaintiff received an email from JustGrants.Support@usdoj.gov titled "Incident #522698 is assigned to Justice Grants Service Desk.

27. On April 28, 2021 at 12:39 pm (CST) plaintiff received an email from JustGrants.Support@usdoj.gov titled "Incident #522698 has been logged for you."

28. On April 28, 2021 at 4:16 pm (CST) plaintiff responded to the NCJRS email on April 28, 2021 completing all criteria for C.L.I.C.K.'s grant application to be reopened. (Ex.12)

29. On April 29, 2021 at 1:56 pm (CST) plaintiff sent an email to Congressman Danny K. Davis titled "JustGrants Glitches." (Ex.13)

30. On May 3, 2021 at 7:11 am (CST) plaintiff sent an email JustGrants.Support@usdoj.gov and grants@ncjrs.gov stating, in part,

> "While under extreme duress, anxiety, and stress, C.L.I.C.K. Services, NFP (C.L.I.C.K.) is upgrading and filing this complaint or "incident" pursuant to the Whistleblower Act. C.L.I.C.K. is filing these incident reports, again, under the protection of the Whistleblower Act to prevent any retaliatory acts or nature thereof against this entity. (Ex.14)

31. On May 3, 2021 at 7:14 am (CST) JustGrants.Support@usdoj.gov assigned Incident #524631 to plaintiff's email statement.

32. On May 4, 2021 at 9:16 am (CST) JustGrants.Support@usdoj.gov sent plaintiff an email assigning Incident #522698 – Applicant Experience Unforeseen JustGrants Technical Issues. (Ex.11)

33. On May 5, 2021 at 2:45 pm (CST) JustGrants.Support@usdoj.gov sent plaintiff an email stating Incident #524631 is closed reporting it was being considered "Junk Mail". (Ex.15)

34. Incident #524631 was plaintiff statement regarding the Whistleblower Act. JustGrants blew it off. (Ex.15)

35. On May 5, 2021 at 5:04 pm (CST) responding to plaintiff's submission of documents Ex.10 on April 28, 2021 and Ex.12 on April 28, 2021. (Ex.16)

36. On May 6, 2021 at 7:09 am (CST) JustGrants.Support@usdoj.gov sent plaintiff an email reporting his April 21, 2021 Incident #519092 is being logged. Really!!!

37. On May 6, 2021 at 9:20 am (CST) regarding Incident #522329 Mr. Ken Molter sent plaintiff an email, via grants@ncjrs.gov, stating, in part, "The information that you originally provided was forwarded to BJA leadership for review on April 29, 2021. Because JustGrants is a new system, BJA is still looking into the technical issues that caused application submission problems. Someone from BJA will be in touch as soon as a decision has been made regarding your application…." (Ex.17)

38. On May 6, 2021 at 11:31 am (CST) regarding Incident #522329 and responding to Mr. Molter, plaintiff addressed his disappointment in the JustGrants system, his pending lawsuit against DOJ, BJA, OJP, and his intention to amend/supplement this litigation with this issue. (Ex.17)

39. On May 6, 2021 at 12:10 pm (CST) JustGrants.Support@usdoj.gov sent plaintiff an email stating Incident #519092 is closed.

40. On May 6, 2021 at 12:19 pm (CST) JustGrants.Support@usdoj.gov sent plaintiff an email stating Incident #522698 is closed.

41. On May 8, 2021 at 11:28 am (CST) plaintiff sent an email to grants@ncjrs.gov titled "JustGrants Incident #524631 Junk Mail". (Ex.15)

42. On May 13, 2021 at 4:55 pm (CST) plaintiff sent an email to grants@ncjrs.gov titled "C.L.I.C.K. Services NFP Grant Package #13324548" asking "When is JustGrants going to open up my grant application for submission?" Plaintiff posted this on his Twitter page:

www.twitter.com/clickforjustice

> @POTUS @VP @DOJBJA @AppropsDems @WaysMeansCmte
> BJA JustGrants System youtu.be/CSnd46MKrgA
> Please read the narrative for this issue on my YouTube channel; then follow up with this link for the email exchange. America are you ready for the truth.
> https://drive.google.com/file/d/1NjfYnDQ0DddDG2OtAml9Vtuh-Ms2IKRH/view?usp=sharing (Ex.18)

43. On May 14, 2021 at 11:38 am (CST) plaintiff sent an email to grants@ncjrs.gov titled "DOJ JustGrants Whistleblower Complaint" stating "Good afternoon. Please be advised: On May 14, 2021, I filed a Whistleblower complaint with the DOJ Office of the Inspector General. (Ex.19, 19a, 19b)

44. On May 15, 2021 at 1:42 pm (CST) plaintiff sent an email titled "2021 Second Chance Act JustGrants Technical Issues Preventing Grant Application Submissions to oig.oversight&review@usdoj.gov; grants@ncjrs.gov; and Congressman Danny K. Davis' Deputy Chiefs in Chicago and Washington DC with a detailed document of the issue. (Ex.20, 20a)

45. On May 17, 2021 at 10:05 am (CST) plaintiff sent an email labeled "Second Chance Act JustGrants Process" to Congressman Davis' Deputy Senior Advisor providing an attachment simplifying the JustGrants error and an email addressed to the Office of the Inspector General. (Ex.20a)

46. On May 20, 2021 at 10:36 am (CST) plaintiff sent an email labeled "JustGrants Faulty Grant Submission Process" with the latest Twitter post to supports@grants.gov.

> **@POTUS @VP @DOJBJA @AppropsDems @WaysMeansCmte** BJA JustGrants System unforeseen errors denying applications https://youtu.be/CSnd46MKrgA  Read narrative on my YouTube Channel. Whistleblower complaint filed on the issue below 5/14/21. https://drive.google.com/file/d/1y33fDuwiJtBrcvEiq4xEMZK6GamN2mO0/view?usp=sharing (Ex.21)

47. On May 20, 2021 at 10:38 am (CST) Grants.gov sent plaintiff an email labeled "Auto Response – CAS – HHS0000175800" stating "Thank you for contacting the PSC Customer Contact Center support for Grants.gov. Your message has been received and representative will be in touch with you. (Ex.22)

48. On May 20, 2021 at 3:31 pm (CST) Justice Grants sent plaintiff (C.L.I.C.K.) and his Authorized Representative an email labeled "New and Updated JustGrants Application Submission Training and Resources." (Ex.23)

**Relief**

Plaintiff has been injured. Plaintiff asserts his allegations contained in paragraphs 1- 48 above as if stated herein these paragraphs. Plaintiff claims damages in the amount of 1.25 Million dollars, which is a combination of the original complaint damage amount of $500,000.00 and $750,000.00 for this Supplemental complaint. These damage amounts are the cumulative dollar amounts of the grants in question, which does not include punitive and declaratory

damages, pain and suffering. The Federal Tort Claims Act ("FTCA") allows certain kinds of lawsuits against federal employees who are acting within the scope of their employment.

**COUNT 1**

Gross Negligence and Wrongful Conduct

**COUNT 2**

Abuse of Authority

**COUNT 3**

Violations of a Law, Rule, or Regulation related to a Federal contract or grant

**COUNT 4**

Violations of Requirements for Competition for or Negotiation of a Federal contract

**COUNT 5**

Emotional Duress, Anxiety, Stress

 Since filing my federal lawsuit #20cv06316 in October of 2020 against DOJ, BJA, OJP et al., plaintiff has been working countless hours networking and collaborating, putting a team in place to submit a 2021 grant application for the Second Chance Act. Plaintiff has put a professional, diverse team in place to accomplish the goal of satisfying all aspects of a Second Chance Act grant. JustGrants has taken C.L.I.C.K. out of the competitive race for this grant. Even if JustGrants decided to open up plaintiff's grant so he can submit it, plaintiff is still at a disadvantage and has been disenfranchised by the "Non-Actions" of JustGrants, DOJ, BJA, OJP. It appears DOJ, BJA, OJP and their employees have put up barricades against plaintiff and insist on keeping their foot on his neck.

 This is a public interest matter. This is not an isolated case. How many other grant applications were denied submissions because of JustGrants "Unforeseen Errors" with their

website? Discovery will reveal others have suffered needlessly. JustGrants does not have a just

and fair level playing field. JustGrants is disenfranchising not-for-profit organizations.

Other "large" organizations are being favored over smaller organizations due to the BJA

solicitations requirements. BJA solicitations are demanding organizations have MOUs or MOAs

with correctional facilities. Plaintiff has a good relationship with the Cook County Department of

Corrections (jail) because of C.L.I.C.K.'s past work. Plaintiff was able to get a MOA from the

Cook County jail. (Ex.24) The Illinois Department of Corrections (IDOC) does not provide grant

applicants with MOUs or MOAs. IDOC is determining who can participate in the SCA grant

processes while receiving SCA grant funding. Competitiveness is lost in this grant.

> No response from @GovPritzker on @IDOC_Illinois discriminating on
> how they issue a Memorandum of Understanding for
> #ReducingRecidivism for @DOJBJA grant applications. #IDOC
> disenfranchises #Illinoisans. #IDOC disenfranchises minority
> organizations.
> https://drive.google.com/file/d/1cy3RzLCqq1IwhEITcFXgYtyvLP-
> 55YlA/view?usp=sharing

WHEREFORE, plaintiff pleads this Honorable Court grant leave to supplement the

Original complaint in this matter as justice so requires as to deter future nefarious actions leading

to litigation, and whatever else this Honorable Court believes is just and appropriate. This is a

public interest case. After plaintiff files this supplement, he will post it on his Twitter page at:

www.twitter.com/clickforjustice

Respectfully submitted,

/s/Fred L Nance Jr.
Pro Se Plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Fred L. Nance Jr. | ) | |
| | ) | Case No. 20 CV 06316 |
| Plaintiff, | ) | |
| | ) | Honorable Judge: Jorge L. Alonso |
| vs. | ) | |
| | ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice | ) | |
| Assistance, Office of Justice Programs, | ) | Beth W. Jantz |
| EMAGES, Inc., Hattie Wash, Thomas | ) | |
| Bradley, et al. | ) | Courtroom: 1903 |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF 2nd MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT

NOW COMES, pro se plaintiff Dr. Fred L. Nance Jr. requesting leave to provide an additional supplement to this complaint pursuant to FRCP 15(a)(2) due to an email plaintiff received on May 25, 2021 at 7:44 am (CST) where plaintiff's appeal on the "errors" of the JustGrants grant application, which JustGrants is aware, was denied by Mr. Andre Bethea, BJA Policy Advisor Corrections and Reentry stating false reasoning. Plaintiff is claims he is suffering retaliation from DOJ, BJA, OJP employees et al.

Rule 15(a)(2) states, in part, "…The Court should freely give leave when justice so requires" and pursuant to the National Defense Authorization Act, Whistleblower Act of 2013, amended 2016, specifically, for abuse of authority, defined broadly, relating to a federal contract or grant; violations of a law, rule, or regulation related to a federal contract or grant; and violations of requirements for competition for or negotiation of a federal contract. DOJ, BJA, OJP has been grossly negligent. Plaintiff has been injured and is increasing his damages to 1.25 Million Dollars. This is a public interest case. Plaintiff states as follows:

1. On May 23, 2021 plaintiff filed a motion for leave to supplement this complaint.

2.  On May 23, 2021 plaintiff request for leave to file his supplement to this complaint was sent via email operation of this court to all parties, including defendant's DOJ, BJA, OJP Assistant U.S. Attorney Kurt Lindland.

3.  On May 23, 2021, as stated in plaintiff motion for leave to supplement his complaint, summation on page 10, plaintiff posted his supplemental complaint on his twitter page at: www.twitter.com/clickforjustice.

4.  On or about May 23, 2021, it appears Andre Bethea read plaintiff twitter account of this issue, was informed of the twitter message on this issue, and/or gained knowledge from Assistant U.S. Attorney Kurt Lindland plaintiff had filed a supplemental complaint in this matter discussing his negative experience with DOJ, BJA, OJP's JustGrants system.

5.  On May 25, 2021 when Andre Bethea made his decision to deny plaintiff's appeal, after plaintiff filed his supplemental complaint, he retaliated against plaintiff for discussing this issue on social media and for filing a Whistleblower complaint.

6.  Andre Bethea provides false information for denying plaintiff's appeal. (Ex.25)

7.  Plaintiff followed all rules, regulations, and policies, along with the guidance of the grant solicitation.

8.  Plaintiff has been a Peer Reviewer of Second Chance Act grant applications since 2009.

9.  Plaintiff understands the information given in a grant solicitation.

10. It was JustGrants website errors that prevented plaintiff from completing the grant application submission processes, which plaintiff clearly provided evidence in his 1st request to supplement this complaint. (Ex.20, 20(a))

11. Apparently, Andre Bethea did not consider in his denial decision Ex.20, which was an

email plaintiff sent to oig.oversight&review@usdoj.gov and grants@ncjrs.gov on May 15, 2021 at 1:42 pm (CST).

12. Apparently, Andre Bethea did not consider the original incident #522329 Ex. 20(a), which was an email plaintiff sent to justgrants.support@usdoj.gov on April 27, 2021 at 10:36 am (CST) the prescribed time for submitting an appeal.

13. Both grants@ncjrs.gov and justgrants.support@usdoj.gov are part of the processes for reporting JustGrants errors, and plaintiff availed himself to it.

14. Plaintiff has provided overwhelming proof, evidence that it was the errors of JustGrants webpage that stopped plaintiff from submitting his grant application.

15. Plaintiff can only, and this court, determine from the evidence given that Andre Bethea and DOJ, BJA, OJP are conspiring and deliberately retaliating against him.

Plaintiff followed the conditions generally sufficient to justify late submissions. Andre Bethea did not adhere to the rules, policies and procedures he reports in his email on May 25, 2021. (Ex.25) Plaintiff can only surmise Andre Bethea is retaliating against plaintiff for filing complaints about JustGrants, for filing Whistleblower complaints, and exercising his 1st amendment rights to free speech on social media. This will be posted on my twitter page.

WHEREFORE, plaintiff respectfully request this Honorable court allow plaintiff's 2nd supplement to this litigation.

Respectfully submitted,

/s/Fred L Nance Jr.
Pro Se Plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FRED L. NANCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 6316 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, BUREAU OF | ) | |
| ASSISTANCE, OFFICE OF JUSTICE | ) | |
| PROGRAMS, EMAGES, INC., | ) | |
| HATTIE WASH, and | ) | |
| THOMAS BRADLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motions [60, 62] for leave to file a supplemental complaint are denied.

## STATEMENT

Plaintiff has filed two motions for leave to file a supplemental complaint. Under Rule 15(d), a "court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d).

Plaintiff has not attached a proposed supplemental complaint. That is reason enough to deny the motions. It is not clear from plaintiff's motions what claims he wants to bring or whether such claims would be futile. Plaintiff asserts that he recently had difficulty filing a grant proposal with the government, and his motions suggest he might want to assert a claim against the government under the Federal Tort Claims Act. If plaintiff has not exhausted his administrative remedies, such a claim would be futile.

For these reasons, the motions to supplement are denied.

SO ORDERED.                              ENTERED:  June 9, 2021

_____
JORGE L. ALONSO
United States District Judge

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Fred L. Nance Jr. | ) | |
| | ) | Case No. 20 CV 06316 |
| Plaintiff, | ) | |
| | ) | Honorable Judge: Jorge L. Alonso |
| vs. | ) | |
| | ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice | ) | |
| Assistance, Office of Justice Programs, | ) | Beth W. Jantz |
| EMAGES, Inc., Hattie Wash, Thomas | ) | |
| Bradley, et al. | ) | Courtroom: 1903 |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF MOTION TO STAY PROCEEDINGS

NOW COMES pro se plaintiff Dr. Fred L. Nance Jr. respectfully requesting a stay of proceedings. Plaintiff moves this court to stay all further proceedings in this case pending a ruling from the Department of Justice, Office of Justice Programs on plaintiff's recent FTCA claims, which this court dismissed without prejudice on June 8, 2021. Plaintiff submits the following:

**Legal Standard**

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). In deciding whether to enter such a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non- moving party; (ii) whether a stay will simplify the issues in question and streamline the trial; and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Tap Pharm. Prods., Inc. v. Atrix Labs, Inc*., 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004). "If there is even a fair possibility that the stay . . . will

work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Indeed, the court "must weigh competing interests and maintain an even balance." *Id*. (citing *Kansas City S. R. Co. v. United States*, 282 U.S. 760, 763 (1931); *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 382 (1935)).

Courts in this district have recognized that when two related cases are pending in separate federal courts, either of those courts may exercise that inherent power to stay the proceedings before it in deference to the related action. See *GE Bus. Fin. Servs. Inc. v. Spratt*, 2009 WL 1064608, at *1 (N.D. Ill. Apr. 20, 2009); *Whirlpool Fin. Corp. v. Metropolis Capital Grp.*, 1991 WL 212112, at *3 (N.D. Ill. Oct. 7, 1991). Indeed, this Court has a "duty . . . to avoid duplicative litigation in more than one federal court." *Whirlpool*, 1991 WL 212112, at *3 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); see also *CIGNA Healthcare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851 (7th Cir. 2002) ("A federal court is authorized to stay proceedings in a lawsuit before it because parallel proceedings are pending in another court, either federal or state."). Therefore, the Seventh Circuit not surprisingly has advised that "a district court has 'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation." *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) (quoting *Kerotest Mfg. Co. v. C-O- Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952)). According to 28 U. S. C. § 2401(b), a tort claim against the United States must be begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented. (McNeil v U.S., No. 92-6033 (May 17, 1993))

**Statement of Facts**

1. On October 23, 2020, plaintiff filed his original complaint in this matter.

2. Plaintiff filed this complaint under the Whistleblower Act of 2013, amended 2016.

3. Plaintiff is an employee of C.L.I.C.K. Services, NFP.

4. Plaintiff engaged in a partnership with EMAGES, Inc. as an employee of C.L.I.C.K. Services, NFP.

5. On June 8, 2021, Judge Alonso issued the following decision:

> "…The Court grants the government's motion [31] to dismiss. Plaintiff's FTCA claim is dismissed without prejudice (and without leave to amend). The remaining claims against the government are dismissed with prejudice. The Court grants in part and denies in part the private defendants' motion [40] to dismiss. The Court dismisses without prejudice all claims against defendant Bradley. Plaintiff is granted leave to file by July 9, 2021 an amended complaint against defendants Wash, EMAGES, Inc. and Bradley, should he so choose. Defendants' deadline to answer or otherwise plead is August 6, 2021."

6. Plaintiff will amend his complaint pursuant to Judge Alonso's court order of June 8, 2021 and the contractual agreement between DOJ, Grant #2018-CY-BX-0025 and EMAGES, Inc., which classifies plaintiff as an employee of EMAGES, Inc.

7. Plaintiff filed this complaint under the Whistleblower Act of 2013, amended 2016 with the understanding:

"Whistleblowers perform an important service for the public and the Department of Justice (DOJ) when they report evidence of wrongdoing. All DOJ employees, contractors, subcontractors, grantees, subgrantees, and personal services contractors are protected from retaliation for making a protected disclosure. Reports concerning wrongdoing by DOJ employees or within DOJ programs can always be submitted directly to the OIG Hotline. For all disclosures, classified or unclassified, an employee of a contractor or grantee is only protected if the disclosure is made to: (a) A Member of Congress or a representative of a committee of Congress. (b) An Inspector General. (c) The Government Accountability Office. (d) A Federal employee responsible for contract or grant oversight or management at the relevant agency. (e) An authorized official of the Department of Justice or other law enforcement agency. (f) A court or grand jury. (g) A management official or other employee of the contractor, subcontractor, or grantee who has the responsibility to investigate, discover, or address misconduct. If you are an employee of a DOJ contractor, subcontractor, grantee, subgrantee, or a DOJ personal services contractor, you may submit a retaliation complaint to the OIG Hotline. Under 41 U.S.C. § 4712, it is illegal for an employee of a federal contractor, subcontractor, grantee, or subgrantee or personal services contractor to be discharged, demoted, or otherwise discriminated against for making a protected disclosure."

8. Plaintiff understands 41 U.S.C. §4712 as:

Under 41 U.S.C. § 4712 it is illegal for employees of federal contractors, subcontractors, grantees, subgrantees, or personal services contractors to be discharged, demoted, or otherwise discriminated against for making a protected whistleblower disclosure. Under 41 U.S.C. §4712 (a)(1)(2)(3) an employee of a contractor, subcontractor, grantee, or subgrantee or personal services contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a person or body described in paragraph (2) information that the employee reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or grant…."

9.  Before plaintiff amends his complaint, on June 9, 2021, plaintiff adhered to the wisdom of Judge Alonso and re-filed his Whistleblower complaints and FTCA claim with the appropriate party(s). (Exhibit 1)

10. Plaintiff request for a Stay of Proceedings regarding the private defendants, EMAGES, Inc., Hattie Wash, and Thomas Bradley will not be harmed by this delay because plaintiff and defense attorney for these private defendants have had previous communication about delaying proceedings awaiting rulings from Department of Justice, Office of Inspector General, U.S. Department of Justice, Office of Justice Programs, General Counsel.

11. DOJ will not be harmed by a stay of proceedings because of Judge Alonso's ruling in this

matter on June 8, 2021.

    12. It is possible the case can be resolved between plaintiff and DOJ eliminating further costly litigation between the parties.

    13. If plaintiff and DOJ cannot resolve their differences, then plaintiff will have the appropriate denial letter to continue the matter in this court without the burden of having to begin a new case where we have dual tracks of litigation in the federal courts regarding this matter.

    14. On June 8, 2021, this court granted plaintiff amending his complaint against the private defendants.

    15. If resolution is not achieved between plaintiff and DOJ, plaintiff will amend his original complaint to include both DOJ and the private defendants because plaintiff will have provided a final decision from the Department of Justice, Office of Special Counsel to this court.

    WHEREFORE, plaintiff prays this court grant a stay of proceedings as it applies to an amended complaint for the private defendants, and whatever other relief or written order this court deems appropriate and necessary.

Respectfully submitted,

/s/Fred L. Nance Jr., Ph.D.
Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| FRED L. NANCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 6316 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| EMAGES, INC., | ) | |
| HATTIE WASH, and | ) | |
| THOMAS BRADLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion [66] to stay is denied.  The Court extends to July 30, 2021 plaintiff's deadline to file an amended complaint against Hattie Wash, EMAGES, Inc. and Thomas Bradley.  Defendants' deadline to answer or otherwise plead is extended to August 27, 2021.

## STATEMENT

Plaintiff has filed a motion requesting that the Court stay this case.  Plaintiff notes that he has filed an administrative proceeding with the Department of Justice under the Federal Tort Claims Act.  Plaintiff states that if "resolution is not achieved between plaintiff and the DOJ, plaintiff will amend his original complaint to include both DOJ and the private defendants because plaintiff will have provided a final decision from the Department of Justice, Office of Special Counsel to this court."  [Docket 66 ¶ 13].  In the meantime, plaintiff would like his case against the private defendants (Hattie Wash, EMAGES, Inc. and Thomas Bradley) stayed.

The Court will not allow a stay.  The Court notes that plaintiff may not realize he cannot amend his complaint against the government in this case.  A plaintiff must exhaust administrative remedies *before* filing suit.  A suit filed before a plaintiff exhausts must be dismissed, even if the plaintiff exhausts after filing suit.  *McNeil v. United States*, 508 U.S. 106 (1993).  Accordingly, this case is over with respect to the government defendants.

What remains of this case is plaintiff's option to proceed against the private defendants, should he so choose, by filing an amended complaint.  Plaintiff, of course, is not required to pursue those claims; he could dismiss them.  If plaintiff wants to pursue those claims, then this case must keep moving forward.  The Court will not stay this case while plaintiff pursues his administrative remedies against the government.

Plaintiff's amended complaint against Hattie Wash, EMAGES, Inc. and Thomas Bradley is currently due July 9, 2021.  The Court hereby extends that deadline by 21 days to give plaintiff

additional time to decide whether to pursue those claims against the private defendants. Defendants' deadline to answer or otherwise plead is extended to August 27, 2021.


SO ORDERED.                                      ENTERED:   June 15, 2021


                                                 _____
                                                 JORGE L. ALONSO
                                                 United States District Judge

FILED

11/14/2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Fred L. Nance Jr. | ) | |
| | ) | Case No. 20 CV 06316 |
| Plaintiff, | ) | |
| | ) | Honorable Judge: Jorge L. Alonso |
| vs. | ) | |
| | ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice | ) | |
| Assistance, Office of Justice Programs, | ) | Beth W. Jantz |
| EMAGES, Inc., Hattie Wash, Thomas | ) | |
| Bradley, et al. | ) | Courtroom: 1903 |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO DENY PRO HAC VICE

NOW COMES, Pro se Plaintiff Fred L. Nance Jr. requesting this Honorable Court deny

the Pro Hac Vice pursuant to Local Rule 46.1 and FRCP 26 et seq. Local Rule 46.1 states

Pro Hac Vice admission will be considered on submission of a written motion to the court before

filing a notice of appearance. FRCP 26 et seq is the Discovery Process. Attorneys requesting Pro

Hac Vice in this matter violated Local Rule 46.1 and FRCP 26 et seq.

Before addressing the motion to deny Pro Hoc Vice, plaintiff wants to add a backdrop to

the litigation since defendant's motion and letter to plaintiff opens the door for it. This litigation

is predicated on a Second Chance Act grant defendant Hattie Wash (hereinafter, "Hattie) decided

to give back to the Department of Justice, Bureau of Justice Assistance, Office of Justice

Programs and defendants violation of the Whistleblower Act regarding this grant, in that,

plaintiff appropriately filed 3 Whistleblower complaints against defendant Hattie and the

defendants reacted against plaintiff with retaliation and termination of employment. In addition,

all defendants knew plaintiff was purchasing property for the population we were serving, which

has been sabotaged due to their violation of the Whistleblower Act. Since plaintiff has been

terminated, he does not have employment to secure the property purchase, among other claims in plaintiff's complaint.

Attorneys Derrick Thompson (hereinafter, "Thompson") and Janica Pierce Tucker (hereinafter, "Tucker") client, defendant Hattie, told Second Chance Act (SCA) Department of Justice (DOJ), Bureau of Justice Assistance (BJA), Office of Justice Programs (OJP) defendants Michael Devers, Andre Bethea, and Tracey Willis the reason she is giving the grant back was because of Covid-19, ending October 2, 2020. This was a lie. We were providing services during Covid-19 via teleconferencing. On November 14, 2020, at 10:12 am (CST), Clinical Supervisor for the grant, Daniel Jean, held a teleconference meeting as usual with the population of the SCA grant we were providing services too. In plaintiff's complaint he alleged defendant Hattie lied to DOJ, BJA, OJP defendants because she is still providing services to those she said she would not be providing services too. Defendant Hattie giving the grant back caused the retaliation against plaintiff and his DOJ, BJA, OJP termination. (emails attached)

Now back to the current issue of denying the motion for Pro Hoc Vice. Thompson and Tucker violated Local Rule 46.1 et seq by filing their appearance at 10:56 am (CST) on November 13, 2020 before filing his motion for Pro Hac Vice at 11:18 am (CST).

Pro Hac Vice is a privilege, not a right. See *Leis v. Flynt*, 439 U.S. 438, 442 (1979) (per curiam). The Supreme Court and 7th Circuit recognizes that attorneys may have an interest in that privilege, but that does not abridge the district court's inherent authority "to control admission to its bar and to discipline attorneys who appear before it." *Chambers*, 501 U.S. at 43 (citing *Ex parte Burr*, 9 Wheat. 529, 531 (1824)); *In re Snyder*, 472 U.S. 634, 645 n.6 (1985) ("Federal courts admit and suspend attorneys as an exercise of their inherent power."). When an attorney abuses the privilege of appearing pro hac vice, the district court may revoke that privilege as a

sanction for misconduct. All that is required before an attorney's admission pro hac vice is revoked is adequate notice of the conduct in question and a reasonable opportunity to be heard on the matter. (quoting *Royce v Needle et al.*, 7th Circuit, No. 15-cv-00259, February 20, 2020)

Thompson and Tucker's Motion for Leave to Appear Pro Hac Vice in this matter should also be denied for violating FRCP 26 et seq.

1.  On November 11, 2020 plaintiff received a nefarious, threatening, harassing, and intimidating email from Thompson and Tucker.

2.  On November 11, 2020 plaintiff informed the SCA DOJ, BJA, OJP defendants Michael Devers, Andre Bethea, and Tracey Willis by forwarding Thompson and Tucker's nefarious and inappropriate email to them.

3.  On November 11, 2020 plaintiff responded to Thompson and Tucker's email stating they should file their appearance and answer the complaint.

4.  On November 13, 2020 Thompson and Tucker filed their appearance before filing their motion for Pro Hac Vice status in this matter.

5.  Pursuant to Local Rule 46.1, Supreme Court and current 7th Circuit rulings, Thompson and Tucker should have filed their motion for Pro Hac Vice, received a hearing, and then after their hearing receiving a favorable ruling from this court, then to file their appearance.

6.  Evidently, Thompson and Tucker believe they can operate outside the Rule of Law and precedent.

7.  In Thompson and Tucker's email and attached letter to plaintiff were unsubstantiated allegations, outright lies, as they requested what are discovery materials from plaintiff.

8.  Thompson and Tucker state plaintiff is no longer an employee of EMAGES, Inc.

9.  Plaintiff was never an employee of EMAGES, Inc.

10. Plaintiff's complaint refutes the claim EMAGES, Inc. is plaintiff's employer.

11. Thompson and Tucker state plaintiff received a laptop during the course of his employment.

12. Thompson and Tucker state plaintiff has failed to respond to numerous attempts from EMAGES to contact him.

13. EMAGES, Inc. has not attempted to contact plaintiff regarding a laptop, nor has EMAGES, Inc. attempted to request anything from plaintiff except participation in closing the grant, which plaintiff has informed DOJ, BJA, OJP he would not participate in closing the grant because plaintiff's complaint is in opposition to closing the grant, which leads to plaintiff's termination.

14. Thompson and Tucker have no valid evidence or proof of such contact about a laptop.

15. EMAGES, Inc. and defendant Hattie are discussed in plaintiff's complaint regarding their lack of contact and communication with plaintiff.

16. Thompson and Tucker state plaintiff must return the laptop immediately.

17. Plaintiff's work product is on the laptop Thompson and Tucker are trying to acquire.

18. Thompson and Tucker state plaintiff must write any passwords required to access the computer.

19. Thompson and Tucker state failure to return the company property will result in EMAGES taking legal action.

20. Thompson and Tucker go on to demand plaintiff turn over evaluation documents from OJP, client files, keys to file cabinets and the curricula plaintiff created and developed with defendant Hattie.

21. Defendant Hattie has keys to the only file cabinet plaintiff had access too.

22. Plaintiff does not have client files.

23. There are no evaluation documents from OJP.

24. Thompson and Tucker go on to state plaintiff must preserve any and all documents.

25. Thompson and Tucker nefariously threatens, harasses, and intimidates plaintiff stating "If EMAGES has not received the requested property on or before Friday, November 13, 2020, EMAGES will take legal action.

26. Plaintiff sent a response email stating "Please be advised: I have been litigating in State and Federal court for over 25 years. Please file your appearance and response to my Federal complaint. All matters regarding this litigation will be discussed in court. Any other correspondence to me as attached here will be considered a threat and violates FRCP. Thank you."

WHEREFORE, plaintiff respectfully request this Honorable Court deny defendant's motion for Pro Hoc Vice. Plaintiff states Thompson and Tucker wickedly violated Local Rule 46.1 and FRCP 26 et seq. Thompson and Tucker opened this door for the dialogue here. Plaintiff filed a Federal complaint in this matter. Thompson and Tucker knew, and had working knowledge, a federal complaint had been filed in this matter because when they were retained by EMAGES, Inc. and defendant Hattie they received the federal complaint. Thompson and Tucker knew they were intentionally violating FRCP 26 et seq. The appropriate address by a defendant's lawyer is to file their appearance and answer the complaint.

All trained attorneys understand this process. Pursuant to Thompson's Pro Hac Vice Application and credentials cited, Thompson clearly understands applicable laws. Thompson's email to plaintiff requesting discovery materials was a deliberate action to undermine the legal processes. It was capricious, nefarious, and meant to harm plaintiff.

Plaintiff has litigated against trained lawyers from law firms who are International as well as Domestic. Plaintiff has acted as co-counsel with trained lawyers whose law firms are International and Domestic. These firms understand the Federal Rules of Civil Procedure. Plaintiff has been litigating his personal issues in State and Federal court for almost 28 years and has submitted Amicus Curie brief to the Supreme Court.

Thompson and Tucker deliberately violated FRCP 26 et seq. Any trained lawyer understands you do not undermine the discovery processes of the court unless this is your normal practice. If plaintiff had not filed a complaint, a lawyer may be able to send a demand letter to an employee. This is not the case here. This was clearly intimidation and threats!

If this Honorable Court allows these nefarious, threatening, harassing, and intimidated tactics to start here, we can look forward to Thompson and Tucker attempting to make a circus out of this meaningful litigation. If Thompson and Tucker are trained lawyers, especially in Federal Court where everyone is treated fairly and respected, they should know not to violate the discovery processes of litigation. Discovery is the pinnacle of litigation. Thompson and Tucker knew exactly what they were doing. Thompson and Tucker were undermining the litigation processes. Democracy and Justice should be the result of this Honorable Court.

If this Honorable Court allows Thompson and Tucker to proceed Pro Hac Vice, plaintiff respectfully request this Honorable Court sanction Thompson and Tucker in a way where they understand the Honorable Judge Jorge L. Alonso will not allow mischievous acts of nefarious, intimidating, and threatening behaviors in his courtroom, especially with people who call themselves trained attorneys.

As plaintiff stated in his complaint, plaintiff and EMAGES Inc. entered into a partnership/collaboration with the grant they received from the SCA DOJ, BJA, OJP. Defendant

Hattie and plaintiff agreed defendant Hattie would be the Fiduciary for the grant and plaintiff would be the Program Director verbally and in writing. Defendant Hattie demanded plaintiff agree to receive grant payment for services in a manner where taxes were taken out. Plaintiff requested payment in the form of 1099 rules. Defendant Hattie stated because we wrote the proposal for the grant stating plaintiff would have taxes taken out of his check, a 1099 was not possible. Plaintiff is not EMAGES, Inc.'s employee. Plaintiff works for C.L.I.C.K. Services, NFP, which is how the abstract and proposal for the SCA grant was written. C.L.I.C.K. Services, NPF is plaintiff's company.

All funding for this grant came from DOJ, BJA, OJP. Defendant Hattie misappropriated and defrauded the grant, and plaintiff reported it via the Whistleblower Act, 3 times. The laptop computer was purchased with grant funds. If anything, the laptop may belong to DOJ, BJA, OJP. Plaintiff's work product is on the laptop computer mentioned by Thompson and Tucker. All and any documents or correspondence on plaintiff's laptop computer defendant Hattie has a copy. Many of the documents of evidence in this litigation from the laptop computer in question is in plaintiff's complaint as cited links. Plaintiff has personal notes on this laptop pertinent to this litigation. Thompson and Tucker are seeking plaintiff's strategies, which they have no right too.

In plaintiff's 1st Whistleblower complaint, plaintiff talked about using his personal laptop during the implementation period of this grant, which was 10/1/18 thru 12/31/19. The heavy load plaintiff put on his personal laptop computer has made it process slower because of the abundance of materials created over, and over, and over again. Plaintiff's personal laptop was supposed to be replaced as discussed with defendant Hattie during the use of his laptop computer between 10/1/18 thru 12/31/19.

After we received our funding in February of 2019, defendant Hattie decided to buy a desk top computer around March 2019 before buying a laptop. Plaintiff told defendant Hattie she was buying the desktop for EMAGES and not the SCA. Plaintiff argued the desktop computer was not useful for our project because plaintiff operated from defendant Hattie's office on her conference table where we did all of our brainstorming creating documents and our curricula; and after working with defendant Hattie in her office, plaintiff would go to his office to further work on the projects. The desktop computer defendant Hattie purchased with grant funds was put in an office for all EMAGES staff to use, not in plaintiff's office. Defendant Hattie did not purchase the laptop for plaintiff's use until October of 2019; and this was because plaintiff talked about alerting DOJ, BJA, OJP. The stress and anxiety was tremendous. Yet, plaintiff marched on.

Respectfully submitted

/s/Fred L. Nance Jr. Ph.D.
Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org

## Fwd: Suspension of the sex offender groups and termination of the Second Change Act grant

From:  Dr. Fred Nance Jr. (drfred.nancejr@gmail.com)

To:    michael.dever@usdoj.gov; andre.bethea@usdoj.gov; tracey.willis@usdoj.gov; jwilliams@air.org;
       ronald.howard@cookcountyil.gov; jane.gubser@cookcountyil.gov; patricia.grosskopf@illinois.gov; sarah.brown-
       foiles@illinois.gov; dion.dixon@illinois.gov; josie.ware@mail.house.gov; tumia.romero@mail.house.gov

Cc:    drfred.nancejr@gmail.com; frednance@clickservices.org

Date:  Monday, September 21, 2020, 08:54 PM CDT

On September 21, 2020, I received the email above and below from Dr. Hattie Wash dissolving the Second Change Act grant #2018-CY-BX-0025. As Dr. Wash and I talked about her giving up the program, after I discovered her misappropriation of funds or fraud and talked to her about it, Dr. Wash told me since I was going to report this to DOJ, BJA, OJP I could take the program. I sent the email, with this statement from Dr. Wash, to DOJ, BJA, OJP's Mr. Dever, Mr. Bethea, and Ms. Willis. Therefore, I am requesting C.L.I.C.K. Services, NFP become responsible for the grant to its end on September 30, 2021.

There should be no barriers or reasons why I cannot take over the grant. Dr. Wash and I wrote the proposal. I am the Program Director. I created all of our collaborative partners for this grant. Dr. Wash and I created and developed the curricula for this program. I know every part of this program. I partnered with Dr. Wash on this grant. Dr. Wash and I decided she would be the fiduciary and I would handle the day-to-day operation as the Program Director. It was my understanding we were equal partners. Dr. Wash just handled the flow of money for the grant. Read our SCA abstract and proposal for this grant, which is attached.

As reported in our abstract and proposal (pp. 17-18) (attached), EMAGES, Inc & C.L.I.C.K. Services, NFP collaborated and partnered for this grant. I am more than capable of finishing out this grant. This move by Dr. Wash is retaliatory in nature toward me for filing the 3 Whistleblower complaints with the Department of Justice, Bureau of Justice Assistance, Office of Justice Programs, and the U.S. Office of Inspector General for misappropriation of funds or fraud. As I have stated in my Whistleblower complaints, my employment is protected by the Whistleblower Act. My Whistleblower complaints are attached.

Dr. Wash's dilemma with her funding from the State of Illinois is not the first time this has happened to EMAGES. EMAGES has closed programs before because of Illinois State funding. There is no reason this grant cannot continue to move forward under the direction of C.L.I.C.K. Services, NFP (www.clickservices.org). Grant #2018-CY-BX-0025 is funded. I can still work with the Illinois Department of Corrections (post-release prison) and the Cook County Department of Corrections (pre-release jail).I am in the process of creating and developing a 90-day transitional house for sex offenders. I can run the grant from this project. The housing program is being created under C.L.I.C.K. Housing, Inc. My 'brief' housing project proposal is attached. I created this proposal for Illinois and Chicago legislators seeking support for my housing project. Congressman Davis has given me a Letter of Support for my housing project, which is attached. I can provide more details in line with a regular SCA proposal for how the program will work if necessary.

The reasoning Dr. Wash uses for giving the grant back is ludicrous. Grant #2018-CY-BX-0025 is funded and is not affected by the lack of Illinois State funding Dr. Wash alludes too. The grant funding covers participant cost because there is no participant cost. The grant covers contractual fees for all mentors and staff of the grant, which is listed in the grant budget. Our budget takes care of office space and other ancillary functions and needs. Dr. Wash is lumping the grant program in with her State dilemma to retaliate against me for filing my Whistleblower complaints. The only reason Dr. Wash is giving the program back to OJP is to hurt me for filing the 3 Whistleblower complaints.

WHEREFORE, I am requesting a teleconference audience with Mr. Michael Dever, BJA Division Chief; Mr. Andre Bethea, BJA Senior Policy Advisor; and Ms. Tracey Willis, OJP Grant Manager; or in the alternative, a transfer of responsibility for Grant #2018-CY-BX-0025. Please respond. Thank you.

Respectfully submitted

---------- Forwarded message ---------
From: **Hattie Wash** <washhattie@gmail.com>

Date: Mon, Sep 21, 2020 at 7:28 PM
Subject: Suspension of the sex offender groups and termination of the Second Change Act grant
To: Gerri Taylor <tgerri99@yahoo.com>, mitzi scott <mitziscott10@yahoo.com>, curtis slate <curtiscurtis47@aol.com>,
Sheila Chew <sacpoiple1@gmail.com>, <shudson305@hotmail.com>, Jean Daniel <Daniel_Jean716@yahoo.com>,
marcie collins <marcie_93@yahoo.com>, Chad Ellis <seragi73@yahoo.com>, Eleanor Harris
<eleanorharris98@yahoo.com>, Edward Butler <dr_ebutler@yahoo.com>, Jamie Enge <jamiee425@gmail.com>, Dr.
Fred Nance Jr. <drfred.nancejr@gmail.com>, valerie minor <vminor2018@gmail.com>, LORI ORTIZ
<loriortiz6199@comcast.net>, <pebsluvsgod@yahoo.com>, earlene416@gmail.com>, <srobin21@csu.edu>, Dr.
Karen Witherspoon <doctorwitherspoon@gmail.com>, THOMAS BRADLEY <tbacpa52@yahoo.com>,
<trentonfedrick@yahoo.com>, <johnson_l@comcast.net>


The Covid-19 Pandemic,the Shelter in Place Mandate by the State of Illinois, less than 15% of sex offender clients
paying their fees as well as EMAGES not receiving a payment from the FY21 State budget which began July, 2020 has
created an economic hardship and cash flow problem for EMAGES.

Given the above Effective October 1, 2020 EMAGES is suspending our sex offender groups and returning the Second
Chance Act grant back to the Office of Justice Programs. Additionally, Staff in the substance abuse programs work week
will be reduced from a five day work week to a four day week. If funding is not received before October 1, 2020, I will not
be able to meet EMAGES October 1, 2020 payroll for the substance abuse program and the sex offender group
facilitators.

I have scheduled a ZOOM meeting for Thursday September 24, 2020 at 7:00 p.m. to discuss the above changes and
address any concerns you may have.  Please let me know if you are unable to attend the meeting.

You will receive a ZOOM login number tomorrow.
Dr. Wash


--
/s/Dr. Fred Nance Jr., Ph.D.
Human Services/Social Policy Analysis
Program and Policy Development
708-921-1395

 SCA Abstract.pdf
8.9kB

 SCA Proposal.pdf
93.5kB

 8.31.20 90 Day Transitional Housing Proposal.pdf
128.7kB

 4.17.20 1st Whistleblower Complaint.pdf
1MB

 8.29.20 2nd Whistleblower Complaint.pdf
98.6kB

 9.13.20 3rd Whistleblower Complaint.pdf
121.6kB

 1.24.20 Congressman Davis Letter of Support for Transitional Housing.pdf
76.5kB



65 East State Street, Suite 1000
Columbus, OH 43215-4213
Tel: 614.221.2838 | Fax: 614.221.2007
taftlaw.com

**JANICA PIERCE TUCKER**
614.334.6182
jpierce@taftlaw.com

November 11, 2020

**VIA EMAIL (drfred.nancejr@gmail.com)**
Dr. Fred Nance, Jr.

Re:   *Fred L. Nance, Jr. v. Department of Justice, Bureau of Justice Assistance,*
*Office of Justice Programs, Emages, Inc., Hattie Wash, Thomas Bradley, et al.*
U.S. District Court, Northern District of Illinois Case No. 1:20-cv-06316

Dear Dr. Nance:

My co-counsel Derrick Thompson and I of Taft Stettinius & Hollister have been retained to represent Emages, Inc. in the above-referenced complaint.  It is our understanding that you are no longer employed with Emages. During the course of your employment, based upon your role and responsibilities, you received a laptop. You have failed to respond to numerous attempts from Emages to contact you. This laptop must be returned to Emages immediately. Emages will make arrangements to pick up the laptop from your personal residence. At the time of pickup, please write any password(s) required to access the computer, and place such password(s) in a sealed envelope.  Failure to return the company property will result in Emages taking legal action.

It is also our understanding that you have the following in your possession and Emages demands return immediately:

- Evaluation documents from Office of Justice Program ("OJP");
- Client files including, but not limited to, questionnaires and evaluation instruments;
- Keys to file cabinets; and
- Trauma and Mentoring Informed Modules.

None of the items referenced in this letter are your personal property and all must be returned.

Please preserve any and all documents. Pending further notification, all documents relating to this matter should be unaltered and retained. Document retention guidelines otherwise authorizing the periodic destruction of such documents are suspended.

Please contact me upon receipt of this correspondence.  If Emages has not received the requested property on or before Friday, November 13, 2020, Emages will take legal action.

Sincerely,

*/s/ Janica Pierce Tucker*

Janica Pierce Tucker

JPT/smk

28208664v3

## Fwd: Emages, Inc.

From:   Dr. Fred Nance Jr. (drfred.nancejr@gmail.com)

To:     andre.bethea@usdoj.gov; michael.dever@usdoj.gov; tracey.willis@usdoj.gov

Cc:     frednance@clickservices.org

Date:   Wednesday, November 11, 2020, 10:40 PM CST

Good evening. I received this threatening email from an alleged lawyer of EMAGES this morning demanding my work product. This is who you are representing and supporting. I responded instructing them to file their appearance and answer the Federal complaint in 20 cv 06316. I will file a motion in this matter for violation of the Federal Rules of Civil Procedure submitting this document as proof of the violation. Again, I am not providing or discussing my strategy in this litigation. I am not giving up evidence in this litigation. Copies of my evidence and any other material items/evidence contained is requested during the discovery processes. Hopefully, you guys are not participating in this violation. Dr. Wash and her criminal enterprise are digging themselves a bigger hole.

Respectfully submitted

---------- Forwarded message ---------
From: **Dr. Fred Nance Jr.** <drfred.nancejr@gmail.com>
Date: Wed, Nov 11, 2020 at 3:40 PM
Subject: Fwd: Emages, Inc.
To: Dr. Fred Nance Jr. <frednance@clickservices.org>

---------- Forwarded message ---------
From: **Kretschmer, Susan** <skretschmer@taftlaw.com>
Date: Wed, Nov 11, 2020 at 11:01 AM
Subject: Emages, Inc.
To: drfred.nancejr@gmail.com <drfred.nancejr@gmail.com>
Cc: Tucker, Janica Pierce <jpierce@taftlaw.com>

Please see attached correspondence from Attorney Janica Pierce Tucker.

Thank you,
Susan Kretschmer
Legal Assistant to Janica Pierce Tucker

Taft /

Susan M. Kretschmer
Legal Assistant

mailto:skretschmer@taftlaw.com
Dir: 614.334.6119
Tel: 614.221.2838 | Fax: 614.221.2007
65 E. State Street, Suite 1000
Columbus, OH 43215

http://www.taftlaw.com

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

--
/s/Dr. Fred Nance Jr., Ph.D.
Human Services/Social Policy Analysis
Program and Policy Development
708-921-1395

--
/s/Dr. Fred Nance Jr., Ph.D.
Human Services/Social Policy Analysis
Program and Policy Development
708-921-1395

  Letter re Emages, Inc..pdf
123.8kB

# Re: Emages, Inc.

From:   Fred Nance Jr. (frednance@clickservices.org)

To:     drfred.nancejr@gmail.com; jin.liu@usdoj.gov

Cc:     andre.bethea@usdoj.gov; michael.dever@usdoj.gov; tracey.willis@usdoj.gov; frednance@clickservices.org

Date:   Friday, November 13, 2020, 12:29 PM CST

Good afternoon. Every time I think about this email and the attachment I get upset. In my 1st Whistleblower complaint I talked about using my personal laptop during the implementation period 10/1/18 thru 12/31/19. The heavy load I put on my personal laptop computer has made it process slower because of the abundance of materials created over, and over, and over again.

My laptop was supposed to be replaced as discussed with Dr. Wash during the use of my laptop computer between 10/1/18 thru 12/31/19. Dr. Wash decided to buy a desk top computer around March 2019 before buying a laptop. I told Dr. Wash she was buying the desktop for EMAGES and not the SCA. I argued the desktop computer was not useful for our project because I operated from Dr. Wash's office on her conference table where we did our brainstorming creating documents and our curricula; and after working with Dr. Wash in her office, I had to go to my office to further work on the projects.

Dr. Wash did not buy a laptop for my use until October of 2019; and this was because I talked about alerting you guys. I did not get office supplies until September or October of 2019. I received bits and pieces of office supplies EMAGES had on hand; and we had our funding for the SCA. We were able to access our funding in February of 2019. I was tired of arguing with Dr. Wash and her administrative assistant Sheila Chew. Sheila would tell me she does not work for me so she did not have to do anything for me. The stress and anxiety was tremendous. Yet, I marched on.

Nevertheless, this "supposed" lawyer has not filed their appearance in case #20 cv 06316. This is harassment and intimidation.

Sent from my iPhone
Dr. Fred L Nance Jr
PhD Human Services
Social Policy Analysis
708-921-1395
www.clickservices.org

> On Nov 11, 2020, at 10:40 PM, Dr. Fred Nance Jr. <drfred.nancejr@gmail.com> wrote:

>> Good evening. I received this threatening email from an alleged lawyer of EMAGES this morning demanding my work product. This is who you are representing and supporting. I responded instructing them to file their appearance and answer the Federal complaint in 20 cv 06316. I will file a motion in this matter for violation of the Federal Rules of Civil Procedure submitting this document as proof of the violation. Again, I am not providing or discussing my strategy in this litigation. I am not giving up evidence in this litigation. Copies of my evidence and any other material items/evidence contained is requested during the discovery processes. Hopefully, you guys are not participating in this violation. Dr. Wash and her criminal enterprise are digging themselves a bigger hole.

>> Respectfully submitted

>> ---------- Forwarded message ---------
>> From: **Dr. Fred Nance Jr.** <drfred.nancejr@gmail.com>
>> Date: Wed, Nov 11, 2020 at 3:40 PM

Subject: Fwd: Emages, Inc.
To: Dr. Fred Nance Jr. <frednance@clickservices.org>


---------- Forwarded message ---------
From: **Kretschmer, Susan** <skretschmer@taftlaw.com>
Date: Wed, Nov 11, 2020 at 11:01 AM
Subject: Emages, Inc.
To: drfred.nancejr@gmail.com <drfred.nancejr@gmail.com>
Cc: Tucker, Janica Pierce <jpierce@taftlaw.com>


Please see attached correspondence from Attorney Janica Pierce Tucker.

Thank you,
Susan Kretschmer
Legal Assistant to Janica Pierce Tucker


Taft /

Susan M. Kretschmer
Legal Assistant

mailto:skretschmer@taftlaw.com
Dir: 614.334.6119
Tel: 614.221.2838 | Fax: 614.221.2007
65 E. State Street, Suite 1000
Columbus, OH 43215


http://www.taftlaw.com


This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.


--
/s/Dr. Fred Nance Jr., Ph.D.
Human Services/Social Policy Analysis
Program and Policy Development
708-921-1395
--
/s/Dr. Fred Nance Jr., Ph.D.
Human Services/Social Policy Analysis
Program and Policy Development
708-921-1395

<Letter re Emages, Inc..pdf>

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Fred L Nance Jr

                         Plaintiff,

v.                                          Case No.: 1:20−cv−06316
                                            Honorable Jorge L. Alonso

Department of Justice, et al.

                         Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, November 20, 2020:

     MINUTE entry before the Honorable Jorge L. Alonso: Defendant's motion for leave to appear pro hac vice [8] is granted. Attorney Janica Pierce Tucker is given leave to file her appearance on behalf of Defendants EMAGES, Inc. and Hattie Wash. Plaintiff's motion to deny pro hac vice [9] is denied. Defendants Emages, Inc. and Hattie Wash's unopposed motion for extension of time [11] is granted to 12/23/20. Motion hearing date of 11/23/20 is stricken. Notice mailed by judge's staff (lf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Fred L. Nance Jr. | ) | |
| | ) | Case No. 20 CV 06316 |
| Plaintiff, | ) | |
| | ) | Honorable Judge: Jorge L. Alonso |
| vs. | ) | |
| | ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice | ) | |
| Assistance, Office of Justice Programs, | ) | Beth W. Jantz |
| EMAGES, Inc., Hattie Wash, Thomas | ) | |
| Bradley, et al. | ) | Courtroom: 1903 |
| | ) | |
| Defendants. | ) | |

## MOTION FOR SANCTIONS WARNING CENSURE

NOW COMES, Pro se plaintiff reporting Taft Stettinius & Hollister LLP Attorneys

Janica Pierce Tucker and Derrick Thompson violated Rule 26 and LR 83.50 Rules of

Professional Conduct, Lawyer's Duty to Other Counsel.

In 1993, Supreme Court Justice Scalia discussed sanctioning attorneys. Most recently,

Justice Scalia's discussion is being surfaced for sanctioning attorneys in the fruitless litigation of

Trump's fraud issues in the 2020 election. The Supreme Court adopted amendments to the

federal rules of civil procedure, which are the boring, complicated compendium of legal rules

that apply in every federal court in the country. Under those rules, a lawyer may not sign a paper

that is "being presented for any improper purpose, such as to harass, cause unnecessary delay, or

needlessly increase the cost of litigation." The rules also state that "the factual contentions" in a

legal pleading must either "have evidentiary support" or "will likely have evidentiary support

after a reasonable opportunity for further investigation or discovery."

Pro se plaintiff submits the following in support:

1. On October 23, 2020 plaintiff filed his complaint with the Northern District of Illinois.

2.   On November 11, 2020 plaintiff received a nefarious, threatening, harassing, and intimidating email and letter from Derrick Thompson (hereinafter "Thompson") and Janica Pierce Tucker (hereinafter, "Tucker").

3.   In Thompson and Tucker's email and letter to plaintiff were unsubstantiated allegations, outright lies, as they requested what are discovery materials from plaintiff.

4.   Thompson and Tucker state plaintiff received a laptop during the course of his employment.

5.   Thompson and Tucker state plaintiff has failed to respond to numerous attempts from EMAGES to contact him.

6.   EMAGES, Inc. has not attempted to contact plaintiff regarding a laptop, nor has EMAGES, Inc. attempted to request anything from plaintiff except participation in closing the grant, which plaintiff has informed DOJ, BJA, OJP he would not participate in closing the grant because plaintiff's complaint is in opposition to closing the grant, which leads to plaintiff's termination and retaliation claims.

7.   Thompson and Tucker have no valid evidence or proof of such contact about a laptop.

8.   Thompson and Tucker state plaintiff must return the laptop immediately.

9.   Plaintiff's work product is on the laptop Thompson and Tucker are trying to acquire.

10. Thompson and Tucker state plaintiff must write any passwords required to access the computer.

11. Thompson and Tucker state failure to return the company property will result in EMAGES taking legal action.

12. Thompson and Tucker go on to demand plaintiff turn over evaluation documents from

OJP, client files, keys to file cabinets and the curricula plaintiff created and developed with defendant Hattie.

13. Defendant Hattie has keys to the only file cabinet plaintiff had access too.

14. Plaintiff does not have client files.

15. There are no evaluation documents from OJP.

16. Thompson and Tucker go on to state plaintiff must preserve any and all documents.

17. Thompson and Tucker nefariously threatens, harasses, and intimidates plaintiff stating "If EMAGES has not received the requested property on or before Friday, November 13, 2020, EMAGES will take legal action.

18. On December 21, 2020 Mr. Thompson called plaintiff and sent an email to plaintiff requesting plaintiff call him.

19. On December 21, 2020 plaintiff and Mr. Thompson spoke over the phone.

20. Plaintiff was unaware Mr. Thompson was calling plaintiff to request his unopposed position to his client EMAGES, Inc. and Hattie Wash's (hereinafter, "Hattie") extension of time.

21. After what plaintiff believed to be a fruitful conversation with Mr. Thompson about settlement and an extension of time, plaintiff informed Mr. Thompson he would not oppose his extension of time.

22. On December 23, 2020 plaintiff received an email notice for "JustGrants", which is the website for the grant in this litigation.

23. Plaintiff found on the "JustGrants" website defendant Hattie had changed plaintiff to a lesser role, which was Grant Administrator to Alternative Grant Administrator, with this grant without notice to plaintiff, which is the processes and violates the Whistleblower Act of 2013.

24. On December 23, 2020, at 10:51 am, plaintiff sent an email to Mr. Thompson stating he

opposed his extension of time.

Plaintiff strongly believes he was deceived by Mr. Thompson, who possibly knew his client EMAGES, Inc. and Hattie had demoted plaintiff's DOJ, BJA, OJP position with this grant, furthering the violation of the Whistleblower Act of 2013.

WHEREFORE, pro se plaintiff respectfully request this Honorable Court sanction, warn, and/or censure Attorneys Janica Pierce Tucker and Derrick Thompson for their intentional and deceptive acts listed in this motion.

Respectfully submitted

/s/Fred L. Nance Jr., Ph.D.
Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Fred L Nance Jr

                            Plaintiff,

v.                                              Case No.: 1:20−cv−06316

                                                Honorable Jorge L. Alonso

Department of Justice, et al.

                            Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, February 4, 2021:

      MINUTE entry before the Honorable Jorge L. Alonso: Defendants' motion [35] for extension of time is granted. Defendants Emages, Inc., Wash and Bradley are to answer or otherwise plead by 2/12/2021. Plaintiff's motions [[16], [17]] for default judgment are denied as moot. Plaintiff's motion [26] for sanctions is denied, because the asserted conduct is not sanctionable. Plaintiff's deadline to respond to defendant's motion [31] to dismiss or for summary judgment is due 3/12/2021. Defendant's reply is due 3/26/2021. Motion hearing date of 2/5/2021 is stricken. Notice mailed by Judge's staff (lf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Fred L. Nance Jr. | ) | |
| | ) | Case No. 20 CV 06316 |
| Plaintiff, | ) | |
| | ) | Honorable Judge: Jorge L. Alonso |
| vs. | ) | |
| | ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice | ) | |
| Assistance, Office of Justice Programs, | ) | Beth W. Jantz |
| EMAGES, Inc., Hattie Wash, Thomas | ) | |
| Bradley, et al. | ) | Courtroom: 1903 |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF MOTION UNDER RULE 26 and 56(d)

Plaintiff emphatically states there has been no initial discovery in this matter pursuant to

Rule 26. Initial discovery is necessary to prove or disprove the facts of a plaintiff or defendant,

especially, when addressing a summary judgment. Plaintiff is forced to file this motion under

Rule 56(d) because defendants are circumventing the normal processes of the FRCP for

Discovery. Rule 56(d) states that if the non-movant in a summary judgment proceeding shows by

affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his

opposition, the Court may defer considering the motion or deny it and allow time to take

additional discovery. FED. R. CIV. P. 56(d).

In *Nance v. NBCUniversal Media, LLC*, No. 16-11635, 2018 WL 1762440 (N.D.

Ill. July 29, 2019) Judge Harry Leinenweber, in his Memorandum and Opinion reported, "Rule

56(d) states that if the non-movant in a summary judgment proceeding shows by affidavit or

declaration that, for specified reasons, he cannot present facts essential to justify his opposition,

the Court may defer considering the motion or deny it and allow time to take additional

discovery. FED. R. CIV. P. 56(d)."

Seventh Circuit Judge Harry Leinenweber further stateded "The Seventh Circuit has made clear that Rule 56(d) requires a motion. See *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006) ("When a party thinks it needs additional discovery in order to oppose a motion for summary judgment . . . Rule 56(f) [now Rule 56(d)] provides a simple procedure for requesting relief: move for a continuance and submit an affidavit explaining why the additional discovery is necessary."); *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996) ("When a party is unable to gather the materials required by Rule 56(e), the proper course is to move for a continuance under Rule 56(f) [now Rule 56(d)]."). A Rule 56(d) motion "must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit." *Deere & Co*., 462 F.3d at 706.

Disclosures are protected only if made to: (1) A member of Congress or a congressional committee; (2) An Inspector General; (3) The Government Accountability Office (GAO). (4) A federal employee responsible for contract or grant oversight or management at the relevant agency; (5) An authorized official of the Department of Justice (DOJ) or other law enforcement agency; (6) A court or grand jury; and (7) A management official or other employee of the contractor or subcontractor who has the responsibility to investigate, discover, or address misconduct 10 U.S.C. § 2409(a)(2); 41 U.S.C. § 4712(a)(2).)

WHEREFORE, plaintiff request (1) a continuance in the matter of this court's order on February 5, 2021; (2) initial Discovery pursuant to Rule 26, and/or discovery pursuant to Rule 56(d) addressing defendant's motion for summary judgment.

Respectfully submitted,

/s/Fred L. Nance Jr., Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395 frednance@clickservices.org

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Fred L. Nance Jr. | ) | |
| | ) | Case No. 20 CV 06316 |
| Plaintiff, | ) | |
| | ) | Honorable Judge: Jorge L. Alonso |
| vs. | ) | |
| | ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice | ) | |
| Assistance, Office of Justice Programs, | ) | Beth W. Jantz |
| EMAGES, Inc., Hattie Wash, Thomas | ) | |
| Bradley, et al. | ) | Courtroom: 1903 |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF DECLARATION IN SUPPORT OF MOTION UNDER RULE 26 and 56(d)**

Pursuant to FRCP 56(c)(4) An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Pursuant to L.R. 56.1(d)(4) statements of additional facts.

In lieu of an affidavit sworn under oath, federal law allows an "unsworn declaration, certificate, verification, or statement, in writing, of a person which is subscribed by him, as true under penalty of perjury, and dated to have the same enforcement and effect as an affidavit or other sworn statement. Pursuant to 28 U.S.C. §1746, Plaintiff submits the following as facts and exhibits needing the discovery processes:

1. Defendant Department of Justice, Bureau of Justice Assistance, Office of Justice Programs (hereinafter, "DOJ") decided to circumvent the normal discovery processes and file a motion to dismiss or summary judgment in this matter.

2. Plaintiff does not have the appropriate answers to fully address DOJ's summary judgment.

3. Plaintiff states this litigation is about the violations and negligent acts of DOJ employees regarding the Whistleblower Act and Second Chance Act bill.

4. Plaintiff asserts and declares discovery is needed to address defendant's motion for summary judgment and plaintiff's 107 paragraphs/allegations in his Original Complaint, as if fully stated herein (Ex.1).

5. Plaintiff request initial discovery under Rule 26 to validate his assertions and allegations in his Original complaint.

6. Plaintiff has not been availed to the initial discovery processes of litigation.

7. Without the discovery processes, plaintiff is hindered in addressing or fully disputing the material facts given by defendants in their motion for summary judgment's statement of facts pursuant to 56.1(a)(2).

8. Plaintiff needs to acquire, through the discovery processes, the Second Chance Act bill signed by President Bush on April 10, 2008 and current amendments to substantiate or denounce some of defendant's material facts, such as ¶'s 2,5,6,7,10,11,13,14,15 & 16.

9. Plaintiff needs to acquire a written declaration from the Honorable Congressman Danny K. Davis as to the conversations he has had with the plaintiff and his knowledge of the Whistleblower complaints, and the Second Chance Act bill he sponsored as it applies to the Whistleblower Act of 2013, amended 2016.

10. The National Defense Authorization Act of 2013 Office of Special Counsel posters and email with attachments to info@osc.gov on September 28, 2020. (Ex.18, 19, 20, 21, 22, 23)

11. On December 14, 2016 Congress passed Public Law 114-261 permanently extended whistleblower protections. (Ex.10, p.3, Ex.26)

12. Defendants EMAGES and Hattie with the assistance of DOJ employees violated the DOJ

Financial Fraud, Waste and Abuse policies. (Ex.25, pp.141-145)

13. On September 21, 2020 Defendant Hattie stated in an email to plaintiff if she gave Grant #2018-CY-BX-0025 back to DOJ, plaintiff could have it. (Ex.5, ¶1)

14. DOJ refused to give Grant #2018-CY-BX-0025 to plaintiff and C.L.I.C.K. Services, NFP after defendant Hattie gave it back violating their own policies. (Ex. 25, pp.128-129)

15. The Honorable Congressman Danny K. Davis is the principal sponsor of the Second Chance Act Bill of 2007. (Ex.17)

16. Plaintiff facilitated a letter of support from the Honorable Congressman Danny K. Davis. (Ex.14)

17. Plaintiff apprised the Honorable Congressman Danny K. Davis of the Whistleblower complaints. (Ex.15)

18. Plaintiff will request Congressman Davis testify at trial or provide an oral and written deposition as a witness to plaintiff's communication to him regarding plaintiff's Whistleblower complaints pursuant to Rule 26 et seq.

19. Plaintiff is the subrecipient referenced in the Subaward Monitoring Policy. (Ex.24, ¶1)

20. Brenda Worthington is the Bureau of Justice Assistance (hereinafter, "BJA") Division Chief. (Ex.16)

21. Plaintiff discusses his employment status with BJA Division Chief Brenda Worthington via email regarding a subrecipient agreement, subawards, subrecipient monitoring policies, and the National Defense Authorization Act of 2013, the Whistleblower Act. (Ex.16)

22. Office of Justice Programs (hereinafter, "OJP") Division Chief Michael Dever admits EMAGES, Inc. and C.L.I.C.K. Services, NFP described a partnership in the application for Grant #2018-CY-BX-0025. (Ex.30)

23. Defendant Hattie Wash (hereinafter, "Hattie") stated DOJ cannot tell her how to expend federal funds. (Ex.16, p.3)

24. Department of Justice, Bureau of Justice Assistance, Office of Justice Programs (hereinafter, "DOJ") employees Michael Dever, Division Chief; Andre Bethea, Senior Policy Advisor; Tracey Willis, Grant Manager; and OIG Inspector General (Ex.8) committed gross negligence when they did not address plaintiff's April 17, 2020, August 29, 2020, and September 13, 2020 Whistleblower complaints. (Ex.12)

25. Plaintiff sent emails to DOJ employees Michael Dever, Andre Bethea, and Tracey Willis regarding all 3 Whistleblower complaints (Ex.13).

26. Defendants Hattie false claims to why she was giving the grant back to DOJ. (Ex.5)

27. DOJ allowed Hattie to give the grant back with only the support of her letter without providing plaintiff with a copy, due to plaintiff's September 21, 2020 emails (Ex.5), so he could or they could validate the content of defendant Hattie's letter.

28. Defendants EMAGES and Hattie understood C.L.I.C.K. Services, NFP and plaintiff were partners/collaborators and a subcontractor (subaward) of Grant #2018-CY-BX-0025. (Ex.3, 24 & 25, pp. 115-120)

29. The 2013 National Defense Authorization Act requires that agencies ensure that their contractors provide employees with written notice of their rights and remedies under the Act.

30. Defendant Hattie did not provide written notice of rights and remedies under the 2013 NDAA Act.

31. After receiving plaintiff's Whistleblower Act complaints, DOJ never responded to the complaints before accepting and concurring with defendant Hattie's false written statement given to them.

32. Plaintiff provided information, via email, to DOJ employees to substantiate the false information given to them by defendant Hattie terminating Grant #2018-CY-BX-0025.

33. DOJ did not investigate defendant Hattie's statements in her letter to them as to why she was terminating the grant and giving it back to DOJ.

34. DOJ terminated plaintiff's employment in violation of the Whistleblower Act.

35. DOJ employee's refusal to investigate plaintiff's Whistleblower complaints for April 17, 2020, August 29, 2020, and September 13, 2020 was an act of negligence. (Ex.13)

36. After plaintiff made defendant Hattie aware she was misappropriating funds and/or committing fraud, defendant Hattie continued to misappropriate the funds of Grant #2018-CY-BX-0025. (Ex.12)

37. The OIG online complaint page does not provide confirmation on a complaint being filed. (Ex.9)

38. Plaintiff does not know how the OIG received his 1st, 2nd, or 3rd Whistleblower complaints, whether via online or U.S. mail. (Ex.8, 22)

39. Plaintiff submitted his August 29, 2020 Whistleblower complaint online (Ex.9) and mailed it to the Office of the OIG, along with his April 17, 2020 and September 13, 2020 Whistleblower complaints that the OIG did not reference in his letter of October 13, 2020. (Ex.8)

40. On March 21, 2020 DOJ presented exceptions for all grants during Covid-19 further negating defendant Hattie's letter submitted to DOJ for her false reasoning giving the grant back. (Ex.27,28)

Respectfully submitted,

/s/Fred L Nance Jr., Pro Se Plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395 frednance@clickservices.org

Pursuant to 28 U.S.C. §1746

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 13, 2021.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
## Eastern Division

Fred L Nance Jr

                                    Plaintiff,

v.                                                      Case No.: 1:20−cv−06316
                                                        Honorable Jorge L. Alonso

Department of Justice, et al.

                                    Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, February 17, 2021:

      MINUTE entry before the Honorable Jorge L. Alonso: Telephonic motion hearing held. For the reasons stated on the record, Plaintiff's motion under rule 26 and 56(d) [43] is denied. Plaintiff shall respond to Defendants' combined motion to dismiss Plaintiff's complaint and motion for a more definite statement pursuant to federal rules of civil procedure 12(b)(6) and 12(e) [40] by 3/19/21; Defendants' shall reply by 3/31/21. The previously set briefing schedule on Defendant U.S. Department of Justice's motion to dismiss or for summary judgment [31] remains set. Notice mailed by Judge's staff (lf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.