No. 21-2161

_____

**United States Court of Appeals
For the Seventh Circuit**

_____

| | |
|---|---|
| FRED L. NANCE JR., )<br>    Plaintiff-Appellant )<br>)<br>vs. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE, et al., )<br>    Defendants -Appellees. ) | **DOCKETING STATEMENT** |

_____

**Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division**
c

_____

The plaintiff-appellant, Fred L. Nance, Jr., submits this Docketing Statement pursuant to Circuit Rule 3(c)(1) of the United States Court of Appeals for the Seventh Circuit.

**Jurisdiction of the District Court.**

Plaintiff-Appellant brought this action pursuant the Whistleblower Protections Under the National Defense Authorization Act of 2013, amended 2016; 10 U.S.C. §2409; 41 U.S.C. §4712. Jurisdiction was invoked pursuant to the National Defense Authorization Act of 2013, amended 2016; 10 U.S.C. §2409; 41 U.S.C. §4712. This action properly lies in the Northern District of Illinois, Eastern Division because plaintiff and all defendants either reside in the District or engage in the operation of business in this District, and all events giving rise to plaintiff's claims occurred within the District.

**Jurisdiction of the Appellate Court.**

Jurisdiction of the Court of Appeals over the orders and claims exists pursuant to 28 U.S.C. § 1291 because the District Court's ruling on the Department of Justice, Bureau of Justice Assistance, Office of Justice Programs (hereinafter, "DOJ") defendants' motion to dismiss constitutes a final decision that disposed of all claims of the plaintiff-appellant against defendant-appellees Department of Justice, Bureau of Justice Assistance, Office of Justice Programs; and because the District Court's ruling on November 20, 2020, February 4, 2021, February 17, 2021, June 9, 2021, and June 15, 2021 constituted final decisions that disposed of all claims alleged in these motions by the plaintiff-appellant.

The notice of appeal is supposed to be a simple document that provides notice that a party is appealing and invokes the jurisdiction of the court of appeals. It therefore must state who is appealing, what is being appealed, and to what court the appeal is being taken. It is the role of the briefs, not the notice of appeal, to focus and limit the issues on appeal. Because the jurisdiction of the court of appeals is established by statute, an appeal can be taken only from those district court decisions from which Congress has authorized an appeal. In most instances, that is the final judgment, see, e.g., 28 U.S.C. § 1291, but some other orders are considered final within the meaning of 28 U.S.C. § 1291, and some interlocutory orders are themselves appealable. See, e.g., 28 U.S.C. § 1292. Accordingly, Rule 3(c)(1) currently requires that the notice of appeal "designate the judgment, order, or part thereof being appealed." The judgment or order to be designated is the one serving as the basis of the court's appellate jurisdiction and from which time limits are calculated. However, some have interpreted this language as an invitation, if not a requirement, to designate each and every order of the district court that the appellant may wish to challenge on appeal. Such an interpretation overlooks a key distinction between the judgment or

order on appeal, the one serving as the basis of the court's appellate jurisdiction and from which time limits are calculated, and the various orders or decisions that may be reviewed on appeal because they merge into the judgment or order on appeal.

1. On June 8, 2021 the District Court granted DOJ defendants' motion to dismiss with prejudice [Dkt. No. 31], Dkt. No. 64.

2. On June 9, 2021 the District Court denied plaintiff-appellant's motions to supplement original complaint [Dkt. Nos. 60 & 62], Dkt. No. 65.

3. On June 15, 2021 the District Court denied plaintiff-appellant's motion to stay proceedings [Dkt. No. 66], Dkt. No. 68.

4. On February 17, 2021 the District Court denied plaintiff-appellant's motion under rule 26 and 56(d) [Dkt. No. 43], Dkt. No. 48.

5. On February 4, 2021 the District Court denied plaintiff-appellant's motion for sanctions [Dkt. No. 26], Dkt. No. 37.

6. On November 20, 2020 the District Court denied plaintiff-appellant's motion to deny pro hac vice [Dkt. No. 9], Dkt. No. 13.

Respectfully submitted,

/s/Fred L. Nance Jr., Ph.D.
Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org

## CERTIFICATE OF SERVICE

Plaintiff-Appellant hereby certify that on June 29, 2021, he electronically filed the foregoing Docketing Statement with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Plaintiff-Appellant also certify that he served the foregoing Docketing Statement on the individuals referenced on the Service List, below by CM/EFC system on June 29, 2021.

### Service List

Adam William Decker

Derrick M. Thompson

Janica A. Pierce Tucker

Kurt N. Lindland