# EXHIBIT 1

April 14, 2021


Honorable Nancy Pelosi
Speaker of the House of Representatives
Washington, DC  20515

Dear Madam Speaker:

I have the honor to submit to the Congress the amendments to the Federal Rules of Appellate Procedure that have been adopted by the Supreme Court of the United States pursuant to Section 2072 of Title 28, United States Code.

Accompanying the amended rules are the following materials that were submitted to the Court for its consideration pursuant to Section 2072 of Title 28, United States Code: a transmittal letter to the Court dated October 20, 2020; a redline version of the rules with committee notes; an excerpt from the September 2020 report of the Committee on Rules of Practice and Procedure to the Judicial Conference of the United States; and an excerpt from the June 2020 report of the Advisory Committee on Appellate Rules.

Sincerely,

/s/ John G. Roberts, Jr.

April 14, 2021


Honorable Kamala D. Harris
President, United States Senate
Washington, DC  20510

Dear Madam President:

     I have the honor to submit to the Congress the amendments to the Federal Rules of Appellate Procedure that have been adopted by the Supreme Court of the United States pursuant to Section 2072 of Title 28, United States Code.

     Accompanying the amended rules are the following materials that were submitted to the Court for its consideration pursuant to Section 2072 of Title 28, United States Code: a transmittal letter to the Court dated October 20, 2020; a redline version of the rules with committee notes; an excerpt from the September 2020 report of the Committee on Rules of Practice and Procedure to the Judicial Conference of the United States; and an excerpt from the June 2020 report of the Advisory Committee on Appellate Rules.

          Sincerely,

          /s/ John G. Roberts, Jr.

April 14, 2021

SUPREME COURT OF THE UNITED STATES

ORDERED:

1.  The Federal Rules of Appellate Procedure are amended to include amendments to Rules 3 and 6, and Forms 1 and 2.

[*See infra* pp. __ __ __.]

2.  The foregoing amendments to the Federal Rules of Appellate Procedure shall take effect on December 1, 2021, and shall govern in all proceedings in appellate cases thereafter commenced and, insofar as just and practicable, all proceedings then pending.

3.  THE CHIEF JUSTICE is authorized to transmit to the Congress the foregoing amendments to the Federal Rules of Appellate Procedure in accordance with the provisions of Section 2074 of Title 28, United States Code.

**PROPOSED AMENDMENTS TO THE**
**FEDERAL RULES OF APPELLATE PROCEDURE**

**Rule 3. Appeal as of Right—How Taken**

\* \* \* \* \*

**(c)  Contents of the Notice of Appeal.**

(1)  The notice of appeal must:

(A)  specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as ''all plaintiffs,'' ''the defendants,'' ''the plaintiffs A, B, et al.,'' or ''all defendants except X'';

(B)  designate the judgment—or the appealable order—from which the appeal is taken; and

(C)  name the court to which the appeal is taken.

(2)  A pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and

2          FEDERAL RULES OF APPELLATE PROCEDURE

minor children (if they are parties), unless the notice clearly indicates otherwise.

(3) In a class action, whether or not the class has been certified, the notice of appeal is sufficient if it names one person qualified to bring the appeal as representative of the class.

(4) The notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal.

(5) In a civil case, a notice of appeal encompasses the final judgment, whether or not that judgment is set out in a separate document under Federal Rule of Civil Procedure 58, if the notice designates:

(A) an order that adjudicates all remaining claims and the rights and liabilities of all remaining parties; or

FEDERAL RULES OF APPELLATE PROCEDURE          3

(B)  an order described in Rule 4(a)(4)(A).

(6)  An appellant may designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited. Without such an express statement, specific designations do not limit the scope of the notice of appeal.

(7)  An appeal must not be dismissed for informality of form or title of the notice of appeal, for failure to name a party whose intent to appeal is otherwise clear from the notice, or for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment.

(8)  Forms 1A and 1B in the Appendix of Forms are suggested forms of notices of appeal.

\* \* \* \* \*

**Rule 6. Appeal in a Bankruptcy Case**

\* \* \* \* \*

**(b) Appeal From a Judgment, Order, or Decree of a District Court or Bankruptcy Appellate Panel Exercising Appellate Jurisdiction in a Bankruptcy Case.**

(1) **Applicability of Other Rules.** These rules apply to an appeal to a court of appeals under 28 U.S.C. § 158(d)(1) from a final judgment, order, or decree of a district court or bankruptcy appellate panel exercising appellate jurisdiction under 28 U.S.C. § 158(a) or (b), but with these qualifications:

(A) Rules 4(a)(4), 4(b), 9, 10, 11, 12(c), 13–20, 22–23, and 24(b) do not apply;

(B) the reference in Rule 3(c) to ''Forms 1A and 1B in the Appendix of Forms'' must be read as a reference to Form 5;

(C) when the appeal is from a bankruptcy appellate panel, ''district court,'' as used in

FEDERAL RULES OF APPELLATE PROCEDURE 5

any applicable rule, means ''appellate

panel''; and

(D) in Rule 12.1, ''district court'' includes a

bankruptcy court or bankruptcy appellate

panel.

\* \* \* \* \*

**Form 1A**

**Notice of Appeal to a Court of Appeals From a
Judgment of a District Court**

United States District Court for the _____
District of _____
Docket Number _____

| A.B., Plaintiff | |
|---|---|
| v. | Notice of Appeal |
| C.D., Defendant | |

_____ (name all parties taking the appeal)* appeal
to the United States Court of Appeals for the _____ Circuit
from the final judgment entered on _____ (state the date
the judgment was entered).

(s) _____
*Attorney for* _____
*Address*: _____

[***Note to inmate filers:*** *If you are an inmate confined in an
institution and you seek the timing benefit of Fed. R. App. P.
4(c)(1), complete Form 7 (Declaration of Inmate Filing) and
file that declaration with this Notice of Appeal.*]

---

* See Rule 3(c) for permissible ways of identifying appellants.

**Form 1B**

**Notice of Appeal to a Court of Appeals From an
Appealable Order of a District Court**

United States District Court for the _____
District of _____
Docket Number _____

| |
|---|
| A.B., Plaintiff |
| v. |
| C.D., Defendant |

Notice of Appeal

_____ (name all parties taking the appeal)*
appeal to the United States Court of Appeals for the
_____ Circuit from the order _____ (describe the
order) entered on _____ (state the date the order was
entered).

(s) _____
*Attorney for* _____
*Address*: _____

[**_Note to inmate filers:_** *If you are an inmate confined in an
institution and you seek the timing benefit of Fed. R. App. P.
4(c)(1), complete Form 7 (Declaration of Inmate Filing) and
file that declaration with this Notice of Appeal.*]

---

* See Rule 3(c) for permissible ways of identifying appellants.

**Form 2**

**Notice of Appeal to a Court of Appeals From a Decision
of
the United States Tax Court**

United States Tax Court
Washington, D.C.

Docket No. _____

| |
|---|
| A.B., Petitioner |
| v. |
| Commissioner of Internal Revenue, Respondent |

Notice of Appeal

_____ (name all parties taking the appeal)* appeal to the United States Court of Appeals for the _____ Circuit from the decision entered on _____ (state the date the decision was entered).

(s) _____

*Attorney for* _____

*Address*: _____

---

* See Rule 3(c) for permissible ways of identifying appellants.



JUDICIAL CONFERENCE OF THE UNITED STATES

WASHINGTON, D.C. 20544

THE CHIEF JUSTICE
OF THE UNITED STATES
*Presiding*

JAMES C. DUFF
*Secretary*

October 20, 2020

MEMORANDUM

To:        Chief Justice of the United States
           Associate Justices of the Supreme Court

From:      James C. Duff

RE:        TRANSMITTAL OF PROPOSED AMENDMENTS TO THE FEDERAL RULES OF
           APPELLATE PROCEDURE

By direction of the Judicial Conference of the United States, pursuant to the authority conferred by 28 U.S.C. § 331, I transmit herewith for consideration of the Court proposed amendments to Rules 3 and 6, and Forms 1 and 2, of the Federal Rules of Appellate Procedure, which were approved by the Judicial Conference at its September 2020 session. The Judicial Conference recommends that the amendments be adopted by the Court and transmitted to Congress pursuant to law.

For your assistance in considering the proposed amendments, I am transmitting: (i) a copy of the affected rules and forms incorporating the proposed amendments and accompanying committee notes; (ii) a blackline version of the same; (iii) an excerpt from the September 2020 Report of the Committee on Rules of Practice and Procedure to the Judicial Conference; and (iv) an excerpt from the June 2020 Report of the Advisory Committee on Appellate Rules.

Attachments

**PROPOSED AMENDMENTS TO THE
FEDERAL RULES OF APPELLATE PROCEDURE[1]**

1  **Rule 3. Appeal as of Right—How Taken**

2  　　　　　* * * * *

3  **(c)**　**Contents of the Notice of Appeal.**

4  　　　(1)　The notice of appeal must:

5  　　　　　(A)　specify the party or parties taking the appeal

6  　　　　　　　　by naming each one in the caption or body

7  　　　　　　　　of the notice, but an attorney representing

8  　　　　　　　　more than one party may describe those

9  　　　　　　　　parties with such terms as ''all plaintiffs,''

10 　　　　　　　　''the defendants,'' ''the plaintiffs A, B, et

11 　　　　　　　　al.,'' or ''all defendants except X'';

12 　　　　　(B)　designate the judgment, ~~or the appealable~~

13 　　　　　　　　~~order~~ —from which the appeal is taken ~~, or~~

14 　　　　　　　　~~part thereof being appealed~~; and

---

[1] New material is underlined; matter to be omitted is lined through.

2     FEDERAL RULES OF APPELLATE PROCEDURE

15     (C)  name the court to which the appeal is taken.

16  (2)  A pro se notice of appeal is considered filed on

17     behalf of the signer and the signer's spouse and

18     minor children (if they are parties), unless the

19     notice clearly indicates otherwise.

20  (3)  In a class action, whether or not the class has

21     been certified, the notice of appeal is sufficient if

22     it names one person qualified to bring the appeal

23     as representative of the class.

24  <ins>(4)  The notice of appeal encompasses all orders that,</ins>

25     <ins>for purposes of appeal, merge into the designated</ins>

26     <ins>judgment or appealable order. It is not necessary</ins>

27     <ins>to designate those orders in the notice of appeal.</ins>

28  <ins>(5)  In a civil case, a notice of appeal encompasses</ins>

29     <ins>the final judgment, whether or not that judgment</ins>

30     <ins>is set out in a separate document under Federal</ins>

31     <ins>Rule of Civil Procedure 58, if the notice</ins>

32     <ins>designates:</ins>

FEDERAL RULES OF APPELLATE PROCEDURE          3

33          (A) an order that adjudicates all remaining

34          claims and the rights and liabilities of all

35          remaining parties; or

36          (B) an order described in Rule 4(a)(4)(A).

37    (6)   An appellant may designate only part of a

38          judgment or appealable order by expressly

39          stating that the notice of appeal is so limited.

40          Without such an express statement, specific

41          designations do not limit the scope of the notice

42          of appeal.

43    ~~(4)~~ (7) An appeal must not be dismissed for

44          informality of form or title of the notice of

45          appeal, ~~or~~ for failure to name a party whose

46          intent to appeal is otherwise clear from the

47          notice, or for failure to properly designate the

48          judgment if the notice of appeal was filed after

49          entry of the judgment and designates an order

50          that merged into that judgment.

4        FEDERAL RULES OF APPELLATE PROCEDURE

51        ~~(5)~~ (8) Form~~s~~ 1<u>A and 1B</u> in the Appendix of Forms

52        <u>are</u> ~~is a~~ suggested form<u>s</u> of ~~a~~ notice<u>s</u> of appeal.

53        * * * * *

### Committee Note

The notice of appeal is supposed to be a simple document that provides notice that a party is appealing and invokes the jurisdiction of the court of appeals. It therefore must state who is appealing, what is being appealed, and to what court the appeal is being taken. It is the role of the briefs, not the notice of appeal, to focus the issues on appeal.

Because the jurisdiction of the court of appeals is established by statute, an appeal can be taken only from those district court decisions from which Congress has authorized an appeal. In most instances, that is the final judgment, *see, e.g.*, 28 U.S.C. § 1291, but some other orders are considered final within the meaning of 28 U.S.C. § 1291, and some interlocutory orders are themselves appealable, *see, e.g.*, 28 U.S.C. § 1292. Accordingly, Rule 3(c)(1) currently requires that the notice of appeal "designate the judgment, order, or part thereof being appealed." The judgment or order to be designated is the one serving as the basis of the court's appellate jurisdiction and from which time limits are calculated.

However, some have interpreted this language as an invitation, if not a requirement, to designate each and every order of the district court that the appellant may wish to challenge on appeal. Such an interpretation overlooks a key distinction between the judgment or order on appeal—the one serving as the basis of the court's appellate jurisdiction and from which time limits are calculated—and the various

FEDERAL RULES OF APPELLATE PROCEDURE          5

orders or decisions that may be reviewed on appeal because they merge into the judgment or order on appeal. Designation of the final judgment confers appellate jurisdiction over prior interlocutory orders that merge into the final judgment. The merger principle is a corollary of the final judgment rule: a party cannot appeal from most interlocutory orders, but must await final judgment, and only then obtain review of interlocutory orders on appeal from the final judgment.

In an effort to avoid the misconception that it is necessary or appropriate to designate each and every order of the district court that the appellant may wish to challenge on appeal, Rule 3(c)(1) is amended to require the designation of "the judgment—or the appealable order—from which the appeal is taken," and the phrase "or part thereof" is deleted. In most cases, because of the merger principle, it is appropriate to designate only the judgment. In other cases, particularly where an appeal from an interlocutory order is authorized, the notice of appeal must designate that appealable order.

Whether due to misunderstanding or a misguided attempt at caution, some notices of appeal designate both the judgment and some particular order that the appellant wishes to challenge on appeal. A number of courts, using an *expressio unius* rationale, have held that such a designation of a particular order limits the scope of the notice of appeal to the particular order, and prevents the appellant from challenging other orders that would otherwise be reviewable, under the merger principle, on appeal from the final judgment. These decisions inadvertently create a trap for the unwary.

However, there are circumstances in which an appellant may deliberately choose to limit the scope of the notice of

appeal, and it is desirable to enable the appellant to convey this deliberate choice to the other parties.

To alert readers to the merger principle, a new provision is added to Rule 3(c): "The notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal." The general merger rule can be stated simply: an appeal from a final judgment permits review of all rulings that led up to the judgment. Because this general rule is subject to some exceptions and complications, the amendment does not attempt to codify the merger principle but instead leaves its details to case law.

The amendment does not change the principle established in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988), that "a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." *See also Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp.'s*, 571 U.S. 177, 179 (2014) ("Whether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal.").

To remove the trap for the unwary, while enabling deliberate limitations of the notice of appeal, another new provision is added to Rule 3(c): "An appellant may designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited. Without such an express statement, specific designations do not limit the scope of the notice of appeal."

FEDERAL RULES OF APPELLATE PROCEDURE        7

A related problem arises when a case is decided by a series of orders, sometimes separated by a year or more. For example, some claims might be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and then, after a considerable period for discovery, summary judgment under Fed. R. Civ. P. 56 is granted in favor of the defendant on the remaining claims. That second order, because it resolves all of the remaining claims, is a final judgment, and an appeal from that final judgment confers jurisdiction to review the earlier Fed. R. Civ. P. 12(b)(6) dismissal. But if a notice of appeal describes the second order, not as a final judgment, but as an order granting summary judgment, some courts would limit appellate review to the summary judgment and refuse to consider a challenge to the earlier Fed. R. Civ. P. 12(b)(6) dismissal. Similarly, if district court complies with the separate document requirement of Fed. R. Civ. P. 58, and enters both an order granting summary judgment as to the remaining claims and a separate document denying all relief, but the notice of appeal designates the order granting summary judgment rather than the separate document, some courts would likewise limit appellate review to the summary judgment and refuse to consider a challenge to the earlier Fed. R. Civ. P. 12(b)(6) dismissal. This creates a trap for all but the most wary, because at the time that the district court issues the order disposing of all remaining claims, a litigant may not know whether the district court will ever enter the separate document required by Fed. R. Civ. P. 58.

To remove this trap, a new provision is added to Rule 3(c): "In a civil case, a notice of appeal encompasses the final judgment, whether or not that judgment is set out in a separate document under Federal Rule of Civil Procedure 58, if the notice designates . . . an order that adjudicates all remaining claims and the rights and liabilities of all remaining parties . . . ."

Frequently, a party who is aggrieved by a final judgment will make a motion in the district court instead of filing a notice of appeal. Rule 4(a)(4) permits a party who makes certain motions to await disposition of those motions before appealing. But some courts treat a notice of appeal that designates only the order disposing of such a motion as limited to that order, rather than bringing the final judgment before the court of appeals for review. (Again, such an appeal might be brought before or after the judgment is set out in a separate document under Fed. R. Civ. P. 58.) To reduce the unintended loss of appellate rights in this situation, a new provision is added to Rule 3(c): "In a civil case, a notice of appeal encompasses the final judgment, whether or not that judgment is set out in a separate document under Federal Rule of Civil Procedure 58, if the notice designates . . . an order described in Rule 4(a)(4)(A)." This amendment does not alter the requirement of Rule 4(a)(4)(B)(ii) (requiring a notice of appeal or an amended notice of appeal if a party intends to challenge an order disposing of certain motions).

Rule 3(c)(5) is limited to civil cases. Similar issues may arise in a small number of criminal cases, and similar treatment may be appropriate, but no inference should be drawn about how such issues should be handled in criminal cases.

On occasion, a party may file a notice of appeal after a judgment but designate only a prior nonappealable decision that merged into that judgment. To deal with this situation, Rule 3(c)(7) provides that an appeal must not be dismissed for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment. In this situation, a court should act as if the notice had properly designated the judgment. In determining whether a notice of appeal was

FEDERAL RULES OF APPELLATE PROCEDURE          9

filed after the entry of judgment, Rules 4(a)(2) and 4(b)(2) apply.

The new provisions are added as Rules 3(c)(4), 3(c)(5), and 3(c)(6), with the existing Rules 3(c)(4) and 3(c)(5) renumbered. In addition, to reflect these changes to the rule, Form 1 is replaced by Forms 1A and 1B, and Form 2 is amended.

10        FEDERAL RULES OF APPELLATE PROCEDURE

1 **Rule 6. Appeal in a Bankruptcy Case**

2                       * * * * *

3 **(b) Appeal From a Judgment, Order, or Decree of a**

4 **District Court or Bankruptcy Appellate Panel Exercising**

5 **Appellate Jurisdiction in a Bankruptcy Case.**

6     (1) **Applicability of Other Rules.** These rules apply to

7         an appeal to a court of appeals under 28 U.S.C.

8         § 158(d)(1) from a final judgment, order, or decree

9         of a district court or bankruptcy appellate panel

10         exercising appellate jurisdiction under 28 U.S.C.

11         § 158(a) or (b), but with these qualifications:

12     (A)   Rules 4(a)(4), 4(b), 9, 10, 11, 12(c), 13–20,

13            22–23, and 24(b) do not apply;

14     (B)   the reference in Rule 3(c) to ''Forms 1<u>A and</u>

15            <u>1B</u> in the Appendix of Forms'' must be read

16            as a reference to Form 5;

17     (C)   when the appeal is from a bankruptcy

18            appellate panel, ''district court,'' as used in

FEDERAL RULES OF APPELLATE PROCEDURE            11

19          any applicable rule, means ''appellate

20          panel''; and

21      (D)  in Rule 12.1, ''district court'' includes a

22          bankruptcy court or bankruptcy appellate

23          panel.

24                    * * * * *

**Committee Note**

The amendment replaces Form 1 with Forms 1A and 1B to conform to the amendment to Rule 3(c).

**Form 1**

**Notice of Appeal to a Court of Appeals From a
Judgment or Order of a District Court**

United States District Court for the _____
District of _____
File Number _____

A.B., Plaintiff

v.                      Notice of Appeal

C.D., Defendant

Notice is hereby given that ____ (here name all parties taking the appeal) _____, (plaintiffs) (defendants) in the above named case,* hereby appeal to the United States Court of Appeals for the _____ Circuit (from the final judgment) (from an order (describing it)) entered in this action on the _____ day of _____, 20___.

(s) _____
Attorney for _____
Address: _____

[*Note to inmate filers:* If you are an inmate confined in an institution and you seek the timing benefit of Fed. R. App. P. 4(c)(1), complete Form 7 (Declaration of Inmate Filing) and file that declaration along with this Notice of Appeal.]

_____

* See Rule 3(c) for permissible ways of identifying appellants.

**Form 1A**

**Notice of Appeal to a Court of Appeals From a
Judgment of a District Court**

United States District Court for the _____
District of _____
Docket Number _____

| | |
|---|---|
| A.B., Plaintiff | |
| v. | Notice of Appeal |
| C.D., Defendant | |

_____ (name all parties taking the appeal)*
appeal to the United States Court of Appeals for the _____
Circuit from the final judgment entered on _____ (state the
date the judgment was entered).

(s) _____
_Attorney for_ _____
_Address_: _____

[**_Note to inmate filers_:**  _If you are an inmate confined in an
institution and you seek the timing benefit of Fed. R. App. P.
4(c)(1), complete Form 7 (Declaration of Inmate Filing) and
file that declaration with this Notice of Appeal._]

_____

* See Rule 3(c) for permissible ways of identifying appellants.

**Form 1B**

**Notice of Appeal to a Court of Appeals From an
Appealable Order of a District Court**

United States District Court for the _____
District of _____
Docket Number _____

A.B., Plaintiff

v.                                        Notice of Appeal

C.D., Defendant

_____ (name all parties taking the appeal)*
appeal to the United States Court of Appeals for the _____
Circuit from the order _____ (describe the order) entered
on _____ (state the date the order was entered).

(s) _____
*Attorney for* _____
*Address*: _____

[***Note to inmate filers:*** *If you are an inmate confined in an
institution and you seek the timing benefit of Fed. R. App. P.
4(c)(1), complete Form 7 (Declaration of Inmate Filing) and
file that declaration with this Notice of Appeal.*]

_____

* See Rule 3(c) for permissible ways of identifying appellants.

**Form 2**

**Notice of Appeal to a Court of Appeals From a Decision of the United States Tax Court**

United States Tax Court
Washington, D.C.

Docket No. _____

| |
|---|
| A.B., Petitioner |
| |
| v. |
| |
| Commissioner of Internal Revenue, Respondent |

Notice of Appeal

~~Notice is hereby given that~~ _____ (~~here~~ name all parties taking the appeal)[*] ~~——— hereby~~ appeal to the United States Court of Appeals for the _____ Circuit from ~~(that part of)~~ the decision ~~of this court~~ entered ~~in the above captioned proceeding~~ on _____ (state the date the decision was entered) ~~the _____ day of _____, 20__~~ ~~(relating to _____)~~.

(s) _____

~~Counsel~~ *Attorney for* _____

*Address*: _____

_____

[*] See Rule 3(c) for permissible ways of identifying appellants.

Excerpt from the September 2020 Report of the Committee on Rules of Practice and Procedure

**Agenda E-19**
**Rules**
**September 2020**

## REPORT OF THE JUDICIAL CONFERENCE

## COMMITTEE ON RULES OF PRACTICE AND PROCEDURE

## TO THE CHIEF JUSTICE OF THE UNITED STATES AND MEMBERS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES:

\* \* \* \* \*

## FEDERAL RULES OF APPELLATE PROCEDURE

### *Rules and Forms Recommended for Approval and Transmission*

The Advisory Committee on Appellate Rules submitted proposed amendments to Rules 3 and 6, and Forms 1 and 2, with a recommendation that they be approved and transmitted to the Judicial Conference. The amendments were published for public comment in August 2019.

<u>Rule 3 (Appeal as of Right—How Taken), Rule 6 (Appeal in a Bankruptcy Case), Form 1 (Notice of Appeal to a Court of Appeals From a Judgment or Order of a District Court), and Form 2 (Notice of Appeal to a Court of Appeals From a Decision of the United States Tax Court)</u>

The proposed amendment to Rule 3 revises the requirements for a notice of appeal. Some courts of appeals, using an *expressio unius* rationale, have treated a notice of appeal from a final judgment that mentions one interlocutory order but not others as limiting the appeal to that order, rather than reaching all of the interlocutory orders that merge into the judgment. In order to reduce the loss of appellate rights that can result from such a holding, and to provide other clarifying changes, the proposed amendment changes the language in Rule 3(c)(1)(B) to require the notice of appeal to "designate the judgment—or the appealable order—from which the appeal is taken." The proposed amendment further provides that "[t]he notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal." The

proposal also accounts for situations in which a case is decided by a series of orders over time and for situations in which the notice is filed after entry of judgment but designates only an order that merged into the judgment. Finally, the proposed amendment explains how an appellant may limit the scope of a notice of appeal if it chooses to do so. The proposed amendments to Forms 1 and 2 reflect the proposed changes to Rule 3. The proposed amendment to Rule 6 is a conforming amendment.

The comments received regarding Rule 3 were split, with five comments supporting the proposal (with some suggestions for change) and two comments criticizing the proposal. No comments were filed regarding the proposed amendments to Rule 6, and the only comments regarding Forms 1 and 2 were style suggestions. Most issues raised in the comments had been considered by the Advisory Committee during its previous deliberations. The Advisory Committee added language in proposed Rule 3(c)(7) to address instances where a notice of appeal filed after entry of judgment designates only a prior order merged into the judgment and added a corresponding explanation to the committee note. The Advisory Committee also expanded the committee note to clarify two issues and made minor stylistic changes to Rule 3 and Forms 1 and 2.

The Standing Committee unanimously approved the Advisory Committee's recommendation that the proposed amendments to Rules 3 and 6, and Forms 1 and 2, be approved and transmitted to the Judicial Conference.

**Recommendation:** That the Judicial Conference approve the proposed amendments to Appellate Rules 3 and 6, and Forms 1 and 2 as set forth in Appendix A, and transmit them to the Supreme Court for consideration with a recommendation that they be adopted by the Court and transmitted to Congress in accordance with the law.

\* \* \* \* \*

**Excerpt from the September 2020 Report of the Committee on Rules of Practice and Procedure**

Respectfully submitted,

David G. Campbell, Chair

| | |
|---|---|
| Jesse M. Furman | Carolyn B. Kuhl |
| Daniel C. Girard | Patricia A. Millett |
| Robert J. Giuffra Jr. | Gene E.K. Pratter |
| Frank M. Hull | Jeffrey A. Rosen |
| William J. Kayatta Jr. | Kosta Stojilkovic |
| Peter D. Keisler | Jennifer G. Zipps |

**Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules**

COMMITTEE ON RULES OF PRACTICE AND PROCEDURE
OF THE
JUDICIAL CONFERENCE OF THE UNITED STATES
WASHINGTON, D.C. 20544

**DAVID G. CAMPBELL**
CHAIR

**REBECCA A. WOMELDORF**
SECRETARY

**CHAIRS OF ADVISORY COMMITTEES**

**MICHAEL A. CHAGARES**
APPELLATE RULES

**DENNIS R. DOW**
BANKRUPTCY RULES

**JOHN D. BATES**
CIVIL RULES

**RAYMOND M. KETHLEDGE**
CRIMINAL RULES

**DEBRA A. LIVINGSTON**
EVIDENCE RULES

## MEMORANDUM

To:         Honorable David G. Campbell, Chair
            Committee on Rules of Practice and Procedure

From:       Honorable Michael A. Chagares, Chair
            Advisory Committee on Appellate Rules

Re:         Report of the Advisory Committee on the Appellate Rules

Date:       June 1, 2020

### I.     Introduction

The Advisory Committee on the Appellate Rules met by telephone conference call on Friday, April 3, 2020.

\* \* \* \* \*

### II.    Action Items for Final Approval After Public Comment

The Committee seeks final approval for proposed amendments to Rules 3 [and] 6, \* \* \* as well as Forms 1 and 2. These amendments were published for public comment in August 2019.

\* \* \* \* \*

Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules

## B.      Rules 3 and 6; Forms 1 and 2 – Content of Notice of Appeal

The notice of appeal is supposed to be a simple document that provides notice that a party is appealing and invokes the jurisdiction of the court of appeals. But a variety of decisions from around the circuits have made drafting a notice of appeal a somewhat treacherous exercise, especially for any litigant taking a final judgment appeal who mentions a particular order that the appellant wishes to challenge on appeal. The proposed amendment to Rule 3 is designed to reduce the inadvertent loss of appellate rights. The proposed amendments to Forms 1 and 2 reflect the proposed changes to Rule 3. The proposed amendment to Rule 6 is a conforming amendment. Accordingly, discussion has focused on Rule 3.

Here is the proposed text of Rule 3 as published:

**Rule 3. Appeal as of Right—How Taken**

* * * * *

**(c)   Contents of the Notice of Appeal.**

(1)      The notice of appeal must:

(A)   specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X";

(B)   designate the judgment, or the appealable order from which the appeal is taken, or part thereof being appealed; and

(C)   name the court to which the appeal is taken.

(2)   A pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), unless the notice clearly indicates otherwise.

(3)   In a class action, whether or not the class has been certified, the notice of appeal is sufficient if it names one person qualified to bring the appeal as representative of the class.

(4)   The notice of appeal encompasses all orders that merge for purposes of appeal into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal.

**Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules**

(5)    In a civil case, a notice of appeal encompasses the final judgment, whether or not that judgment is set out in a separate document under Federal Rule of Civil Procedure 58, if the notice designates:

    (A)    an order that adjudicates all remaining claims and the rights and liabilities of all remaining parties; or

    (B)    an order described in Rule 4(a)(4)(A).

(6)    An appellant may designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited. Without such an express statement, specific designations do not limit the scope of the notice of appeal.

~~(4)~~ (7) An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.

~~(5)~~ (8) Forms 1A and 1B in the Appendix of Forms are ~~is a~~ suggested forms of ~~a~~ notices of appeal.

\* \* \* \* \*

Nine public comments were submitted. Five were generally supportive. Two were critical. Two were nonresponsive.[*]

Thomas Mayes offers his "full support" and urges adoption "without delay" because filing a notice of appeal "ought to be straightforward and ministerial." Professor Bryan Lammon also supports the proposed amendments, finding them "important and necessary," but as discussed below, offered a proposed simplification and expansion. The ACBNY supports the amendments, but offered a minor edit. The NACDL "supports these amendments, which are of particular importance in criminal cases," and suggested an expansion, discussed below. (Its stylistic suggestions for the forms were referred to the style consultants.) The Council of Appellate Lawyers of the American Bar Association has no objection to the proposed rule except, as discussed below, it suggested that it would be better not to allow appellants to limit the scope of a notice of appeal.

The two critical comments, one submitted by Michael Rosman and one submitted by Judge Steven Colloton, are discussed below.

---

[*] These two comments questioned some bankruptcy matters.

**Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules**

## Wholesale Critiques

The Committee received two critical comments that, if accepted, would derail the project.

At the Fall 2019 meeting, the Committee considered the comments of Michael Rosman, who contends that the proposal is inconsistent with Civil Rule 54(b). As he sees it, Civil Rule 54(b), properly understood, requires a district court to enter a separate document that lists "all the claims in the action . . . and the counterclaims, cross-claims, and intervenors' claims, if any—and identify what has become of all of them." On this understanding, if a district court dismisses one count of a two count complaint under Civil Rule 12(b)(6) and then grants summary judgment for the defendant on the second count, there is no final judgment until the court files a document that recites both the action on the first count and the action on the second count—and until this is done, an appeal should be dismissed for want of appellate jurisdiction.

The Committee was not persuaded in the Fall. It is generally understood that a decision disposing of all remaining claims of all remaining parties to a case is a final judgment, without the need for the district judge to recite the prior disposition of all previously decided claims. At the January meeting of the Standing Committee, no member expressed agreement with Mr. Rosman's critique. And at the Spring meeting, the Committee adhered to its view; it does not recommend any changes in response to Mr. Rosman's comment.

The second critical comment was submitted by Judge Steven Colloton, who urged the Committee to abandon the proposal. Judge Colloton pointed to cases across the circuits, written by illustrious judges, that appropriately read the existing rule to hold appellants to their choices to limit the notices of appeal. He observed that it is not hard for appellants to designate everything for appeal, and does not think we should encourage appellate counsel to expand the scope of the appeal beyond what was in the notice.

In contrast to Judge Colloton, the comment submitted by the NACDL emphasized the importance of appellate counsel being able to review record material that may not be available at the time the notice of appeal is filed.

As the Supreme Court has recently explained, at the time a notice of appeal is filed, "the defendant likely will not yet have important documents from the trial court, such as transcripts of key proceedings, and may well be in custody, making communication with counsel difficult. And because some defendants receive new counsel for their appeals, the lawyer responsible for deciding which appellate claims to raise may not yet even be involved in the case." *Garza v. Idaho*, 139 S. Ct. 738, 745-46 (2019) (citations omitted). Accordingly, filing a notice of appeal is "generally

Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules

speaking, a simple, nonsubstantive act," and filing requirements for notices of appeal "reflect that claims are . . . likely to be ill defined or unknown" at the time of filing. *Id*.

As a result, the Committee was not persuaded to abandon the project.

Judge Colloton also urged that if the project goes forward, references to "trap for the unwary" should be deleted from the committee note as pejorative.

The Committee declined to delete the phrase, not viewing it as pejorative. As reflected in Black's Law Dictionary, a trap can exist even if no one intended to set it.

## Suggested Simplification

Professor Bryan Lammon suggested simplification by deleting proposed (c)(4) and (c)(5) and instead adding the following to the end of (c)(1) the sentence: "Unless the notice states otherwise, the designation of a judgment or order does not affect the scope of appellate review."

The Committee declined to adopt this suggestion, concerned both that it would seem to make the designation irrelevant and that it might not clearly overcome the *expressio unius* rationale that is the target of the proposed amendment.

## Suggested Broadening

Two comments were submitted suggesting that the project be broadened.

First, the NACDL suggested that proposed Rule 3(c)(5) be expanded to cover criminal cases.

The Committee declined to do so. First, such an expansion would require further review and republication. Second, the NACDL did not point to a particular problem currently occurring in criminal cases, and indicated that there are not many criminal cases where the issue addressed by proposed (c)(5) is presented. Its concern was that a rule limited to civil cases might lead some courts, using an *expressio unius* rationale, to abandon their current precedent that takes an approach in criminal cases similar to that of the proposed rule. To deal with this concern, the Committee added a passage to the committee note:

> These two provisions are limited to civil cases. Similar issues may arise in a small number of criminal cases, and similar treatment may be appropriate, but no inference should be drawn about how such issues should be handled in criminal cases.

Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules

Second, Professor Bryan Lammon suggested that the proposed amendment provide that there is no need to file a new or amended notice of appeal after the denial of a Rule 4(a)(4)(A) motion. The Committee declined to adopt this suggestion because it would require further review and republication. It decided to roll this suggestion into the new agenda item (20-AP-A) dealing with the relation forward of notices of appeals, discussed below in Part IV.

**Attorney's Fees**

At the January meeting of the Standing Committee, a concern was raised about whether the proposed amendment might inadvertently change the rule that there is an appealable final judgment even though a motion for attorney's fees is outstanding. One suggestion was that perhaps the proposal should use the conjunction "or" rather than "and" in connecting "claims" with "rights and liabilities" or perhaps the phrase "rights and liabilities" should be deleted.

The Committee decided against making either change. While part of Civil Rule 54(b) uses the conjunction "or," the last sentence of 54(b) uses the conjunction "and," referring to "entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." In addition, keeping "rights and liabilities" in the proposed amendment preserves the intended connection between the proposal and Civil Rule 54(b).

To deal with the concern about attorney's fees, the Committee added to the committee note a statement that the amendment does not change the principle established in the Supreme Court decisions *Budinich* and *Ray Haluch*. See *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988); *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, 571 U.S. 177, 179 (2014). Under these cases, attorney's fees incurred in the action are collateral—and can be understood as neither "claims" nor "rights and liabilities of the parties" within the meaning of Civil Rule 54(b). As the Court put it in *Budinich*:

> As a general matter, at least, we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain. Such an award does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action.

*Budinich*, 486 U.S. at 200.[*]

---

[*] The Committee also considered a related question about Civil Rule 58(e), a rule that allows a district court to treat a motion for attorney's fees as if it were a Civil Rule 59 new trial motion for purposes of Appellate Rule 4(a)(4)(A). The Committee concluded that this

**Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules**

The addition to the committee note is as follows:

> The amendment does not change the principle established in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988), that "a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." *See also Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, 571 U.S. 177, 179 (2014) ("Whether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal.").

## Avoiding the Creation of a New Trap for the Unwary

Judge Colloton also suggested that the proposed rule might create its own trap for the unwary. Suppose a party waits until final judgment, but instead of designating the final judgment (or the final judgment and some interlocutory order or orders) designates *only* an interlocutory order in the notice of appeal. If Rule 3(c)(1)(B) requires that either a final judgment or an appealable order be designated, might a court conclude that the notice is ineffective?

To guard against this possible result, the Committee added a provision to what would become Rule 3(c)(7):

> (4) (7) An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice, or for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment.

It also added an explanation to the committee note:

> On occasion, a party may file a notice of appeal after a judgment but designate only a prior nonappealable decision that merged into that judgment. To deal with this situation, existing Rule 3(c)(4) is amended to provide that an appeal must not be dismissed for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment. In this situation, a court should act as if the notice had properly

---

situation is covered by Rule 4(a)(4)(A)(iii) because such a district court order is effectively an extension of time and Civil Rule 58(e) is the intended reference of subsection (iii).

Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules

designated the judgment. In determining whether a notice of appeal was filed after the entry of judgment, Rules 4(a)(2) and 4(b)(2) apply.

## Designating Only Part of a Judgment or Order in a Notice of Appeal

Throughout the pendency of this proposed amendment, a persistent question has been whether to permit a party to limit the scope of a notice of appeal or to leave such limitations to the briefs. It is a difficult and close issue. Indeed, on all of the issues discussed above, the Committee reached consensus. But on this issue, it was closely divided, five to three.

Rule 3(c)(1)(B) currently permits a party to designate "the judgment, order, or part thereof being appealed." Believing that the phrase "or part thereof" has contributed to the problem of confusing the judgment or appealable order with the issues sought to be reviewed on appeal, the Committee deleted that phrase in the proposed amendment. But to preserve the ability of a party to limit the scope of a notice of appeal by deliberate choice, proposed Rule 3(c)(6) as published provides: "An appellant may designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited. Without such an express statement, specific designations do not limit the scope of the notice of appeal."

The Council of Appellate Lawyers of the American Bar Association submitted a comment suggesting that it would be better not to include a provision allowing for a limitation of the scope of a notice of appeal. The Council is concerned that proposed 3(c)(6) may give rise to strategic attempts to limit the jurisdiction of the court of appeals, particularly when cross-appeals are involved. It supports leaving the narrowing of the issues on appeal to the briefing.

The majority of the Committee decided not to change this aspect of the proposal as published. Current law allows limited notices of appeal, and the point of the current project is to avoid miscommunication, not to change what a party can and cannot do. Retaining the ability to expressly limit the scope of the notice of appeal is valuable, particularly in multi-party cases, enabling an appellant to assure a party that no challenge is being raised as to that party.

Eliminating the ability to limit the scope of the notice of appeal might upset settlement agreements, in which a defendant might have agreed not to appeal a judgment's award of damages to one plaintiff but is still free to appeal the same judgment's award of damages to a second plaintiff. There is utility in binding oneself in the notice of appeal rather than with some assurance on the side.

Eliminating the ability to limit the scope of the notice of appeal might also interfere with the district court's ability to reconsider or modify existing rulings if a

**Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules**

particular order does multiple things, of which some may be appealable, some may be unappealable, and some may be uncertain.

Moreover, the current proposal does not appear to give cause for the Council's worries regarding cross-appeals. Rules 4(a)(3) and 4(b)(1) give other parties additional time to file a notice after a timely notice of appeal, but they do not limit such cross-appeals to the same part of the judgment or order referenced in the initial notice.

While not persuaded to eliminate the ability to limit the scope of the notice of appeal, the Committee, cognizant of the competing concerns, decided to retain the matter on its agenda, with a plan to revisit the issue in three years.

A minority of the Committee, on the other hand, would delete proposed (c)(6) and add the following sentence to the end of proposed (c)(4): "Specific designations do not limit the scope of the notice of appeal."

In their view, such an approach would be a "cleaner" alternative, create less uncertainty, and avoid inadvertent loss of appellate rights. Concerns supporting the retention of proposed (c)(6) could be managed in other ways. For example, in multi-party cases where some parties settle, assurance that the appealing party is not breaching the settlement agreement could be provided separate from the text of the notice of appeal. Similarly, issues regarding the ability of a district court to modify existing rulings could be handled on a case-by-case basis. A motion in the district court, or a statement in a brief, could signal to the courts and parties the limits of what was sought to be raised on appeal.

Disagreement about this aspect of the proposal did not lead any member to withhold support for the proposal as a whole. Once the Committee resolved this issue by a divided vote, the Committee without dissent approved submitting the proposed amendment to the Standing Committee for final approval.

The style consultants suggested a minor change to proposed (c)(4): changing "all orders that merge for purposes of appeal into the designated judgment" to "all orders that, for purposes of appeal, merge into the designated judgment."

Here is the proposed amendment recommended for final approval, including both the changes made by the Committee and the one suggested by the style consultants:

Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules

**Rule 3. Appeal as of Right—How Taken**

\* \* \* \* \*

**(c)    Contents of the Notice of Appeal.**

(1)    The notice of appeal must:

(A)    specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X";

(B)    designate the judgment,—or the appealable order—from which the appeal is taken, or part thereof being appealed; and

(C)    name the court to which the appeal is taken.

(2)    A pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), unless the notice clearly indicates otherwise.

(3)    In a class action, whether or not the class has been certified, the notice of appeal is sufficient if it names one person qualified to bring the appeal as representative of the class.

(4)    The notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal.

(5)    In a civil case, a notice of appeal encompasses the final judgment, whether or not that judgment is set out in a separate document under Federal Rule of Civil Procedure 58, if the notice designates:

(A)    an order that adjudicates all remaining claims and the rights and liabilities of all remaining parties; or

(B)    an order described in Rule 4(a)(4)(A).

(6)    An appellant may designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited. Without such an express statement, specific designations do not limit the scope of the notice of appeal.

**Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules**

~~(4)~~ (7) An appeal must not be dismissed for informality of form or title of the notice of appeal, ~~or~~ for failure to name a party whose intent to appeal is otherwise clear from the notice, or for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment.

~~(5)~~ (8) Form**s** 1A and 1B in the Appendix of Forms **are** ~~is a~~ suggested form**s** of ~~a~~ notice**s** of appeal.

* * * * *

### Committee Note

The notice of appeal is supposed to be a simple document that provides notice that a party is appealing and invokes the jurisdiction of the court of appeals. It therefore must state who is appealing, what is being appealed, and to what court the appeal is being taken. It is the role of the briefs, not the notice of appeal, to focus and limit the issues on appeal.

Because the jurisdiction of the court of appeals is established by statute, an appeal can be taken only from those district court decisions from which Congress has authorized an appeal. In most instances, that is the final judgment, see, e.g., 28 U.S.C. § 1291, but some other orders are considered final within the meaning of 28 U.S.C. § 1291, and some interlocutory orders are themselves appealable. See, e.g., 28 U.S.C. § 1292. Accordingly, Rule 3(c)(1) currently requires that the notice of appeal "designate the judgment, order, or part thereof being appealed." The judgment or order to be designated is the one serving as the basis of the court's appellate jurisdiction and from which time limits are calculated.

However, some have interpreted this language as an invitation, if not a requirement, to designate each and every order of the district court that the appellant may wish to challenge on appeal. Such an interpretation overlooks a key distinction between the judgment or order on appeal—the one serving as the basis of the court's appellate jurisdiction and from which time limits are calculated—and the various orders or decisions that may be reviewed on appeal because they merge into the judgment or order on appeal. Designation of the final judgment confers appellate jurisdiction over prior interlocutory orders that merge into the final judgment. The merger principle is a corollary of the final judgment rule: a party cannot appeal from most interlocutory orders,

**Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules**

but must await final judgment, and only then obtain review of interlocutory orders on appeal from the final judgment.

In an effort to avoid the misconception that it is necessary or appropriate to designate each and every order of the district court that the appellant may wish to challenge on appeal, Rule 3(c)(1) is amended to require the designation of "the judgment—or the appealable order—from which the appeal is taken"—and the phrase "or part thereof" is deleted. In most cases, because of the merger principle, it is appropriate to designate only the judgment. In other cases, particularly where an appeal from an interlocutory order is authorized, the notice of appeal must designate that appealable order.

Whether due to misunderstanding or a misguided attempt at caution, some notices of appeal designate both the judgment and some particular order that the appellant wishes to challenge on appeal. A number of courts, using an *expressio unius* rationale, have held that such a designation of a particular order limits the scope of the notice of appeal to the particular order, and prevents the appellant from challenging other orders that would otherwise be reviewable, under the merger principle, on appeal from the final judgment. These decisions create a trap for the unwary.

However, there are circumstances in which an appellant may deliberately choose to limit the scope of the notice of appeal, and it is desirable to enable the appellant to convey this deliberate choice to the other parties.

To alert readers to the merger principle, a new provision is added to Rule 3(c): "The notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal." The general merger rule can be stated simply: an appeal from a final judgment permits review of all rulings that led up to the judgment. Because this general rule is subject to some exceptions and complications, the amendment does not attempt to codify the merger principle but instead leaves its details to case law.

*The amendment does not change the principle established in Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202-03 (1988), that "a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." See also Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs,*

**Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules**

571 U.S. 177, 179 (2014) ("Whether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal.").

To remove the trap for the unwary, while enabling deliberate limitations of the notice of appeal, another new provision is added to Rule 3(c): "An appellant may designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited. Without such an express statement, specific designations do not limit the scope of the notice of appeal."

A related problem arises when a case is decided by a series of orders, sometimes separated by a year or more. For example, some claims might be dismissed for failure to state a claim under F.R.Civ.P. 12(b)(6), and then, after a considerable period for discovery, summary judgment under F.R.Civ.P. 56 is granted in favor of the defendant on the remaining claims. That second order, because it resolves all of the remaining claims, is a final judgment, and an appeal from that final judgment confers jurisdiction to review the earlier F.R.Civ.P. 12(b)(6) dismissal. But if a notice of appeal describes the second order, not as a final judgment, but as an order granting summary judgment, some courts would limit appellate review to the summary judgment and refuse to consider a challenge to the earlier F.R.Civ.P. 12(b)(6) dismissal. Similarly, if the district court complies with the separate document requirement of F.R.Civ.P. 58, and enters both an order granting summary judgment as to the remaining claims and a separate document denying all relief, but the notice of appeal designates the order granting summary judgment rather than the separate document, some courts would likewise limit appellate review to the summary judgment and refuse to consider a challenge to the earlier F.R.Civ.P. 12(b)(6) dismissal. This creates a trap for all but the most wary, because at the time that the district court issues the order disposing of all remaining claims, a litigant may not know whether the district court will ever enter the separate document required by F.R.Civ.P. 58.

To remove this trap, a new provision is added to Rule 3(c): "In a civil case, a notice of appeal encompasses the final judgment, whether or not that judgment is set out in a separate document under Federal Rule of Civil Procedure 58, if the notice designates . . . an order that adjudicates all remaining claims and the rights and liabilities of all remaining parties. . . ."

**Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules**

Frequently, a party who is aggrieved by a final judgment will make a motion in the district court instead of filing a notice of appeal. Rule 4(a)(4) permits a party who makes certain motions to await disposition of those motions before appealing. But some courts treat a notice of appeal that designates only the order disposing of such a motion as limited to that order, rather than bringing the final judgment before the court of appeals for review. (Again, such an appeal might be brought before or after the judgment is set out in a separate document under F.R.Civ.P. 58.) To reduce the unintended loss of appellate rights in this situation, a new provision is added to Rule 3(c): "In a civil case, a notice of appeal encompasses the final judgment, whether or not that judgment is set out in a separate document under Federal Rule of Civil Procedure 58, if the notice designates . . . an order described in Rule 4(a)(4)(A)." This amendment does not alter the requirement of Rule 4(a)(4)(B)(ii) (requiring a notice of appeal or an amended notice of appeal if a party intends to challenge an order disposing of certain motions).

These two provisions are limited to civil cases. Similar issues may arise in a small number of criminal cases, and similar treatment may be appropriate, but no inference should be drawn about how such issues should be handled in criminal cases.

On occasion, a party may file a notice of appeal after a judgment but designate only a prior nonappealable decision that merged into that judgment. To deal with this situation, existing Rule 3(c)(4) is amended to provide that an appeal must not be dismissed for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment. In this situation, a court should act as if the notice had properly designated the judgment. In determining whether a notice of appeal was filed after the entry of judgment, Rules 4(a)(2) and 4(b)(2) apply.

These new provisions are added as Rules 3(c)(4), 3(c)(5), and 3(c)(6), with the existing Rules 3(c)(4) and 3(c)(5) renumbered. In addition, to reflect these changes to the Rule, Form 1 is replaced by Forms 1A and 1B, and Form 2 is amended.

The proposed amendment to Rule 6 is a conforming amendment. No comments directed to Rule 6 were received, and the Committee requests final approval as published.

The NACDL also noted with approval a minor stylistic change to the forms as published and suggested more stylistic streamlining. The style consultants reviewed

**Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules**

those suggestions, and the following revised forms are presented first in redline and then as the clean result:

### Form 1A

### Notice of Appeal to a Court of Appeals From a Judgment ~~or Order~~ of a District Court.

United States District Court for the _____
District of _____
~~File~~ Docket Number _____

| | |
|---|---|
| A.B., Plaintiff<br><br>v.<br><br>C.D., Defendant | Notice of Appeal |

~~Notice is hereby given that~~ _____ (~~here~~ name all parties taking the appeal)~~,~~ ~~(plaintiffs) (defendants) in the above named case,~~* ~~hereby~~ appeal to the United States Court of Appeals for the _____ Circuit ~~(from the final judgment) (from an order (describing it))~~ entered ~~in this action~~ on _____ (state the date the judgment was entered)~~the _____ day of~~ ~~_____, 20___~~.

(s) _____
*Attorney for* _____
*Address:*_____

[***Note to inmate filers:*** *If you are an inmate confined in an institution and you seek the timing benefit of Fed. R. App. P. 4(c)(1), complete Form 7 (Declaration of Inmate Filing) and file that declaration* ~~along~~ *with this Notice of Appeal.*]

---

* See Rule 3(c) for permissible ways of identifying appellants.

**Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules**

### Form 1B

**Notice of Appeal to a Court of Appeals From ~~a Judgment or~~ an Appealable Order of a District Court.**

United States District Court for the _____
District of _____
~~File~~ Docket Number _____

| | |
|---|---|
| A.B., Plaintiff<br><br>v.<br><br>C.D., Defendant | Notice of Appeal |

~~Notice is hereby given that~~ _____ (~~here~~ name all parties taking the appeal)~~, (plaintiffs) (defendants) in the above-named case,~~* ~~hereby~~ appeal to the United States Court of Appeals for the _____ Circuit ~~(from the final judgment)~~ ( from ~~an~~ the order _____ (describ~~ing~~ ~~e~~ the order ~~it)~~) entered ~~in this action~~ on_____ (state the date the order was entered)~~the _____ day of _____, 20___.~~

(s) _____
*Attorney for* _____
*Address:*_____

[**_Note to inmate filers:_** *If you are an inmate confined in an institution and you seek the timing benefit of Fed. R. App. P. 4(c)(1), complete Form 7 (Declaration of Inmate Filing) and file that declaration ~~along~~ with this Notice of Appeal.*]

---

* See Rule 3(c) for permissible ways of identifying appellants.

**Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules**

**Form 2**

**Notice of Appeal to a Court of Appeals From a Decision of the United States Tax Court**

United States Tax Court
Washington, D.C.

Docket No. _____

---

A.B., Petitioner

v.

Commissioner of Internal Revenue, Respondent

Notice of Appeal

---

Notice is hereby given that _____ (here name all parties taking the appeal)*_____ hereby appeal to the United States Court of Appeals for the _____ Circuit from (that part of) the decision of this court entered in the above captioned proceeding on _____ (state the date the decision was entered)the _____ day of _____, 20__ (relating to _____).

(s) _____
Counsel Attorney for _____
Address:_____

---

* See Rule 3(c) for permissible ways of identifying appellants.

**Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules**

**Form 1A**

**Notice of Appeal to a Court of Appeals From a Judgment of a District Court.**

United States District Court for the _____
District of _____
Docket Number _____

A.B., Plaintiff

v.

C.D., Defendant

Notice of Appeal

_____(name all parties taking the appeal)* appeal to the United States Court of Appeals for the _____ Circuit from the final judgment entered on _____ (state the date the judgment was entered).

(s) _____
*Attorney for* _____
*Address*:_____

[***Note to inmate filers:*** *If you are an inmate confined in an institution and you seek the timing benefit of Fed. R. App. P. 4(c)(1), complete Form 7 (Declaration of Inmate Filing) and file that declaration* ~~along~~ *with this Notice of Appeal.*]

---

* See Rule 3(c) for permissible ways of identifying appellants.

**Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules**

### Form 1B

### Notice of Appeal to a Court of Appeals From an Appealable Order of a District Court.

United States District Court for the _____
District of _____
Docket Number _____

A.B., Plaintiff

v.

C.D., Defendant

Notice of Appeal

_____(name all parties taking the appeal)*
appeal to the United States Court of Appeals for the _____ Circuit from the order
_____(describe the order) entered on _____
(state the date the order was entered).

(s) _____
*Attorney for* _____
*Address:*_____

[***Note to inmate filers:*** *If you are an inmate confined in an institution and you seek the timing benefit of Fed. R. App. P. 4(c)(1), complete Form 7 (Declaration of Inmate Filing) and file that declaration ~~along~~ with this Notice of Appeal.*]

---

* See Rule 3(c) for permissible ways of identifying appellants.

**Excerpt from the June 1, 2020 Report of the Advisory Committee on Appellate Rules**

### Form 2

### Notice of Appeal to a Court of Appeals From a Decision of the United States Tax Court

United States Tax Court
Washington, D.C.

Docket No. _____

| | |
|---|---|
| A.B., Petitioner | |
| v. | Notice of Appeal |
| Commissioner of Internal Revenue, Respondent | |

_____ (name all parties taking the appeal)*
appeal to the United States Court of Appeals for the _____ Circuit from the decision
entered on _____ (state the date the decision was entered).

(s) _____
*Attorney for* _____
*Address:*_____

* * * * *

---

* See Rule 3(c) for permissible ways of identifying appellants.

April 14, 2021

Honorable Nancy Pelosi
Speaker of the House of Representatives
Washington, DC  20515

Dear Madam Speaker:

I have the honor to submit to the Congress the amendments to the Federal Rules of Bankruptcy Procedure that have been adopted by the Supreme Court of the United States pursuant to Section 2075 of Title 28, United States Code.

Accompanying the amended rules are the following materials that were submitted to the Court for its consideration pursuant to Section 331 of Title 28, United States Code: a transmittal letter to the Court dated October 20, 2020; a redline version of the rules with committee notes; an excerpt from the September 2020 report of the Committee on Rules of Practice and Procedure to the Judicial Conference of the United States; and an excerpt from the May 2020 report of the Advisory Committee on Bankruptcy Rules.

Sincerely,

/s/ John G. Roberts, Jr.

April 14, 2021


Honorable Kamala D. Harris
President, United States Senate
Washington, DC 20510

Dear Madam President:

I have the honor to submit to the Congress the amendments to the Federal Rules of
Bankruptcy Procedure that have been adopted by the Supreme Court of the United States
pursuant to Section 2075 of Title 28, United States Code.

Accompanying the amended rules are the following materials that were submitted to the
Court for its consideration pursuant to Section 331 of Title 28, United States Code: a transmittal
letter to the Court dated October 20, 2020; a redline version of the rules with committee notes; an
excerpt from the September 2020 report of the Committee on Rules of Practice and Procedure to
the Judicial Conference of the United States; and an excerpt from the May 2020 report of the
Advisory Committee on Bankruptcy Rules.

Sincerely,

/s/ John G. Roberts, Jr.

April 14, 2021

SUPREME COURT OF THE UNITED STATES

ORDERED:

1.  The Federal Rules of Bankruptcy Procedure are amended to include amendments to Rules 2005, 3007, 7007.1, and 9036.

[*See infra* pp. __ __ __.]

2.  The foregoing amendments to the Federal Rules of Bankruptcy Procedure shall take effect on December 1, 2021, and shall govern in all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending.

3.  THE CHIEF JUSTICE is authorized to transmit to the Congress the foregoing amendments to the Federal Rules of Bankruptcy Procedure in accordance with the provisions of Section 2075 of Title 28, United States Code.

**PROPOSED AMENDMENTS TO THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE**

**Rule 2005.**     **Apprehension and Removal of Debtor to
Compel Attendance for Examination**

\* \* \* \* \*

(c) CONDITIONS OF RELEASE. In determining what conditions will reasonably assure attendance or obedience under subdivision (a) of this rule or appearance under subdivision (b) of this rule, the court shall be governed by the relevant provisions and policies of title 18 U.S.C. § 3142.

2       FEDERAL RULES OF BANKRUPTCY PROCEDURE

**Rule 3007.  Objections to Claims**

(a)  TIME AND MANNER OF SERVICE.

\* \* \* \* \*

(2)  *Manner of Service.*

(A)  The objection and notice shall be served on a claimant by first-class mail to the person most recently designated on the claimant's original or amended proof of claim as the person to receive notices, at the address so indicated; and

\* \* \* \* \*

(ii) if the objection is to a claim of an insured depository institution as defined in section 3 of the Federal Deposit Insurance Act, in the manner provided in Rule 7004(h).

\* \* \* \* \*

FEDERAL RULES OF BANKRUPTCY PROCEDURE        3

**Rule 7007.1.  Corporate Ownership Statement**

(a)    REQUIRED    DISCLOSURE.    Any nongovernmental corporation that is a party to an adversary proceeding, other than the debtor, shall file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.  The same requirement applies to a nongovernmental corporation that seeks to intervene.

(b)    TIME  FOR  FILING;  SUPPLEMENTAL FILING.  The corporate ownership statement shall:

(1)  be filed with the corporation's first appearance, pleading, motion, response, or other request addressed to the court; and

(2)  be supplemented whenever the information required by this rule changes.

4       FEDERAL RULES OF BANKRUPTCY PROCEDURE

**Rule 9036.   Notice   and   Service   by   Electronic Transmission**

(a) IN GENERAL.  This rule applies whenever these rules require or permit sending a notice or serving a paper by mail or other means.

(b)  NOTICES FROM AND SERVICE BY THE COURT.

(1) *Registered Users.*  The clerk may send notice to or serve a registered user by filing the notice or paper with the court's electronic-filing system.

(2) *All Recipients*.  For any recipient, the clerk may send notice or serve a paper by electronic means that the recipient consented to in writing, including by designating an electronic address for receipt of notices.  But these exceptions apply:

(A)  if the recipient has registered an electronic address with the Administrative Office of the United States Courts' bankruptcy-noticing

program, the clerk shall send the notice to or serve the paper at that address; and

> (B)  if an entity has been designated by the Director of the Administrative Office of the United States Courts as a high-volume paper-notice recipient, the clerk may send the notice to or serve the paper electronically at an address designated by the Director, unless the entity has designated an address under § 342(e) or (f) of the Code.

(c)    NOTICES FROM AND SERVICE BY AN ENTITY.  An entity may send notice or serve a paper in the same manner that the clerk does under (b), excluding (b)(2)(A) and (B).

(d)    COMPLETING NOTICE OR SERVICE. Electronic notice or service is complete upon filing or sending but is not effective if the filer or sender receives notice that it did not reach the person to be served.  It is the

6        FEDERAL RULES OF BANKRUPTCY PROCEDURE

recipient's responsibility to keep its electronic address current with the clerk.

      (e)  INAPPLICABILITY.  This rule does not apply to any paper required to be served in accordance with Rule 7004.



## JUDICIAL CONFERENCE OF THE UNITED STATES

WASHINGTON, D.C. 20544

THE CHIEF JUSTICE
OF THE UNITED STATES
*Presiding*

JAMES C. DUFF
*Secretary*

October 20, 2020

MEMORANDUM

To:         Chief Justice of the United States
            Associate Justices of the Supreme Court

From:       James C. Duff

RE:         TRANSMITTAL OF PROPOSED AMENDMENTS TO THE FEDERAL RULES OF
            BANKRUPTCY PROCEDURE

By direction of the Judicial Conference of the United States, pursuant to the authority conferred by 28 U.S.C. § 331, I transmit herewith for consideration of the Court proposed amendments to Rules 2005, 3007, 7007.1, and 9036 of the Federal Rules of Bankruptcy Procedure, which were approved by the Judicial Conference at its September 2020 session. The Judicial Conference recommends that the amendments be adopted by the Court and transmitted to Congress pursuant to law.

For your assistance in considering the proposed amendments, I am transmitting: (i) a copy of the affected rules incorporating the proposed amendments and accompanying committee notes; (ii) a blackline version of the same; (iii) an excerpt from the September 2020 Report of the Committee on Rules of Practice and Procedure to the Judicial Conference; and (iv) an excerpt from the May 2020 Report of the Advisory Committee on Bankruptcy Rules.

Attachments

**PROPOSED AMENDMENTS TO THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE[1]**

1    **Rule 2005.    Apprehension and Removal of Debtor to**
2                   **Compel Attendance for Examination**

3                \* \* \* \* \*

4    (c) CONDITIONS OF RELEASE.  In determining

5    what conditions will reasonably assure attendance or

6    obedience under subdivision (a) of this rule or appearance

7    under subdivision (b) of this rule, the court shall be governed

8    by the <u>relevant </u>provisions and policies of title 18<s>, U.S.C.,</s>

9    § <s>3146(a) and (b)</s> <u>3142</u>.

**Committee Note**

The rule is amended to replace the reference to 18 U.S.C. § 3146(a) and (b) with a reference to 18 U.S.C. § 3142.  Sections 3141 through 3151 of Title 18 were repealed by the Bail Reform Act of 1984, Pub. L. No. 98-473, Title II, § 203(a), 98 Stat. 1976 (1984), and replaced by new provisions dealing with bail. The current version of 18 U.S.C. § 3146 deals not with conditions to assure attendance or appearance, but with penalties for failure to appear. The topic of conditions is in 18 U.S.C. § 3142. Because 18 U.S.C. § 3142 contains provisions bearing on

---

[1] New material is underlined; matter to be omitted is lined through.

2       FEDERAL RULES OF BANKRUPTCY PROCEDURE

topics not included in former 18 U.S.C. § 3146(a) and (b), the rule is also amended to limit the reference to the "relevant" provisions and policies of § 3142.

FEDERAL RULES OF BANKRUPTCY PROCEDURE          3

1    **Rule 3007.  Objections to Claims**

2          (a)  TIME AND MANNER OF SERVICE

3                          * * * * *

4               (2)  *Manner of Service.*

5               (A)  The objection and notice shall be served

6        on a claimant by first-class mail to the person

7        most recently designated on the claimant's

8        original or amended proof of claim as the

9        person to receive notices, at the address so

10       indicated; and

11                          * * * * *

12                  (ii) if the objection is to a claim of an

13            insured   depository   institution   as

14            defined  in  section  3  of  the  Federal

15            Deposit Insurance Act, in the manner

16            provided in Rule 7004(h).

17                          * * * * *

4        FEDERAL RULES OF BANKRUPTCY PROCEDURE

## Committee Note

Subdivision (a)(2)(A)(ii) is amended to clarify that the special service method required by Rule 7004(h) must be used for service of objections to claims only on insured depository institutions as defined in section 3 of the Federal Deposit Insurance Act, 12 U.S.C. § 1813. Rule 7004(h) was enacted by Congress as part of the Bankruptcy Reform Act of 1994. It applies only to insured depository institutions that are insured by the Federal Deposit Insurance Corporation and does not include credit unions, which are instead insured by the National Credit Union Administration. A credit union, therefore, may be served with an objection to a claim according to Rule 3007(a)(2)(A)—by first-class mail sent to the person designated for receipt of notice on the credit union's proof of claim.

FEDERAL RULES OF BANKRUPTCY PROCEDURE          5

1    **Rule 7007.1.  Corporate Ownership Statement**

2          (a)     REQUIRED     DISCLOSURE.     Any

3    nongovernmental corporation that is a party to an adversary

4    proceeding, other than the debtor, ~~or a governmental unit,~~

5    shall file ~~two copies of~~ a statement that identifies any parent

6    corporation and any publicly held corporation~~, other than a~~

7    ~~governmental unit, that directly or indirectly~~ that owns 10%

8    or more of ~~any class of the corporation's equity interests,~~ its

9    stock or states that there ~~are no entities to report under this~~

10   ~~subdivision~~ is no such corporation.  The same requirement

11   applies to a nongovernmental corporation that seeks to

12   intervene.

13         (b)     TIME   FOR   FILING; SUPPLEMENTAL

14   FILING.  ~~A party shall file the~~ The corporate ownership

15   statement shall: ~~required under Rule 7007.1(a)~~

16              (1)  be filed with ~~its~~ the corporation's first

17         appearance, pleading, motion, response, or other

18         request addressed to the court~~.~~; and

6        FEDERAL RULES OF BANKRUPTCY PROCEDURE

19              (2) be supplemented whenever the

20        information required by this rule changes ~~A~~

21        ~~party shall file a supplemental statement~~

22        ~~promptly upon any change in circumstances~~

23        ~~that this rule requires the party to identify or~~

24        ~~disclose~~.

**Committee Note**

The rule is amended to conform to recent amendments to Fed. R. Bankr. P. 8012 and Fed. R. App. P. 26.1, and the anticipated amendment to Fed. R. Civ. P. 7.1. Subdivision (a) is amended to encompass nongovernmental corporations that seek to intervene. Stylistic changes are made to subdivision (b) to reflect that some statements will be filed by nonparties seeking to intervene.

1   **Rule 9036.   Notice   and   Service   ~~Generally   by~~**
2              **__by Electronic Transmission__**

3        (a)  IN GENERAL.  This rule applies W~~w~~whenever

4   these rules require or permit sending a notice or serving a

5   paper by mail or other means~~., the clerk, or some other~~

6   ~~person as the court or these rules may direct, may send the~~

7   ~~notice to    or serve the paper on~~

8        (b)   NOTICES FROM AND SERVICE BY THE

9   COURT.

10        (1)  *Registered Users.*  The clerk may send

11   notice to or serve a registered user by filing the notice

12   or paper ~~it~~ with the court's electronic-filing system.

13        (2)  *All Recipients.*  For any recipient, the

14   clerk may send notice or serve a paper ~~Or it may be sent~~

15   ~~to any person~~ by ~~other~~ electronic means that the ~~person~~

16   recipient consented to in writing~~.~~, including by

17   designating an electronic address for receipt of notices.

18   But these exceptions apply:

8       FEDERAL RULES OF BANKRUPTCY PROCEDURE

19            (A)   if the recipient has registered an

20      electronic address with the Administrative Office

21      of the United States Courts' bankruptcy-noticing

22      program, the clerk shall send the notice to or serve

23      the paper at that address; and

24            (B)   if an entity has been designated by the

25      Director of the Administrative Office of the

26      United States Courts as a high-volume paper-

27      notice recipient, the clerk may send the notice to

28      or serve the paper electronically at an address

29      designated by the Director, unless the entity has

30      designated an address under § 342(e) or (f) of the

31      Code.

32      (c)   NOTICES FROM AND SERVICE BY AN

33      ENTITY.  An entity may send notice or serve a paper in the

34      same manner that the clerk does under (b), excluding

35      (b)(2)(A) and (B).

FEDERAL RULES OF BANKRUPTCY PROCEDURE          9

36          (d)  COMPLETING NOTICE OR SERVICE.  ~~In~~

37  ~~either of these events,~~ Electronic ~~service or~~ notice or service

38  is complete upon filing or sending but is not effective if the

39  filer or sender receives notice that it did not reach the person

40  to be served.  It is the recipient's responsibility to keep its

41  electronic address current with the clerk.

42          (e)  INAPPLICABILITY.  This rule does not apply

43  to any ~~pleading or other~~ paper required to be served in

44  accordance with Rule 7004.

### Committee Note

The rule is amended to take account of the Administrative Office of the United States Courts' program for providing notice to high-volume paper-notice recipients. Under this program, when the Bankruptcy Noticing Center (BNC) has sent by mail more than a designated number of notices in a calendar month (initially set at 100) from bankruptcy courts to an entity, the Director of the Administrative Office will notify the entity that it is a high-volume paper-notice recipient. As such, this "threshold notice" will inform the entity that it must register an electronic address with the BNC. If, within a time specified in the threshold notice, a notified entity enrolls in Electronic Bankruptcy Noticing with the BNC, it will be sent notices electronically at the address maintained by the BNC upon a start date determined by the Director. If a notified entity does not timely enroll in Electronic Bankruptcy Noticing, it will

10      FEDERAL RULES OF BANKRUPTCY PROCEDURE

be informed that court-generated notices will be sent to an electronic address designated by the Director. Any designation by the Director, however, is subject to the entity's right under § 342(e) and (f) of the Code to designate an address at which it wishes to receive notices in chapter 7 and chapter 13 cases, including at its own electronic address that it registers with the BNC.

The rule is also reorganized to separate methods of electronic noticing and service available to courts from those available to parties. Both courts and parties may serve or provide notice to registered users of the court's electronic-filing system by filing documents with that system. Both courts and parties also may serve and provide notice to any entity by electronic means consented to in writing by the recipient. Only courts may serve or give notice to an entity at an electronic address registered with the BNC as part of the Electronic Bankruptcy Noticing program.

The title of the rule is revised to more accurately reflect the rule's applicability to methods of electronic noticing and service. Rule 9036 does not preclude noticing and service by physical means otherwise authorized by the court or these rules.

Excerpt from the September 2020 Report of the Committee on Rules of Practice and Procedure

Agenda E-19
Rules
September 2020

## REPORT OF THE JUDICIAL CONFERENCE

## COMMITTEE ON RULES OF PRACTICE AND PROCEDURE

## TO THE CHIEF JUSTICE OF THE UNITED STATES AND MEMBERS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES:

\* \* \* \* \*

## FEDERAL RULES OF BANKRUPTCY PROCEDURE

### *Rules Recommended for Approval and Transmission*

The Advisory Committee on Bankruptcy Rules submitted proposed amendments to Rules 2005, 3007, 7007.1, and 9036.  The amendments were published for public comment in August 2019.

Rule 2005 (Apprehension and Removal of Debtor to Compel Attendance for Examination)

The proposed amendment to Rule 2005(c) replaces the current reference to "the provisions and policies of title 18, U.S.C., § 3146(a) and (b)" – sections that have been repealed – with a reference to "the relevant provisions and policies of title 18 U.S.C. § 3142" – the section that now deals with the topic of conditions of release.  The only comment addressing the proposal supported it.  Accordingly, the Advisory Committee unanimously approved the amendment as published.

Rule 3007 (Objections to Claims)

The proposed amendment to Rule 3007(a)(2)(A)(ii) clarifies that the special service method required by Rule 7004(h) must be used for service of objections to claims only on insured depository institutions as defined in section 3 of the Federal Deposit Insurance Act, 12 U.S.C. § 1813.  The clarification addresses a possible reading of the rule that would extend

such special service not just to banks, but to credit unions as well. The only relevant comment supported the proposed amendment and the Advisory Committee recommended final approval of the rule as published.

Rule 7007.1 (Corporate Ownership Statement)

The proposed amendment extends Rule 7007.1(a)'s corporate-disclosure requirement to would-be intervenors. The proposed amendment also makes conforming and stylistic changes to Rule 7007.1(b). The changes parallel the recent amendment to Appellate Rule 26.1 (effective December 1, 2019), and the proposed amendments to Bankruptcy Rule 8012 (adopted by the Supreme Court and transmitted to Congress on April 27, 2020) and Civil Rule 7.1 (published for public comment in August 2019).

The Advisory Committee made one change in response to the comments. It agreed to retain the terminology "corporate ownership statement" because "disclosure statement" is a bankruptcy term of art with a different meaning. With that change, it recommended final approval of the rule.

Rule 9036 (Notice and Service Generally)

The proposed amendment to Rule 9036 would encourage the use of electronic noticing and service in several ways. The proposed amendment recognizes a court's authority to provide notice or make service through the Bankruptcy Noticing Center ("BNC") to entities that currently receive a high volume of paper notices from the bankruptcy courts. The proposed amendment also reorganizes Rule 9036 to separate methods of electronic noticing and service available to courts from those available to parties. Under the amended rule, both courts and parties may serve or provide notice to registered users of the court's electronic-filing system by filing documents with that system. Both courts and parties also may serve and provide notice to

any entity by electronic means consented to in writing by the recipient. But only courts may serve or give notice to an entity at an electronic address registered with the BNC as part of the Electronic Bankruptcy Noticing program.

The proposed amendment differs from the version previously published for comment. The published version was premised in part on proposed amendments to Rule 2002(g) and Official Form 410. As discussed below, the Advisory Committee decided not to proceed with the proposed amendments to Rule 2002(g) and Official Form 410.

The Advisory Committee received seven comments regarding the proposed amendments, mostly from court clerks or their staff. In general, the comments expressed great support for the program to encourage high-volume paper-notice recipients to register for electronic bankruptcy noticing. But commenters opposed several other aspects of the proposed amendment. The concerns fell into three categories: clerk monitoring of email bounce-backs; administrative burden of a proof-of-claim opt-in for email noticing and service; and the interplay of the proposed amendments to Rules 2002(g) and 9036.

The Advisory Committee addressed concerns about clerk monitoring of email bounce-backs by adding a sentence to Rule 9036(d): "It is the recipient's responsibility to keep its electronic address current with the clerk."

The Advisory Committee was persuaded by clerk office concerns that the administrative burden of a proof-of-claim opt-in outweighed any benefits, and therefore decided not to go forward with the earlier proposed amendments to Rule 2002(g) and Official Form 410 and removed references to that option that were in the published version of Rule 9036. This decision also eliminated the concerns raised in the comments about the interplay between the proposed

amendments to Rules 2002(g) and 9036. With those changes, the Advisory Committee recommended final approval of Rule 9036.

The Standing Committee unanimously approved the Advisory Committee's recommendation that the proposed amendments to Rules 2005, 3007, 7007.1, and 9036 be approved and transmitted to the Judicial Conference

> **Recommendation:** That the Judicial Conference approve the proposed amendments to Bankruptcy Rules 2005, 3007, 7007.1, and 9036 as set forth in Appendix B, and transmit them to the Supreme Court for consideration with a recommendation that they be adopted by the Court and transmitted to Congress in accordance with the law.

\* \* \* \* \*

Respectfully submitted,

David G. Campbell, Chair

| | |
|---|---|
| Jesse M. Furman | Carolyn B. Kuhl |
| Daniel C. Girard | Patricia A. Millett |
| Robert J. Giuffra Jr. | Gene E.K. Pratter |
| Frank M. Hull | Jeffrey A. Rosen |
| William J. Kayatta Jr. | Kosta Stojilkovic |
| Peter D. Keisler | Jennifer G. Zipps |

**Excerpt from the May 18, 2020 Report of the Advisory Committee on Bankruptcy Rules**

COMMITTEE ON RULES OF PRACTICE AND PROCEDURE
OF THE
JUDICIAL CONFERENCE OF THE UNITED STATES
WASHINGTON, D.C. 20544

**DAVID G. CAMPBELL**
CHAIR

**REBECCA A. WOMELDORF**
SECRETARY

**CHAIRS OF ADVISORY COMMITTEES**

**MICHAEL A. CHAGARES**
APPELLATE RULES

**DENNIS R. DOW**
BANKRUPTCY RULES

**JOHN D. BATES**
CIVIL RULES

**RAYMOND M. KETHLEDGE**
CRIMINAL RULES

**DEBRA A. LIVINGSTON**
EVIDENCE RULES

**MEMORANDUM**

**TO:**   Honorable David G. Campbell, Chair
Standing Committee on Rules of Practice and Procedure

**FROM:**   Honorable Dennis R. Dow, Chair
Advisory Committee on Bankruptcy Rules

**DATE:**   May 18, 2020

**RE:**   Report of the Advisory Committee on Bankruptcy Rules

---

I.   **Introduction**

The Advisory Committee on Bankruptcy Rules met virtually via WebEx on April 2, 2020. The draft minutes of that meeting are attached.

At the meeting, the Advisory Committee gave its final approval to amendments to four rules that were published for comment last August. The amendments are to Rules 2005 (Apprehension and Removal of Debtor to Compel Attendance for Examination), 3007 (Objections to Claims), 7007.1 (Corporate Ownership Statement), and 9036 (Notice and Service Generally).

\* \* \* \* \*

The action items are organized as follows:

**Excerpt from the May 18, 2020 Report of the Advisory Committee on Bankruptcy Rules**

A.      Items for Final Approval

(A1) Rules published for comment in August 2019—
- Rule 2005;
- Rule 3007;
- Rule 7007.1; and
- Rule 9036.

\* \* \* \* \*

## II.      Action Items

## A.      Items for Final Approval

*(A1) Rules published for comment in August 2019.*

**The Advisory Committee recommends that the Standing Committee approve and transmit to the Judicial Conference the proposed rule amendments that were published for public comment in August 2019 and are discussed below.** Bankruptcy Appendix A includes the rules that are in this group.

**Action Item 1.  Rule 2005 (Apprehension and Removal of Debtor to Compel Attendance for Examination).** The proposed amendment to Rule 2005(c) replaces the current reference to "the provisions and policies of 18 U.S.C. § 3146(a) and (b)"—sections that have been repealed—with a reference to "the relevant provisions and policies of 18 U.S.C. § 3142"—the section that now deals with the topic of conditions of release. The only mention of the proposed change in the comments received in response to publication was a supportive statement from the National Conference of Bankruptcy Judges ("NCBJ"). Accordingly, the Advisory Committee unanimously approved the amendment as published.

**Action Item 2.  Rule 3007 (Objections to Claims).** Rule 3007(a)(2)(A)(ii) requires service of an objection to a claim "on an insured depository institution[] in the manner provided by Rule 7004(h)." Some bankruptcy judges have questioned whether "insured depository institution" under Rule 7004(h) includes credit unions as well as banks, a question that the Advisory Committee previously decided in the negative, and whether the meaning of "insured depository institution" is the same under Rule 3007(a)(2)(A)(ii) as under Rule 7004(h)

Rule 7004 governs service of a summons and complaint in adversary proceedings, and Rule 9014(b) makes Rule 7004 applicable to service of a motion initiating a contested matter. Rule 7004(b) provides generally for service by first class mail, in addition to the methods of service specified by Civil Rule 4(e)-(j). Rule 7004(b), however, is made subject to an exception set out in subdivision (h). The latter provision states:

(h)      SERVICE OF PROCESS ON AN INSURED DEPOSITORY INSTITUTION. Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary

**Excerpt from the May 18, 2020 Report of the Advisory Committee on Bankruptcy Rules**

proceeding shall be made by certified mail addressed to an officer of the institution unless—

(1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;

(2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or

(3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

Rule 7004(h) was enacted by Congress as part of the Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, 108 Stat. 4106. Section 114 of that law declared that "Rule 7004 of the Federal Rules of Bankruptcy Procedure is amended" to add the text of new subdivision (h).

At the spring 2018 Advisory Committee meeting, the Committee concluded that Rule 7004(h) is not applicable to credit unions because, being insured by the National Credit Union Administration, credit unions do not fall within section 3 of the Federal Deposit Insurance Act.[1] The Committee also decided not to take further action on Suggestion 17-BK-E, which sought an expansion of Rule 7004(h) to include credit unions.

Because of the limited scope of Rule 7004(h), other rule provisions that require service in the manner provided "by Rule 7004" allow service by first class mail under Rule 7004(b) on credit unions. These rules include Rules 3012(b) (request for a determination of the amount of a secured claim in a chapter 12 or 13 plan), 4003(d) (avoidance of a lien on exempt property in a chapter 12 or 13 plan), 5009(d) (motion for an order declaring a lien satisfied and released), 9011(c)(1) (motion for sanctions), and 9014(b) (motion initiating a contested matter).

The 2017 amendments to Rule 3007 were intended to clarify that objections to claims are generally not required to be served in the manner provided by Rule 7004. Instead, those objections may be served on most claimants by mailing them to the person designated on the proof of claim. But that rule is subject to two exceptions. The one relevant here is set forth in subdivision (a)(2)(A)(ii). It provides that "insured depository institutions" must be served "in the manner provided by Rule 7004(h)." The Advisory Committee added that exception in an effort to comply with the legislative mandate in Rule 7004(h) that such institutions be served by certified mail in contested matters and adversary proceedings.

The Advisory Committee subsequently realized that the promulgation of Rule 3007(a)(2)(A)(ii) failed to take account of the Bankruptcy Code definition of "insured depository

---

[1] Section 3 of the Federal Deposit Insurance Act, 12 U.S.C. § 1813(c)(2), provides, "The term 'insured depository institution' means any bank or savings association the deposits of which are insured by the Corporation pursuant to this chapter." The "Corporation" is the Federal Deposit Insurance Corporation. *Id.* at § 1811(a).

**Excerpt from the May 18, 2020 Report of the Advisory Committee on Bankruptcy Rules**

institution."[2]  The Code definition, which includes credit unions in addition to banks insured by the FDIC, is made applicable to the Bankruptcy Rules by Rule 9001.  However, the Committee concluded that the definition does not change the scope of Rule 7004(h), because in the latter provision Congress expressly included a specific and narrower definition of insured depository institution—one defined in section 3 of the Federal Deposit Insurance Act.  That specific reference in Rule 7004(h) overrides the more general definition in § 101(35).

The existence of a Code definition of insured depository institution does, however, affect the scope of Rule 3007(a)(2)(A)(ii).  That provision does not say that service according to Rule 7004 is required; instead, it specifically requires service according to Rule 7004(h).  And it applies to an "insured depository institution" without providing any special definition of that term.  Accordingly, the § 101(35) definition applies, and credit unions are brought within the requirement that Rule 7004(h) service be made.  That means that only under this one rule are credit unions required to receive service by certified mail.

The Advisory Committee proposed the amendment to Rule 3007(a)(2)(A)(ii) to eliminate the inclusion of credit unions by limiting the term "insured depository institution" to the meaning set forth in section 3 of the Federal Deposit Insurance Act.  The underlying intent of the Advisory Committee in previously proposing the amendments to Rule 3007 was to clarify that Rule 7004 service is generally not required for objections to claims.  The exception in subdivision (a)(2)(A)(ii) was included based on the belief that it was required by the congressionally imposed requirement of Rule 7004(h); there was no intent, however, to expand the scope of that heightened service requirement.

In response to publication of the amendment to Rule 3007(a)(2)(A)(ii), the only comment submitted was the general statement by the NCBJ that it "supports the amendments."  Accordingly, the Advisory Committee voted unanimously to recommend that the Standing Committee give final approval to the rule as published.

**Action Item 3**.  **Rule 7007.1 (Corporate Ownership Statement).**  Continuing the advisory committees' efforts to conform the various disclosure-statement rules to the amendments made to FRAP 26.1, which went into effect in December, the Advisory Committee proposed for publication conforming amendments to Rule 7007.1. Similar amendments to Rule 8012—the bankruptcy appellate disclosure-statement rule—have been sent to Congress.  Rule 7007.1 requires corporate-ownership disclosure in the bankruptcy court and is proposed for amendment to parallel the relevant amendments to Civil Rule 7.1 that were also published last August.  Like that rule, amended Rule 7007.1 would be made applicable to nongovernmental corporations seeking to intervene and would no longer require the submission of two copies of the statement.

Two comments were submitted in response to publication.  The first, submitted by Aderant, suggested that the word "shall" be changed to "must" to conform to the wording of the parallel rules.  The Advisory Committee concluded that this change should be made when the Part VII rules are restyled.  In the meantime, the Bankruptcy Rules (other than Part VIII) are continuing to

---

[2] Section 101(35) provides that the "term 'insured depository institution'—(A) has the meaning given it in section 3(c)(2) of the Federal Deposit Insurance Act; and (B) includes an insured credit union (except in the case of paragraphs (21B) and (33A) of this subsection)."

**Excerpt from the May 18, 2020 Report of the Advisory Committee on Bankruptcy Rules**

use "shall" rather than "must" so that the change can be made at the same time throughout the rules and not on a piecemeal basis.

The other comment was submitted by the NCBJ. It suggested that, rather than conforming to Civil Rule 7.1's terminology "disclosure statement," Rule 7007.1 should retain the terminology "corporate ownership statement." It pointed out that "disclosure statement" is a bankruptcy term of art with a different meaning and that there are five other Bankruptcy Rule references to Rule 7007.1 that use the term "corporate ownership statement."

The Advisory Committee agreed with the NCBJ and voted unanimously to approve Rule 7007.1 with the current title retained and the word "disclosure" in subdivision (b) changed to "corporate ownership."

**Action Item 4.** **Rule 9036 (Notice and Service Generally).** For several years, the Advisory Committee has been considering possible amendments to the Bankruptcy Rules to increase the use of electronic noticing and service in the bankruptcy courts. One set of amendments to Rule 9036 went into effect on December 1, 2019. Proposed amendments to Rule 2002(g) and Official Form 410 that were published along with the 2019 amendments to Rule 9036—authorizing creditors to designate an email address on their proofs of claim for receipt of notices and service—were held in abeyance by the Advisory Committee for further consideration. Additional amendments to Rule 9036 were published for public comment last August.

The recently published amendments to Rule 9036 would encourage the use of electronic noticing and service in several ways. The rule would recognize a court's authority to provide notice or make service through the Bankruptcy Noticing Center ("BNC") to entities that currently receive a high volume of paper notices from the bankruptcy courts. In anticipation of the simultaneous amendments of Rule 2002(g) and Official Form 410, it would also allow courts and parties to serve or provide notice to a creditor at an email address designated on its proof of claim. And it would provide a set of priorities for electronic noticing and service for situations in which a recipient had provided more than one electronic address to the courts.

Seven sets of comments were submitted regarding the proposed amendments to Rule 9036. Most of them were from clerks of court or their staff, and they expressed several concerns about the proposed amendments to Rule 9036, as well as to the earlier published amendments to Rule 2002(g) and Official Form 410.

There was enthusiastic support for the program to encourage high-volume paper-notice recipients to register for electronic bankruptcy noticing. No comments expressed opposition to it or concerns about it.

Many clerks, however, expressed opposition to several other aspects of the proposed Rule 9036 amendments. In addition to individual commenters, commenters included the Bankruptcy Clerks Advisory Group, the Bankruptcy Noticing Working Group, and an ad hoc group of 34 clerks of court. The concerns fell into three categories: clerk monitoring of email bounce-backs; administrative burden of a proof-of-claim opt-in for email noticing and service; and the interplay of the proposed amendments to Rules 2002(g) and 9036.

*Clerk monitoring of email bounce-backs.* Proposed Rule 9036(d) provides that "[e]lectronic notice or service is complete upon filing or sending but is not effective if the filer or

**Excerpt from the May 18, 2020 Report of the Advisory Committee on Bankruptcy Rules**

sender receives notice that it did not reach the person to be served." One clerk expressed concern that this provision imposes an administrative burden on the clerk's office by requiring it to monitor undeliverable emails. He advocated for the addition of a sentence to subdivision (d) that would relieve clerks of that burden. No other comments raised this concern.

The Advisory Committee noted that the provision to which objection was raised is also included in the version of Rule 9036 that went into effect in December. The same provision is also in Rule 8011(c)(3), which became effective in 2018. In considering the provision in Rule 8011, the Advisory Committee spent considerable time discussing this provision, and it determined that all users of electronic noticing and service—clerks as well as parties—should be required to make effective service or noticing, which means continuing their efforts if they become aware that their prior attempt failed. The Advisory Committee voted not to change the language in question.

It did, however, decide that the other part of the comment's suggestion—that an additional sentence be added that would make the electronic notice recipient responsible for maintaining and updating its electronic address with the bankruptcy clerk—would be helpful. That directive could reduce the number of bounce-backs. The Advisory Committee therefore voted to add the following sentence to the end of subdivision (d): "It is the recipient's responsibility to keep its electronic address current with the clerk."

*Administrative burden of allowing a creditor to opt-in to email noticing and service on its proof of claim.* This was the chief concern of the clerks and the Bankruptcy Noticing Working Group and was a concern that was expressed when the amendments to Rules 2002(g), 9036, and Form 410 were published in 2017. Without an automated process to retrieve email addresses in proofs of claim, clerks say that they will have to manually review every proof of claim to determine if the email box was checked and an email address was listed. According to one clerk, even automation will not solve all the problems because paper proofs of claim will still be filed, and they will contain errors and illegible entries that will require staff time to resolve. Several of the comments noted that the high-volume paper-notice program will produce significant savings for the courts, and that any savings resulting from low-volume users opting into email notice will be outweighed by administrative costs.

The proposal for email opt-in on proofs of claim would not be just for the benefit of the judiciary, which already has the Electronic Bankruptcy Noticing program. Instead, it was also intended to benefit parties, who could save mailing costs in serving creditors who opt into email notice. Because parties cannot be forced to accept electronic service and notice, an opt-in procedure seemed to be the best approach. And providing that opportunity in the proof of claim seemed the best mechanism to pursue since Rule 2002(g)(1)(A) already provides that "a proof of claim filed by a creditor . . . that designates a mailing address constitutes a filed request to mail notices to that address." Under subdivision (g)(1) of that rule, notices required to be mailed to a creditor "shall be addressed as such entity . . . has directed in its last request filed in the particular case." The amendment to Rule 2002(g) published in 2017 would expand that rule to include email addresses, and Rule 9036 would recognize transmission to that email address as a proper means of service or noticing.

In deciding not to go forward in 2018 with the amendments to Rule 2002(g) and Form 410 that would provide for opting into email service, the Advisory Committee accepted the concerns that were raised then by clerks about the lack of an automated means of retrieving the designated

**Excerpt from the May 18, 2020 Report of the Advisory Committee on Bankruptcy Rules**

email addresses. The Advisory Committee was told then that such automation would not be feasible until 2021. The decision in 2019 to propose the new amendments to 9036, with the anticipation that approval would also be sought for the Rule 2002(g) and Form 410 amendments, was made with the expectation that automation would be feasible by the amendments' December 1, 2021 effective date.

One clerk said, however, that even with automation, the burden on the clerk's office will still be too great because of the number of paper proofs of claim that will be filed. While the comment from the Bankruptcy Noticing Working Group suggested some ways that burden might be reduced, the Advisory Committee decided that the proof-of-claim check-box option should not be pursued. Deciding not to go forward with the proposed amendments to Rule 2002(g) and Official Form 410, and deleting references to that option in Rule 9036, would allow the courts to receive the benefits of the high-volume paper-notice program, which is anticipated to result in significant savings to the judiciary, without imposing what many clerks perceive as an undue burden on them of having to review proofs of claim for email addresses. This approach does not provide any benefit to parties, however, because they will not have access to electronic addresses registered with the BNC, but it is anticipated that future improvements to CM/ECF will allow the entry of email addresses in a way that will be accessible to parties as well as to those within the court system. Language proposed by the Subcommittee in Rule 9036(b)(2) would allow for that future possibility. Accordingly, the Advisory Committee voted unanimously to approve the revised version of the published amendments to Rule 9036 that is set forth in the appendix.

*Interplay of the proposed amendments to Rules 2002(g) and 9036.* Given the Advisory Committee's recommendation not to go forward with the proposed amendments to Rule 2002(g) and Official Form 410, this concern raised by the comments is no longer an issue.

\* \* \* \* \*