## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

FRED L. NANCE, JR.,        )
                                )

    Plaintiff,            )
                                )      No. 20 C 6316

    v.                 )
                                )      Judge Jorge L. Alonso

EMAGES, INC.,          )
HATTIE WASH, and     )
THOMAS BRADLEY,     )
                                )

    Defendants.         )

## ORDER

Plaintiff's motions [90, 92] for Rule 54(b) judgment are granted. Judgment shall enter in favor of the government defendants and against plaintiff. That judgment will reflect that plaintiff's Federal Tort Claims Act claim against the government defendants was dismissed without prejudice (and without leave to amend) and plaintiff's remaining claims against the government defendants were dismissed with prejudice.

## STATEMENT

On June 22, 2021, plaintiff Fred L. Nance ("Nance") filed a notice of appeal in this case. Ordinarily, the filing of a notice of appeal divests a district court of jurisdiction. *Ameritech Corp. v. International Bhd. of Elec. Workers, Local 21*, 543 F.3d 414, 418 (7th Cir. 2008). That rule, however, does not apply when the appeal is from a nonappealable order, which is what this Court believes happened here. *See JP Morgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 860 n. 7 (7th Cir. 2013). Thus, this Court has jurisdiction to consider the motions that plaintiff has filed on this Court's docket.

Plaintiff seeks a final judgment against the government defendants in order to perfect his appeal. Entry of such a judgment even after plaintiff has filed his notice of appeal would allow the appeal to proceed. *Bishop v. Gainer*, 272 F.3d 1009, 1012 (7th Cir. 2001) ("the belated Rule 54(b) certification gave us jurisdiction over those appeals based on the prematurely filed notices of appeal.") (citing *Local P-171, Amalgamated Meat Cutters and Butcher Workmen of N.A. v. Thompson Farms Co.*, 642 F.2d 1065 (1981)).

Rule 54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). Here, there is no just reason for delay, because, as this Court has previously stated, "this case is over with respect to the government defendants." [Docket 65 at 1]. The Court previously ruled:

Plaintiff's FTCA claim is dismissed without prejudice (and without leave to amend). The remaining claims against the government are dismissed with prejudice.

[Docket 64 at 14]. The reason plaintiff was not allowed to amend his FTCA claim is that a plaintiff must exhaust administrative remedies *before* filing suit. A suit filed before a plaintiff exhausts must be dismissed, even if the plaintiff exhausts after filing suit. *McNeil v. United States*, 508 U.S. 106 (1993). Because all claims against the government are over, there is no just reason to delay entry of judgment.

The only issue that gives this Court pause is the Seventh Circuit's opinion that Rule 54(b) motions should generally be filed within 30 days. *See Schaeffer v. First Nat. Bank of Lincolnwood*, 465 F.2d 234, 236 (7th Cir. 1972). In *Schaeffer*, the Seventh Circuit said:

> [A]s a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates. There may be of course cases of extreme hardship where dilatoriness is not occasioned by neglect or carelessness in which the application of this general rule might be abrogated in the interest of justice.

*Schaffer*, 465 F.2d at 236; *see also King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017). It appears to this Court that the 30-day guideline was not meant as a trap for the unwary but rather as a means to keep parties from extending the time for filing an appeal. This plaintiff has already filed his notice of appeal and is merely attempting to perfect that appeal, which is allowed under *Bishop* and *Local P-171*.

For these reasons, plaintiff's motions are granted.

SO ORDERED.                                              ENTERED:   August 17, 2021

_____
JORGE L. ALONSO
United States District Judge