**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Fred L. Nance Jr. ) | |
| ) | Case No. 20 CV 06316 |
| Plaintiff, ) | |
| ) | Honorable Judge: Jorge L. Alonso |
| vs. ) | |
| ) | Honorable Magistrate Judge: |
| Department of Justice, Bureau of Justice ) | |
| Assistance, Office of Justice Programs, ) | Beth W. Jantz |
| EMAGES, Inc., Hattie Wash, Thomas ) | |
| Bradley, et al. ) | Courtroom: 1903 |
| ) | |
| Defendants. ) | |

**MOTION TO REINSTATE FTCA CLAIM**

NOW COMES Pro se plaintiff Fred L. Nance Jr. reporting this Court's Order on June 8, 2021 (Dkt. #64) dismissed the FTCA claims against defendant Department of Justice, Bureau of Justice Assistance, Office of Justice Programs (hereinafter, "DOJ") stating "…This dismissal is without prejudice to plaintiff's right to file an administrative claim with the appropriate agency…." (p.13) Plaintiff has filed an administrative claim with the appropriate agency. Plaintiff further submits the following in support:

Plaintiff is respectfully requesting to reinstate his FTCA claim and add defendant "United States" in place of DOJ pursuant to FRCP Rule 15(c)(1)(2), (Fed. Rule Civ. Proc. 15(c)(2) (permitting relation back of amendments to pleadings when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [timely filed] pleading"). *Scarborough vs. Principi* 541 U.S. 401 (2004) "…Fed. Rule Civ. Proc. 15(c)(2) (permitting relation back of amendments to pleadings when "the claim or defense asserted in the amended pleading arose out of the conduct,

transaction, or occurrence set forth or attempted to be set forth in the original [timely filed] pleading"). See also Rule 7(a) (enumerating permitted "pleadings"). *Scarborough* acknowledges that Rule 15(c) itself is directed to federal district court "pleadings," but urges that this Court has approved application of the relation-back doctrine in analogous settings….", and *Herrera vs. Cleveland, Diaz, Martinez*, No. 20-2076 (7th Circuit, August 6, 2021) under Rule 15(c)(1)(C), an amendment to a pleading that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading so long as: (1) the amendment asserts a claim or defense arising out of the same conduct, transaction, or occurrence as the original complaint; (2) "within the period provided by Rule 4(m)," the party added by amendment "received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) the added party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." (pp.5-6) Defendant DOJ reported "Even if Nance had exhausted his administrative remedies, which he did not, an FTCA claim can be brought only against the United States, not the DOJ. E.g., *Quinlan by Cecola v. U.S. Postal Serv.,* No. 89 C 5748, 1989 WL 88255, at *1 (N.D. Ill. July 31, 1989) ("Section 1346(b) calls for the action to be brought against the United States itself and not against the federal agency, and that is confirmed by Section 2679(a)."). (Dkt. #32, p.6)

On or about May 15, 2021, plaintiff filed his 3 Whistleblower complaints via the Department of Justice, Office of Inspector General's online website. (Dkt. #66-1, pp. 5-15, Ex.1) Plaintiff received correspondence from the Department of Justice, Office of Inspector General dated June 8, 2021 stating, in part, "Thank you for your correspondence ***received* May 15, 2021**…After reviewing your complaint, we have determined that the matters that you raised are more appropriate for review by another office within the DOJ. Therefore, we have forwarded

your correspondence to: U.S. Department of Justice Office of Justice Programs General Counsel 810 7th Street, N.W. Washington DC 20531." (Dkt. #66-1, p.1, Ex.1)

On June 8, 2021, this court issued a Memorandum Opinion and Order stating "…The government argues that plaintiff's FTCA claim must be dismissed, because plaintiff failed to exhaust his administrative remedies. (p.11) Accordingly, plaintiff's FTCA claim is dismissed, noting "This dismissal is without prejudice to plaintiff's right to file an administrative claim with the appropriate agency…to the extent the statute of limitations has not run citing *Chronis*, 932 F.3d at 549. Plaintiff may not, however, replead the claim in this case. (p.13) Plaintiff is not seeking to replead the FTCA claim against the DOJ, but rather, plaintiff seeks to plead a FTCA claim against the United States pursuant to Rule 15(c)(1)(2), *Scarborough* and *Herrera*. *Id*. The only proper defendant in an FTCA action is the United States not DOJ. See *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir.2006) ("The United States would be the proper defendant for tort claims involving acts of the named officials within the scope of their employment.")

On June 9 &11, 2021, plaintiff sent copies of his "online" filed Whistleblower Administrative complaint (Dkt. #66-1, pp.1-15, Ex.1) with attachments (64) via Certified mail to the U.S. Department of Justice Office of Justice Programs General Counsel 810 7th Street N.W. Washington DC 20531. Plaintiff tracked his Certified mail receipts #70202450000023885163 & 70202450000023885170. Plaintiff items were delivered at 4:52 am and 4:53 am on June 17, 2021, respectively. On plaintiff's "online" whistleblower complaint plaintiff requested $500,000.00 in damages (Dkt. #66-1, p.12, Ex.1), which this Court's Order reported "…By regulation, a claim is "deemed to have been presented when a Federal agency receives from a claimant…an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain…. (Dkt. #64, p.12)

On June 8, 2021 this court issued a Memorandum Opinion and Order stating in the notes "Plaintiff alleges the existence of his three whistleblower complaints in his complaint. Plaintiff did not attach these documents to his complaint, but the government filed the first two in connection with its motion to dismiss." In plaintiff's response to the government's motion to dismiss and/or summary judgment, the plaintiff submitted all 3 whistleblower complaints. (Dkt. #49-16) Yet, this Honorable Court decided to only include in its June 8, 2021 Order the government filing plaintiff's first two whistleblower complaints, which the government referenced in their Defendant's Rule 56(1)(a)(3) Statement of Facts In Support Of Its Motion For Summary Judgment. (Dkt. #33, pp.2-3)

On June 8, 2021 this court issued a Memorandum Opinion and Order stating in the notes "The Court notes that plaintiff requested, pursuant to Rule 56(d), an opportunity to take discovery before responding to defendant's motion for summary judgment. The Court denied the motion in open court, because the only relevant facts (namely, whether plaintiff had been a government employee and whether plaintiff had filed an administrative claim) were within the plaintiff's personal knowledge." (Dkt. #64, p.5) Plaintiff is not only claiming he is a Whistleblower pursuant to the Whistleblower Act of 2013, amended 2016 but also a relator pursuant to FCA.

To be sure, failing to put a number on the amount demanded is not necessarily fatal. See *Smoke Shop, L.L.C. v. United States*, 761 F.3d 779, 787 (7th Cir. 2014). It is "only fatal if it can be said to have `hindered' or `thwarted' the settlement process `that Congress created as a prelude to litigation.'" *Id*. (quoting *Kanar*, 118 F.3d at 531); see also *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015) (explaining that a precise sum of money is not always required because its absence typically won't "derail the settlement process"). Plaintiff requested an

amount of $500,000.00 in his original paperwork on his federal Civil Action Cover Sheet form. (Ex. A)

On October 27, 2021 plaintiff received a letter from the U.S. Department of Justice, Civil Division, Torts Branch stating "…This is in response to your administrative tort claim dated June 9, 2021, which you submitted to the Office of Justice Programs (OJP). OJP forwarded the claim to this office on September 30, 2021, and we received it on October 1, 2021…." (Ex. B)

On November 11, 2021 plaintiff sent correspondence to the U.S. Department of Justice, Civil Division, Torts Branch informing them stating "…on or about December 17, 2021, I will re-file my federal complaint against DOJ, BJA, OJP in the 7th Circuit Court pursuant to not having any relief within 120 days of filing the complaint with OIG. (10 U.S.C. §2409(c)(2); 41 U.S.C. §4712(c)(2)) (Ex. C) Plaintiff has not received a response from the U.S. Department of Justice, Civil Division, Torts Branch since sending the November 11, 2021 letter.

Pursuant to the National Defense Authorization Act (NDAA) of 2013, amended 2016, plaintiff is protected under §828, which has a broader scope for whistleblowers, including employees of other federal contractors and subcontractors, employees of federal grant recipients or subgrantees, employees of entities that receive federal funds, and personal services contractors working on federally funded projects. See 41 U.S.C. §4712(a)(1).

Pursuant to NDAA Administrative Complaints: A NDAA reprisal claim must be filed initially with the Office of Inspector General (OIG) of the agency that awarded the contract or grant about which the employee disclosed wrongdoing (10 U.S.C. §2409(b)(1);41 U.S.C. §4712(b)(1). Once finished with the investigation, the OIG submits a report to the agency head and other relevant parties within 180 days of receiving the complaint, unless the whistleblower

agrees to an extension (10 U.S.C. §2409(b)(2); 41 U.S.C. §4712(b)(2). Plaintiff does not agree to an extension.

A whistleblower may file a lawsuit in federal court if he has not obtained relief within 210 days. (10 U.S.C. §2409(c)(2); 41 U.S.C. §4712(c)(2). Plaintiff has met the standard here and now re-files his case in this Court against the United States and not DOJ.

It appears, from the language of this court's order on June 8, 2021, this court is reporting plaintiff cannot submit a request to reinstate the DOJ litigation under this case number. Plaintiff is not requesting to reinstate a claim against DOJ. This court dismissed plaintiff's FTCA without prejudice, which means plaintiff can bring the case back when satisfying administrative exhaustion remedies guidelines. Plaintiff has satisfied the exhaustion remedy of 210 days. (10 U.S.C. §2409(c)(2); 41 U.S.C. §4712(c)(2) Plaintiff is requesting to file an amended complaint against the United States (*Scarborough, Herrera, Quinlan by Cecola*), not the DOJ. If plaintiff cannot amend his complaint to include the United States as defendants in this litigation, under this case number, plaintiff will have to file a new complaint, which would be duplicative litigation, running parallel to the present litigation against EMAGES, Inc. et al.

The Seventh Circuit has advised that "a district court has 'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation." *Trippe Mfg. Co. v. Am. Power Conversion Corp*., 46 F.3d 624, 629 (7th Cir. 1995) (quoting *Kerotest Mfg. Co. v. C-O- Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952)). Plaintiff has satisfied (10 U.S.C. §2409(c)(2); 41 U.S.C. §4712(c)(2). This court can avoid duplicative litigation in this matter by allowing plaintiff to reinstate his FTCA claim in this case.

The 7th Circuit applies a flexible standard to the exhaustion requirements for plaintiffs making claims under the Federal Tort Claims Act, excusing technical deficiencies so as not to

preclude all but the savviest of plaintiffs from receiving a hearing on the merits. See *Delgado v. Merit Sys. Prot. Bd.*, 880 F.3d 913, 924 (7th Cir. 2018), as amended on denial of *reh'g and reh'g en banc* (June 19, 2018).

The Federal Tort Claims Act requires a plaintiff to exhaust her administrative remedies and give notice to the government of her claim so that the agency can have a chance to settle "meritorious claims more quickly and without litigation." *Warrum v. United States,* 427 F.3d 1048, 1050 (7th Cir. 2005); 28 U.S.C. § 2675(a). Plaintiff has satisfied this administrative remedy.

The 7th Circuit has long applied a flexible standard and have made clear that technical deficiencies in an administrative claim are not fatal, provided the "proper agency had the opportunity [932 F.3d 551] to settle the claim for money damages before the point of suit." *Smoke Shop, LLC v. United States,* 761 F.3d 779, 787 (7th Cir. 2014). The 7th Circuit's flexible standard means that courts must construe pro se administrative complaints generously and deem exhausted any claim fairly implicit in the facts that would be clear to a legally sophisticated reader. *Delgado,* 880 F.3d at 925. Plaintiff has given the Department of Justice, Office of Inspector General the allotted time to settle this matter, which is 210 days.

Accordingly, a plaintiff may "litigate under the FTCA following an administrative demand" even if that initial administrative demand "does not comply with every jot and tittle of the rules defining a `claim.'" *Kanar v. United States,* 118 F.3d 527, 530 (7th Cir. 1997). The 7th Circuit has asked "Why should courts stand on punctilious adherence to unimportant elements of the regulatory definition of a `claim' under the FTCA?" *Id.* at 531. Instead, the 7th Circuit looks to see whether the noncompliance has "hindered the settlement process that a claim is supposed to initiate;" if it has not, then there is no reason to foreclose litigation. *Id.*

WHEREFORE, Plaintiff respectfully request to reinstate his FTCA claim pursuant to the June 8, 2021 Court Order, and add defendant "United States" in place of DOJ pursuant to *Quinlan by Cecola*, *Scarborough* and *Herrera* and FRCP Rule 15(c)(1)(2), and whatever else this Honorable court deems necessary and appropriate.

/s/Dr. Fred L Nance Jr
Pro se Plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org

## CERTIFICATE OF SERVICE

I, Fred L Nance Jr., hereby certify that on this 10th day of December 2021, I caused the foregoing:

**MOTION TO REINSTATE FTCA CLAIM**

to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties listed on the electronic service list.

/s/Fred L. Nance Jr., Ph.D.
Pro se
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org