UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRED L. NANCE, Jr., | ) |
|       Plaintiff, | ) |
| | ) No. 20 C 6316 |
|       v. | ) |
| | ) Judge Alonso |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) |
|       Defendants. | ) |

**FEDERAL DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO REINSTATE HIS FEDERAL TORT CLAIMS ACT CLAIM**

Defendant, U.S. Department of Justice, by John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, responds to plaintiff's motion to reinstate, stating:

1. On October 23, 2020, *pro se* plaintiff Fred Nance filed this action alleging, *inter alia*, that the Department of Justice, Office of Justice Programs, is liable under the Federal Tort Claims Act, and under Illinois' Whistleblower Act, when it terminated a grant under which plaintiff was being compensated for services plaintiff provided through defendant EMAGES, Inc., the grantee. Dkt. 1.

2. On February 3, 2021, the Department of Justice filed a motion to dismiss, or alternatively for summary judgment, on grounds that Nance failed to exhaust his administrative remedies for his FTCA claim and that his remaining claims did not apply the government. Dkt. 31 – 34.

3. On June 8, 2021, the court granted the Department of Justice's motion and dismissed Nance's FTCA claim without prejudice for failure to exhaust his administrative remedies. Dkt. 64. The court specifically ordered that Nance "may not, however, replead the [FTCA] claim in this case." Mem. at 13, n. 4, Dkt. 64. The court also dismissed Nance's remaining

claims with prejudice. Mem. at 13, Dkt. 64.

4. On December 10, 2021, Nance filed a motion to "reinstate" his FTCA claim in this case, arguing that he is not simply reinstating his former FTCA claim because he is seeking to substitute the United States for the Department of Justice. Mot. at 1, 3 Dkt. 110. Nance further argues that his claim should be allowed because it "relates back" under Fed. R. Civ. P. 15(c) to his original complaint since it is the same as his initial FTCA claim, but for the named defendant. Mot. at 1, 3, Dkt. 110.

5. On December 13, 2021, the court ordered that it would take Nance's motion to reinstate under advisement and allowed the Department of Justice to respond to the motion on or before January 22, 2022. Dkt. 114.

6. The court should deny Nance's motion for several reasons. First, it directly violates the court's June 8, 2021, order that prohibits Nance from repleading his FTCA claim in this case. Mem. at 13, n. 4, Dkt. 64.

7. Second, Nance's argument, that substituting the United States for the Department of Justice as a defendant effectively means he is not repleading his case, is wrong because the claim is obviously the same. Mot. at 3, Dkt. 110. Also, a substitution of parties is not relevant to the issue of whether he may replead his FTCA claim in this case.

8. Third, Nance's argument that his claim "relates back" could possibly be relevant if his FTCA claim were time barred, but it is not. Mot. at 1, 2, Dkt. 110. The reason his initial FTCA claim was dismissed was for failure to exhaust his administrative remedies, not improper identification of a defendant and untimely filing. Mem. at 13, Dkt. 64.

9. Nance also argues that if he follows the court's instruction and files a new FTCA complaint against the United States, the litigation will be duplicative of his currently pending

2

claim. Mot. at 6, Dkt. 110. Nance is wrong because an FTCA claim can only be asserted against the United States and the remaining defendants are private parties. His employment-based claims against the private defendants are entirely distinct from his FTCA case against the government and would therefore *not* be duplicative.

10. In support, Nance cites *Quinlan by Cecola v. U.S. Postal Serv.*, No. 89 C 5748, 1989 WL 88255, at *1 (N.D. Ill. July 31, 1989), but there the court dismissed the plaintiff's case and provided the opportunity to refile. Mot. at 2, Dkt. 110. Here, as set forth above, the court specifically stated that he could *not* refile his FTCA claim in this case.

11. Similarly, Nance's cite to *Scarborough v. Principi*, 541 U.S. 401 (2004), does not apply since that case involved an attorney fees claim that was initially time barred due to a pleading defect. Mot at 1 -2, 6, Dkt. 110. Here, Nance's FTCA claim is not time barred.

12. Nance also cites *Herrera v. Cleveland*, 8 F. 4th 493 (7th Cir. 2021), as support but the issue there was timeliness and whether the plaintiff's failure to name the proper defendant was a "mistake" for purposes of Fed. R. Civ. P. 15(c)(1)(C)(ii). *Herrera*, 8 F. 4th at 495; Mot. at 2, 3, Dkt. 110. Here, Nance's claim is not time barred and *Herrera* does not support his assertion that he should be able to amend a case with non-government defendants and replead, in contradiction to the court's June 8 order, a non-time barred claim that may only be asserted against the United States. In fact, *Herrera* holds that naming a "John Doe" defendant is not a mistake, for purposes of Rule 15(c), and therefore the later claim would not relate back. *Herrera*, 8 F.4th at 499.

13. Accordingly, for the reasons set forth above, the court should deny Nance's motion. If Nance chooses to pursue his FTCA claim, then he must file a new complaint, as the court previously ordered.

WHEREFORE, the defendant, United States Department of Justice, Office of Justice Programs, requests that the court deny Nance's motion to reinstate his FTCA claim and add the United States as a defendant.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Kurt N. Lindland
    KURT N. LINDLAND
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4163
    kurt.lindland@usdoj.gov