UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRED L. NANCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 6316 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| EMAGES, INC., | ) | |
| HATTIE WASH, and | ) | |
| THOMAS BRADLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Believing he had been squeezed out of a grant for having blown a whistle, plaintiff Fred L. Nance filed an amended complaint against three defendants. Defendants have filed a motion to dismiss and to strike. For the reasons set forth below, the Court grants in part and denies in part the motion to dismiss.

**I.     BACKGROUND**

The following facts are from plaintiff's amended complaint, and the Court takes them as true for purposes of this motion to dismiss.

Plaintiff Fred L. Nance ("Nance") was once employed by defendant EMAGES, Inc. ("EMAGES"), of which defendant Hattie Wash ("Wash") was President and CEO. Plaintiff and the three defendants were involved with a federal grant, namely #2018-CY-BX-0025 (the "Grant").

The Grant came about in the fall of 2018. In May of that year, plaintiff and Wash had submitted a proposal under the Second Chance Act Comprehensive Community-based Adult Reentry Program. In September 2018, Wash and plaintiff learned they had been awarded the

Grant, which would run from October 1, 2018 through September 20, 2021. Defendant Thomas Bradley ("Bradley") was the certified public accountant for the Grant.

In connection with the Grant, plaintiff and Bradley participated in a training program on financial management. There, plaintiff learned that grant awardees were expected to ensure that they did not draw down more federal funds than they could spend within the following ten days. By February 2020, defendants were approved to draw down federal funds for the Grant.

Plaintiff quickly grew concerned about how the funds were being drawn down. On or about February 26, 2020, plaintiff received a copy of the monthly drawdown and learned that Wash had drawn down funds to pay Dorothy Collins, who was no longer working on the Grant. Plaintiff later noticed that Wash had also drawn down funds on March 30, 2020 to pay Dorothy Collins. Plaintiff complained to Wash, who told him to stay in his own lane. Plaintiff complained to Bradley, who said he would not discuss the matter except in a meeting with both plaintiff and Wash.

Plaintiff next complained to a member of Congress. Then, on April 18, 2020, plaintiff sent to the United States Department of Justice what he describes as a whistleblower complaint. Plaintiff alleges he sent two additional whistleblower complaints, one in August 2020 and one in September 2020.

On August 21, 2020, Wash told plaintiff that she was willing to give up the Grant on account of plaintiff's whistleblowing complaints. At some point, Wash gave back the Grant. Wash and EMAGES terminated plaintiff's employment.

**II.     STANDARD ON A MOTION TO DISMISS**

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P.

12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Allegations that are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In considering a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws permissible inferences in favor of the plaintiff. *Boucher v. Finance Syst. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). Conclusory allegations "are not entitled to be assumed true," nor are legal conclusions. *Iqbal*, 556 U.S. at 680 & 681 (noting that a "legal conclusion" was "not entitled to the assumption of truth[;]" and rejecting, as conclusory, allegations that "'petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement"). The notice-pleading rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-679.

III.     DISCUSSION

    A.     **Striking portions of plaintiff's amended complaint**

        1.     **Immaterial and redundant**

Before the Court considers the merits of defendants' motion to dismiss, it considers defendants' request that portions of plaintiff's amended complaint be stricken.

3

Motions to strike are generally disfavored, because they waste time. In this case, though, defendants' request is well taken, because plaintiff includes a significant amount of redundant and immaterial content in his unnecessarily long amended complaint.

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a)(2). In addition, a party "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). Pursuant to Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The Court sees at least three problems with plaintiff's complaint. First, plaintiff has included several pages of legal argument. The occasional legal conclusion among a numbered statement of alleged facts is often not worth the trouble of striking, but, here, plaintiff has essentially included a legal brief in his complaint. That is wholly inappropriate. *See, e.g., Stauffer v. Westmoreland Ob-Gyn Assoc., S.C.*, Case No. 00 C 1242, 2000 WL 33128493 at *1 (N.D. Ill. July 27, 2000) (striking complaint that was "replete" with legal argument and stating that plaintiff "does not need to argue her entire case in her pleadings, and she should not do so"). The Court will strike the legal argument, as described below.

The second problem is that plaintiff does not begin numbering his allegations until page 18 of his complaint. Still, plaintiff has included some relevant facts in those first eighteen pages. Accordingly, although plaintiff's complaint violates Rule 10(b), the Court will not strike the entirety of the unnumbered fact section. Some of those facts are relevant to plaintiff's claims, so striking the entire section would result in the loss of some of plaintiff's factual allegations.

4

Third, a significant portion of those unnumbered facts are wholly irrelevant to plaintiff's claims. Plaintiff includes several pages of facts involving alleged retaliation by the Department of Justice after plaintiff filed his original complaint in this case. This is a problem, because, before plaintiff filed his amended complaint, plaintiff did not ask for (and the Court did not grant) leave to supplement his complaint. Fed.R.Civ.P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). Even if plaintiff had asked, the Court would not have allowed such supplementation, because the allegations are wholly irrelevant. Neither the Department of Justice nor any other governmental entity is a defendant in this case. The defendants in this case are not responsible for the alleged behavior of government employees. The Court will strike the irrelevant section, as described below.

For these reasons, the Court strikes from plaintiff's amended complaint: a) the contents of page 5, beginning with the heading "Ongoing Retaliation"; b) all of pages 6-11; and c) the contents of page 12 until the heading "JURISDICTION AND VENUE."

### 2. Counts

In addition, defendants request that the Court strike portions of plaintiff's complaint on the grounds that plaintiff sets out as separate claims legal principles that are more properly thought of as elements of claims or demands for relief. Specifically, plaintiff separates his allegations into nine "Counts," but it is clear from the complaint and from plaintiff's brief that plaintiff is attempting to state two claims: one under the National Defense Authorization Act and one under the False Claims Act.

First, the parties agree that plaintiff has set as "Counts" two prayers for relief. Plaintiff's amended complaint sets out "special damages" as Count 9 and "emotional distress" as Count 8. Plaintiff agrees that these are prayers for relief, rather than separate claims. (Plf. Brief at 9, 10/Docket 106 at 9, 10). There is no need to strike these counts when it is agreed by all that they are prayers for relief rather than separate claims.

Next, the parties agree that plaintiff has listed as separate counts the various elements of his claim for unlawful retaliation under the NDAA. The National Defense Authorization Act (NDAA), 41 U.S.C. § 4712, provides, in relevant part:

> An employee of a contractor, subcontractor, grantee, or subgrantee or personal service contractor may not be discharged, demoted, or otherwise discriminated against *as a reprisal* for disclosing to a person or body described in paragraph (2) information that the employee *reasonably believes* is evidence of gross mismanagement of a Federal contract or grant, a gross waste of federal funds, an *abuse of authority* relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or *a violation of law, rule or regulation* related to a Federal contract (including the competition for or negotiation of a contract) or grant.

41 U.S.C. § 4712(a)(1) (emphasis added). Plaintiff, in an attempt to state a claim under the NDAA, has set out several of the elements of the statute as separate counts in his complaint. For example, he lists "Reasonable Belief and Notice" as Count 7, "Retaliation" as Count 6 and "Causation and Adverse Action" as Count 5. He lists "Violation of Law, Rule or Regulation" as Count 4 and "Abuse of Authority relating to a Federal Contract" as Count 3. It is clear that Counts 3-7 are merely elements of plaintiff's claim under the NDAA. Plaintiff seems to agree. (Plf. Brief at 5, 7/Docket 106 at 5, 7).

The fact that plaintiff has set out elements of a claim as separate counts is not a reason to strike (or dismiss) the allegations. Nonetheless, it is apparent that plaintiff, despite listing nine counts in his complaint, is attempting to state only two distinct causes of action: one under the

NDAA (Count I) and one under the False Claims Act (Count II). The other counts are either elements of Count I or prayers for relief. With that understanding of plaintiff's claims, the Court considers defendants' motion to dismiss for failure to state a claim.

### B. Plaintiff's claims against Bradley

In his amended complaint, plaintiff asserts two claims (one under the NDAA and one under the False Claims Act) against defendant Bradley, who, according to plaintiff's amended complaint was "the CPA/Accountant consultant" on the grant. (Am. Complt. at p. 13).

The Court previously dismissed plaintiff's NDAA claim against Bradley, because plaintiff had failed to allege that Bradley was his employer or otherwise had the power to hire or fire him. *See* 41 U.S.C. § 4712 ("An *employee* of a contractor, subcontractor, grantee, or subgrantee or personal service contractor may not be discharged, demoted, or otherwise discriminated against . . . "); *Delebrau v. Danforth*, 743 Fed. Appx. 43, 44 (7th Cir. 2018) ("The statute prohibits reprisals by an *employer*—those who can 'discharge[], demote[], or otherwise discriminate[]'—against employees who disclose an employer's misconduct. . . . The Oneida Housing Authority is Delebrau's employer, but she sued only its employees in their personal capacities. The statute does not reach them because in their *personal* capacities they cannot discharge, demote, or discriminate in employment."). Plaintiff has not cured that defect in his amended complaint. Accordingly, plaintiff's claim under the NDAA against Bradley is dismissed with prejudice.

Next, plaintiff asserts a claim under the False Claims Act against Bradley. In his amended complaint, plaintiff alleges he was retaliated against in violation of the provisions of the False Claims Act that protect contractors from retaliation. (Am. Complt. ¶ 97). The elements of such a claim are: "(a) [the plaintiff's] actions were taken 'in furtherance of [a False

7

Claims Act] enforcement action and were therefore protected by statute; (b) his *employer* had knowledge that he was engaged in this protected conduct; and (c) his *discharge* was motivated, at least in part, by the protected conduct." *United States ex rel. Ziebell v. Fox Valley Workforce Dev't Bd., Inc.*, 806 F.3d 946, 953 (7th Cir. 2015) (citing *Fanslow v. Chi. Mfg. Ctr., Inc.*, 384 F.3d 469, 479 (7th Cir. 2004)). Plaintiff has not alleged that Bradley was his employer, and there is no "individual liability for FCA retaliation claims." *See United States ex rel. Sibley v. A Plus Physicians Billing Serv., Inc.*, Case No. 13 C 7733, 2015 WL 4978686 at *5 (N.D. Ill. Aug. 20, 2015). Plaintiff has already been given an opportunity to correct this defect with respect to the NDAA claim but failed to do so. This claim, too, is dismissed with prejudice.

In response to defendants' motion to dismiss, plaintiff attempts to pivot his claim into a *qui tam* claim under the False Claims Act. (Plf. Brief at 13-14/Docket 106 at 13-14). This is impossible, as Bradley points out, because plaintiff is *pro se*. *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("[T]o maintain a suit on behalf of the government, the relator (as the *qui tam* plaintiff is termed) has to be either licensed as a lawyer or represented by a lawyer—and [plaintiff] is neither. A nonlawyer can't handle a case on behalf of anyone except himself.").

Plaintiff's claims against Bradley are dismissed with prejudice.

### C.    Plaintiff's claims against Wash and EMAGES

Next, plaintiff asserts against defendants EMAGES and Wash the same retaliation claims under the NDAA and the False Claims Act. These defendants do not move to dismiss the claim under the False Claims Act, but they do ask to dismiss the NDAA claim.

Defendants move to dismiss (for failure to state a claim) the NDAA claim on the grounds that plaintiff was not an employee of EMAGES. It is an unusual argument, given that plaintiff

8

specifically alleges in his amended complaint that he was employed by EMAGES. (Am. Complt. at p. 4, 13). Nonetheless, defendants argue that, because plaintiff previously stated that he was not employed by EMAGES, he cannot now include in his amended complaint allegations that he was employed by EMAGES. The Court disagrees.

An amended complaint supersedes any prior complaint and becomes the operative complaint. As the Seventh Circuit has explained:

> [T]he statement that 'an amended plead[ing] supersedes the original,' has two effects. First, facts or admissions from an earlier complaint that are not included in a later complaint cannot be considered on a motion to dismiss. Second, where the original complaint and an amended complaint contain contradictory or mutually exclusive claims, only the claims in the amended complaint are considered; the contradicted claims in the original complaint are knocked out.

*Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782-83 (7th Cir. 2013) (citations omitted). Accordingly, the Court will not consider on this motion to dismiss the fact that plaintiff alleged in his prior complaint that he was an employee of a different entity and was not an employee of EMAGES. The fact that plaintiff also discussed those complaint allegations in his briefs (or in open court) does not convert the allegations in the original complaint into judicial admissions that can never be controverted. The Seventh Circuit has described judicial admissions as:

> formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at all but rather have the effect of withdrawing a fact from contention.' A judicial admission is conclusive, unless the court allows it to be withdrawn; ordinary evidentiary admissions, in contrast, may be controverted or explained by the party. When a party testifying at trial or during a deposition admits a fact which is adverse to his claim or defense, it is generally preferable to treat that testimony as solely an evidentiary admission.

*Keller v. United States*, 58 F.3d 1194, 1198 n. 8 (7th Cir. 1995). The Court does not think a party's discussing his factual allegations in a brief (or in court) constitutes the sort of judicial admission that would prevent a party from amending those facts in a subsequent complaint,

9

given the rule that an amended complaint supersedes the original. Even if such discussions of allegations could be thought of as judicial admissions, the Court would allow plaintiff to withdraw them, for the same reason that facts included in an original complaint but not in an amended complaint are not considered on a motion to dismiss.

Plaintiff has alleged that he was an employee of EMAGES. Whether he can prove that allegation is a question for another day. Defendants EMAGES and Wash have given the Court no reason to dismiss plaintiff's NDAA claim against them.

IV. CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part defendants' motion [101] to dismiss. Plaintiff's claims against defendant Bradley are dismissed with prejudice. In addition, the Court strikes from plaintiff's amended complaint [94]: a) the contents of page 5, beginning with the heading "Ongoing Retaliation"; b) all of pages 6-11; and c) the contents of page 12 until the heading "JURISDICTION AND VENUE." The deadline for defendants EMAGES, Inc. and Hattie Wash to file their answer is July 11, 2022.

SO ORDERED.  ENTERED: June 13, 2022

HON. JORGE ALONSO
United States District Judge