UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRED L. NANCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 6316 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| EMAGES, INC., | ) | |
| HATTIE WASH, and | ) | |
| THOMAS BRADLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's motion [110] to reinstate claim under the Federal Tort Claims Act is denied. Plaintiff's motion [116] to amend is denied.

**STATEMENT**

On June 8, 2021, this Court dismissed without prejudice and without leave to amend plaintiff's claim against the government under the Federal Tort Claims Act ("FTCA"). [Docket 64]. The reason for the dismissal was plaintiff's failure to exhaust administrative remedies. Title 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency in writing* and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). The reason the Court denied leave to amend is that the plaintiff must exhaust administrative remedies before the suit is *instituted*, i.e., *filed*. *McNeil v. United States*, 508 U.S. 106 (1993). When plaintiff later asked to stay this case in the hopes of exhausting his administrative remedies during the course of a stay, the Court denied the request, explaining:

> A plaintiff must exhaust administrative remedies *before* filing suit. A suit filed before a plaintiff exhausts must be dismissed, even if the plaintiff exhausts after filing suit. *McNeil v. United States*, 508 U.S. 106 (1993). Accordingly, this case is over with respect to the government defendants.

[Docket 68]. Furthermore, at plaintiff's request, this Court has already entered judgment with respect to the FTCA claim against the government. [Docket 96, 97].

Nonetheless, plaintiff continues to try to reinstate his FTCA claim. The motion to reinstate is denied for several reasons. First, plaintiff has given the Court no reason to reopen the judgment under Rule 60(b). Second, a plaintiff must exhaust *before filing* suit. As this Court has explained repeatedly, this case is over with respect to the government. Plaintiff cannot amend his prior claim under the FTCA and cannot add a new one to this case. *McNeil* is clear. *McNeil*, 508 U.S. 106 (1993). It does not matter that plaintiff is willing to name a different governmental entity as defendant, so his motion for leave to amend to add an FTCA claim against other government defendants is also denied. Nor does it matter that plaintiff thinks he has now exhausted his administrative remedies.[1] Because the remedies must be exhausted *before* filing suit, it does plaintiff no good (with respect to this case) to exhaust his remedies after filing suit, as this Court has repeatedly explained. Plaintiff simply cannot add an FTCA claim to this case.

"Refusal to take no for an answer, and a campaign of unending litigation, are intolerable and sanctionable." *Averhart v. Sheriff of Cook Cty., Ill.*, 752 F.3d 1104, 1106 (7th Cir. 2014). Future attempts to reopen the judgment as to the FTCA claim or otherwise to add a claim under the FTCA to this case may be met with sanctions.

**SO ORDERED.**                                              **ENTERED: June 13, 2022**

                                                                                       **HON. JORGE ALONSO**
                                                                                       **United States District Judge**

---

[1] Separately, plaintiff filed a motion [120] to supplement this motion [110] with an exhibit [120-3]. Exhibit 120-3 is a copy of an April 28, 2022, letter from the U.S. Department of Justice to plaintiff, in which letter the DOJ denies plaintiff's administrative claim. That letter is relevant to motion [110], and the Court has considered the exhibit in considering this motion. Plaintiff's motion [120] to supplement will be granted in part, i.e., plaintiff will be granted leave to supplement motion 110 with exhibit 120-3. To be clear, **plaintiff may not refile the motion or the exhibit**. The Court has already considered the exhibit in connection with this motion.