# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FRED L. NANCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 6316 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| EMAGES, INC., | ) | |
| HATTIE WASH, and | ) | |
| THOMAS BRADLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion [120] to supplement is granted in part and denied in part.

## STATEMENT

Plaintiff has filed a motion to supplement. In the motion, he seeks two things. First, he seeks leave to supplement his prior motion [110] with an exhibit [120-3]. Exhibit 120-3 is a copy of an April 28, 2022, letter from the U.S. Department of Justice to plaintiff, in which letter the DOJ denies plaintiff's administrative claim. That letter was relevant to motion [110], and the Court considered the exhibit when it considered the motion. Accordingly, the motion to supplement is granted in part, in that plaintiff is allowed to supplement motion [110] with exhibit [120-3]. To be clear, **plaintiff may not refile the exhibit or the motion**. The Court has already considered exhibit 120-3 in connection with motion 110.

Second, plaintiff seeks leave to supplement his amended complaint with allegations of events that occurred in May 2022. Specifically, plaintiff would like to add to his amended complaint allegations that, in May 2022, he asked EMAGES to fill out paperwork for student loan forgiveness and that EMAGES did not immediately respond. Plaintiff does not say what these allegations have to do with his other claims, but presumably he means to suggest that the May 2022 allegations constitute another example of retaliation. This Court will not allow plaintiff to add retaliation allegations every time he interacts with defendants. Such claims would be futile at this point, given that more than eighteen months passed between the plaintiff's alleged whistleblowing and the alleged May 2022 events. *See Horwitz v. Board of Ed. of Avoca School Dist. No. 37*, 260 F.3d 602, 619 (7th Cir. 2001) (affirming dismissal of retaliation claim where "eighteen months had passed" between the protected activity and the alleged retaliatory conduct, explaining that the "two events are simply too remote in time" to infer a causal connection). Thus, the Court denies plaintiff's motion as to the request that plaintiff be allowed to supplement his complaint with allegations of the May 2022 events.

Accordingly, the motion is granted in part and denied in part.

**SO ORDERED.**                                                    **ENTERED: June 13, 2022**

_____<br>
<b>HON. JORGE ALONSO</b><br>
<b>United States District Judge</b>