UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Fred L. Nance Jr., | |
| *Plaintiff,* | Case No. 1:20-cv-06316 |
| v. | Hon. Jorge L. Alonso |
| | Magistrate Judge Beth W. Jantz |
| EMAGES, Inc., and Hattie Wash, | |
| *Defendants.* | |

**DEFENDANTS' INITIAL STATUS REPORT**

Pursuant to the Court's June 13, 2022 Order, (Dkt. 125), Defendants, EMAGES, Inc. ("EMAGES") and Hattie Wash ("Dr. Wash") (collectively, Defendants), through their undersigned counsel, submit this initial status report:[1]

**1. Nature of the Case**

A. <u>Basis for Federal Jurisdiction</u>

Based on the allegations of the First Amended Complaint ("Complaint"), subject matter jurisdiction is based on federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff brings this action pursuant the anti-retaliation provisions of the National Defense Authorization Act ("NDAA"), 41 U.S.C. § 4712, and the False Claims Act ("FCA"), 31 U.S.C. § 3730.

B. <u>Nature of the Claims Asserted</u>

Plaintiff alleges that in May 2018, he and Dr. Wash drafted and submitted a proposal for a Second Chance Act Community-Based Program grant ("Grant") to the U.S. Department of Justice, Bureau of Justice Assistance, Office of Justice Programs ("DOJ"). The Grant was awarded to EMAGES in September 2018, with Dr. Wash serving as the Grant's fiduciary partner, while Plaintiff was appointed program director. After EMAGES received approval to draw down funds for services rendered, Plaintiff alleges that he discovered funds were drawn down for an employee who no longer worked for the company. Thereafter, Plaintiff claims he

---

[1] Defendants attempted to submit a joint status report with Plaintiff. However, Plaintiff was unwilling to engage in discussions to propose a discovery schedule, or agree to the substance of a joint submission. Unfortunately, this required the Parties to file two separate initial status reports. (*See* Dkt. 130, Pl.'s Joint Initial Status Report; *see also* Dkt. 103-1.)

submitted three "whistleblower" complaints to the DOJ based on EMAGES's alleged misappropriation of funds.

In the fall of 2020, Dr. Wash returned the Grant to DOJ based on the constraints imposed by the COVID-19 pandemic. However, Plaintiff alleges that the Grant was returned based on the filing of his three "whistleblower" complaints. Plaintiff further claims that his employment with EMAGES was terminated due to the Grant being returned, resulting in unlawful retaliation against him in violation of the NDAA and the FCA.

Defendants deny any and all allegations of wrongdoing, and further deny that they violated the NDAA and the FCA.

C. Relief Sought

As alleged in the Complaint, Plaintiff seeks to recover: (1) compensatory and punitive damages in the amount of $1.25 million dollars, and attorney's fees and costs (or in the alternative, petition DOJ to grant C.L.I.C.K. Services, NFP's BJA FY 21 Second Chance Act Community-Based Reentry Program Solicitation proposal for a 3-year period in the amount of the SCA grant, which is $750,000.00); (2) notarized letters of apology addressed to all and any collaborations/networks involved with Grant #2018-CY-BX-0025 exonerating Plaintiff of any and all wrongdoing, accusations, or allegations made against Plaintiff, such as the Illinois Department of Corrections, Cook County Department of Corrections, IDOC parole officers, the Safer Foundation, Inc., including its President and CEO, Victor Dickson; (3) emotional distress damages; (4) special damages; and (5) other relief the Court may deem appropriate and necessary.

Defendants deny that Plaintiff is entitled to the requested relief.

D. Jury Demand

Plaintiff has requested a jury trial.

E. Service of Parties

All parties have been served. DOJ and Thomas Bradley were previously dismissed from this lawsuit with prejudice. The remaining Defendants timely answered the Complaint on July 11, 2022, and asserted affirmative defenses to Plaintiff's claims.

**2. Discovery and Pending Motions**

A. Pending Motions

There are no motions currently pending before the Court.

B. Proposed Discovery and Case Management Plan

1) <u>Type of Discovery Needed</u>: Plaintiff has indicated that he will request any and all written communications, documents, and/or media EMAGES exchanged with the DOJ and Thomas Bradley. Defendants will request any and all documents or communications Plaintiff sent or received from the DOJ, Congressman Davis, or any other individual with whom he discussed the events that are alleged in the Complaint. Defendants will also depose Plaintiff, and other individuals that may possess information relevant to this lawsuit, including but not limited to Congressman Davis.

2) <u>Protective Orders</u>: Plaintiff has indicated that there is no need for a protective order at this time. Defendants will move for the entry of a standard confidentiality and protective order.

3) <u>Rule 26(a)(1) Disclosures</u>: Plaintiff would not engage in discussions to jointly propose a date for initial disclosures, so Defendants propose to exchange Rule 26(a)(1) disclosures on or before August 9, 2022.

4) <u>Completion of Fact Discovery</u>: Plaintiff would not engage in discussions to jointly propose a date for completing fact discovery, so Defendants propose a fact discovery deadline of February 28, 2023.

5) <u>Expert Discovery</u>: Plaintiff has indicated he will not request expert discovery. Defendants may seek to retain an expert witness to opine on certain issues, including those related to federal grant administration.

**3. Settlement and Referrals**

A. <u>Settlement Discussions</u>

To date, there have not been any meaningful settlement discussions between the Parties.

B. <u>Settlement Conference</u>

At present, the Parties do not request a settlement conference before the Court or a Magistrate Judge. After the completion of fact discovery, Defendants would be open to participating in a settlement conference before the Magistrate Judge assigned to the case.

C. <u>Proceeding Before Magistrate Judge</u>

The Parties do not consent unanimously to proceed before a Magistrate Judge for all matters in the case, including dispositive motions and trial.

74208127v1

Dated: July 12, 2022  Respectfully submitted,

                                              **EMAGES, INC. AND DR. HATTIE WASH**

                                      By:    /s/ *Derrick M. Thompson Jr.*
                                                        One of their Attorneys

Derrick M. Thompson Jr. (ARDC No. 6287536)
Adam W. Decker (ARDC No. 6332612)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone:    (312) 527-4000
Email: dthompson@taftlaw.com
         adecker@taftlaw.com

Janica A. Pierce Tucker
TAFT STETTINIUS & HOLLISTER LLP
65 E. State St., Suite 1000
Columbus, OH 43215
Telephone:    (614) 221-2838
Email: jpierce@taftlaw.com
*Admitted pro hac vice*

4

74208127v1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 12, 2022, the foregoing *Defendants' Initial Status Report* was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties listed on the electronic service list:

Fred L. Nance Jr., Ph.D.
17239 Evans Avenue
South Holland, Illinois 60473-3436
(708) 921-1395
frednance@clickservices.org
*Pro Se Plaintiff*

*/s/ Derrick M. Thompson Jr.*

74208127v1