UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Fred L. Nance Jr. ) | |
| ) | Case No. 20 CV 06316 |
| Plaintiff, ) | |
| ) | Honorable Judge: Jorge L. Alonso |
| vs. ) | |
| ) | Honorable Magistrate Judge: |
| ) | Beth W. Jantz |
| EMAGES, Inc., Hattie Wash, Thomas ) | |
| Bradley, et al. ) | Courtroom: 1903 |
| ) | |
| Defendants. ) | |

**MOTION FOR SANCTIONS**

NOW COMES, pro se plaintiff requesting the Honorable Magistrate Judge, Beth W. Jantz, sanction Taft Law Attorney Adam Decker pursuant to Federal Rule 30. Plaintiff submits the following:

1. On May 8, 2023, Attorney Adam Decker (hereinafter, "Decker") began to depose plaintiff.

2. Decker began and continuously asked redundant questions, to which plaintiff stated he did not recall.

3. Decker entered into "deposition misconduct", an adversarial role and would not accept plaintiff's statement "I don't recall" and continuously harassed plaintiff trying to get plaintiff remember something he could not recall.

4. This led to plaintiff to state he was going to answer questions relating directly to the complaint.

5. Decker decided to stop the interrogation and grilling stating he would go to Judge Jantz seeking sanctions against the plaintiff.

6. Before leaving the Taft Law firm, Decker and plaintiff engaged in an "off-the-record" conversation entertaining the option of settlement talks.

7. Soon thereafter, plaintiff engaged the settlement services of Attorney Calvita Frederick.

8. Plaintiff hired Attorney Frederick for settlement purposes so he could allow the professionalism of the attorneys to hash out the details; yet Decker decided to continue harassing, intimidating, and threatening plaintiff with his email correspondence of May 28, 2023.

9. Attorney Frederick sent a good faith offer letter to Decker.

10. Attorney Frederick did not provide plaintiff with a copy of the settlement letter to Decker.

11. Decker was not acting in good faith toward settlement of the case but decided to continue intimidating, harassing, and threatening the plaintiff.

12. Decker sent plaintiff an intimidating and threatening email on May 28, 2023 at 12:18 p.m. while plaintiff was in church. (attached)

13. Attached to this email was a Settlement Letter from Attorney Fredericks. (attached)

14. Decker makes the statement "…By informing you of the forthcoming sanctions motion, I do not intend for this to be a "threat" by any means, but rather as a courtesy…."

15. Decker meant this as a threat because this is the same manner of language he used in attacking, intimidating, and threatening plaintiff during the deposition on May 8, 2023.

16. Decker cites Rule 408 as if his May 28, 2023 email is privileged and confidential in nature as if to save himself from intimidating and threatening language of his May 28, 2023 email.

Plaintiff cites *Redwood v. Dobson*, 476 F.3d 462 (7th Cir. 2007) to support his claim of harassment, threats, and intimidation. In Redwood, the lawyer taking the deposition asked largely irrelevant, and at times harassing, questions. *Id*. at 468-469.

Rule 408 on its face talks about whether evidence is "admissible." It doesn't say that the evidence is "privileged." Privileged means both that I cannot be required to disclose the communication in a lawsuit, and that the opposing party cannot offer the statement as evidence in court. Rule 408 says nothing about making the statement privileged from disclosure. So, why did Decker tell plaintiff he could send his email response to Attorney Frederick? Plaintiff never saw the Settlement Letter Attorney Frederick sent to Decker until Decker sent it to the plaintiff.

Generally, if a settlement communication is relevant to a disputed issue in a lawsuit, then Rule 408 doesn't prevent a party to the lawsuit from demanding disclosure of the communication, such as in a pretrial deposition or in a request for production of documents. Rule 408 is a rule of admissibility, not a rule of confidentiality. The rule says nothing about disclosing an opposing party's settlement communication to a third party, or to the general public.

WHEREFORE, pro se plaintiff respectfully request this court sanction Decker, and/or in the alternative lay out how he should respect the answer of "I don't recall" when used to answer his deposition questions; and also act in good faith with settlement talks with Attorney Frederick as a professional; and/or any other relief this Honorable Court deems necessary and appropriate to stop Decker from harassing, intimidating and threatening plaintiff. Thank you.

Respectfully submitted,

/s/Fred L Nance Jr.
Pro se Plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org