UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Fred L. Nance Jr., *Plaintiff,* v. EMAGES, Inc., and Hattie Wash, *Defendants.* | Case No. 1:20-cv-06316 Hon. Jorge L. Alonso Magistrate Judge Beth W. Jantz |

**DEFENDANTS' CROSS-MOTION FOR SANCTIONS AND RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS**

Defendants, EMAGES, Inc. ("EMAGES"), and Dr. Hattie Wash ("Dr. Wash") (collectively, "Defendants"), through their undersigned counsel, move to sanction Plaintiff, Dr. Fred L. Nance, Jr. ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("Rules") 30 and 37 and the Court's inherent authority to impose sanctions. In support thereof, Defendants state:

**INTRODUCTION[1]**

The Court previously informed Plaintiff that if he failed to participate in discovery—and in particular, during his deposition—there could be dire consequences. Plaintiff failed to heed that warning. Plaintiff decided he would not participate in the deposition long before it began. He relayed this to Defendants' counsel repeatedly in email communications when counsel attempted to schedule his deposition. And as a prolific poster on social media, Plaintiff made it clear that he would "refuse to answer questions not related to [his] complaint" and telegraphed his disdain for

---

[1] This Motion also serves as Defendants' opposition to Plaintiff's Motion for Sanctions. (Dkt. 144.) As discussed below, Plaintiff either omits or mischaracterizes what occurred before, during, and after his deposition. Sanctions are warranted against Plaintiff—not Defendants or their counsel. The Court should deny Plaintiff's Motion for Sanctions in its entirety.

the "corrupt judicial system." Plaintiff kept that promise, and went further. Despite informing defense counsel that he would only answer questions about allegations that were already in his pleading, he would not even do that. At his deposition, Plaintiff refused to answer basic questions, asserted baseless objections, questioned counsel's integrity, and impugned the entire federal judiciary—including this Court. The deposition was thus terminated after approximately 45 minutes because it was readily apparent Plaintiff had no desire to comply with the discovery obligations to which he agreed when he filed a lawsuit in federal court.

Plaintiff's misconduct is egregious and sanctionable. For the reasons discussed below, the Court should either dismiss this action with prejudice or, alternatively, order Plaintiff to attend another deposition and participate in good faith. In any event, Plaintiff should be required to pay Defendants' reasonable attorneys' fees and costs related to his first deposition and this Motion to avoid burdening a not-for-profit organization with unnecessary and avoidable legal expenses.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2023, the Parties appeared before the Court for a hearing to discuss the status of discovery. The Parties informed the Court that written discovery was complete. When asked about oral discovery, Defendants' counsel relayed that, at a minimum, he intended to depose Plaintiff, and potentially other witnesses. Plaintiff, on the other hand, stated that he did not plan on taking any depositions in this matter. Accordingly, the Court entered a Minute Order stating "[b]y the next status conference [April 11, 2023], the Defendant shall work with the Plaintiff to take his any other requested depositions." (Dk. 142.)

On March 20, 2023, Defendants' counsel contacted Plaintiff via email and requested his availability to sit for a deposition during the weeks of April 3 and 10. (*See* **Exhibit A**, Mar. 23– Mar. 29, 2023 Email Chain.) After Plaintiff indicated he was not available on April 6, Defense

127424668v4

counsel requested that the deposition proceed on April 7, and informed Plaintiff that the Rules permit a deposition to last up to seven hours on the record, although the deposition would not likely last that long. (*Id.*) Plaintiff stated that the proposed date would not work, that he "may not be able to do no where [*sic*] near 7 hours," and that:

> In a deposition, I am only going to repeat what is on my complaint, nothing else. I am a clinical therapist with a Master [*sic*] Degree. I am not entertaining circular questions or statement [*sic*]. I ask circular questions and rephrase statements and questions. I have not received a decision on Nance vs United States 22 cv 03861. I am not separating these cases. We can skip this nonsense. I am preparing for the Appellate Court on both cases. So, we can waste time if you want.

(*Id.*)

Defendants' counsel then informed Plaintiff that the deposition could be scheduled for another date, but that Plaintiff did not have the right to dictate how long the deposition lasts (unless it exceeds the amount allotted under the Rules), nor did he have the ability to dictate what questions were asked. (*Id.*) Counsel then asked Plaintiff whether he would participate in his deposition how he described he would in his email, and if so, the issue should be immediately addressed with the Court. (*Id.*) Plaintiff responded: "Do what you need to do!! The litigation does not end here! Yes, I understand. I also understand duress and purposeful, intentional malice and nefarious actions, both for counsel and judges, with tones and attitudes of mischaracterizations. Be very careful how you and this judge you [*sic*] will communicate with each other in violating my rights, keeping in mind emails are legal documents." (*Id.*) Further attempts to schedule Plaintiff's deposition continued over several days, but those attempts were ultimately unsuccessful. (*See id.*)

The Parties appeared for another hearing on April 11, 2023 to discuss the status of oral discovery. Defendants' counsel informed the Court that he had been experiencing difficulties scheduling Plaintiff's deposition because, among other issues, Plaintiff would not provide dates for which he was available for at least seven hours, and had also stated he would not answer

questions regarding events that were not specifically alleged in the Amended Complaint. The Court then advised Plaintiff that counsel had accurately summarized the Rules regarding depositions in federal court, emphasized that depositions are basic discovery tools in litigation, and expected the Parties to participate in discovery in good faith. The Court also warned that failure to comply with the Rules could have negative ramifications in this case. Accordingly, the Court entered a Minute Order stating: "[t]he parties agree on a deposition date for the Plaintiff, 5/8/2023 at 10:00 a.m., at defense counsel's law firm. This deposition date may not be moved without leave of Court. For a helpful explanation of rules to be followed during depositions, the Court suggests that the parties review on Judge Seeger's website his standing order regarding depositions." (Dkt. 143.)[2] After the hearing, Plaintiff tweeted: "#JudgeJantz signals if I do not respond to the deposition the way their corrupt judicial system wants me to I could lose. I refuse to answer questions not related to my complaint." (*See* **Exhibit B**, Apr. 11, 2023, 7:45 P.M. @clickforjustice Tweet.)

Defendants' counsel issued a Notice of Deposition to Plaintiff on April 11, 2023, scheduling his deposition for 10:00 a.m. on Monday, May 8, 2023.[3] (*See* **Exhibit C**, Apr. 11, 2023 Email Chain.) The Parties further discussed available transportation options Plaintiff could use to arrive at counsel's law offices. (*Id.*) Plaintiff concluded those conversations by indicating: "I'm done! I am only answering questions related to the case. I do not recall anything else." (*Id.*)

On May 8, 2023, Plaintiff arrived at undersigned counsel's law offices at approximately 10:20 a.m., even though the deposition was scheduled to commence at 10 a.m. The deposition

---

[2] Had Plaintiff reviewed and abided by Judge Seeger's standing order on depositions, Defendants probably would not have had to file this Motion. *See* Judge Steven C. Seeger, Standing Order (Depositions), available at https://www.ilnd.uscourts.gov/judge-info.aspx?+q7AroZFqQJxIXbDV5X8oQ== (last accessed May 29, 2023). But here we are.

[3] Defendants' counsel inadvertently indicated that the deposition would begin at 10:00 a.m. (EST), but subsequently notified Plaintiff via email that the deposition was scheduled to begin at 10:00 a.m. (CST).

127424668v4

began but went sideways almost immediately. Defendants' counsel started by asking basic, introductory questions that he asks of all deponents, including whether Plaintiff had been deposed before, and if so, approximately how many times. (*See* **Exhibit D**, May 8, 2023 Dr. Fred L. Nance, Jr. Dep. Tr. 4:16-18.) While Plaintiff stated he had been deposed, he would not say how many times, instead advising counsel that "[i]t's not relevant to this case." (*Id.* 4:18-19.) Counsel informed Plaintiff that relevance objections are not valid bases to refuse to answer questions at a deposition, to which Plaintiff objected several more times, and then when he was asked whether he was refusing to answer the question, objected again and stated he could not recall. (*Id.* 4:20-5:17.) Counsel then advised Plaintiff:

> Q: Dr. Nance, if this continues, though, we're going to have to stop and call Magistrate Judge Jantz.
>
> A: I don't care what you do. I don't [*sic*] about you calling no judge. You know what, they're corrupt anyway, all of them. I'm writing a book about it now. I don't care about the rules and stuff that they make. I understand that I got to follow it. I can't recall. Why don't you go talk to Trump in there and see about their answers, and the Republican senate, and the Republicans, period. Why don't you go ask them about that? I can't recall.

(*Id.* 6:15-7:1.)

Counsel called chambers and requested the Court's guidance on how to proceed. (*Id.* 7:9-13.) He was told that the Court did not wish to intervene at that time, but would entertain a motion if further issues arose during the deposition. (*Id.*) Questioning resumed shortly thereafter. But more of the same ensued.

Plaintiff stated on several occasions that he would not answer any questions unless they were already alleged in his Amended Complaint, accused counsel of trying to ask "circling questions" to somehow trick him, and asserted baseless objections and refused to answer questions after making those objections. The following excerpts are merely a representative sample of the

5

ways in which Plaintiff refused to participate during his deposition:

> Q: Have you been a party to a federal or state lawsuit before?
> A: I can't recall. The only thing I'm talking about is this (indicating) [to the Amended Complaint]. I'm not talking about your formalities and all that. The only thing I'm here for is to talk about my complaint, period. Not my history; not my birth date; not my sex; nothing; only this complaint. So you can ask your questions, and I don't recall.
> Q: Dr. Nance, I know you're an experienced litigator at this point. That is not how depositions work. I ask the questions, and you can object for the record, but I still need you to answer them.
> A: Go ahead. I'm going to object, though. I'm going to say I don't recall if it doesn't pertain to this (indicating) [at the Amended Complaint].
>
> …
>
> Q: Dr. Nance, so just for the record, unless any of my questions do not directly relate to what is alleged in your complaint, you are going to not answer them today; is that correct?
> A: I'm not going to answer that question.
> Q: You won't answer the question about whether or not you will answer the question?
> A: I've got a mental health degree. Don't throw that aside. I know what you're doing. I'm not going to answer no circling questions. You got my answer. That's it. I don't care which way you try to couch it.
>
> …
>
> A: Okay. I'm just letting you know where this is going. I'm only going to respond to what's in this complaint. Now bring your motion, and let's deal with it legally. Let's do it in writing, so I have it on that record; not this record (indicating). I want to have it on that record. You're not going to make me or try to persuade me to answer questions that you want me to answer to try to negate what I have written in my complaint.
>
> …
>
> A. So you can ask whatever is in my original complaint that involves the Department of Justice, because that's how I started with EMAGES, even though the judge dismissed that in June of whatever year that was – 2018. That's a recall issue; ain't it? Anyway, and then this amended complaint that I filed when the judge said I can file it just against EMAGES. You can ask any questions in there because all I'm going to repeat is what's here (indicating) [at the Amended Complaint]. So let me know what page it's on when you're asking it to me, so I can go to it and see what you're saying.
>
> …
>
> Q: So my question had to deal with if you chose to apply for a federal grant to work with sex offenders independently through your entity C.L.I.C.K., could you have done so?

127424668v4

| | |
|---|---|
| A: | What does that matter? How does that matter? No, no, how does that matter? It doesn't matter. |
| Q: | Dr. Nance, I'm not being deposed today. So I ask the questions. You can let me know if you don't understand them. |
| A: | I object to the question. |
| Q: | Yes, you can object, but you still have to answer. |
| A: | I object to the question. I don't have to answer if I object to it. Are you kidding me? Take it to court. Let's put it in writing, man. I'm not doing that. |

…

| | |
|---|---|
| Q: | Dr. Nance, you recognize that you are the Plaintiff in a federal lawsuit that is seeking $500,000 in damages from my clients; is that correct? |
| A: | I object because it's a trick question. |
| Q: | That is in your complaint. |
| A: | Okay. If it's in my complaint, why are you asking me? |
| Q: | Because apparently that's all I can ask you about today. |
| A: | Okay. |
| Q: | Is that correct? |
| A: | I object. |
| Q: | All right. |
| A: | Ask the question like it is on the paperwork. |
| Q: | Dr. Nance, this is not how a deposition is going. If this is how it's going to go the rest of the day, I'd rather just not waste our time. |

(*Id.* 7:19-21:9.) Counsel terminated the deposition and informed Plaintiff that his refusal to answer questions would be addressed with the Court through motion practice. (*Id.* 21:14-16.)

Plaintiff returned to Twitter once more, describing his experience at the deposition, and impugning the entire judiciary along the way:

> I had a very interesting day at @Taftlaw on 5/8/23. I was reminded of federal rules for depositions. I cannot object to questions without answering them. I cannot say "I don't recall" without being asked "are you refusing to answer?" I must answer questions that have no relation to the litigation or complaint. Who makes up these federal rules? The federal judges makes [*sic*] up these rules. People like Justice Clarence Thomas [hyperlink] and Judge Gary Feinerman. [Hyperlink] These people do not have rules, ethics they have to follow. There is no accountability for American courts. American Courts monitor themselves. How would things change in America if the people monitored American Courts? How would American "Justice" change if we had term limits for federal judges? Lifetime employment is corruptible. So, what it comes to is the plaintiff in litigation is not only the victim of the defendant, the plaintiff is also victimized by the judicial system. America is going through an internal crisis because it has always been a victimizing entity. America was built on enslaving people[.] America was built on taking rights away from those who helped build it. America loves to talk about its democracy BUT

7

127424668v4

> what Trump showed to the world is there was never a democracy. Trump demonstrated what really underlies the fabric of America. Trump showed Americans the real GOP[.]

(*See* **Exhibit E**, May 9, 2023, 6:03 A.M. @clickforjustice Tweet thread.)

Plaintiff's blatant disregard for the law and his refusal to participate in discovery should not be tolerated. For the reasons discussed below, Plaintiff must be sanctioned.

## LEGAL STANDARD

Rule 30(d)(2) provides that "the court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Rule 37 also permits courts to issue sanctions when parties fail to comply with court orders requiring disclosures or otherwise fail to cooperate with discovery proceedings. Fed. R. Civ. P. 37(b)(2)(A). Courts have broad discretion to issue appropriate sanctions, which may include fines, dismissing claims entirely, entering default judgment against a noncompliant party, or prohibiting the use of evidence or witness testimony for all or part of the pending action. *Id.*; *Tamari v. Bache & Co.*, 729 F.2d 469, 472 (7th Cir. 1984).

Additionally, courts possess inherent authority to impose sanctions. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Inherent authority sanctions are appropriate against those who show "willful disobedience of a court order," act in "bad faith, vexatiously, wantonly, or for oppressive reasons," delay, disruption, or "hampering enforcement of a court's order." *Id.* at 45-46. And a court's inherent authority is broad. "Courts traditionally have broad authority through means other than contempt—such as by . . . entering default judgment—to penalize a party's failure to comply with the rules of conduct governing the litigation process." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 833 (1994); *see also Barnhill v. United States*, 11 F.3d 1360, 1367

(7th Cir. 1993). Sanctions are appropriate against a party who has "willfully abused the judicial process or otherwise conducted litigation in bad faith." *Tucker v. Williams*, 682 F.3d 654, 661-62 (7th Cir. 2012).

## ARGUMENT

I. **The Court Should Sanction Plaintiff for Failing to Participate in His Deposition in Good Faith and for Obstructing the Discovery Process.**

   A. **The Court should dismiss Plaintiff's Amended Complaint with prejudice pursuant to Rule 30(d)(2), Rule 37(b)(2)(v), or under its inherent authority to sanction bad-faith conduct.**

Regardless of where the Court draws its authority, this action should be dismissed with prejudice based on Plaintiff's deliberate refusal to comply with his discovery obligations, which has obstructed the litigation process. Under Rule 30(d)(2), a court has discretion to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of a deponent." Fed. R. Civ. P. 30(d)(2). Likewise, Rule 37(d) authorizes dismissal as a sanction for a party's failure to appear for a deposition after being served with proper notice. *See* Fed. R. Civ. P. 37(d)(l)(A)(i); 37(b)(2)(A)(v). Evasive or incomplete disclosures, answers, or responses must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). To dismiss a case as a sanction for discovery abuses the Court must find that the party's actions displayed willfulness, bad faith, or fault. *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006). Once the court makes such a finding, the sanction imposed must be proportionate to the circumstances. *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996).

The Court may also rely on its inherent authority to "dismiss a case for discovery violations or bad faith conduct in litigation." *Greviskes v. Univs. Research Ass'n, Inc.*, 417 F.3d 752, 758 (7th Cir. 2005). The Seventh Circuit does "not require a district court to measure the impact on the

9

litigation of a wrongdoer's willful misconduct before it issues a dismissal sanction," *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 797 (7th Cir. 2016), but the Court must still "find that the responsible party acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake before it may choose dismissal as a sanction for discovery violations." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). Plaintiff's knowing and purposeful interference with the discovery process during his deposition satisfies these requirements, justifying dismissal as an appropriate and proportionate sanction.

As discussed above, Plaintiff knew months in advance of his deposition that he would not participate in good faith. Plaintiff advised Defendants' counsel in March 2023 that he was "only going to repeat what is on my complaint, nothing else." (*See* Ex. A.) Plaintiff then suggested that the Parties should "skip this nonsense," but that "we can waste time if you want." (*Id.*) Plaintiff wasted everyone's time here. But his purposeful and intentional disruption of the discovery process goes further than that. Immediately after a status hearing where the Court ordered Plaintiff's deposition to take place on May 8, Plaintiff tweeted that he understood he could lose his case if he failed to participate in the deposition as the "corrupt judicial system wants me to," and that he would "refuse to answer questions not related to my complaint." (*See* Ex. B.) That is what he did.

Plaintiff unilaterally decided what he was going to answer during his deposition based on his narrow perception of "relevance," and stated that he was "going to say I don't recall if it doesn't pertain to" the Amended Complaint. (*See* Ex. D 8:8-10.) However, and as counsel explained on several occasions, relevance objections do not permit a deponent to refuse answering questions. (*See id.* 4:20-5:17.) Indeed, the Rules state "[t]he only grounds for not answering a question at a deposition are to: (1) preserve privilege; (2) enforce a limitation ordered by the court; or (3) present a motion under Rule 30(d)(3) to terminate or limit a deposition on the ground that it is being

10

conducted in bad faith or in a manner than unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(c)(d), 30(d)(3)(A). None of those circumstances apply here.

Nor can Plaintiff feign ignorance of the Rules governing depositions in federal court—or state courts, for that matter. Despite his *pro se* status, Plaintiff is an experienced litigator. A Westlaw search reveals that Plaintiff has been litigating cases on his own behalf for nearly 30 years. *See, e.g.*, *Nance v. NBCUniversal Media, LLC*, No. 16 C 11635 (N.D. Ill.), appeal dismissed, 2020 WL 8615363 (7th Cir. Apr. 23, 2020); *Nance v. Rothwell*, No. 09 C 7733 (N.D. Ill.); *Nance v. Chi. Christian Indus. League*, No. 04 C 1833 (N.D. Ill.), *aff'd*, 173 F. App'x 526 (7th Cir. 2006); *Nance v. Vieregge*, 147 F.3d 589 (7th Cir. 1998); *Nance v. Swagmeyer*, 132 F.3d 36 (Table) (7th Cir. 1997); *Nance v. City of Burbank*, 2020 IL App (1st) 191592; *Nance v. City of Chicago*, 2019 IL App (1st) 181091-U; *Nance v. SE Cluster Four LLC*, 2018 IL App (1st) 171410-U, appeal denied, 424 Ill. Dec. 442; *Nance v. Vill. of E. Hazel Crest*, 2018 IL App (1st) 180908-U, appeal denied, 427 Ill. Dec. 734. Plaintiff understands that he must follow the Rules.

The Seventh Circuit has not hesitated affirming the dismissal of *pro se* plaintiffs' cases with prejudice for failing to participate in their depositions. *See, e.g.*, *Donelson v. Hardy*, 931 F.3d 565 (7th Cir. 2019) (affirming dismissal of *pro se* plaintiff's case for discovery sanction based on his refusal "to answer depositions questions by pretending 'confusion' . . . and by deeming questions 'irrelevant.'"); *Collins v. Illinois*, 554 F.3d 693, 696-97 (7th Cir. 2009) (affirming the trial court's dismissal of the *pro se* plaintiff's case as a discovery sanction for her failure to participate in a deposition in good faith, including by lodging "baseless" objections). Plaintiff's conduct here is similarly egregious so the same result is warranted. The Court should thus dismiss this action with prejudice as a discovery sanction.

**B. In the alternative, the Court should order Plaintiff to participate in a continued deposition and answer questions in good faith.**

Alternatively, if the Court does not dismiss Plaintiff's case, Plaintiff should be ordered to attend a second deposition with instructions that if he fails to participate in good faith and answer questions asked of him, more severe sanctions—including dismissal—will be forthcoming. The Rules allow the Court to order Plaintiff's attendance at another deposition because he impeded, delayed, and frustrated a fair examination that resulted in the termination of his deposition. *See* Fed. R. Civ. P. 30(d)(2)-(3). And Rule 37 expressly authorizes the Court to issue a sanction by staying the litigation until a discovery obligation is satisfied. Fed. R. Civ. P. 37(d).

Plaintiff knew full well that he would not answer questions asked at his deposition unless he thought they were relevant or already alleged in his Amended Complaint. There can be no doubt that Plaintiff's actions were intentional and that dismissing this action with prejudice is an appropriate sanction. But if the Court believes less severe sanctions may persuade Plaintiff to comply with his discovery obligations, he should be compelled to attend another deposition and answer questions in good faith, including those that he does not believe are "relevant" and to which he asserts objections. *See Specht v. Google, Inc.*, 268 F.R.D. 596, 603 (N.D. Ill. 2010) (granting motion for sanctions related to the refusal to answer questions at a deposition after making inapplicable objections and compelling the deponent to attend another deposition session).

**C. The Court should order Plaintiff to pay Defendants' reasonable attorneys' fees and costs associated with the May 8, 2023 deposition and this Motion.**

The Court should sanction Plaintiff by either dismissing this action with prejudice or by ordering Plaintiff to answer questions at a continued deposition during which he participates in good faith. But regardless of what sanction the Court may choose to enter, Plaintiff should be required to pay Defendants' attorneys' fees and costs.

When a court determines that a party has acted in bad faith, it may assess reasonable attorneys' fees as a sanction under the Rules, *see* Fed. R. Civ. P. 30(d)(2), or its inherent authority. *REXA, Inc. v. Chester*, 42 F.4th 652, 671 (7th Cir. 2022). Moreover, if a motion for sanctions is granted under Rule 37, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

For the reasons explained above, the Court should enter sanctions because of Plaintiff's intentional and egregious misconduct. Defendants therefore respectfully request leave to file a fee petition to recover their reasonable attorneys' fees and costs associated with preparing for and attending Plaintiff's deposition, which was terminated after his failure to participate in good faith, and for bringing the instant Motion.

## II. The Court Should Deny Plaintiff's Motion for Sanctions.

Lastly, there is no basis to sanction Defendants or their counsel. Plaintiff's Motion for Sanctions mischaracterizes what occurred leading up to, and during, Plaintiff's deposition. (*Compare* Dkt. 144 ¶¶ 2-5, *with* pp. 2-8, *supra*.) It was instead Plaintiff, not Defendants' counsel, who prevented a fair examination. (*See, e.g.*, Ex. D.) Plaintiff should be sanctioned as a result.

And Plaintiff's conclusory assertions that Defendants' counsel somehow intimidated, threatened, and harassed him are untrue and belied by the May 28, 2023 email correspondence on which Plaintiff relies. (*See* Dkt. 144-2.) Nothing in that email could reasonably be construed as intimidating, threatening, or harassing. (*See id.*) Counsel also told Plaintiff that Defendants would be filing the instant Motion based on Plaintiff's refusal to participate at his deposition in good faith, but that "[b]y informing you of the forthcoming sanctions motion, I do not intend for this to

13

be a 'threat' by any means, but rather as a courtesy." (*Id.*) Counsel informed Plaintiff of this reality when he terminated the deposition on May 8, 2023. (Ex. D 21:7-16.)

Plaintiff appears to have wished to beat Defendants to the punch after learning that their Motion was forthcoming. In order to do so, Plaintiff misrepresents the factual record and seeks to confuse the issues. Plaintiff's Motion for Sanctions should be denied in its entirety.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court sanction Plaintiff pursuant to Federal Rules of Civil Procedure 30(d) and 37(d), or its inherent authority, and dismiss the Amended Complaint with prejudice, or in the alternative, order Plaintiff to sit for his deposition and answer the questions posed with instructions that further refusal to participate in good faith will result in dismissal of this action with prejudice. Defendants also respectfully request that the Court sanction Plaintiff by ordering him to pay Defendants' reasonable attorneys' fees and costs associated with the May 8, 2023 deposition. Defendants further request that the Court deny Plaintiff's Motion for Sanctions in its entirety, and for any other and further relief this Court deems necessary and just.

Dated: May 30, 2023

Respectfully submitted,

**EMAGES, INC. AND DR. HATTIE WASH**

By: /s/ *Adam W. Decker*
One of their Attorneys

Derrick M. Thompson Jr. (ARDC No. 6287536)
Adam W. Decker (ARDC No. 6332612)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: (312) 527-4000
Email: dthompson@taftlaw.com
adecker@taftlaw.com

14

Janica A. Pierce Tucker
TAFT STETTINIUS & HOLLISTER LLP
65 E. State St., Suite 1000
Columbus, OH 43215
Telephone:     (614) 221-2838
Email: jpierce@taftlaw.com
*Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 30, 2023, the foregoing *Defendants' Cross-Motion for Sanctions and Response to Plaintiff's Motion for Sanctions* was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties listed on the electronic service list:

Fred L. Nance Jr., Ph.D.
17239 Evans Avenue
South Holland, Illinois 60473-3436
(708) 921-1395
frednance@clickservices.org
*Pro Se Plaintiff*

                                                                                          */s/ Adam W. Decker*