UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Fred L. Nance Jr., | |
| *Plaintiff,* | Case No. 1:20-cv-06316 |
| v. | Hon. LaShonda A. Hunt<br>Magistrate Judge Beth W. Jantz |
| EMAGES, Inc., and<br>Hattie Wash, | |
| *Defendants.* | |

### DEFENDANTS' SUPPLEMENTAL RESPONSE TO
### PLAINTIFF'S MOTION FOR SANCTIONS

With leave of Court, (Dkt. 146), Defendants, EMAGES, Inc. ("EMAGES"), and Dr. Hattie Wash ("Dr. Wash") (collectively, "Defendants"), through their undersigned counsel, submit this supplemental response to Plaintiff, Dr. Fred L. Nance, Jr.'s ("Plaintiff") Motion for Sanctions ("Motion"). (Dkt. 144.) Defendants addressed in their Cross-Motion for Sanctions and Response to Plaintiff's Motion for Sanctions ("Cross-Motion") that Plaintiff's Motion should be denied in its entirety. (*See* Dkt. 145 at 13-14.) Specifically, Plaintiff misrepresents what occurred at his deposition, where *he* prevented a fair examination. (*See id.* at 2-8.) And a cursory review of the email communication attached to Plaintiff's Motion undermines his conclusory allegations that Defendants' counsel threatened, harassed, and intimidated him. (*See* Dkt. 144-2.) Defendants will not rehash those issues further. Instead, Defendants wish to bring to the Court's attention Plaintiff's conduct after Defendants filed their Cross-Motion.

Since May 30, 2023 through the date of this filing, Plaintiff posted the tweet (reproduced below) on 68 separate occasions, the only difference being the documents, articles, or websites

that are linked to each tweet:[1]



It is unclear how Plaintiff believes Defendants' counsel—who is not a federal or state government employee—is violating his First Amendment rights. But in any event, Plaintiff's general assertions of First Amendment protections are flawed. The First Amendment does not allow a person to make harassing communications, and the Court's inherent authority to manage proceedings before it provides a basis for admonishing Plaintiff's conduct. *See, e.g.*, *United States v. Parr*, 545 F.3d 491, 496-97 (7th Cir. 2008) ("[T]he First Amendment does not preclude restrictions on certain categories of speech having little or no social value"); *Mohammed v. Anderson*, 833 F. App'x 651, 655 (7th Cir. 2020), *cert. denied*, No. 20-6318 (U.S. Jan. 19, 2021) (the plaintiff's "contention that his rights under the First Amendment insulate him from litigation sanctions also fails. Speech during legal proceedings may warrant protection, but the First Amendment does not shield a party from sanctions in a civil lawsuit.").

---

[1] Plaintiff's Twitter page may also be accessed at https://twitter.com/clickforjustice.

On June 1, 2023, Plaintiff also posted the following tweets that described a pre-written statement he read during a status hearing earlier in this case before Judge Alonso:

> **clickforjustice** @clickforjustice · Jun 1
> I made this statement at the beginning of this litigation. Your honor, I have an opening statement. With all due respect I want to speak candidly to this court. This court threatened me with sanctions in its last order.
>
> ○ 1  ⇄  ♡  ıl 6  ↑

> **clickforjustice** @clickforjustice · Jun 1
> I filed a motion for sanctions against defendant EMAGES lawyer for demanding my laptop computer, which had my work product on it. The EMAGES lawyer threatened me with a lawsuit if I did not give them my laptop computer.
>
> ○ 1  ⇄  ♡  ıl 7  ↑

> **clickforjustice** @clickforjustice · Jun 1
> You dismissed my motion without saying anything to the EMAGES lawyers. This action signaled to them they could act with impunity. This court has been prejudiced against me from the beginning of this litigation.
>
> ○ 1  ⇄  ♡  ıl 5  ↑

> **clickforjustice** @clickforjustice · Jun 1
> President Obama did not appoint you to the court to treat or threaten a minority like me this way. I'm sure you had a discussion about being fair and impartial. I did nothing wrong except to be black and dare to discuss issues honestly with this court.
>
> ○ 1  ⇄  ♡  ıl 5  ↑

> **clickforjustice** @clickforjustice · Jun 1
> I am not afraid to stand up and speak the truth. I am a Whistleblower. I have been a peer reviewer for the Department of Justice since 2009, reviewing over 100 Second Chance Act proposals from all over America.
>
> ○ 1  ⇄  ♡  ıl 10  ↑

> **clickforjustice** @clickforjustice · Jun 1
> I have been on Congressman Danny K. Davis' Second Chance Act Advisory Committee since 2007. I wrote and developed some of the initial language for the Second Chance Act bill signed by President Bush on April 10, 2008.
>
> ○ 1  ⇄  ♡  ıl 7  ↑

127534281v2



Then on Sunday, June 4, 2023, Plaintiff posted two more tweets directed at Defendants' counsel and his law firm. The first accuses counsel of threatening Plaintiff and attempting to use Federal Rule of Evidence 408 to conceal those threats from disclosure:



4

Plaintiff went on to accuse Defendants' counsel of "unprofessionalism, bias, prejudice, privilege, discrimination, and a touch of racism":[2]



Plaintiff's tweets are completely unfounded and not based in reality. But they are representative of how Plaintiff has been conducting himself throughout the entirety of this litigation. Plaintiff has now accused both the Court and Defendants' counsel of racism and prejudice without any basis to do so. Plaintiff's conduct cannot continue. His Motion is frivolous and should be entirely denied.

## CONCLUSION

For these reasons and those stated in Defendants' Cross-Motion for Sanctions and Response to Plaintiff's Motion for Sanctions, Defendants respectfully request that the Court deny Plaintiff's Motion in its entirety, and for any other and further relief the Court deems necessary and just.

---

[2] Plaintiff posted the exact same tweet again at 8:41 a.m. on June 7, 2023. *See* https://twitter.com/clickforjustice/status/1666440146986627074?cxt=HHwWhMCziYGfsaAuAAAA (last accessed Jun. 7, 2023).

Dated: June 13, 2023						Respectfully submitted,

						**EMAGES, INC. AND DR. HATTIE WASH**


						By:	/s/ *Adam W. Decker*
							One of their Attorneys

Derrick M. Thompson Jr. (ARDC No. 6287536)
Adam W. Decker (ARDC No. 6332612)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone:	(312) 527-4000
Email: dthompson@taftlaw.com
	adecker@taftlaw.com

Janica A. Pierce Tucker
TAFT STETTINIUS & HOLLISTER LLP
65 E. State St., Suite 1000
Columbus, OH 43215
Telephone:	(614) 221-2838
Email: jpierce@taftlaw.com
*Admitted pro hac vice*

6

127534281v2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 13, 2023, the foregoing ***Defendants' Supplemental Response to Plaintiff's Motion for Sanctions*** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties listed on the electronic service list:

Fred L. Nance Jr., Ph.D.
17239 Evans Avenue
South Holland, Illinois 60473-3436
(708) 921-1395
frednance@clickservices.org
*Pro Se Plaintiff*

                                      */s/ Adam W. Decker*

127534281v2