**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Fred L Nance Jr
                        Plaintiff,

v.                                                          Case No.: 1:20−cv−06316
                                                                   Honorable LaShonda A. Hunt

Department of Justice, et al.
                        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, July 25, 2023:

      MINUTE entry before the Honorable Beth W. Jantz: The Court is in receipt of and has taken under advisement [144], [145], [149], [150], [151]. The parties' cross motions for sanctions [144] [145] are denied without prejudice. Defendants will be granted another opportunity to depose the Plaintiff. Plaintiff is ordered to make himself available for deposition by no later than 9/8/23 on a date mutually agreed to by the parties. Plaintiff is warned that further failure to participate in good faith in his deposition may result in dismissal of this action or other remedies such as the imposition of costs. For example, even if Plaintiff objects to a question, he must provide an answer to the question after stating his objection for the record (except on grounds of privilege). Additionally, Plaintiff may not refuse to answer questions that do not call for privileged information based on his own determination that the question is irrelevant, nor may he feign confusion or loss of memory on topics that he does, in fact, remember. *See Donelson v. Hardy,* 931 F.3d 565, 569 (7th Cir. 2019) (holding that district court did not abuse discretion in dismissing lawsuit as sanction for plaintiff's conduct during a deposition, including refusing to answer questions by feigning confusion and deeming questions irrelevant). If such behavior is repeated at the second deposition, this Court may deem Plaintiff's conduct to be in bad faith and may consider dismissal, the imposition of costs, or other remedies. *See id.; see also, e.g., Carter v. Rublee*, No. 18−CV−658−PP−WED, 2019 WL 5087831, at *2 (E.D. Wis. Oct. 10, 2019) (dismissing action due to plaintiff's failure to appear at a deposition after the magistrate judge warned plaintiff that failure to comply with an order to meaningfully participate in a deposition would result in dismissal). A telephonic status hearing is set for 9/14/23 at 2:00 p.m. to report on the parties' progress on discovery. To join the status conference by phone, dial 888−273−3658 and enter access code 2217918. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (as, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.