**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Fred L. Nance Jr. | |
| *Plaintiff,* | Case No. 1:20-cv-06316 |
| *v.* | Hon. LaShonda A. Hunt |
| Department of Justice, Bureau of Justice Assistance, Office of Justice Programs, EMAGES, Inc., Hattie Wash, Thomas Bradley, et al., | Magistrate Judge Beth W. Jantz |
| *Defendants.* | |

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendants, Emages, Inc. and Dr. Hattie Wash (collectively, "Defendants"), by and through their undersigned counsel, respectfully move this Court for the entry of an order confirming the existence of a final and binding settlement between Plaintiff, Fred L. Nance Jr., and Defendants and requiring Plaintiff (1) to honor the parties' agreement reached on August 19, 2024 settling the parties' dispute and (2) to execute a written agreement to that effect. In support thereof, Defendants provide the following motion and memorandum and state as follows:

### Introduction and Relevant Facts

1. On or about October 23, 2020, Plaintiff filed this action. *See* ECF No. 1.

2. This matter has been heavily litigated and, often, contentious.

3. At various stages of the litigation, Plaintiff and Defendants have attempted to settle the matter and, in early 2024, Plaintiff and Defendants renewed their efforts.

4. The parties agreed to participate in a settlement conference before Honorable Judge Beth W. Jantz. The settlement conference was scheduled for May 23, 2024. *See* ECF No. 164.

5. On May 23, 2024, the settlement conference proceeded, as scheduled, but the parties did not reach an agreement. *See* ECF No. 165.

6. After the initial settlement conference, the parties continued to discuss settlement and on, June 5, 2024, the Court held a status hearing for the parties to report on their settlement discussions. *See* ECF No.. 166.

7. At the June 5, 2024 status hearing, the parties reported that they needed additional time to meet and confer regarding settlement. *See* ECF No. 166.

8. On June 25, 2024, the Court held an additional status hearing for the parties to report on settlement discussions. *See* ECF No. 167.

9. At the June 25, 2024 status hearing, the parties reported that they needed additional time to meet and confer regarding settlement. *See* ECF No. 167.

10. On July 19, 2024, the parties appeared in court and reported on the status of settlement negotiations and requested an additional settlement conference before Judge Jantz. The settlement conference was scheduled for August 19, 2024. *See* ECF No. 168.

11. On August 19, 2024, the settlement conference was held and the parties reached agreement and fully settled their dispute. The parties memorialized the material terms of their agreement in court and on the record. *See* ECF No. 169.

12. The material terms of the parties' agreement were as follows:

   i. Plaintiff, Dr. Nance, will provide full releases to Emages and Dr. Hattie Wash in exchange for $45,000. The amount will be paid over 18 months.

   ii. Plaintiff's case against Emages and Dr. Hattie Wash will be dismissed without prejudice—with full dismissal after final payment. The parties will consent to the court's jurisdiction until payment is made in full.

   iii. There will be no admission of liability and Dr. Hattie Wash will have no-liability on payment.

13. Thereafter, Plaintiff and Defendants' counsel worked together to memorialize the parties' August 19, 2024 agreement in a written document. The parties contemplated adding standard terms and conditions.

14. On September 3, 2024, the parties reported to the Court that additional time was needed to complete the written document; to file the consent to the magistrate judge's

2

jurisdiction; and documents related to dismissal—and the matter was continued to September 18, 2024. *See* ECF No. 170.

15. On September 18, 2024, the parties reported that additional time was needed to complete the written documents and the matter was continued to October 9, 2024. *See* ECF No. 172.

16. On September 18, 2024, Plaintiff's counsel provided Defendants' counsel with a written agreement ("Draft Agreement") memorializing the parties' August 19, 2024 agreement.

17. The Draft Agreement contained the following section headings: Consideration; Dismissal of Lawsuit; Mutual General Release; Confidentiality; Denial of Liability; Miscellaneous; Entire Agreement; No Assignment; Severability; Headings; Governing Law and Jurisdiction; Attorneys' Fees and Costs; and Execution and Counterparts.

18. The Draft Agreement was consistent with the parties' August 19, 2024 agreement and parties' expectations.

19. On October 2, 2024, Defendants' counsel sent Plaintiff's counsel a revised Draft Agreement with limited revisions and comments but adding section headings: Tax Consequences and Indemnification *and* Non-Disparagement. The requested revisions were consistent with the parties' August 19, 2024 agreement and the parties' expectations.

20. The requested revisions were accepted by Plaintiff's counsel and, on October 8, 2024, Plaintiff's counsel sent Defendant's counsel an updated Draft Agreement. The Draft Agreement is attached as Exhibit 1.

21. The parties contemplated executing the Draft Agreement but it was not executed.

22. On October 9, 2024, the parties again reported to the Court that additional time was needed to complete the written documents and the matter was continued to October 31, 2024. *See* ECF No. 173.

23. On October 28, 2024, Plaintiff's counsel informed Defendants' counsel that Dr. Nance was unwilling to sign the Draft Agreement.

24. At the October 31, 2024 status hearing, Plaintiff's counsel reported that the Plaintiff was unwilling to continue with the parties' August 19, 2024 agreement. Defendants' counsel advised that Defendants would proceed with a motion to enforce the parties' agreement and a briefing schedule was entered. *See* ECF No. 174.

25. From August 19, 2024 (when the parties' agreement was reached) and October 28, 2024, neither Plaintiff nor his counsel voiced any objection to signing a final written agreement. And there was absolutely no signal that Plaintiff was having second thoughts about the parties' agreement.

26. The Defendants have had numerous board meetings and conferences to approve the parties' agreement and the aforementioned terms and provisions and Counsel for the Defendants has spent significant time in advising the Defendants and memorializing the parties' agreement.

27. The parties' August 19, 2024 agreement is binding on the parties and Plaintiff's refusal to cooperate in finalizing all terms is unjustified.

## Court's Authority

28. Where parties have agreed upon the material terms of a settlement, the law does not allow one of them to walk away. The party, rather, remains bound by the settlement, and the presiding court has full authority to order relief necessary to effectuate it.

29. The enforcement and details of settlement agreements is governed by contract law. *Wilson v. Wilson,* 46 F.3d 660, 666 (7th Cir.1995). Under Illinois law, an oral agreement is binding and enforceable where there has been an offer, an acceptance, and a meeting of the minds as to all material terms. *Id.* The essential terms must be "definite and certain" so that a court can ascertain the parties' agreement from the stated terms and provisions. *Dillard v. Starcon Int'l, Inc.,* 483 F.3d 502, 507 (7th Cir. 2007) (The Court upheld the district court's ruling that the settlement was valid even though

4

there was no writing or agreeance on all material terms). Whether a "meeting of the minds" occurred depends on the parties' objective conduct, not their subjective beliefs. *Id*. The agreement must also be sufficiently definite with respect to its material terms. *Seko Worldwide, LLC v. Four Soft Ltd.*, 503 F. Supp. 2d 1059, 1061 (N.D. Ill. 2007). A contract 'is sufficiently definite and certain to be enforceable if the court is enabled from the terms and provisions thereof to ascertain what the parties have agreed to do. *Id*.

30. Here, the Court was witness to the parties' agreement and the material terms of the parties' agreement are definite and certain.

31. The district court, in its role as supervisor of the litigation, may summarily enforce a settlement agreement. *Hakim v. Payco-Gen. Am. Credits, Inc.*, 272 F.3d 932, 936 (7th Cir. 2001). And Defendants formally request that the Court do so.

WHEREFORE, for any and all of the foregoing reasons, Defendants, respectfully request that the Court enter an order (1) confirming the existence of a final and binding settlement between Plaintiff and Defendants and (2) enforcing the terms of the parties' August 19, 2024 agreement and requiring Plaintiff to execute a written agreement substantially similar to Exhibit 1 (and as negotiated by the parties). In addition, Defendants request that the Court order Plaintiff to pay the costs and expense incurred in enforcing the parties' August 19, 2024 agreement, including Defendants' attorneys' fees and any additional relief the Court deems fair and appropriate.

Dated: November 21, 2024

Respectfully submitted,

**EMAGES, INC., DR. HATTIE WASH, AND THOMAS BRADLEY**

By:  /s/ *Derrick M. Thompson Jr.*
     One of their Attorneys

Derrick M. Thompson Jr. (ARDC No. 6287536)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: (312) 527-4000
Email: dthompson@taftlaw.com

Janica A. Pierce Tucker
TAFT STETTINIUS & HOLLISTER LLP
65 E. State St., Suite 1000
Columbus, OH 43215
Telephone: (614) 221-2838
Email: jpierce@taftlaw.com
*Admitted pro hac vice*