## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AGREEMENT AND GENERAL RELEASE (hereafter, "Agreement") is made and entered into by and between Dr. Fred E. Nance Jr. ("Nance") and Emages, Inc. ("Company") and Dr. Hattie Wash ("Wash"). Company and Wash are collectively referred to as the "Defendants." Nance and Defendants are collectively referred to as the "Parties."

WHEREAS, Nance filed an action in the United States District Court for the Northern District of Illinois where it is referenced as Case No. 1:20-cv-06316, *Nance v. Department of Justice, et al.,* (the "Lawsuit") asserting various claims against Defendants;

WHEREAS, Defendants have denied every allegation of wrongdoing in the Lawsuit or that can be inferred from the Lawsuit;

WHEREAS, the federal court has made no findings as to the merits of the Lawsuit;

WHEREAS, the Parties nevertheless now desire to settle any and all claims, disputes and controversies asserted by Nance against the Defendants or that could have been asserted by Nance in any action of any kind arising out of or in any way related to any acts, transactions or events that have occurred between the Parties up through the effective date of this Agreement. In order to avoid uncertainties and expense of further litigation, the Parties to this Agreement desire to enter into a settlement on the terms stated herein.

NOW, THEREFORE, in consideration of and exchange for the promises, obligations, and releases set forth in this Agreement, the Parties mutually agree as follows:

1. **Consideration**. In consideration for signing this Agreement and complying with its terms, the Company will pay Nance the gross amount of Forty-Five Thousand Dollars and Zero Cents ($45,000.00) ("Settlement Payment") in full and final settlement of all claims against the Company and Wash. The payments shall be made in equal installments over eighteen (18) months, with the first installment payment due fourteen (14) days after the Parties file their joint stipulation to dismiss, and each subsequent installment payment due one (1) month thereafter. Each installment payment shall consist of two checks made payable to "Dr. Fred E. Nance Jr." in the following amounts:

    (a) Payment in the sum of One Thousand Two Hundred and Fifty ($1,250.00) less any applicable taxes and other withholdings. Defendants shall issue Nance a W-2 for these payments.

    (b) Payment in the sum of One Thousand Two Hundred and Fifty ($1,250.00), representing non-wage compensation for and relating to Nance's alleged claims for non-economic damages, including alleged emotional distress and related injuries allegedly suffered by Nance. Defendants shall issue Nance a 1099 for these payments.

    The checks for the Settlement Payment shall be delivered to Nance at: [INSERT].

    If the Company fails to timely deliver a Settlement Payment installment, they shall have fourteen (14) days to cure the breach. If the Company fails to cure the breach within fourteen (14) days, all outstanding Settlement Payment amounts shall immediately be due to Nance, and Nance may seek to enforce the Agreement without further notice to Defendants and/or opportunity to cure. Notwithstanding any enforcement, Defendants shall be credited with all amounts paid to Nance against the Settlement Payment and Nance shall not receive any amount over the Settlement Payment referenced herein.

    In the event Nance is deceased before the final Settlement Payment installment is made, all outstanding Settlement Payments shall be made to _____ [INSERT NAME].

2. **Tax Consequences and Indemnification.** Nance acknowledges that neither Defendants nor their counsel have made any representations or warranties to him with respect to the tax consequences, if any, of any payments made under the terms of this Agreement. In the event the Internal Revenue Service, or any other state or local taxing entity, or any court or other tribunal of competent jurisdiction, determines that all or part of the payments listed in Paragraph 1 are remuneration for which any taxes, penalties or interest are due and owing by the Company, except the Company's employer share/contribution pursuant to Paragraph 1(a) above, Nance shall be solely responsible for the payment of such taxes, penalties and interest. Nance agrees not to make a claim against the Defendants for the payment of any such taxes, penalties or interest. Nance also agrees to indemnify Defendants for any amounts paid, including but not limited to interest and penalties, in connection with any taxes, penalties or interest that Nance may owe based on the Settlement Payment.

3. **Dismissal of Lawsuit.** The Parties shall file a Joint Stipulation to dismiss the claims against Defendants in the Lawsuit without prejudice. The stipulated dismissal shall automatically convert to a dismissal with prejudice if neither Party moves to reopen the Lawsuit before May 15, 2026. The Parties also consent to proceed before Magistrate Judge Beth W. Jantz if additional relief is requested or if further proceedings are required.

4. **Mutual General Release**. Nance forever knowingly and voluntarily waives and releases any and all claims of any kind which he has, had or may have up to and including the date hereof against the Defendants, and their past, current and/or future owners, agents, directors, officers, and employees (collectively "Releasees"). This waiver and release includes, without limitation, any and all manner of action or causes of actions, suits, contracts, agreements, promises, wages, overtime, expenses, commissions, benefits, claims, charges, of any nature whatsoever, in law or equity, known or unknown, direct or indirect, contingent or determined, liquidated or unliquidated, and all expenses, attorneys' fees and costs in connection therewith including, but without limiting the generality of the foregoing, any and all claims, lawsuits or legal actions relating to or arising out of Nance's employment with, or termination from, the Company including any and all claims made or that can be inferred from the Lawsuit filed by Nance including but not limited to claims based on the National Defense Authorization Act of 2013, 41 U.S.C. § 4712 , the Illinois Whistleblower Act, 740 ILCS 174/1 *et. seq.*, the Federal Torts Claim Act, and all allegations alleging retaliatory discharge and those alleging retaliation, hostile work

environment, emotional distress, and special damages. In addition, Nance agrees and acknowledges that this Agreement is intended to be a general release that extinguishes all claims by him against the Releasees and that he is waiving any rights and claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the National Labor Relations Act, the Illinois Human Rights Act, Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, any and all applicable amendments to those named statutes, any applicable state or local human rights statutes and all other federal, state and local statutes, ordinances and common law to the fullest extent permitted by law.

Defendants forever knowingly and voluntarily waive and release any and all claims of any kind which they have, had or may have up to and including the date hereof against Nance. This waiver and release includes, without limitation, any and all manner of action or causes of actions, suits, contracts, agreements, promises, expenses, commissions, benefits, claims, charges, of any nature whatsoever, in law or equity, known or unknown, direct or indirect, contingent or determined, liquidated or unliquidated, and all expenses, attorneys' fees and costs in connection therewith including, but without limiting the generality of the foregoing, any and all claims, lawsuits or legal actions relating to or arising out of Nance's employment with, or termination from, the Company.

Excluded from this waiver and release is any claim or right which cannot be waived by law, including all claims arising after the effective date of this Agreement, unemployment benefits, the right to file a charge with or participate in an investigation conducted by an administrative agency, and the right to bring an action for breach of this Agreement or to enforce this Agreement. Nance is waiving, however, his right to any monetary recovery if the EEOC or any other government agency pursues any claim on Nance's behalf. Nance acknowledges that Nance is releasing these rights and/or claims in exchange for consideration that is in addition to anything of value to which Nance already is otherwise entitled. Also excluded from this waiver and release is any claim asserted by Nance in the Lawsuit against a defendant other than the Company and/or Wash.

5. **Confidentiality**. Nance agrees not to disclose the terms of this Agreement, except to his immediate family, tax/financial advisor, and attorney with whom he chooses to consult regarding his consideration of this Agreement. Nance will advise his spouse (if any), immediate family, tax/financial advisor, and attorney of the confidentiality provisions of this Agreement.

   Defendants agree not to disclose the terms of this Agreement, except to their tax/financial advisors, attorney with whom they choose to consult regarding this Agreement, and other individuals with a legitimate business need to know. Defendants will advise their tax/financial advisors, attorney, and anyone else with a legitimate business need to know of the confidentiality provisions of this Agreement.

The Parties agree that confidentiality is the documented preference of each Party and is mutually beneficial to both Parties to this Agreement. Nance also agrees that the consideration described in this Agreement includes bargained for consideration described in this Agreement in exchange for his promise of confidentiality. If asked about the Lawsuit, the Parties agree to respond with "the matter has been resolved," or with words to that effect.

6. **Non-Disparagement**. The Parties agree that they shall not make, either directly or by or through another person, any oral or written negative, disparaging or adverse statements or representations of or concerning the one another or any of their respective subsidiaries or affiliates or any of their current or former officers, directors, employees or shareholders.

7. **Denial of Liability**. The Parties agree that nothing herein is intended or should be construed as an admission that the Defendants or any of their owners, agents, directors, officers, and employees engaged in any illegal or wrongful conduct or interfered with Nance's employment, contractual or other rights in any respect, it being understood that the Defendants expressly deny any such wrongdoing.

8. **Miscellaneous**. Nance represents and certifies that he has carefully read and fully understands all of the provisions and effects of this Agreement, has knowingly and voluntarily entered into this Agreement freely and without coercion, and acknowledges that the Defendants advised him to consult with an attorney and that he did, in fact, consult with an attorney, or had the option to consult with any attorney, before executing this Agreement, and further advised him that he had twenty-one (21) days to consider this Agreement. Nance is voluntarily entering into this Agreement and the Company made no representations concerning the terms or effects of this Agreement other than those contained in the Agreement itself. Nance acknowledges that he has seven (7) days from the date he executes this Agreement in which to revoke his acceptance of the Agreement, and the Agreement will not be effective or enforceable until such seven-day period has expired. He may revoke the Agreement by delivering written notice of revocation to Derrick M. Thompson Jr., Taft Stettinius & Hollister LLP, 111 E. Wacker Dr., Suite 2800, Chicago, IL 60601, on or before the seventh (7th) day after he signs the Agreement before which time the Agreement shall be of no force or effect.

9. **Entire Agreement**. This Agreement represents the entire agreement and understanding between the Parties, and supersedes and replaces any and all prior agreements, understandings, discussions, proposals, or negotiations (whether written or oral) between Nance and the Defendants. The provisions stated herein are contractual and not a mere recital. No amendment to this Agreement shall be effective unless in writing and signed by each of the parties hereto.

10. **No Assignment**. Nance represents and warrant that he has not transferred or assigned, nor will transfer or assign, any of the rights herein released or affected. This Agreement will inure to the benefit of the Defendants and their successors and assigns, and to Nance and his heirs and assigns.

11. **Severability**.  The invalidity or unenforceability of any provision of this Agreement shall not impact or affect the validity or enforceability of any other provision.

12. **Headings**.  Headings of the various sections of this Agreement are for convenience only and are not to be construed as confining or limiting in any way the scope of any of the provisions hereof.

13. **Governing Law and Jurisdiction**.  This Agreement shall be construed in accordance with the laws of the State of Illinois, and the obligations, rights and remedies of the Parties shall be determined in accordance with such laws. The Parties agree that any action, suit or proceeding brought against the other party (i) arising out of this Agreement, (ii) the obligations of the Parties hereunder, and/or (iii) based upon any other claim shall be exclusively brought in the state court of Cook County, Illinois or in the United States District Court for the Northern District of Illinois, Eastern Division, and the Parties agree that personal jurisdiction or venue is appropriate and convenient in any such action, suit or proceeding.

14. **Attorneys' Fees and Costs.**  The prevailing party in any action to enforce this Agreement shall be entitled to recover reasonable attorneys' fees and costs from the non-prevailing party.

15. **Execution and Counterparts**.  This Agreement may be executed in one or more counterparts with each party to execute and deliver to the other party an originally executed copy, all of which, taken together, shall constitute one and the same instrument. A signature transmitted on a facsimile or a scanned and emailed .pdf copy of this Agreement, or otherwise electronically signed will have the same effect as an original signature.

WE HAVE READ AND UNDERSTAND AND AGREE TO BE BOUND BY THE ABOVE SETTLEMENT AGREEMENT AND GENERAL RELEASE.

_____  
Dr. Fred E. Nance Jr.

Date: _____

_____  
[INSERT NAME], on behalf of Emages, Inc.

Date: _____

_____  
Dr. Hattie Wash.

Date: _____